JACOB M. HARPER (State Bar No. 259463)
    jacobharper@dwt.com
SPENCER PERSSON (State Bar No. 235054)
    spencerpersson@dwt.com
MATT ONYETT (State Bar No. 295419)
    mattonyett@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
PARK ASSIST, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO NAVARRO, an individual; ARELIZ NAVARRO, an individual; JINA HOWELL, an individual; SEVINDZH GASANOVA, an individual; CRISTIAN RODRIGUEZ, an individual; LEILANI ROSS, an individual; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SKI DATA, INC. a Delaware Corporation; STEFAN SCHAFNER, an individual; WESTFIELD PROPERTY MANAGEMENT, LLC, a Delaware Limited Liability Company; SENTRY CONTROL SYSTEMS, LLC, a Delaware Limited Liability Company; WESTFIELD, LLC, a Delaware Limited Liability Company; PARK ASSIST, LLC, a Delaware Limited Liability Company; FEDERAL REALTY INVESTMENT TRUST, a California Trust; BROOKFIELD PROPERTIES RETAIL, INC., dba BROOKFIELD PROPERTIES RETAIL GROUP, a Delaware Corporation; BROOKFIELD PROPERTY REIT, INC., a Delaware Corporation; GLENDALE I MALL ASSOCIATES, LP, a Delaware Limited Liability Partnership; GGP-GLENDALE, LLC, a | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>**DEMAND FOR JURY TRIAL**<br><br>[From the Superior Court of California, County of Los Angeles, Case No. 20STCV15143]<br><br>Compl. File:        April 17, 2020<br>Action Removed: August 14, 2020 |

Delaware Limited Liability Company;
TAUBMAN CENTERS, INC. a
Michigan Corporation; TAUBMAN
COMPANY, LLC, a Delaware Limited
Liability Company; TAUBMAN
REALTY GROUP LIMITED
PARTNERSHIP, a Delaware Limited
Liability Company with California
Partners; SIMON PROPERTY GROUP,
INC., a Delaware Corporation; SIMON
PROPERTY GROUP, L.P., a Delaware
Limited Partnership; CARUSO
AFFILIATED HOLDINGS, LLC, a
California limited liability company;
THE AMERICANA AT BRAND, LLC,
a California limited liability company;
and DOES 1-100,

                    Defendants.

---

    **PLEASE TAKE NOTICE** that Defendant Park Assist, LLC (Park Assist)

hereby removes this action from the Superior Court of the State of California for the

County of Los Angeles to the United States District Court for the Central District of

California, Western Division.  Park Assist is entitled to remove this action to federal

district court pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1453 based on the

following:

    1.    On April 17, 2020, Plaintiffs Alvaro Navarro, Areliz Navarro, Jina

Howell, Sevindzh Gasanova, Cristian Rodriguez, and Leilani Ross (Plaintiffs),

purportedly acting on their own behalf and on behalf of all others similarly

situated, commenced an action in the Superior Court of the State of California in

and for the County of Los Angeles, captioned *Navarro, et al. v. Ski Data Inc. et. al*,

Case No. 20STCV15143 (the State Court Action).  A true and complete copy of the

complaint in the State Court Action served upon Park Assist is attached hereto as

**Exhibit A** (the Complaint).

    2.    Plaintiffs assert various causes of action related to the alleged use of

license plate images captured in parking structures at Los Angeles tourist hubs in

Beverly Hills, Century City, Miracle Mile, Santa Monica, and similar destinations,

---

including Century City Westfield Mall, the Third Street Promenade Mall, the Grove at Farmer's Market, Fig at 7th and Beverly Center Mall. Many, if not most, of the individuals within the Plaintiffs' putative class—typical tourists and shoppers who use center parking structures—comprise the typical mix of touring clientele from all over the world, including citizens of other states and countries, as well as other temporary residents of California. Plaintiffs purport to bring a series of privacy-related claims on behalf of those using shopping center parking structures and against a broad smattering of Defendants, including Defendants who are citizens of other states, such as Park Assist, which is not a citizen of California.

