ERIK K. SWANHOLT, CA Bar No. 198042
    eswanholt@foley.com
FOLEY & LARDNER LLP
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2411
TELEPHONE: 213.972.4500
FACSIMILE:  213.486.0065

Attorneys for Defendant INDECT USA CORP.

# UNITED STATES DISTRICT COURT

# DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ALVARO NAVARRO, ET AL. <br><br> PLAINTIFFS, <br><br> V. <br><br> SKI DATA, INC., ET AL. <br><br> Defendants. | Case No. 2:20-cv-07370-SVW-SK <br><br> Judge: Hon. Stephen V. Wilson <br><br> **INDECT USA CORP.'S STATEMENT REGARDING CONSOLIDATION** <br><br> Complaint Filed: April 17, 2020 <br> Removal Date:   August 14, 2020 |
| PETER HYOGUCHI, ET AL. <br><br> PLAINTIFFS, <br><br> V. <br><br> WESTFIELD, LLC., ET AL. <br><br> Defendants. | Case No: 2:20-CV-11274-DSF-RAO <br><br> Judge: Hon. Dale S. Fisher <br><br> **INDECT USA CORP'S STATEMENT REGARDING CONSOLIDATION** <br><br> Complaint Filed: November 10, 2020 <br> Removal Date:   December 11, 2020 |

4821-6514-1462.1

**TO THE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:**

Indect USA Corp. ("Indect") by and through its counsel states as follows:

1. On April 17, 2020, Plaintiffs Navarro, Howell, Gasanova, Rodriguez, and Ross filed their class-action complaint in Los Angeles County Superior Court, alleging that several of the defendants collected automated license plate recognition (ALPR) data from their vehicles in violation of California law. That case was removed to this Court on August 14, 2020. (*Navarro et al v. Ski Data, Inc. et* al, No. 2:20-cv-07370-SVW-SK, ECF No. 1.)

2. On November 10, 2020, Plaintiffs Hyoguchi, Kort, and Nguyen filed their class-action complaint in Los Angeles County Superior Court, alleging that Westfield, LLC and Skidata, Inc. (also defendants in *Navarro*), and Indect USA Corp.; LAZ Parking California, LLC; ABM Industry Groups, Inc. (not named in *Navarro*) collected automated license plate recognition (ALPR) data from their vehicles in violation of California law. (*Hyoguchi et al. v. Westfield, LLC et al.*, No. 2:20-cv-11274-SVW-SK, ECF No. 1.) *Hyoguchi* was removed to the Central District on December 11, 2020, (*id.*) and transferred to this Court on December 18, 2020. (*Hyoguchi* ECF No. 19.)

3. On December 21, 2020, the Court ordered the parties to file statements identifying any basis for not consolidating *Hyoguchi* and *Navarro*. (*Hyoguchi* ECF No. 24.).

4. Indect, a developer and retailer of ALPR systems (among other things), but not an "end-user" under California law in the context of this litigation, opposes consolidation. It is a party only to the *Hyoguchi* complaint, not the *Navarro* complaint. In *Hyoguchi,* the three plaintiffs have named five defendants and identified two shopping centers (Century City and UTC) at which they claim Indect purportedly violated California law through its ALPR system. The facts will show that Indect's products were not present at the Century City shopping center in any relevant timeframe and that the system it sold to UTC (through another party in this action) did not include cameras and thus falls outside of the ALPR claims asserted here. Indect does not have access to any data collected at either of these shopping centers.

5.  The <u>six</u> plaintiffs in the *Navarro* complaint named <u>nineteen</u> defendants and identified <u>eight</u> additional shopping centers. Indect products are not and have not been in use at *any* of these shopping centers. It does not have access to any data collected at these shopping centers. This is why Indect was not named as a defendant in that case.

6.  Consolidation of these matters in any form would cause undue hardship, burden and prejudice to Indect as it would be required to defend claims in a much larger case in which it does not belong. Rather than streamlining matters or increasing efficiency, consolidation would exponentially increase Indect's costs in motion practice, discovery and case management.

7.  Moreover, these matters are factually intensive and will require examination of the ALPR systems in use at each shopping center, if any, the manner in which those systems are used, whether or not the individual parties using those systems are required to comply with the California law at issue and how, the notice required (if any) and provided (if any) by those individual parties, including whether or not it is compliant with California law and dozens of other factual questions that both preclude consolidation and class treatment of these matters. These factual issues will likely prevent joint motions to dismiss, to oppose class certification and for summary judgment, eliminating even that potential efficiency.

8.  The matters should remain related and before this Court to the extent certain efficiencies can be maintained within the discretion of the Court, however the matters should not be consolidated for the reasons outlined above.

DATED: January 5, 2021

Respectfully submitted,
**FOLEY & LARDNER LLP**
Erik K. Swanholt


/s/ *Erik K. Swanholt*
_____
Erik K. Swanholt
Attorneys for Defendant INDECT USA CORP.