# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-07370-SVW-SK | Date | April 7, 2021 |
| Title | *Alvaro Navarro et al. v. Ski Data, Inc. et al.* | | |

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**    ORDER DENYING MOTION TO REMAND [28]

## I.    Introduction[1]

Before the Court is a motion to remand this case removed to federal court under the Class Action Fairness Act ("CAFA").  For the reasons stated below, the motion is DENIED.

## II.    Factual and Procedural Background

Plaintiffs are six California residents who allege that images of their vehicle license plates were improperly taken, stored, and used when they entered and exited parking garages at nine malls in Southern California.  Dkt. 1, Ex. A ("Compl.") ¶¶ 3-12.  Plaintiffs have sued seventeen Defendants associated in different ways with these parking garages.  *Id.* ¶¶ 14-22.  One set of Defendants are involved with the technology used to take the images: Ski Data, Inc., Stefan Shafner, Sentry Control Systems, LLC, and Park Assist, LLC.  *Id.*  The other set of Defendants own or manage the malls: Westfield Property Management, LLC, Federal Realty Investment Trust, Brookfield Properties Retail, Inc., Caruso Affiliated Holdings, LLC, Simon Property Group, Inc., and Simon Property Group, L.P.  *Id.*

---

[1] The Court has an independent obligation to assess whether Plaintiffs have standing under Article III of the U.S. Constitution.  After a review of recent case law, the Court concludes that the allegations of the complaint are sufficient to confer Article III standing at this stage.  *See Patel v. Facebook, Inc.*, 932 F.3d 1264, 1275 (9th Cir. 2019).

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | Date | April 7, 2021 |
|---|---|---|---|
| Title | *Alvaro Navarro et al. v. Ski Data, Inc. et al.* | | |

Plaintiffs assert claims under the California Information Practices Act of 1977, Cal. Civ. Code § 1798 et seq., the California Constitution's right to privacy, the Consumer Legal Remedies Act, Cal. Civil. Code § 1750 et seq., the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq., and for negligence. *Id.* at ¶¶ 64-153.

Plaintiffs seek to represent classes defined as follows:

- All California residents who had their license plate photographed by any of the Defendants between April 17, 2016 to present date;
- All California residents who had their license plate, or any of their data, sent by the Defendants to any of the Defendants' retailers from April 17, 2016 to present date;
- All California residents who had their license plate, or any of their data, sent by the Defendants to any other person from April 17, 2016 to present date.

*Id.* ¶ 60.

Defendants removed the case to this Court under CAFA. Dkt. 1. Plaintiffs moved to remand, primarily invoking CAFA's local controversy exception, 28 U.S.C. § 1332(d)(4). Plaintiffs also argued that Defendants had failed to make out a prima facie case for CAFA jurisdiction. *See generally* Dkt. 28. The Court allowed Plaintiffs jurisdictional discovery to prove they meet the requirements of the local controversy exception. Dkt. 43.

### III. Legal Standard

Under CAFA, federal courts have original jurisdiction over a class action if (1) the parties are minimally diverse, (2) the proposed class has more than 100 members, and (3) the aggregated amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2). Several exceptions to CAFA jurisdiction exist.

"Under the local controversy exception, a district court 'shall' decline to exercise jurisdiction when more than two-thirds of the putative class members are citizens of the state where the action was filed, the principal injuries occurred in that same state, and at least one significant defendant is a citizen

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | Date | April 7, 2021 |
|---|---|---|---|
| Title | *Alvaro Navarro et al. v. Ski Data, Inc. et al.* | | |

of that state." *Adams v. West Marine Prods., Inc.*, 958 F.3d 1216, 1220 (9th Cir. 2020) (citing 28 U.S.C. § 1332(d)(4)(A)).[2]

Although the removing party bears the initial burden of establishing CAFA jurisdiction, the party seeking remand bears the burden of proving that a CAFA exception applies. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007). "Where facts are in dispute, the statute requires district courts to make factual findings before granting a motion to remand a matter to state court." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013). A district court must find the facts necessary to prove a CAFA exception by a preponderance of the evidence. *Id.* at 884.

