UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | Date | August 12, 2021 |
|---|---|---|---|
| Title | *Alvaro Navarro et al. v. Ski Data, Inc. et al.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING MOTIONS TO DISMISS [97, 98, 99, 101, 102, 103][1]

**I.    Introduction**

Before the Court are motions to dismiss Plaintiffs' First Amended Complaint ("FAC").

Plaintiffs bring several causes of action alleging generally that Defendants unlawfully operated and used automatic license plate recognition ("ALPR") technology at parking garages in various malls throughout California. Each of the named Plaintiffs alleges that images of their license plates were taken when entering and/or exiting malls. Each of the named Plaintiffs allege some combination of the following consequences arising from their license plate images being captured:

- The images were uploaded to unspecified databases, where they could be searched and analyzed by unspecified persons.
- The images were shared with unspecified third parties, including retailers and law enforcement agencies, for marketing, tracking, and data modeling purposes.
- Plaintiffs received unspecified marketing and advertising without authorization.

---

[1] Because the Hyoguchi Plaintiffs have voluntarily dismissed their claims, Dkt. 129, the separate motions to dismiss the Hyoguchi Plaintiffs' claims are denied as moot, Dkt. 104, 111.

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | Date | August 12, 2021 |
|---|---|---|---|
| Title | *Alvaro Navarro et al. v. Ski Data, Inc. et al.* | | |

- Plaintiffs faced an unspecified risk of future identity theft.
- Plaintiffs' ALPR data lost value in unspecified ways.
- Plaintiffs' data was misused in unspecified ways.
- Plaintiffs incurred mitigation costs including the need to monitor credit.

Plaintiffs bring causes of action under Cal. Civ. Code § 1798.90.54 ("ALPR Statute"), the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq., the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq., common-law negligence and negligence per se, and violation of the California Constitution's right to privacy.

For the reasons explained below, the motions are GRANTED with leave to amend.

**II.   Discussion**

   **a.  Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | Date | August 12, 2021 |
|---|---|---|---|
| Title | *Alvaro Navarro et al. v. Ski Data, Inc. et al.* | | |

whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

    **b. Application**

Plaintiffs' causes of action all fail for the same reason. Plaintiff has entirely failed to allege factual content supporting the elements of their causes of action. In conclusory terms, Plaintiffs assert that all the Defendants operate ALPR databases that collect Plaintiffs' license plate information and disseminate it to unspecified third parties for unspecified marketing or tracking purposes. The FAC is devoid of allegations of fact that would support those conclusions. Moreover, the FAC does not differentiate the individual roles of the named Defendants and what involvement each had in operating and profiting from the alleged ALPR databases.

Similarly, Plaintiffs assert only in conclusory terms how they have been affected by Defendants' allegedly unauthorized use of their ALPR data. Plaintiffs allege no facts to support the conclusions that they were tracked, received marketing or advertising, and had to obtain credit monitoring. Nor do they plead facts connecting any alleged tracking, targeted marketing/advertising, and mitigation measures to conduct committed by Defendants. Nor do they explain what it means for Plaintiffs' ALPR data to lose value or how that resulted from Defendants' conduct. Plaintiffs also allege a future risk of identity theft, but they plead no facts explaining that risk or how Defendants' conduct contributes to it.[2]

Turning now to each of Plaintiffs' causes of action, these pleading deficiencies prove fatal.

- ALPR Statute: Plaintiffs failed to adequately plead that Plaintiffs were "harmed by a violation" of the ALPR Statute under § 1798.54(a).

- CLRA: Plaintiffs failed to adequately allege that they "suffer[ed] any damage" as a result of Defendants' conduct. Cal. Civ. Code § 1780(a).

---

[2] The only specific allegation of risk of identity theft is based on Defendants' printing of license plate numbers on parking tickets that are not collected upon exit. But that allegation by itself fails to explain why identity theft is a likely result of a lost parking ticket that contains a license plate number.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-07370-SVW-SK | Date | August 12, 2021 |
| Title | *Alvaro Navarro et al. v. Ski Data, Inc. et al.* | | |

- <u>UCL</u>: Plaintiffs failed to adequately allege that they are persons "who ha[ve] suffered injury in fact and ha[ve] lost money or property as a result of [Defendants'] unfair competition" under Cal. Bus. & Prof. Code § 17204.

- <u>Negligence/Negligence Per Se</u>: Plaintiffs failed to adequately allege any injury that could give rise to a cause of action for negligence or negligence per se. *See In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 962 (S.D. Cal. 2012) ("Under California law, appreciable, nonspeculative, present harm is an essential element of a negligence cause of action.").

- <u>California Constitutional Right to Privacy</u>: assuming without accepting that Plaintiffs have a reasonable expectation of privacy in their license plate images or in data capturing their physical presence at a particular location, the FAC's allegations are too conclusory at this stage to establish a severe invasion of privacy actionable under the California Constitution. *See Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078, 1091 ("Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." (quoting *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 35-37 (1994)).

**III.   Conclusion**

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss. Leave to amend is GRANTED. Plaintiffs are ordered to file an amended complaint no later than 14 days from the issuance of this order.

IT IS SO ORDERED.

:

Initials of Preparer

PMC