**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JON P. KARDASSAKIS, SB# 90602
   E-Mail: Jon.Kardassakis@lewisbrisbois.com
ZOURIK ZARIFIAN, SB# 306368
   E-Mail: Zourik.Zarifian@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant,
Caruso Affiliated Holdings, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO NAVARRO, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> SKI DATA, INC., ET AL., <br><br> Defendants. | Case No. 2:20-cv-07370-SVW-SK <br><br> Hon. Stephen V. Wilson <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** <br><br> [Filed Concurrently with Notice of Motion and Motion; Separate Statement of Uncontroverted Facts and Conclusions of Law; Declaration of Jackie Levy; and [Proposed] Judgment] <br><br> Date:  Monday, January 24, 2022 <br> Time:  1:30 p.m. <br> Ctrm.: 10A |

4860-4300-5446.7                                                                2:20-cv-07370-SVW-SK

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S
MOTION FOR SUMMARY JUDGMENT

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   SUMMARY OF RELEVANT FACTS ...................................................................... 5

III.  MOTION FOR SUMMARY JUDGMENT STANDARD .............................................. 6

IV.   PLAINTIFF'S ALPR CLAIMS FAIL. ................................................................... 8

    A.   **Plaintiff Fails to Offer Evidence That Caruso Violated Any Part of the ALPR Statute.** ............................................................ 8

    B.   **Plaintiff Has No Evidence That He Was "Harmed" by Caruso as Required by Cal. Civ. Code § 1798.90.54.** ...................... 10

V.    PLAINTIFF'S UCL AND CLRA CLAIMS ALSO FAIL. ....................................... 13

    A.   **Plaintiff Has Suffered No Damages and Has Not Lost Money or Property as a Result of Caruso's Conduct.** ................................. 13

    B.   **Plaintiff Fails to Identify a "Good" or "Service" He Purchased for His CLRA Claim.** ........................................................ 17

    C.   **Plaintiff's UCL Unlawful and Unfair Prong Claims Fail.** .............. 18

    D.   **The UCL Claim Separately Fails for Lack of a Remedy.** ............... 19

VI.   PLAINTIFF'S NEGLIGENCE CLAIMS FAIL. ........................................................ 20

VII.  THE RIGHT TO PRIVACY CLAIM UNDER THE CALIFORNIA CONSTITUTION FAILS BECAUSE THERE IS NO REASONABLE EXPECTATION OF PRIVACY IN LICENSE PLATES, LET ALONE A "SERIOUS INVASION" OF THAT PRIVACY. ........................................... 21

VIII. CONCLUSION ................................................................................................ 23

4860-4300-5446.7                              i                    2:20-cv-07370-SVW-SK

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S
MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Antman v. Uber Techs., Inc.*,
2015 U.S. Dist. LEXIS 141945 (N.D. Cal. Oct. 19, 2015) ................................ 15

*Arce v. Douglas*,
793 F.3d 968 (9th Cir. 2015) ........................................................................... 12

*Bass v. Facebook, Inc.*,
2019 U.S. Dist. LEXIS 104488 (N.D. Cal. June 21, 2019) ............................. 15

*Bates v. UPS*,
511 F.3d 974 (9th Cir. 2007) ........................................................................... 19

*Castillo v. Seagate Tech., LLC*,
2016 U.S. Dist. LEXIS 187428 (N.D. Cal. Sep. 14, 2016) .............................. 21

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ........................................................................................... 7

*Chicksaw Nation v. U.S.*,
534 U.S. 84 (2011) ........................................................................................... 12

*Chowning v. Kohl's Dep't Stores, Inc.*,
733 F. App'x 404 (9th Cir. 2018) .................................................................... 19

*Chubb v. Custom Ins. Co. v. Space Systems/Loral, Inc.*,
710 F.3d 946 (9th Cir. 2013) ..................................................................... 10, 11

*Claridge v. RockYou, Inc.*,
785 F. Supp. 2d 855 (N.D. Cal. 2011) ............................................................. 13

*Duncan v. Walker*,
533 U.S. 167 (2001) ......................................................................................... 10

*In re Facebook, Inc.*,
402 F. Supp. 3d 767 (N.D. Cal. 2019) ............................................................. 17

*Gonzales v. Uber Tech., Inc.*,
35 F. Supp. 3d 1078 (N.D. Cal. 2018) ............................................................. 22

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Hallstein v. Hermosa Beach,*
    87 Fed. Appx. 17 (9th Cir. 2003) ...........................................................................21

*Heavenly Hana LLC v. Hotel Union & Hotel Indus. of Hawaii Pension Plan,*
    891 F.3d 839 (9th Cir. 2018) ................................................................................11

*Hinojos v. Kohl's Corp.,*
    718 F.3d 1098 (9th Cir. 2013) ..............................................................................14

*In re iPhone Application Litig.,*
    2011 U.S. Dist. LEXIS 106865 (N.D. Cal. Sep. 20, 2011).................................17

*In re iPhone Application Litig.,*
    844 F. Supp. 2d 1040 (N.D. Cal. 2012).................................................................22

*Judd v. Weinstein,*
    967 F.3d 952 (9th Cir. 2020) ................................................................................10

*Knowles v. Arris Int'l Plc,*
    2019 U.S. Dist. LEXIS 142293 (N.D. Cal. Aug. 20, 2019)..............................6, 7

*Navarro v. Ski Data,*
    2021 U.S. Dist. LEXIS 186918 (C.D. Cal. Aug. 12, 2021) ..............1, 2, 4, 8, 10

*Pac. Coast Fed. of Fishermen's Ass'n v. Glaser,*
    945 F.3d 1076 (9th Cir. 2019) ..............................................................................11

*Riley v. Caliber Home Loans, Inc.,*
    2021 U.S. Dist. LEXIS 137218 (C.D. Cal. July 22, 2021) .................................15

*Rojas-Lozano v. Google, Inc.,*
    159 F. Supp. 3d 1101 (N.D. Cal. 2016).................................................................17

*Slaven v. B.P. America, Inc.,*
    973 F.2d 1468 (9th Cir. 1992)...............................................................................12

*In re Sony Data Breach Litig.,*
    996 F. Supp. 2d 942 (S.D. Cal. 2014) ..................................................................19

*In re Sony,*
    903 F. Supp. 2d 942 (S.D. Cal. 2012) ..................................................................16

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4860-4300-5446.7                                  iii                          2:20-cv-07370-SVW-SK

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S
MOTION FOR SUMMARY JUDGMENT

*United States v. Diaz-Cataneda,*
    494 F.3d 1146 (D.C. Cir. 2007)..................................................................21

*Vega v. Ocwen Fin. Corp.,*
    2015 U.S. Dist. LEXIS 37079 (C.D. Cal. Mar. 24, 2015) ...............................18