3.    On July 15, 2020, Park Assist was served with a copy of the Complaint and a summons from the State Court Action.

4.    In addition to the Complaint, all other pleadings, processes, and orders served upon or received by Park Assist in the State Court Action are attached hereto:

a.    The Summons is attached hereto as **Exhibit B**;

b.    The Civil Case Cover Sheet is attached hereto as **Exhibit C;**

c.    The Civil Case Cover Sheet Addendum and Statement of Location is attached hereto as **Exhibit D;**

d.    The Notice of Case Assignment is attached hereto as **Exhibit E;**

e.    The Instructions for Handling Unlimited Civil Cases are attached hereto as **Exhibit F;**

f.    The Letter from Plaintiff's Counsel dated April 17, 2020 is attached hereto as **Exhibit G;**

g.    The May 28, 2020 Order from the Los Angeles Superior Court setting an initial Status Conference for September 8, 2020 and staying the case, except for purposes of service until such date, is attached hereto as **Exhibit H;**

h.    The June 30, 2020 Order from the Los Angeles Superior Court regarding Plaintiffs' preemptory challenge is attached hereto as **Exhibit I**.

## The Action Is Removable

5.    The State Court Action is removable to this Court because the Court has original jurisdiction and the Central District of California encompasses the location in which the State Court Action is currently pending (*i.e.*, Los Angeles, California). *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such an action is pending.").

6.    This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 (CAFA). CAFA was enacted based on Congress's concern that "cases involving large sums of money, citizens of many different States, and issues of national concern, have been restricted to State courts even though they have national consequences." 151 Cong. Rec. S1086-01, S1103 (Feb. 8, 2005). CAFA's purpose is to allow "federal court consideration of interstate cases of national importance under diversity jurisdiction." 28 U.S.C. § 1711.

7.    "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

8.    CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.*, minimal diversity exists); (2) there are at least 100 members in all proposed plaintiff classes combined; and (3) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d). As explained below, each of these requirements is satisfied in this case and no CAFA exceptions apply.

4

## <u>The Minimal Diversity Requirement Is Satisfied</u>

9.      A putative class action is removable based on diversity jurisdiction if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

10.      Defendant Park Assist is a citizen of Delaware and/or Connecticut. For diversity purposes under CAFA, a limited liability company is a citizen of the state of its corporation and the state where its principal place of business is located. *See* U.S.C. § 1332(d)(10).  Park Assist is incorporated under the laws of Delaware, and its principal place of business is in Chesire, Connecticut.  (*See* Ex. A ¶ 18). Thus, for purposes of determining diversity jurisdiction, Park Assist is a citizen of Delaware and/or Connecticut. *See* 28 U.S.C. § 1332(c)(1).

11.      At least one Plaintiff appears not to be a citizen of Delaware or Connecticut.  The Complaint makes no allegations as to the citizenship of Plaintiffs.  Park Assist is unable to determine the citizenship of Plaintiffs, and Plaintiffs allege no facts to suggest that they are citizens of Delaware or Connecticut.[1]

12.      Citizenship of the remaining Defendants in the action is irrelevant as removal is appropriate under CAFA without regard as to whether any other defendant is a local citizen.  *See* 28 U.S.C. § 1453(b); 28 U.S.C. § 1332(d)(2)(A).

13.      Therefore, there is sufficient diversity of citizenship between the parties in this case to permit removal.

---

[1] Instead of alleging their citizenship, Plaintiffs make allegations that they "resid[e]" in California and accessed parking lots which allegedly utilize Park Assist or other Defendants' technology in California. (*See* Ex. A ¶¶ 4-7).  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) ("To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence.") (citations omitted).

**Plaintiff's Proposed Class Exceeds 100 Members**

14.     For a class action to be removable under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100. 28 U.S.C. § 1332(5)(B).

15.     Plaintiffs' proposed class exceeds 100 members.  Plaintiffs allege in the Complaint that "there are hundreds of thousands (if not millions) of Class members." (Ex. A ¶ 61).

**The Amount in Controversy Exceeds $5 Million**

16.     To establish jurisdiction under CAFA, the amount in controversy must exceed $5,000,000.  *See* 28 U.S.C. § 1332(d).

17.     The Complaint does not explicitly allege the amount-in-controversy, but this removal petition does so.  Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart*, 135 S. Ct. at 551. To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.* Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

18.     This action satisfies CAFA because the "potential damages could exceed the jurisdictional amount."  *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (noting removing defendant need only show "that the potential damages could exceed the jurisdictional amount"); *Woods v. CVS Pharm., Inc.*, No. 14-0259, 2014 U.S. Dist. LEXIS 13339, at *5 (C.D. Cal. Jan. 30, 2014) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.").