### IV. Local Controversy Exception

To establish the local controversy exception, Plaintiffs must show by a preponderance of the evidence that at least two-thirds of proposed class members are citizens of California. While this burden "should not be exceptionally difficult" and district courts may make "reasonable inferences from facts in evidence," *Mondragon*, 736 F.3d at 886, a jurisdictional finding "should be based on more than guesswork," *id.* at 884.

The Ninth Circuit has cautioned against reliance on proxies or incomplete datasets in this inquiry. In *King v. Great Am. Chicken Corp, Inc.*, the Ninth Circuit reversed an order remanding a case to state court based on a stipulation that at least two-thirds of putative class members had a last known address in California. 903 F.3d 875, 879-80 (9th Cir. 2018). The Court explained that a person with a last known address in California may have moved since the address was captured, or may not be a United States citizen. *Id.* The stipulation therefore provided an inadequate "cushion" to account for non-California citizens with a last known address in California. *Id.* at 880; *compare Adams*, 958 F.3d at 1222-23 (90% with last known mailing address in California was a sufficient cushion for separate discretionary exception requiring only one-third of class members to be citizens of forum state). Similarly, in *Brinkley v. Monterey Fin. Servs.*, the Ninth Circuit held that remand was improper where the plaintiff had only presented evidence of the citizenship of a portion of the class but had not captured

---

[2] The exception alternatively applies where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | Date | April 7, 2021 |
|---|---|---|---|
| Title | *Alvaro Navarro et al. v. Ski Data, Inc. et al.* | | |

information about a subgroup of class members. 873 F.3d 1118, 1122 (9th Cir. 2017). Without any evidence regarding the size of the missing subgroup, the plaintiffs could not demonstrate that two-thirds of class members were forum state citizens. *Id.*

Under the standard explained in these cases, Plaintiffs' evidence falls far short. Defendants Park Assist, Westfield, and Brookfield Properties produced a large amount of license plate data. Plaintiff's counsel had his assistant review the data in one spreadsheet produced by Westfield. *See* Declaration of Nataly Grande, Dkt. 66-1 ¶ 3. The assistant determined that 81% of the data entries in that spreadsheet contained an alphanumeric combination used only in California license plates (the data only provides an alphanumeric series and does not directly indicate the issuing state). *Id.* The assistant also reviewed spreadsheets produced by Park Assist and Brookfield Properties, and concluded that 80% of the entries in those spreadsheets also appeared to have a California-specific alphanumeric combination. *Id.* ¶ 4. For the reasons explained below, this analysis is insufficient for the Court to draw any reliable conclusions about the proportion of putative class members who are California citizens.

First, Plaintiffs have not explained the scope of the data that they obtained.[3] The proposed class in this case would include every California resident whose license plate was photographed at any of nine different malls over a four-year period. Dkt. 1, Ex. A ¶ 60. The universe of data in Plaintiffs' possession may only capture some of the relevant malls, or a short span within the four-year class period. If that is true, Plaintiffs' 81% figure would have little evidentiary value, because the total class size would be unknown. *See Brinkley*, 873 F.3d at 1122 ("A plaintiff cannot remand an otherwise valid CAFA case to state court when only a portion of the class meets the two-thirds citizenship requirements.").

Second, Plaintiffs do not clearly explain what portion of the data the assistant reviewed and whether that portion is representative. The assistant states that she reviewed "one spreadsheet." Grande Decl. ¶ 3. Defendants explain that this only corresponds to one mall. Dkt. 71, at 6. Plaintiffs offer no explanation for why one Westfield mall should be expected to have the same proportion of California license plates as other malls in different locations.

---

[3] Plaintiffs allege that Defendants have not complied with their discovery obligations. Dkt. 66, at 3. Plaintiffs were given an initial 60 days to take discovery, Dkt. 43, which was extended by a further 30 days, Dkt. 58. Plaintiffs have not sought any further relief for the discovery issues they mention in their brief. Dkt. 66, at 3.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-07370-SVW-SK | Date | April 7, 2021 |
| Title | *Alvaro Navarro et al. v. Ski Data, Inc. et al.* | | |

     Third, Plaintiffs' attempt to cross-check the 81% figure from the Westfield spreadsheet against the other data is unpersuasive.  Plaintiffs' assistant states that it "appears that at least 80%" of entries in the cross-checked spreadsheets had the California-specific alphanumeric combination.  Grande Decl. ¶ 4.  However, Plaintiffs do not explain what form this cross-check review took, and, if it was not as rigorous as the initial review, how a rough estimate was taken.