*In re Yahoo Mail Litig.,*
    7 F. Supp. 3d 1016 (N.D. Cal. 2014).........................................................22

**State Cases**

*Carlsen v. Koivumaki,*
    227 Cal. App. 4th 879 (2014)....................................................................20

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,*
    20 Cal. 4th 163 (1999).............................................................................19

*Chico Feminist Women's Health Ctr. v. Scully,*
    208 Cal. App. 3d 230 (1989)....................................................................21

*Daugherty v. Am. Honda Motor Co.,*
    144 Cal. App. 4th 824 (2006)...................................................................18

*Hall v. Time Inc.,*
    158 Cal. App. 4th 847 (2008)...................................................................13

*Hill v. Nat. Coll. Athletic Ass'n.,*
    7 Cal. 4th 1 (1994)............................................................................21, 22

*Jacobs Farm/Del Cabo, Inc. v. Western Farm Serv., Inc.,*
    190 Cal. App. 4th 1502 (2010).................................................................20

*Korea Supply Co. v. Lockheed Martin Corp.,*
    29 Cal. 4th 1134 (2003)...........................................................................19

*Kwikset Corp. v. Superior Court,*
    51 Cal. 4th 310 (2011).............................................................................14

*Lorenzana v. Superior Court,*
    9 Cal. 3d 626 (1973)...............................................................................21

*Pioneer Elec. USA, Inc. v. Superior Court,*
    40 Cal. 4th 360 (2007).............................................................................21

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Troyk v. Farmers Group, Inc.*
   171 Cal. App. 4th 1305 (2009) ................................................................................ 14

*U.S. Liab. Ins. v. Haidinger-Hayes, Inc.*,
   1 Cal. 3d 586 (1970) ............................................................................................... 20

**Constitutions**

California Constitution ................................................................................. 2, 4, 6, 21, 22

California Constitution Article I § 1 ...................................................................... 7, 23

**Statutes**

Cal. Bus. & Prof Code § 17204 ............................................................................. 2, 13

Cal. Civ. Code § 1761 ................................................................................................ 17

Cal. Civ. Code § 1780 ............................................................................................ 2, 13

Cal. Civ. Code §§ 1798.90.5, et seq. .......................................... 7, 8, 9, 10, 11, 13

California Consumers Legal Remedies Act (Cal. Civ. Code § 1750, et
   seq.) ("CLRA") ........................................... 2, 4, 7, 13, 14, 17, 18, 20

California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200,
   et seq.) ................................................................................................................... 7

**Court Rules**

Fed. R. Civ. P 11(b)(3) ................................................................................................. 3

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 2

Fed. R. Civ. P. 56 ........................................................................................................ 7

Fed. R. Civ. P. 56(a) .................................................................................................... 6

Fed. R. Evid. 201(b) .................................................................................................. 12

Federal Rules of Evidence Rule 201(b) ..................................................................... 12

Rule 12(d) ..................................................................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S
MOTION FOR SUMMARY JUDGMENT

MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On August 12, 2021, this Court granted defendant Caruso Affiliated Holdings, LLC's ("Caruso") Motion to Dismiss Plaintiffs' Alvaro Navarro, Areliz Navarro, Jina Howell, Sevindzh Gasanova, Cristian Rodriguez, and Leilani Ross's ("Plaintiffs") First Amended Complaint ("FAC") in its entirety with leave to amend. (Statement of Uncontroverted Facts and Conclusions of Law ("SUF") Nos. 1-4); *Navarro v. Ski Data*, No. 2:20-cv-07370-SVW-SK, 2021 U.S. Dist. LEXIS 186918 (C.D. Cal. Aug. 12, 2021).[1]  In its Order, the Court held, in part, as follows:

> Plaintiffs' causes of action all fail for the same reason.  Plaintiff has entirely failed to allege factual content supporting the elements of their causes of action. In conclusory terms, Plaintiffs assert that all the Defendants operate ALPR databases that collect Plaintiffs' license plate information and disseminate it to unspecified third patties for unspecified marketing or tracking purposes. The FAC is devoid of allegations of fact that would support those conclusions. Moreover, the FAC does not differentiate the individual roles of the named Defendants and what involvement each had in operating and profiting from the alleged ALPR databases.

> Similarly, Plaintiffs assert only in conclusory terms how they have been affected by Defendants' allegedly unauthorized use of their ALPR data. Plaintiffs allege no facts to support the conclusions that they were tracked, received marketing or advertising, and had to obtain credit monitoring. Nor do they plead facts connecting any alleged tracking, targeted marketing/advertising, and mitigation measures to conduct committed by Defendants. Nor do they explain what it means for Plaintiffs' ALPR data to lose value or how that resulted from Defendants' conduct. Plaintiffs also allege a future risk of identity theft, but they plead no facts explaining that risk or how Defendants' conduct contributes to it.

(*Id.* at *5-6).

---

[1] The Court's Order applied to all of the Defendants' various Motions to Dismiss the FAC due to the overlapping issues in all of the Motions.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S MOTION FOR SUMMARY JUDGMENT

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

As to the specific causes of action in the FAC, the Court held that each cause of action fails because of the following fatal deficiencies:

ALPR Statute: Plaintiffs failed to adequately plead that Plaintiffs were "harmed by a violation" of the ALPR Statute under § 1798.54(a).

CLRA: Plaintiffs failed to adequately allege that they "suffer[ed] any damage" as a result of Defendants' conduct. Cal. Civ. Code § 1780(a).

UCL: Plaintiffs failed to adequately allege that they are persons "who ha[ve] suffered injury in fact and ha[ve] lost money or property as a result of [Defendants'] unfair competition" under Cal. Bus. & Prof Code § 17204.

Negligence/Negligence Per Se: Plaintiffs failed to adequately allege any injury that could give rise to a cause of action for negligence or negligence per se. (citation omitted).

California Constitutional Right to Privacy: assuming without accepting that Plaintiffs have a reasonable expectation of privacy in their license plate images or in data capturing their physical presence at a particular location, the FAC's allegations are too conclusory at this stage to establish a severe invasion of privacy actionable under the California Constitution. (citations omitted).

(*Id.* at *6-7).

On August 30, 2021, Plaintiffs filed a Second Amended Class Action Complaint ("SAC"). (SUF No. 5 [Dkt. 131]). On September 27, 2021, Caruso moved to dismiss the SAC for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (SUF No. 12 [Dkt. 138]). On November 22, 2021, the Court held a hearing for Defendants' various Motions to Dismiss the SAC and ultimately converted the Motions to Dismiss to summary judgment motions pursuant to Rule 12(d), requesting the Parties to submit new briefs. (SUF Nos. 13-14 [Dkt. 180]). On December 20, 2021, Plaintiffs filed a Corrected Second Amended Class Action Complaint ("CSAC"), which is the operative complaint. (SUF No. 6 [Dkt. 189]). While Caruso still believes the CSAC fails to even *plead* a single viable claim against Caruso, the instant Motion for Summary Judgment unequivocally

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4860-4300-5446.7                    2                    2:20-cv-07370-SVW-SK

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S
MOTION FOR SUMMARY JUDGMENT

demonstrates that there remains no genuine dispute as to any material fact and that Caruso is entitled to judgment as a matter of law as to all claims Plaintiff Cristian Rodriguez asserts against it.[2]

As previously explained in its Motions to Dismiss (*see* Dkt. 77, 97, 138), Caruso declared that although it has an ALPR system installed at The Grove, it has not sold consumers' ALPR data, has not shared ALPR data with any unauthorized third parties, and has allowed access to ALPR data only to those who service the closed ALPR system on an as-needed basis. Caruso has also informed Plaintiffs' counsel through declaration that its publicly available ALPR policy online explicitly provides that Caruso and its providers do not sell ALPR Information and do not share ALPR Information except to provide access to authorized personnel and others for limited and specified purposes, or as otherwise required by law.

Notwithstanding Caruso's declaration, Plaintiff Rodriguez has continued to press his claims against Caruso. As recently as in the CSAC, Rodriguez still claims that after visiting The Grove, he "has had his personal data shared with a host of unauthorized third persons and entities for marketing purposes, tracking purposes, data modeling, and other unauthorized purposes." (SUF No. 8 [CSAC ¶ 103]). ***Yet Caruso has declared it has never done this***. Plaintiff's counsel thus has no reasonable basis to assert these claims against Caruso. Fed. R. Civ. P 11(b)(3) ("the factual contentions [in the CSAC must] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."). And the lack of evidence in the record demonstrates Plaintiff cannot proceed any further under the eight causes of action against Caruso (SUF No. 7 [CSAC ¶¶ 210-414]), as follows:

---

[2] Only Plaintiff Rodriguez alleges he visited Caruso's property, The Grove (SUF No. 11 [*See* CSAC ¶ 103]), and thus all of the claims are asserted against Caruso only by Rodriguez. No other Plaintiff alleges they visited The Grove. (*Id.*).

***No Harm, Damages, or Lost Money or Property.*** All of Plaintiff's claims require him to demonstrate harm, damages, or lost money or property. (SUF No. 4; *Navarro*, 2021 U.S. Dist. LEXIS 186918, at *6-7). Yet there is not a single allegation or piece of evidence showing Rodriguez suffered harm, damages, or lost money or property as a result of Caruso's conduct. This alone is dispositive and requires summary dismissal of all claims.

***Violation of ALPR Statute.*** While Plaintiff parses out the ALPR Statute cause of action into *four* separate causes of action, he fails to allege facts or produce any evidence to demonstrate Caruso violated any of the applicable sections of the ALPR Statute, which regulate the duties of ALPR operators and ALPR end-users. This is a separate and independent reason to grant summary judgment as to the ALPR claims.

***UCL/CLRA.*** The CLRA claim separately fails as a matter of law because Plaintiffs have not identified a "good" or "service" for purposes of the CLRA. The UCL claim also separately fails for want of a remedy since there can be no restitution where Plaintiff has not paid Caruso anything, or injunctive relief where there is no likelihood of imminent and repeat harm.

***Negligence/Negligence Per Se.*** Plaintiff has not alleged or offered any proof that Caruso was negligent in its collection of Plaintiff's license plate information, much less that he suffered any harm caused by Caruso's conduct.

***Right to Privacy Under California Constitution.*** Plaintiff has not demonstrated a reasonable expectation of privacy in his license plate number while parked in a publicly accessible mall parking garage, let alone that Caruso "seriously invaded" this expectation of privacy.

In short, after more than a year and a half and *four* chances to assert a viable claim against Caruso and offer some evidence to demonstrate he was harmed by Caruso's conduct, Plaintiff has failed to do so. It is time to put an end to this lawsuit.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S MOTION FOR SUMMARY JUDGMENT

## II.   SUMMARY OF RELEVANT FACTS

Plaintiff Cristian Rodriguez visited Caruso's shopping mall, The Grove, "[s]everal times between April 16, 2019 and April 16, 2020." (SUF No. 8 [CSAC ¶ 103]). No other Plaintiff visited The Grove during this time. (SUF No. 11). Upon entering the parking facilities at The Grove between April 16, 2019 and April 16, 2020, "a license plate image was taken of Mr. Rodriguez's vehicle." (SUF No. 8 [CSAC ¶ 103]). The year, make, and model of Mr. Rodriguez's vehicle is not alleged in any of the three iterations of the complaint and Caruso does not have this information either. (SUF Nos. 9, 36, 37).

Caruso has an Automated License Plate Recognition ("ALPR") System installed at The Grove's publicly accessible parking garage, which takes images of vehicle license plates, including the numbers and/or characters they contain ("ALPR Data"), when vehicles enter and exit parking garage. (SUF Nos. 19-21). Caruso's sole purpose for contracting to install and using the ALPR System at The Grove's parking garage is to make entering and exiting the garage more efficient for patrons. (SUF No. 17). Caruso has never (1) sold ALPR Data to anyone (SUF No. 22), (2) shared ALPR Data with unauthorized third parties (SUF No. 23), or (3) sent ALPR Data to law enforcement agencies. (SUF No. 29). Specifically, Caruso has not shared ALPR Data with retailers, data modelers, or any other companies who traffic ALPR Data. (SUF Nos. 24-28). Caruso also has not used Plaintiff Rodriguez's or any other individual's ALPR Data for marketing, tracking, or modeling purposes. (SUF Nos. 25-27).

Caruso only provides access to ALPR Data to those who service the closed ALPR system on an as-needed basis, including (1) LAZ Parking Management (including the supervisor, auditor, assistant manager, manager, and cashier), (2) Caruso Management (general manager, assistant general manager, concierge managers), (3) SkiData (the service provider for ALPR technology) and its

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S
MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

technician, (4) Tech Solutions, LLC (the entity in charge of running the Application Programming Interface, or API, connection of the ALPR system) and its engineer, and (5) Hitachi Solutions, Ltd. (the Custom Records Management system service provider) and its architect and consultant.  (SUF Nos. 30, 32, 33).  All of the employees of these independent contractors are authorized to access or use ALPR Data for the sole purpose of maintenance and implementation of the ALPR System and to receive operational training for the ALPR System.  (SUF Nos. 33-35).

Caruso has no way of identifying a vehicle or a vehicle's registered owner solely through ALPR Data.  (SUF Nos. 36-41).  Caruso does not know Plaintiff Rodriguez's license plate number or any other personally identifiable information about Mr. Rodriguez or his vehicle.  (SUF Nos. 42-44).  The first time Caruso has even heard of Plaintiff Rodriguez is through this lawsuit.  Caruso has not at any time used ALPR Data to advertise or market to any customer, including Mr. Rodriguez.  (SUF Nos. 25, 42-44).  Caruso has an ALPR policy on its website that outlines its practices regarding the capturing and use of ALPR Data.  (SUF Nos. 31-32).

Plaintiff Rodriguez has not suffered any harm as a result of Caruso taking an image of his vehicle's license plate or the numbers and/or characters it contains when he visited the publicly accessible parking facilities at The Grove mall between April 16, 2019 and April 16, 2020.  (SUF No. 8 [CSAC ¶ 103]; *see also* SUF Nos. 22-28, 36-44).  He did not personally lose any money or property as a result of Caruso's conduct.  (*Id.*).  He also did not incur any actual damages resulting from Caruso's conduct.  (*Id.*).

### III.    MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment is proper where the pleadings, discovery, and affidavits show there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Knowles v. Arris Int'l Plc*, 2019

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

U.S. Dist. LEXIS 142293, at *8 (N.D. Cal. Aug. 20, 2019). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Thereafter, the nonmoving party must go *beyond the pleadings* and "set forth specific facts showing that there is a genuine issue for trial." *Knowles*, 2019 U.S. Dist. LEXIS 142293, at *9 (citing Fed. R. Civ. P. 56). If this showing is not made, "the moving party is entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323.

The CSAC, which is Plaintiff's *fourth* iteration of the complaint, contains eight causes of action for (1) Violation of California's Automated License Plate Recognition Law for Unauthorized Access of ALPR Information (Cal. Civ. Code § 1798.90.54) ("ALPR"); (2) Violation of California ALPR Law for Unauthorized Use of ALPR Information (Cal. Civ. Code § 1798.90.54); (3) Violation of California ALPR Law for Failure to Maintain Reasonable Practices to Protect Unauthorized Access and Use (Cal. Civ. Code § 1798.90.51(a)); (4) Violation of California ALPR Law for Failure to Implement Code Compliant Privacy Policy and Maintain a Record (Cal. Civ. Code §§ 1798.90.51(b), 1798.90.52); (5) Violation of the California Consumers Legal Remedies Act (Cal. Civ. Code § 1750, et seq.) ("CLRA"); (6) Violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.) ("UCL"); (7) Negligence and Negligence Per Se ("Negligence"); and (8) Violation of Article I § 1 of the California Constitution ("Right to Privacy"). (SUF No. 7 [CSAC ¶¶ 210-414]). Caruso is entitled to summary judgment as to every claim because, as demonstrated below, Plaintiff has no evidence to satisfy several key elements for these claims at trial.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4860-4300-5446.7                                  7                          2:20-cv-07370-SVW-SK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S
MOTION FOR SUMMARY JUDGMENT

## IV.    PLAINTIFF'S ALPR CLAIMS FAIL.

While Plaintiff parses out his single cause of action under the ALPR Statute into four separate causes of action (CSAC ¶¶ 210-351]), he fails to demonstrate that Caruso violated any part of the Statute or that he suffered harm by a violation of the ALPR Statute, as required. *Navarro*, 2021 U.S. Dist. LEXIS 186918, at *6 (citing Cal. Civ. Code § 1798.90.54(a)).    There remains no genuine dispute as to any material fact for the first four causes of action in Plaintiff's CSAC, requiring their summary dismissal.

### A.    Plaintiff Fails to Offer Evidence That Caruso Violated Any Part of the ALPR Statute.

The Automated License Plate Recognition statute ("ALPR Statute"), codified as Cal. Civ. Code § 1798.90.5, *et seq.*, contains three key sections that regulate the duties of (1) an ALPR operator (§ 1798.90.51), (2) an ALPR operator when accessing or providing access to ALPR information (§ 1798.90.52), and (3) an ALPR end-user (§ 1798.90.53).    The CSAC only alleges the Defendants are "ALPR Operators," but contains no allegations about ALPR end-users and does not invoke Section 1798.90.53 either.    (CSAC ¶¶ 210-351]).

As to the first two causes of action for alleged "unauthorized access of ALPR information" and "unauthorized use of ALPR information" by an ALPR operator (CSAC ¶¶ 210-286), nothing in the ALPR Statute provides that an ALPR operator needs to obtain authorization from a consumer to access or use ALPR Data from his or her car.    Cal. Civ. Code §§ 1798.90.5.    The ALPR Statute instead provides that an ALPR operator—***once in possession of ALPR information***—has a duty to "[m]aintain reasonable security procedures and practices," "[i]mplement a usage and privacy policy" for the collection and use of ALPR information, and that "[i]f an ALPR operator accesses or provides access to ALPR information, the ALPR operator shall" maintain certain safeguards.    Cal. Civ. Code §§ 1798.90.51-52. Indeed, the only language about unauthorized access or use relates to an ALPR

4860-4300-5446.7                                              8                                 2:20-cv-07370-SVW-SK

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Operator's duties to protect ALPR data from unauthorized access or use by *others*— not by the ALPR operator itself.  Cal. Civ. Code § 1798.90.51(a) ("An ALPR operator shall … [m]aintain reasonable security procedures and practices … to protect ALPR information from unauthorized access, destruction, use, modification, or disclosure.").  Thus, any claim that Caruso simply accessed or used Plaintiff Rodriguez's ALPR information, as an ALPR operator, is by definition not a violation of the ALPR Statute.  *Id.*  Plaintiff's first two causes of action against Caruso based solely on Caruso's access and use of his ALPR data to allow easy exit from The Grove's parking garage must therefore be dismissed.

Plaintiff's third and fourth causes of action for "failure to maintain reasonable practices to protect unauthorized access and use" and "failure to maintain [a] code compliant privacy policy and maintain a record" (CSAC ¶¶ 287-351) fare no better.  Indeed, Plaintiff has not provided any allegations or produced any evidence about Caruso or its practices in implementing a usage and privacy policy or maintaining reasonable security procedures and practices to protect against unauthorized access and/or use of ALPR data.  Plaintiff has only recited the language of Sections 1798.90.51 and 1798.90.52, divorced of any facts about Caruso.[3]  There is no evidence in the record that Caruso has not (1) "[m]aintain[ed] reasonable security procedures and practices … to protect ALPR information from unauthorized access, destruction, use, modification, or disclosure," (2) "[i]mplent[ed] a usage and privacy policy in order to ensure that the collection, use, maintenance, sharing, and dissemination of ALPR information is consistent with respect for individuals' privacy and civil liberties," or (3) "[m]aintain[ed] a record of … access [to ALPR

---

[3] A simple Internet search reveals Caruso has an "Automated License Plate Recognition (ALPR) Usage and Privacy Policy," last updated on July 26, 2019, *available at* https://thegrovela.com/wp-content/uploads/2019/07/Caruso-ALPR-Usage-and-Privacy-Policy110878542_6_GAF.pdf (last visited Dec. 14, 2021).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

information].″  Cal. Civ. Code § 1798.90.51, 1798.90.52.  Thus, Plaintiff has not established a violation of §1798.90.51 or 1798.90.52.

In short, there is no evidence in the record that Caruso violated any of the three applicable sections of the ALPR Statute.  And as discussed below, even if Caruso arguably violated any part of the Statute (it has not), Plaintiff would not be entitled to relief because he fails to demonstrate he was "harmed."  *Navarro*, 2021 U.S. Dist. LEXIS 186918, at *6.

### B. Plaintiff Has No Evidence That He Was "Harmed" by Caruso as Required by Cal. Civ. Code § 1798.90.54.

Even *assuming* Plaintiff had somehow demonstrated a technical violation of the ALPR Statute (he has not), he could never prevail on his ALPR Statute claims because he has no evidence he was actually "harmed by a violation" such that he would be entitled to remedies, as required by the Statute.  Cal. Civ. Code § 1798.90.54 ("an individual who **has been harmed** by a violation of this title … may bring a civil action.") (emphasis added).  Plaintiff fails to allege any facts or produce any evidence demonstrating actual harm, let alone any harm caused by *Caruso*. *Navarro*, 2021 U.S. Dist. LEXIS 186918, at *6.

A brief look at the statutory history of the ALPR Statute demonstrates why Plaintiff's failure to show actual harm is detrimental to his first four claims.  "In interpreting the language of a statute, [the court's] task is to construe [the Legislature's] intent, and doing so requires [the court] to begin, as always, with the language of the statute."  *Chubb v. Custom Ins. Co. v. Space Systems/Loral, Inc.*, 710 F.3d 946, 958 (9th Cir. 2013) (citing *Duncan v. Walker*, 533 U.S. 167, 172 (2001)) (internal quotation marks omitted).  Courts therefore begin with the statute's plain language because "statutory language typically is the best and most reliable indicator of the Legislature's intended purpose."  *Judd v. Weinstein*, 967 F.3d 952, 956 (9th Cir. 2020).  When looking at statutory language, "unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

meaning." *Chubb v. Custom Ins. Co. v. Space Systems/Loral, Inc.*, 710 F.3d 946, 958 (9th Cir. 2013) (citation and quotation marks omitted). The court "may consult dictionary definitions in an attempt to capture the common contemporary understanding of a word." *Pac. Coast Fed. of Fishermen's Ass'n v. Glaser*, 945 F.3d 1076, 1084 (9th Cir. 2019). Courts may additionally "examine the legislative history . . . and other traditional aids of statutory interpretation in order to ascertain [legislative] intent." *Heavenly Hana LLC v. Hotel Union & Hotel Indus. of Hawaii Pension Plan*, 891 F.3d 839, 844 (9th Cir. 2018).

The ALPR Statute requires California businesses operating ALPR systems to comply with certain notice and data governance measures, including to reasonably secure ALPR information from unauthorized access and use, and to post an ALPR policy to the public. Cal. Civ. Code § 1798.90.51-53. The ALPR Statute provides that if an individual is "*harmed* by a violation" of the ALPR Statute, he or she may "bring a civil action . . . *against a person who knowingly caused the harm*." Cal. Civ. Code § 1798.90.54(a) (emphasis added).

The ALPR Statute's use of the word "harm" is significant. "Harm" means "to damage or injure physically or mentally." https://www.merriam-webster.com/dictionary/harm.[4] This means something more than a mere technical violation. As the statute provides, an individual must be actively "harmed by a violation." Cal. Civ. Code § 1798.90.54(a). Had the Legislature intended a mere violation to be enough to bring a civil action, it would not have included the word harm. In fact, the legislative history of the ALPR Statue confirms that "harm" means something more than a mere violation.

Senate Bill 34, the original legislative bill that became the ALPR Statute, was introduced on December 1, 2014, with the following language:

---

[4] *See also* https://www.dictionary.com/browse/harm ("to do or cause harm to; injure; damage; hurt") (last visited December 15, 2021).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

> In addition to any other sanctions, penalties, or remedies provided by law, an individual who has been harmed by a violation of this title may bring a civil action in any court of competent jurisdiction against a person who knowingly caused *that violation*.

Senate Bill 34, 2015-2016 Reg. Sess. (2014) (introduced), https://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=201520160SB34 (emphasis added).

The Bill was amended in the California Assembly on July 2, 2015, to strike the words "that violation" and replace them with "the harm," which is the language the enacted version of the Bill employs. Senate Bill 34, 2015-2016 Reg. Sess. (2015) (as amended by the Comm. on Privacy & Consumer Prot.), https://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=201520160SB34 .[5] This change is significant because there would be no reason to remove the word "violation" and replace it with "harm" if the legislature intended a mere violation of the ALPR Statute to be sufficient to sustain a civil action for damages. The legislature's "earlier express rejection of certain statutory language counsels strongly against interpreting the statute in a manner consistent with the rejected language." *Slaven v. B.P. America, Inc.*, 973 F.2d 1468 (9th Cir. 1992).[6] Thus, harm is clearly required to state a claim for violation of the ALPR Statute.

Plaintiff has not demonstrated any harm. Paragraph 103 is the sole paragraph of the CSAC that relates specifically to Rodriguez and Caruso, but nothing in this paragraph remotely establishes "harm," let alone harm cause by *Caruso*. To the contrary—the CSAC merely alleges in passive voice that "Mr. Rodriguez has been

---

[5] The legislative history of the ALPR Statute is properly the subject of judicial notice under Fed. R. Evid. 201(b). *See, e.g., Arce v. Douglas*, 793 F.3d 968, 978 n.4 (9th Cir. 2015) ("We take judicial notice of legislative history materials pursuant to Federal Rules of Evidence Rule 201(b).").

[6] *Chicksaw Nation v. U.S.*, 534 U.S. 84, 93 (2011) (courts "will not assume that [the legislature] intended to enact statutory language that it has earlier discarded in favor of other language").

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

advertised and marketed to" and his "personal data" has been "shared." (SUF No. 8 [CSAC ¶ 103]). Rodriguez has no evidence to show the alleged marketing or sharing of his "personal data" resulted from his trips to The Grove, much less that Caruso was responsible for these acts. Nor has Plaintiff produced any evidence to show Caruso's conduct was harmful to him. This is not surprising because Caruso has never marketed to Plaintiff or any other consumer using ALPR Data and has never shared Plaintiff's or any other consumer's ALPR Data with unauthorized third parties. (SUF Nos. 23-28). Thus, there is no basis for pleading harm against Caruso, nor any evidence of harm produced by Plaintiff.

In short, because Plaintiff has not demonstrated he "has been harmed" by a violation of the ALPR Statute (Cal. Civ. Code § 1798.90.54), the first four claims against Caruso must be dismissed.

## V. PLAINTIFF'S UCL AND CLRA CLAIMS ALSO FAIL.

### A. Plaintiff Has Suffered No Damages and Has Not Lost Money or Property as a Result of Caruso's Conduct.

Plaintiff's UCL and CLRA claims both require a showing of harm *caused by Caruso*. Cal. Bus. & Prof. Code § 17204 (UCL gives standing to an individual who has "suffered injury in fact and has lost money or property *as a result of* the unfair competition"); Cal. Civ. Code § 1780(a) (CLRA grants claim to a "consumer who suffers any damage *as a result of* the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770…").[7] Even Plaintiff acknowledges he is required to show lost money or property for his UCL claim. (*See* CSAC ¶ 375). Importantly, the language "as a result of" requires a causal

---

[7] *See also*, *e.g.*, *Claridge v. RockYou, Inc.*, 785 F. Supp. 2d 855, 862 (N.D. Cal. 2011) ("[T]o pursue either an individual or a representative claim under the California unfair competition law, a plaintiff must have suffered an injury in fact and lost money or property as a result of such unfair competition.") (citing *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 849 (2008)) (internal quotation marks omitted).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S
MOTION FOR SUMMARY JUDGMENT

connection. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 (2011). As discussed below, Plaintiff's UCL and CLRA claims fail for the same reasons his first four causes of action for violation of the ALPR Statute fail—he has not demonstrated he suffered actual damages or lost money or property traceable to Caruso's conduct.

To establish lost money or property, Plaintiff must demonstrate "some form of economic injury" (*Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 (9th Cir. 2013)), which includes a showing that plaintiff "(1) surrender[ed] in a transaction more, or acquire[d] in a transaction less, than he or she otherwise would have; (2) [had] a present or future property interest diminished; (3) [was] deprived of money or property to which he or she has a cognizable claim; or (4) [was] required to enter into a transaction, costing money or property, that would otherwise have been unnecessary." *Kwikset*, 51 Cal. 4th at 323; *see also Troyk v. Farmers Group, Inc.* 171 Cal. App. 4th 1305, 1348 n.31 (2009) ("We note *UCL's standing requirements appear to be more stringent than the federal standing requirements*. Whereas a federal plaintiff's 'injury in fact' may be intangible and need not involve lost money or property, Proposition 64, in effect, added a requirement that UCL plaintiff's 'injury in fact' specifically involve 'lost money or property.'") (emphasis added).

Plaintiff has no credible allegations or any evidence to show he (1) lost money or property, or (2) that it was as a result of *Caruso*. Plaintiff only alleges that "[u]pon entering and exiting [The Grove], a license plate image was taken of Mr. Rodriguez's vehicle" and that "Mr. Rodriguez has been advertised and marketed to without his authorization, and has had his personal data shared with a host of unauthorized third persons and entities for marketing purposes, tracking purposes, data modeling, and other unauthorized purposes." (SUF No. 8 [CSAC ¶ 103]). But Caruso has provided a declaration stating that it has never (1) sold any ALPR data, (2) shared any ALPR data with an unauthorized third party, (3) shared any ALPR

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

data with retailers, or (4) used any ALPR data for advertising, marketing, tracking, data modeling, or other unauthorized purposes.  (SUF Nos. 22-29).  Moreover, Caruso has no way of identifying a vehicle or its registered owner solely through ALPR Data such that it could advertise or market to Plaintiff.  (SUF Nos. 36-44). Without more, these claims are not enough to show lost money or property attributable to Caruso.  *See, e.g.*, *Riley v. Caliber Home Loans, Inc.*, 2021 U.S. Dist. LEXIS 137218, at \*14 (C.D. Cal. July 22, 2021) (granting defendant's MSJ as to the UCL claim and holding that "[t]o have standing to pursue a UCL claim, a plaintiff mu[st] allege she has suffered injury in fact and has lost money or property as a result of the unfair competition" and where plaintiffs do not "submit any evidence that they have in fact lost money or property" then the UCL claim must be dismissed).

Indeed, there is nothing in the record to demonstrate Rodriguez was "advertised and marketed to," how such "advertis[ing] and market[ing]" caused him harm, with whom his "personal data [was] shared," and whether Caruso is the one who advertised and marketed him or otherwise shared his data with "unauthorized third persons and entities."  Nor could Plaintiff make such a showing since Caruso has declared it does not do these things with ALPR Data.  (SUF Nos. 22-29).

Moreover, Plaintiff has not—and cannot—demonstrate how a license plate image being taken of his car, by itself, is harmful.  Courts in cases faced with far more detailed acts have held that statutory standing does not exist without more plausible facts.  *See, e.g.*, *Bass v. Facebook, Inc.*, 2019 U.S. Dist. LEXIS 104488, at \*14-15 (N.D. Cal. June 21, 2019) (finding in data breach case that plaintiffs did not establish statutory UCL standing because they failed to plausibly allege the loss of the value of their personal information and to receive the benefit of the bargain); *Antman v. Uber Techs., Inc.*, 2015 U.S. Dist. LEXIS 141945, at \*32 (N.D. Cal. Oct. 19, 2015) (lack of injury and causal connection between defendant's conduct and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4860-4300-5446.7                                    15                        2:20-cv-07370-SVW-SK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S
MOTION FOR SUMMARY JUDGMENT

attempted identify theft deprives plaintiff of statutory standing under UCL).[8]

Plaintiff's allegation that he "sustained damages based on having to pay for parking pursuant to the applicable transactions referenced" (CSAC ¶ 387) does not save his claims either. Indeed, Plaintiff has never claimed or provided any evidence that he paid for parking when he visited The Grove. (SUF No. 8 [CSAC ¶ 103]). Even if he had paid for parking, he does not claim anywhere that he did not receive the parking space he paid for and he does not link paying for parking with Caruso capturing his ALPR Data to make exiting the facility more efficient. Indeed, whether the ALPR System was installed or not would not change whether Plaintiff had to pay for *parking*. Plaintiff has not shown he suffered any injuries whatsoever.

Equally unavailing is any claim of the "risk of future identity theft" based on a hypothetical lost parking ticket. (CSAC ¶¶ 117, 383). Such a hypothetical injury does not warrant Rodriguez to bring a suit *now*. Nor can Rodriguez rely on generic allegations that "there was a loss of value of PII," "the PII has already been misused," or he has to pay "out of pocket mitigation expenses in credit monitoring" to mitigate the potential for future damages or loss. (*Id.* ¶ 383). These are the same allegations this Court held do not suffice in its Order. *Navarro*, 2021 U.S. Dist. LEXIS 186918, at *6 n.2 (reasoning that "[t]he only specific allegation of risk of identity theft is based on Defendants' printing of license plate numbers on parking tickets that are not collected upon exit[,] [b]ut that allegation by itself fails to explain why identity theft is a likely result of a lost parking ticket that contains a license plate number.").[9] In any event, "[n]umerous courts have held that a

---

[8] *SuperValu II*, 925 F.3d 955, 964 (8th Cir. 2019) (affirming dismissal of consumer claim in data breach when plaintiff alleged a fraudulent charge but did not allege a pecuniary loss, and thus the court would not infer a loss when that inference was not reasonable given "common experience").

[9] *See also, e.g.*, *In re Sony*, 903 F. Supp. 2d 942, 966 (S.D. Cal. 2012) ("Plaintiffs' allegations that the heightened risk of identity theft, time and money spent on mitigation of that risk, and property value in one's information, do not (footnote continued)

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

plaintiff's 'personal information' does not constitute money or property under the UCL." *In re iPhone Application Litig.*, 2011 U.S. Dist. LEXIS 106865, at *43 (N.D. Cal. Sep. 20, 2011).

In short, without a showing of any damages or lost money or property as a result of Caruso, Plaintiff's UCL and CLRA claims against Caruso must be summarily dismissed.

### B. Plaintiff Fails to Identify a "Good" or "Service" He Purchased for His CLRA Claim.

Plaintiff's Consumers Legal Remedies Act ("CLRA") claim separately fails as a matter of law because Plaintiff fails to identify what "good" or "service" he purchased such that he can bring this claim in the first instance. Indeed, the CLRA, codified under California's Civil Code Section 1770, prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of *goods or services* to any consumer." Cal. Civ. Code § 1770 (emphasis added). The CLRA defines "services" as "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." Cal. Civ. Code § 1761(b). And "goods" are defined as "tangible chattels bought or leased for use primarily for personal, family or household purposes." Cal. Civ. Code § 1761(a).

Plaintiff here has not purchased "goods" or "services" as defined by the CLRA, and thus, he cannot invoke the CLRA. *See Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1115-17 (N.D. Cal. 2016) (affirming dismissal of CLRA

---

suffice as injury under the UCL . . . and/or the CLRA."); *In re Facebook, Inc.*, 402 F. Supp. 3d 767, 784, 804 (N.D. Cal. 2019) (finding a "privacy injury," dissemination of personal information, an increased risk of identity theft, and being "deprived [of] the economic value of their personal information" did not give plaintiffs standing under UCL).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

claim where plaintiff failed to provide any authority that "software utilized entirely online constitutes a CLRA good or service."). It cannot be reasonably disputed that Plaintiff did not purchase any goods. Nor does he allege he purchased any services. The only attempt Plaintiff makes in trying to invoke the CLRA is through one allegation in Paragraph 361 alleged by all Plaintiffs, where they allege "[t]he use of the parking places is a service in that a ticket is issued giving a person a right to use a space which will be credited when money is placed in the account." (CSAC ¶ 361). Even *assuming* the use of a parking space is considered a "service" for purposes of the CLRA (Caruso maintains it is not), Plaintiff Rodriguez's claims here have nothing to do with using a parking space or paying to do so. His claim is that "Defendants capture the license plate images of Plaintiffs and the class members as they enter, and exit [malls]." (*Id.* ¶ 1). Caruso disputes that the use of cameras in a parking garage constitutes a "service" under the CLRA. The CLRA does not apply here and this claim fails for this additional reason.

**C.    Plaintiff's UCL Unlawful and Unfair Prong Claims Fail.**

Plaintiff has not demonstrated that Caruso violated any other law, and thus his unlawful-prong claim fails. *Vega v. Ocwen Fin. Corp.*, 2015 U.S. Dist. LEXIS 37079, at *30 (C.D. Cal. Mar. 24, 2015). Plaintiff's unfair-prong claim also fails. "An act or practice is unfair if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided." *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 839 (2006). Here, there is no "cognizable injury at all" as Plaintiff only alleges Caruso took an image of his publicly visible license plate when he visited The Grove. (SUF No. 8 [CSAC ¶ 103]). And the danger Plaintiff alleges—the risk of being advertised and marketed to—could never be realized through any conduct by Caruso since Caruso does not sell ALPR Data or share it with any unauthorized third parties. (SUF Nos. 22-29). Plaintiff cannot

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S MOTION FOR SUMMARY JUDGMENT

"simply impose [his] own notions of the day as to what is fair or unfair." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999).

## D.    The UCL Claim Separately Fails for Lack of a Remedy.

The UCL "is equitable in nature; damages cannot be recovered." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003).  Remedies are "generally limited to injunctive relief and restitution." *Id.*  An order for "restitution" is defined as one "compelling a UCL defendant to return *money obtained through an unfair business practice* to those persons in interest from whom the property was taken ..." *Id.* at 1144-45.  The calculation of restitution requires analyzing the "price paid versus value received." *Chowning v. Kohl's Dep't Stores, Inc.*, 733 F. App'x 404, 405 (9th Cir. 2018).  Here, Plaintiff Rodriguez does not allege he paid Caruso anything when he visited The Grove.  (SUF No. 8 [CSAC ¶ 103]). Thus, he has no restitution claim.

Plaintiff also cannot seek injunctive relief. The CSAC fails to allege the specific injunctive relief sought or the basis on which Plaintiff seeks it.  Plaintiff does not identify what, if anything, Caruso has done wrong such that injunctive relief would be warranted or a continuing wrong needs to be rectified.  As such, dismissal is warranted. *In re Sony Data Breach Litig.*, 996 F. Supp. 2d 942, 991-92 (S.D. Cal. 2014) (dismissing UCL injunctive-relief claim with prejudice for same reason).  A plaintiff seeking injunctive relief must demonstrate there is "a sufficient likelihood that he will again be wronged in a similar way." *Bates v. UPS*, 511 F.3d 974, 985 (9th Cir. 2007). And plaintiff must show a "real and immediate threat of repeated injury" that is "likely to be redressed by the prospective injunctive relief." *Id.*  Here, the alleged violations already occurred.  The CSAC does not plausibly allege a *continuing* threat for Rodriguez, nor has Rodriguez produced any evidence of one.  Because there is no UCL remedy for restitution or an injunction, Plaintiff's UCL claim fails for this additional reason.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## VI.    PLAINTIFF'S NEGLIGENCE CLAIMS FAIL.

"The elements of any negligence cause of action are duty, breach of duty, proximate cause, and damages." *Carlsen v. Koivumaki*, 227 Cal. App. 4th 879, 892 (2014).  Plaintiffs' negligence claim seeks to expand negligence to an area of law (the use of ALPR technology in parking garages) that no California state court, to the best of Caruso's knowledge, has recognized, and to an area that the California Legislature has already regulated with the ALPR Statute. But the Court need not wade through novel state-law issues because Plaintiffs have not demonstrated two of the most basic elements: (1) cognizable, non-speculative harm (2) caused by Caruso.

There is a presumption of negligence "if (1) the defendant violated a statute; (2) the violation proximately caused the plaintiff's *injury*; (3) the *injury* resulted from the kind of occurrence the statute was designed to prevent; and (4) the plaintiff was one of the class of persons the statute was intended to protect." *Jacobs Farm/Del Cabo, Inc. v. Western Farm Serv., Inc.*, 190 Cal. App. 4th 1502, 1526 (2010) (emphasis added).  However, "mere threat of future harm, not yet realized, is not enough." *U.S. Liab. Ins. v. Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 597 (1970).  A plaintiff must demonstrate an actual *injury* and there is no action for negligence "if no damages have been sustained." *Id*.

Plaintiff's negligence claim fails for the same reasons his claims for violation of the ALPR Statute, CLRA, and UCL fail: Rodriguez has not demonstrated actual damages or lost money or property traceable to Caruso. (*See* Secs. IV.B & V.A).  In fact, there is no showing as to Rodriguez at all, but rather a generic allegation that "Plaintiffs" were "injured, including by having their ALPR information disseminated to unauthorized parties" by Defendants. (CSAC ¶ 395). There are no allegations or any evidence that *Caruso* disseminated Rodriguez's personal information to any third party, or that he suffered any injury as a result.  Nor could Plaintiff ever make such a showing since Caruso has never shared any ALPR Data

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

with an unauthorized third party or retailers (SUF Nos. 23, 24), has never sold ALPR Data to anyone (SUF No. 22), and does not even have Rodriguez's personal information (SUF Nos. 42-44). Without showing any injury, Rodriguez's negligence claims must be summarily dismissed. *See Castillo v. Seagate Tech., LLC*, 2016 U.S. Dist. LEXIS 187428, at *15-16 (N.D. Cal. Sep. 14, 2016).

## VII. THE RIGHT TO PRIVACY CLAIM UNDER THE CALIFORNIA CONSTITUTION FAILS BECAUSE THERE IS NO REASONABLE EXPECTATION OF PRIVACY IN LICENSE PLATES, LET ALONE A "SERIOUS INVASION" OF THAT PRIVACY.

The right to privacy under the California Constitution "protects an individual's *reasonable* expectation of privacy against a *serious* invasion." *Pioneer Elec. USA, Inc. v. Superior Court*, 40 Cal. 4th 360, 371 (2007). An "unsubstantial impact on privacy interests" is insufficient to show a constitutional violation. *Hill v. Nat. Coll. Athletic Ass'n.*, 7 Cal. 4th 1, 40 (1994).

"What constitutes a 'reasonable' expectation of privacy depends on the circumstances and is measured by common habits[.]" *Chico Feminist Women's Health Ctr. v. Scully*, 208 Cal. App. 3d 230, 242 (1989). Courts have thus limited the expectation of privacy in public places. For example, courts have found that an individual "had no reasonable expectation of anonymity on Chico's public sidewalks and streets." *Id.*; *see also Lorenzana v. Superior Court*, 9 Cal. 3d 626, 629 (1973) ("A sidewalk, pathway, common entrance or similar passageway offers an implied permission to the public to enter which necessarily negates any reasonable expectancy of privacy in regard to observations made there.").

The same is true of license plates visible in public. *See, e.g.*, *United States v. Diaz-Cataneda*, 494 F.3d 1146, 1151-53 (D.C. Cir. 2007) (holding no reasonable expectation of privacy in license plates because they are located on the exterior of the car in plain view and specifically intended to convey information about the car to law enforcement); *Hallstein v. Hermosa Beach*, 87 Fed. Appx. 17 (9th Cir. 2003) (finding no "reasonable expectation of privacy in information voluntarily exposed to

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

other people, such as [a] license plate"). Because there is no reasonable expectation of privacy for license plates of cars parked in public parking lots, Rodriguez has no claim for invasion of privacy under the California Constitution.

Even *assuming* Rodriguez had a reasonable expectation of privacy in the image of his vehicle's license plate in a publicly accessible mall parking garage (he does not), he fails to demonstrate how *Caruso's* conduct was a serious invasion of that privacy. "The California Constitution sets a high bar for establishing an invasion of privacy claim." *Gonzales v. Uber Tech., Inc.*, 35 F. Supp. 3d 1078, 1092 (N.D. Cal. 2018). "Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Hill*, 7 Cal. 4th at 37. "Even disclosure of very personal information has not been deemed an 'egregious breach of social norms' sufficient to establish a constitutional right to privacy." *Gonzales*, 35 F. Supp. 3d at 1902 (potential disclosure of home addresses of users and drivers were not an invasion of privacy); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1038 (N.D. Cal. 2014) (Yahoo's scanning and analyzing of emails was not an invasion of privacy); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (disclosures of device identifiers, personal data, and geolocation information to third parties was not an invasion of privacy).

Here, Caruso has declared that it has no way of (1) identifying a vehicle through ALPR Data alone (SUF No. 36), (2) identifying a vehicle through a vehicle's license plate number (SUF No. 37), (3) identifying a vehicle's registered owner or the occupants of a vehicle through ALPR Data alone (SUF Nos. 38, 40), or (4) identifying a vehicle's registered owner or the occupants of the vehicle through a vehicle's license plate number (SUF Nos. 39, 41). And Critically, Caruso does not known Plaintiff Rodriguez's license plate number, information about his car, or his personally identifiable information. (SUF Nos. 42-44).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

In short, photographing license plates in publicly accessible malls does not constitute a "serious" invasion of privacy.  Plaintiff has not demonstrated the mere capturing of an image of his license plate has harmed him in any way.  Thus, any claim against Caruso for violation of the right to privacy under Article I, Section 1 of the California Constitution must be dismissed.

## VIII.  CONCLUSION

Caruso Affiliated Holdings, LLC respectfully asks the Court to grant its Motion for Summary Judgment as to all of Plaintiff's claims against it from the Corrected Second Amended Class Action Complaint [Dkt. 189].  Alternatively, if the Court deems any of Rodriguez's claims survive, Caruso respectfully asks the Court to grant partial summary judgment as to the surviving claims.

DATED: December 22, 2021          LEWIS BRISBOIS BISGAARD & SMITH LLP

By:     _/s/ Zourik Zarifian_
        Zourik Zarifian
        Attorneys for Defendant,
        Caruso Affiliated Holdings, LLC

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

4860-4300-5446.7                    23                    2:20-cv-07370-SVW-SK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S
MOTION FOR SUMMARY JUDGMENT