19.     For purposes of removal only, and without conceding that Plaintiffs or the putative class members are entitled to any damages, remedies, or penalties whatsoever in connection with their claims, the aggregated claims of the putative class establish that the amount in controversy exceeds the jurisdictional minimum

6

of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2).  The amount in controversy in this action easily satisfies CAFA's $5,000,000 jurisdictional threshold based on Plaintiffs' request for, among other things, (a) actual damages, (b) restitution, (c) punitive and exemplary damages, (d) attorneys' fees, (e) injunctive relief and (f) statutory damages.

### *Statutory Damages*

20.     Potential statutory damages exceeds the jurisdictional minimum.

21.     In a putative class action, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the [jurisdiction minimum]." 28 U.S.C. § 1332(d)(6).

22.     Here, the potential statutory damages alone may aggregate to enormously exceed $5 million.  Plaintiffs assert a cause of action under California Civil Code section 1798, specifically requesting "statutory damages in the amount of no less than $2,500 per provision of each of Plaintiffs' and Class Members' PII to each of the Unauthorized Parties."  (Ex. A ¶ 143).

23.     Under California Civil Code §1798, each individual harmed by a violation may be awarded "[a]ctual damages, but not less than liquidated damages in the amount of two thousand five hundred dollars ($2,500)." Cal. Civ. Code § 1798.90.54.  To meet the $5 million minimum, the class must include at least 2,001 individuals (2,001 x $2,500 > $5 million).  As alleged, the putative class action includes "hundreds of thousands (if not millions) of Class members," far in excess of 2,001 individuals. (Ex. A ¶ 61).  In addition, Plaintiffs seek statutory damages for each violation, which may exceed one violation per individual.  (*See* Ex. A ¶ 143).  Therefore, the amount in controversy exceeds the $5 million for section 1789 statutory damages. *See, e.g.*, *Morey v. Louis Vuitton N. Am., Inc.*, 461 F. App'x 642, 643 (9th Cir. 2011) (multiplying value of potential statutory violation by potential number of putative plaintiffs to find "that the amount in controversy exceeds $5 million."); *Brooks v. Life Care Ctrs. of Am., Inc.*, 2014 U.S. Dist.

LEXIS 27539, at \*16–17 (C.D. Cal. Feb. 21, 2014) (finding amount in controversy satisfied based on value of potential penalties).

24.    Likewise, Plaintiffs' Complaint implicates statutory damages under the CLRA, which provides a minimum award of statutory damages of $1,000 per violation. *See* Cal. Civ. Code § 1780. Here, to meet the $5 million minimum, the putative class must contain at least 5,001 members (5,001 x $1,000 > $5 million). For the same reasons as stated above, the putative class is likely more than 5,000 individuals. (Ex. A ¶ 61). Therefore, the amount in controversy independently exceeds $5 million for CLRA statutory damages. *See, e.g.*, *Morey*, 461 F. App'x at 643; *Brooks*, 2014 U.S. Dist. LEXIS 27539, at \*16-17; *Pickman v. Am. Express Co.*, No. 11-5326, 2012 U.S. Dist. LEXIS 9662, at \*5 (N.D. Cal. Jan. 27, 2012) ("The amount in controversy is satisfied by multiplying the minimum amount of damages to be sought under the CLRA ($1,000) by the number of alleged violations (5,001).").

25.    For these reasons, the statutory damages amounts potentially at issue in this case bring the amount in controversy well over $5 million.

### *Actual Damages*

26.    Potential actual damages sought also satisfy the jurisdictional minimum.

27.    Under the UCL and CLRA, Plaintiffs seek restitution from all Defendants for "unfair benefits and illegal profits at the expense of the Plaintiffs and the Class Members."  (Ex. A ¶ 133).  The Complaint appears to seek restitution in the form of any revenue collected by any of the Defendants related to their products and services which capture license plate information from April 2016 to the present.  Restitutionary damages—in the form of all revenue over a four year period from all Defendants —could potentially exceed the $5 million jurisdictional threshold on their own.

NOTICE OF REMOVAL

28.     In addition to restitutionary damages, Plaintiffs seek actual damages pursuant to the CLRA including up to an additional $5,000 for any class members that are senior citizens or disabled person.  (Ex. A ¶¶ 116, 117).

29.     While Park Assist disputes Plaintiffs' entitlement to any remedy or damages in any amount, these additional amounts sought, in conjunction with the other purported statutory damages above, push Plaintiffs' claims further above the $5,000,000 minimum jurisdictional threshold.

### *Punitive Damages*

30.     Potential punitive damages satisfy the jurisdictional minimum.

31.     "The amount in controversy may include punitive damages if recoverable under state law." *Karn v. Bayview Loan Servicing, LLC*, No. 18-0623, 2018 U.S. Dist. LEXIS 103531, at *11 (C.D. Cal. June 20, 2018). "The defendant may point to facts alleged in the complaint, the nature of the claims, or evidence in the record to demonstrate that an award of punitive damages is possible." *Petkevicius v. NBTY, Inc.*, No. 14-2616, 2017 U.S. Dist. LEXIS 43636, at *28 n.4 (S.D. Cal. Mar. 24, 2017) (quoting *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1248 (10th Cir. 2012)).

32.     Punitive damages are potentially recoverable in connection with Plaintiffs' claims brought under the CLRA and Civil Code section 1798. *See* Cal. Civ. Code § 1780(a); Cal. Civ. Code § 1798.90.54(b)(2).

33.     "A ratio of 1:1 between punitive and economic damages has been described as 'conservative' for purposes of calculating the amount in controversy" under CAFA. *Bayol v. Zipcar, Inc.*, No. 14-2483, 2015 U.S. Dist. LEXIS 109027, at *24 (N.D. Cal. Aug. 18, 2015) (applying "conservative" 1:1 ratio for punitive damages as allowed under the CLRA to hold that the federal court had jurisdiction under CAFA); *Sloan v. 1st Am. Auto. Sales Training*, No. 16-5341, 2017 U.S. Dist. LEXIS 58476, at *8 (C.D. Cal. Apr. 17, 2017) (same); *Tompkins v. Basic Research*

9

*LLC*, No. 08-244, 2008 U.S. Dist. LEXIS 81411, at *12 (E.D. Cal. Apr. 22, 2008) (same).

34.     Park Assist denies that Plaintiffs are entitled to any punitive or other damages whatsoever, but even a conservative one-to-one ratio would further elevate the amount in controversy above the $5,000,000 CAFA statutory minimum.

### *Attorneys' Fees*

35.     The Plaintiffs' potential attorneys' fees claim would supplement any other damages to compel this action to exceed the jurisdictional minimum.

36.     Plaintiffs seek attorneys' fees and costs as permitted by law pursuant to Code of Civil Procedure Civil Code § 1021.5, Civil Code § 1788.17 and 1788.30(c) and Civil Code §1798, which provide for attorneys' fees awards to the prevailing party. (Ex. A at Prayer for Relief.)

37.     Attorneys in class actions brought under California's unfair competition and consumer protection statutes have sought in excess of $2-3 million in attorneys' fees. *See, e.g., Brown v. Hain Celestial Group, Inc.*, No. 113082, 2016 U.S. Dist. LEXIS 20118 (N.D. Cal. Feb. 18, 2016) (UCL, FAL, and CLRA mislabeling class action; seeking approval in excess of $3 million in fees); *Hendricks v. Starkist Co.*, No.13-729, 2016 U.S. Dist. LEXIS 134872 (N.D. Cal. Sep. 29, 2016) (same); *Retta v. Millennium Products, Inc.*, No. 15–1801, 2017 U.S. Dist. LEXIS 220288 (C.D. Cal. Aug. 22, 2017) (same; seeking approval in excess of $2 million).

38.     These amounts should also be included in the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (using "amount of fees commonly incurred in similar litigation" as reasonable measure of attorney's fees to determine amount in controversy).

NOTICE OF REMOVAL

### *Injunctive Relief*

39.     The cost to all Defendants to comply with injunctive relief sought potentially exceeds the jurisdictional minimum.

40.     Plaintiffs also seek injunctive relief.  (Ex. A at Prayer for Relief.)  The "value" of the injunctive relief for purposes of the jurisdictional inquiry depends on the value to the plaintiff or the cost to the defendant if such relief is granted. See *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017); *McCauley v. Ford Motor Co.*, 264 F.3d 952, 958 (9th Cir. 2001) ("where the value of a plaintiff's potential recovery (in this case, a maximum of $3,500) is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes").  Here, Plaintiffs seek to enjoin Defendants from the conduct they consider in violation of Civil Code § 1798. Although Park Assist disputes that Plaintiffs are entitled to any such remedy, the value of any injunctive relief awarded to Plaintiffs—measured by the cost to Defendants—serves to put Plaintiffs' claims further above the $5,000,000 threshold.

41.     In sum, based on Plaintiffs' assertions and theories of recovery, the amount in controversy well exceeds $5,000,000.

### **No CAFA Exception Applies.**

42.     CAFA "confers subject matter jurisdiction and provides express 'exceptions' to the exercise of that jurisdiction." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).  Although "the removing party bears the initial burden of establishing federal jurisdiction under § 1332(d)(2), once federal jurisdiction has been established under that provision, the objecting party bears the burden of proof as to the applicability of any express statutory exception under §§ 1332(d)(4) (A) and (B)." *Id.*

11

43.    Plaintiffs have not met their burden in establishing that any CAFA exceptions apply here.

44.    Plaintiffs do not allege a mass action.

45.    Plaintiffs do not allege a securities action.

46.    Plaintiffs do not allege a corporate governance claim.

47.    Plaintiffs do not allege any facts (aside from a single conclusory statement) to show that at least two-thirds of the purported class—California "residents" parking at subject parking structures—are citizens of California.[2] *See* 28 U.S.C. § 1332(d)(4)(B). *Benko v. Quality Loan Service Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015) ("[P]laintiff bears the burden of showing that this provision, known as the 'local controversy exception,' applies to the fact of a given case.  We recognize that the 'local controversy exception' is a narrow one, particularly in light of the purposes of CAFA.").  Plaintiffs allege the Complaint applies to some "California residents," but "the natural person's state citizenship is [] determined by her state of domicile, ***not her state of residence***."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) (emphasis added).   To the contrary, the only allegations here, which are focused on shopping destinations in Los Angeles's prime tourism areas (e.g., Santa Monica, Beverly Hills, Miracle Mile), suggest the California "residents" at issue comprise non-citizen tourists, temporary residents, and visiting family members that are not "citizens" for diversity purposes

48.    Because Plaintiffs' Complaint addresses only residency, and not citizenship, and further contains no allegations to show approximately how many

---

[2] Plaintiffs' sole conclusory statement of citizenship—"more than two-thirds of the proposed class members are citizens of California (and i[n] fact 100% of the proposed class members are citizens of California)" (Compl. ¶ 30)—does not satisfy the Plaintiffs' burden to establish actual "facts in evidence" of the Plaintiffs' citizenship. *Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 884 (9th Cir. 2013) (emphasis added) (holding there must be "***some facts in evidence*** from which the district court may make findings regarding class members' citizenship for purposes of CAFA's local controversy exception.").

12

potential class members are California citizens, Plaintiffs have not met their burden to meet this narrow exception to CAFA.

### Park Assist Satisfies the Requirements of 28 U.S.C. § 1446

49.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

50.     This Notice of Removal has been filed within thirty days of service of the Complaint and summons on Park Assist.

51.     Concurrently with the filing of this Notice, Park Assist will give written notice to all adverse parties and will file a copy of this Notice with the clerk of the Superior Court of the State of California in and for the County of Los Angeles. *See* 28 U.S.C. § 1446(d).

52.     Park Assist is not required to obtain the consent of any other Defendants to this action prior to seeking removal. *See* 28 U.S.C. § 1453(b).

53.     Park Assist does not waive, and expressly preserves, all objections, defenses, and exceptions authorized by law, including but not limited to those permitted pursuant to Rules 4 and 12 of the Federal Rules of Civil Procedure.


DATED: August 14, 2020                 DAVIS WRIGHT TREMAINE LLP
                                       JACOB M. HARPER
                                       SPENCER PERSSON
                                       MATT ONYETT


                                       By: /s/ Jacob M. Harper
                                                Jacob M. Harper

                                       Attorneys for Defendant
                                       PARK ASSIST, LLC

NOTICE OF REMOVAL

# DEMAND FOR JURY TRIAL

Defendant Park Assist hereby preserves its right to a jury and for that reason demands a jury at this time for any issues so triable.

DATED: August 14, 2020                    DAVIS WRIGHT TREMAINE LLP
                                          JACOB M. HARPER
                                          SPENCER PERSSON
                                          MATT ONYETT


                                          By:/s/ Jacob M. Harper
                                                    Jacob M. Harper

                                          Attorneys for Defendant
                                          PARK ASSIST, LLC

14