     Fourth, Plaintiffs have not offered an admissible basis for their claim that California has a unique alphanumeric combination in its license plates.  Plaintiffs' only citation for this proposition is a Wikipedia article.  Dkt. 66 at 1 n.1.  While this point may be provable through a diligent search of public records, the Court cannot take judicial notice of a Wikipedia article for its truth.  *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *Bruce v. Chaiken*, 2019 WL 645044, at *1 (E.D. Cal. 2019) ("While [a court] may take judicial notice of the fact that the internet, Wikipedia, and journal articles are available to the public, it may not take judicial notice of the truth of the matters asserted therein." (citation omitted)).  Plaintiffs provide no other basis for identifying a California-specific alphanumeric sequence.  Consequently, their method for distinguishing California from non-California plates in the dataset lacks evidentiary support.

     Plaintiffs have failed to show that more than two-thirds of class members are citizens of California, and they are therefore not entitled to remand under the local controversy exception.[4]

**V.     Prima Facie Basis for Removal**

     Plaintiffs also argue that Defendants lacked a prima facie basis to remove the case because they have not provided evidence to support the allegations in the notice of removal that the amount in

---

[4] The Court invited supplemental briefing on whether remand is appropriate under 28 U.S.C. § 1332(d)(3), which only requires Plaintiffs to show that one-third of class members are California citizens.  Dkt. 37; *see*.  However, that exception requires all primary defendants to be citizens of California.  *See Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1068 (9th Cir. 2019).  While it is unclear whether the property owners/managers or technology companies should be considered primary defendants, whichever it is, some Defendants in each category are not California citizens.  Compl. ¶¶ 14-22.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-07370-SVW-SK | Date | April 7, 2021 |
| Title | *Alvaro Navarro et al. v. Ski Data, Inc. et al.* | | |

controversy exceeds $5 million and there are at least 100 class members. This argument lacks merit and warrants only brief discussion.

When a plaintiff contests a jurisdictional allegation, the removing Defendant is ordinarily required to come forward with evidence to support the allegation. *See Dart Cherokee Basin Operating Sys. Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). Here, however, Plaintiffs do not challenge "the rationality, or the factual basis of" Defendants' assertions in the notice of removal, and consequently they have only raised a facial, rather than a factual, attack. *See Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020). As such, the notice of removal "need not contain evidentiary submissions but only plausible allegations of jurisdictional elements" that rely on "reasonable assumptions." *Id.* (citation omitted).

Defendants' allegations in the notice of removal supporting the numerosity and amount in controversy requirements are plausible and rest on reasonable assumptions. CAFA only requires that a class contain at least 100 members. Defendants' allegation that the class exceeds 100 members is more than reasonable given the breadth of the class definition. Dkt. 1 ¶¶ 14-15. Likewise, Defendants make several, independently plausible allegations that the amount in controversy exceeds $5 million. For example, assuming the class contains more than 2,000 members, the statutory penalty of $2,500 under Cal. Civil. Code § 1798 would by itself put the amount in controversy above $5 million. *Id.* ¶¶ 23. Once again, it is reasonable to assume the class contains more than 2,000 members given the breadth of the class definition.

Consequently, Defendants have met their burden to establish jurisdiction under CAFA.[5]

## VI. Conclusion

For the foregoing reasons, the motion to remand is DENIED. Pursuant to the stipulations entered before the motion to remand was filed, Defendants are given 30 days to respond to the

---

[5] Plaintiffs finally argue the case should be remanded because not all Defendants joined in removal. However, a case with CAFA jurisdiction "may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b).

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | Date | April 7, 2021 |
|---|---|---|---|
| Title | *Alvaro Navarro et al. v. Ski Data, Inc. et al.* | | |

complaint. Plaintiffs will have 60 days to file a motion for class certification after all Defendants have answered.

    IT IS SO ORDERED.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |