LOEB & LOEB LLP
DANIELA M. SPENCER (SBN 307908)
dspencer@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone:  310.282.2000
Facsimile:  310.282.2200

JASON P. STIEHL (Admitted *pro hac vice*)
jstiehl@loeb.com
321 North Clark Street, Suite 2300
Chicago, IL  60654
Telephone:  312.464.3100
Facsimile:  312.464.3111

Attorneys for Defendants
BROOKFIELD PROPERTIES RETAIL INC.
BROOKFIELD PROPERTY REIT INC.
GLENDALE I MALL ASSOCIATES, LP
GGP-GLENDALE, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALVARO NAVARRO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SKI DATA, INC., et al.,<br><br>Defendants. | Case No.: 2:20-cv-07370-SVW-SK<br><br>Assigned to Hon. Stephen V. Wilson<br><br>**DEFENDANTS BROOKFIELD PROPERTIES RETAIL INC., BROOKFIELD PROPERTY REIT INC., GLENDALE I MALL ASSOCIATES, LP, AND GGP-GLENDALE, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREWITH; AND DECLARATION OF STEVEN SAYERS**<br><br>[Filed Concurrently with Statement of Uncontroverted Facts and Conclusions of Law; [Proposed] Judgment]<br><br>Date:  January 24, 2022<br>Time:  1:30 p.m.<br>Ctrm.:  10A |

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

NOTICE OF MOTION FOR SUMMARY JUDGMENT

TO THE ABOVE-CAPTIONED COURT AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at 1:30 p.m. on Monday, January 24, 2022, or as soon thereafter as this matter may be heard in Courtroom 10A of the above-captioned Court, located at the First Street Courthouse, 350 W. First Street, Los Angeles, California 90012, the Honorable District Judge Stephen W. Wilson presiding, Defendants Brookfield Properties Retail, Inc., Brookfield Properties REIT Inc., Glendale I Mall Associates, LP, and GGP-Glendale, LLC (collectively "**Brookfield Defendants**") will and hereby do move for an order for summary judgment or, in the alternative, partial summary judgment, dismissing all of Plaintiff Alvaro Navarro's ("**Navarro**") claims[1] brought in the *Corrected Second Amended Complaint* [ECF Dkt. No. 189 (the "Corrected SAC")]

Brookfield Defendants' motion is made on the grounds that, among other things, the uncontroverted evidence demonstrates that Navarro did not suffer any harm. Brookfield Defendants *only* collect pictures of license plates, and never share or sell any license plate information for marketing purposes.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof; the Statement of Uncontroverted Facts and Conclusions of Law filed herewith; the Declaration of Steven Sayers, the [Proposed] Judgment, all pleadings, papers and other documentary materials in the Court's file for this action, and any additional evidence, argument or other matters that the Court deems necessary or proper.

This Motion is made pursuant to the discussion between the parties and before the Court on November 22, 2021 and pursuant to the briefing schedule set by

---

[1] Of the six named plaintiffs in this action, only one—Plaintiff Alvaro Navarro—asserts claims against the Brookfield Defendants. Corrected SAC ¶¶ 23-37

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

2

NOTICE OF MOTION FOR SUMMARY JUDGMENT

the Court on November 22, 2021.  Brookfield Defendants, together with the other Defendants, further attempted to meet and confer pursuant to C.D. CAL. LOCAL RULE 7-3, but Plaintiffs' counsel initially ignored the requests, and then refused to conduct a timely meet and confer.

Dated:  December 22, 2021

LOEB & LOEB LLP
JASON P. STIEHL
DANIELA M. SPENCER


By: */s/ Daniela M. Spencer*
Daniela M. Spencer
Attorneys for BROOKFIELD PROPERTIES RETAIL INC.,
BROOKFIELD PROPERTY REIT INC.,
GLENDALE I MALL ASSOCIATES,
LP, AND GGP-GLENDALE, LLC

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

3

NOTICE OF MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ....................................................................................... ii

II.     UNCONTROVERTED FACTS ................................................................... 2

        A.      The ALPR System at the Glendale Parking Facility ........................... 2

        B.      Navarro's Limited Interaction with the Glendale Parking
                Facility ................................................................................................. 3

        C.      Navarro's Allegations against Brookfield Defendants Are
                False ..................................................................................................... 4

III.    LEGAL STANDARD .................................................................................. 6

IV.     Brookfield Defendants are Entitled To Summary Judgment ........................ 6

        A.      Brookfield Defendants Did Not Engage in Any Wrongdoing.............. 7

        B.      Plaintiff Has Not Proven that He Suffered Actual Harm As
                Required to Assert Violations of the ALPR Statute, UCL,
                CLRA, and Negligence ........................................................................ 8

                1.      Plaintiff must allege specific harm in order to allege a
                        violation of the ALPR Statute .................................................... 8

                2.      Plaintiff must demonstrate actual harm in order to
                        succeed for an alleged violation of UCL and CLRA ............... 11

                3.      Plaintiff must also demonstrate an injury to succeed on
                        a negligence claim ................................................................... 12

        C.      Plaintiff Cannot Prove That He Was Harmed By Brookfield
                Defendants as Required to Succeed on Claims Brought
                Pursuant to the ALPR Statute, UCL, CLRA, and Negligence ........... 13

                1.      Plaintiff's Time Spent and Costs to Combat Identity
                        Theft Is Not a Cognizable Injury .............................................. 14

                2.      Emotional Distress Caused by Possible Use of ALPR
                        Information Is Not a Cognizable Injury .................................... 16

                3.      Diminution of Value of PII Is Not a Cognizable Injury .......... 17

        D.      Plaintiff Fails to State a Claim for Right of Privacy.......................... 18

V.      CONCLUSION ......................................................................................... 20

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*420 Caregivers, LLC v. City of Los Angeles*,
219 Cal. App. 4th 1316 (2012)..................................................................19

*Aas v. Super. Ct.*,
24 Cal. 4th 627, 101 Cal. Rptr. 2d 718, 12 P.3d 1125 (2000)...........................12

*Ables v. Brooks Bros. Grp.*,
2018 WL 8806667 (C.D. Cal. June 7, 2018)......................................................16

*Aron v. U-Haul Co. of Cal.*,
143 Cal.App.4th 796 (2006)...........................................................................12

*Berkeley v. Wells Fargo Bank*,
2015 U.S. Dist. LEXIS 141947 (N.D. Cal. Oct. 19, 2015)................................16

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) .........................................................................................6

*Chavez v. Bank of Am. Corp.*,
No. C-10-0653 JCS, 2012 U.S. Dist. LEXIS 62935
(N.D. Cal. May 4, 2012)..................................................................................11

*City of Los Altos v. Barnes*,
3 Cal.App.4th 1193 (1992)..............................................................................18

*Cody v. SoulCycle Inc.*,
No. CV 15-6457-GHK, 2016 U.S. Dist. LEXIS 195821
(C.D. Cal. Jan. 11, 2016) ................................................................................11

*Cottle v. Plaid Inc.*,
No. 20-cv-03056-DMR, 2021 U.S. Dist. LEXIS 83478
(N.D. Cal. Apr. 30, 2021)................................................................................17

*Doe v. Chao*,
540 U.S. 614 (2004) ...........................................................................9, 10, 11

*Duarte v. Zachariah*,
22 Cal. App. 4th 1652 (1994)..........................................................................13

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

ii

BROOKFIELD DEFENDANTS' MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' SAC

# TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*Dysthe v. Basic Research LLC*,
No. CV 09-8013 AG, 2011 U.S. Dist. LEXIS 137315
(C.D. Cal. June 13, 2011) ....................................................................................12

*In re Facebook Privacy Litig.*,
572 Fed. Appx. 494 (9th Cir. 2014) ....................................................................17

*Folgelstrom v. Lamps Plus, Inc.*,
195 Cal. App. 4th 986 (2011)...............................................................................17

*In re Google Location History Litig.*,
428 F. Supp. 3d 185 (N.D. Cal. 2019)..................................................................19

*Hallstein v. City of Hermosa Beach*,
87 F. App'x. 17 (9th Cir. 2003)......................................................................15, 18

*Huynh v. Quora, Inc.*,
508 F. Supp. 3d 633 (N.D. Cal. 2020)..................................................................12

*In re iPhone Application Litig.*,
6 F. Supp. 3d 1004 (N.D. Cal. 2013)....................................................................12

*Low v. Linkedin Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012)................................................................19

*Mass. Mut. Life Ins. Co. v. Superior Court*,
97 Cal. App. 4th 1282 (2002)...............................................................................11

*Patel v. Facebook, Inc.*,
932 F.3d 1264 (9th Cir. 2019) ..............................................................................11

*Peterson v. Cellco P'Ship*
164 Cal App 4th 1583 (2008)...............................................................................12

*Smith v. Sabre Corp.*,
2018 U.S. Dist. LEXIS 238419 (C.D. Cal. Jan. 23, 2018)...................................17

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
996 F. Supp. 2d 942 (S.D. Cal. 2014) ..................................................................13

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

iii

BROOKFIELD DEFENDANTS' MEMORANDUM IN
SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT

# TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*Sony Pictures Ent., Inc. v. Fireworks Ent. Group, Inc.*,
156 F. Supp. 2d 1148 (C.D. Cal. 2001)........................................................6

*In re Sony*,
903 F. Supp. 2d at 961.............................................................................13, 16

*Stollenwerk v. Tri-West Health Care All.*,
254 F. App'x 664 (9th Cir. 2007) .................................................................15

*Stollenwerk v. Tri-West Healthcare All.*,
No. CIV 03-0185-PHX-SRB, 2005 U.S. Dist. LEXIS 41054
(D. Ariz. Sep. 8, 2005)..................................................................................15

*United States v. Gamez-Orduno*,
235 F.3d 453 (9th Cir. 2000) ..................................................................18, 19

*Wesch v. Yodlee, Inc.*,
No. 20-cv-05991-SK, 2021 U.S. Dist. LEXIS 74545
(N.D. Cal. Feb. 16, 2021) .............................................................................17

*Wilens v. TD Waterhouse Group, Inc.*,
120 Cal.App.4th 746 (2003) .........................................................................12

**Statutes**

5 U.S.C. § 552a(g)(4)(A)......................................................................................10

Bus. Prof. Code, 17204.........................................................................................12

Cal. Civ. Code § 1780...........................................................................................11

Cal. Civ. Code § 1798.82(h)..................................................................................18

Cal. Civ. Code § 1798.90.5.............................................................................*passim*

Cal. Civ. Code § 1798.90.54...............................................................................2, 9

Cal. Civ Code § 1798.150......................................................................................10

Cal. Consumer Legal Remedies Act § 1750 .................................................*passim*

Privacy Act of 1974...........................................................................................9, 10

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

iv

BROOKFIELD DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

Unfair Competition Law .................................................................................*passim*

**Other Authorities**

Cal. Constitution, § 1 ........................................................................................6

Fed. R. Civ. P. 56(c) ........................................................................................6

*Harm*, Black's Law Dictionary (10th ed. 2014)............................................9

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

V

BROOKFIELD DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

## I.     **INTRODUCTION**

For the last two years, Defendants Brookfield Properties Retail, Inc., Brookfield Properties REIT Inc., Glendale I Mall Associates, LP, and GGP Glendale, LLC's (collectively "Brookfield Defendants") have attempted to resolve this baseless lawsuit. They've produced discovery responses and documents that make it absolutely clear: Brookfield Defendants' automatic license plate recognition ("ALPR") system ("ALPR System") does not collect, let alone share, personal information. As Plaintiff has provided no information refuting this position, and continues to pursue this baseless litigation despite the Court dismissing the case twice, the entry of summary judgment in favor of Brookfield Defendants is now warranted.

The Complaint alleges that one individual, Alvaro Navarro ("Plaintiff" or "Navarro"), drove into the parking facility ("Glendale Parking Facility") associated with the Glendale Galleria ("Glendale") Mall. While at Glendale Parking Facility, Plaintiff's vehicle was allegedly photographed while publicly parked. Plaintiff then relies on the passive voice to make sweeping conclusory statements—Plaintiff's personal information allegedly was obtained by Brookfield Defendants and various third parties. Consequently, Plaintiff was purportedly concerned about identity theft. Plaintiff fails to provide any facts supporting the argument that Brookfield Defendants actually received any personal information about Plaintiff. Nor are there any contentions as to how third parties received personal information about Plaintiff, or whether Brookfield Defendants were involved in this alleged transfer of data.

Plaintiff must now be put to his proof. Brookfield Defendants' ALPR system collects two simple pieces of information from stationary cameras located in the parking facility: the license plate of the car and the date/time it was collected (collectively "ALPR Data"). That is it. No name, email, address, phone number, or DMV record is collected about the individual driving the car. The individual is certainly not tracked throughout the mall or outside of it. Further, this ALPR data is

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

1

BROOKFIELD DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SAC

collected to provide a service to shoppers in case they misplace their car and need security to find it. The ALPR data is not shared for marketing or data aggregation use. Furthermore, no personal information about the driver or passenger is ever shared—Brookfield Defendants simply do not have it.

With these uncontroverted facts, Plaintiff cannot prove he suffered any harm as the result of the purported capture of his license plate information in a public location.  This lack of harm proves fatal to each of Plaintiff's claims under California Civil Code § 1798.90.54 ("ALPR Statute"), California's Consumer Legal Remedies Act, California's Unfair Competition Law, and common law claims of negligence, and violation of the right of privacy.

As such, Brookfield Defendants are entitled to summary judgment on all of their claims. Alternatively, if the Court concludes that any Claim for Relief asserted by Plaintiff survives, Brookfield Defendants request that the Court grant partial summary judgment as to the remaining Claims for Relief.

## II.    UNCONTROVERTED FACTS

### A.    The ALPR System at the Glendale Parking Facility

Brookfield Defendants are affiliated entities that own and manage the Glendale Parking Facility. Declaration of Steven Sayers ("Sayers Decl."), ¶ 1. The Glendale Parking Facility contains cameras and equipment, operated by Defendant Park Assist[2], that automatically scan and recognize license plates as they are parked in the facility. ("Automatic License Plate Recognition" or "ALPR System"). Statement of Uncontroverted Facts ("SUF"), ¶ 1. This is done so that shoppers can easily find their car if they misplace it. At each entrance to the Glendale Parking Facility, a placard notifies parkers that the parking facility uses ALPR technology and directs users to the ALPR policy found on the Glendale Galleria website. Sayers

_____

[2] Brookfield Defendants are not affiliated with any of the other Defendants or the malls at issue.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

2

BROOKFIELD DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Decl., ¶¶ 13-16, Ex. A-C. Both the placard and online ALPR policy have been posted since prior to April 19, 2019.[3] *Id.*

The ALPR System works by using stationary cameras to capture images of vehicles parked at the Glendale Parking Facility, and then tags those images based on the date, time, and camera location of where the images of the vehicles were collected ("ALPR Data"). SUF, ¶¶ 3-4. **This is all the information the ALPR System collects**. The ALPR System does not and cannot collect any personal information about an individual, including but not limited to, an individual's name, address, DMV record, email address, phone numbers, or any location data. SUF, ¶¶ 5-6.

Furthermore, Brookfield Defendants do not share or sell any information that the ALPR System collects with any retail entity or data aggregator. SUF, ¶¶ 9-10. In fact, in contrast to what Navarro repeatedly alleges, Brookfield Defendants have **never** shared or sold any information collected from the ALPR System with any third party for marketing purposes, tracking purposes, data modeling, or data harvesting. SUF, ¶ 11. Brookfield Defendants also do not use or sell any information collected through the ALPR System to corporations that capitalize on the value of ALPR data, create data models, or otherwise obtain information to target individuals without their consent. SUF ¶ 13. In fact, Brookfield Defendants do not provide any data captured through the ALPR System to third parties. SUF, ¶ 8.

**B.     Navarro's Limited Interaction with the Glendale Parking Facility**

Alvaro Navarro is the only plaintiff who allegedly interacted with the Glendale Parking Facility. Navarro alleges that he entered the parking garage at Glendale several unidentified times between April 16, 2019 and April 16, 2020. *See* Corrected SAC, ¶ 23.  He also states that an image was taken of his car and uploaded to a database. *Id.*  Navarro then makes the baseless accusation that his

---

[3] This is the day Navarro allegedly first entered the Glendale Parking Facility. SAC, ¶ 26.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

3

BROOKFIELD DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

personal information was collected by Brookfield Defendants, and then shared with "Nordstrom's (and other similar retailers), Bloomingdale's, Gelson's, LexisNexis (and/or similar aggregators of ALPR data)." *Id.*, ¶ 24.

This is patently false. Brookfield Defendants do not have and have never collected any of Navarro's personal information, including but not limited to his name, address, DMV record, email address, travel pattern, geo-location or phone number. SUF, ¶ 13-14 Furthermore, Brookfield Defendants have never shared any of Navarro's ALPR Data or personal information with any entity, or allowed any unauthorized access or disclosure of any information related to Navarro. SUF, ¶ 15-18.

### C.   Navarro's Allegations against Brookfield Defendants Are False

| NAVARRO'S ALLEGATIONS – *Corrected SAC* | BROOKFIELD DEFENDANTS' RESPONSE |
|---|---|
| Brookfield Defendants have required Navarro to provide private information in order to use the paid parking services at the Glendale Parking Facility. Corrected SAC ¶ 26, 36. | Brookfield Defendants do not require anyone to share any private information to park in the Glendale Parking Facility. SUF ¶ 4. There is no cost to park at the Glendale Parking Facility. SUF ¶¶ 2, 4. |
| Brookfield Defendants collected private information about Navarro, including his name, his license plate number, his address, his travel pattern and geo-location and time of entry and exits, the time he was in a certain facility, the make of his car, and photographs of his image. Corrected SAC ¶ 24. | Brookfield Defendants have never collected, possessed, or maintained Navarro's name, his address, his travel pattern and geo-location, or photographs of his image, or associated Navarro's name with his license plate. SUF ¶ 14-15. |

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

4

BROOKFIELD DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

| NAVARRO'S ALLEGATIONS – *Corrected SAC* | BROOKFIELD DEFENDANTS' RESPONSE |
|---|---|
| Navarro's license plate information was transferred to a database and could be searched by any person from several kiosks, or even a web based application that could be downloaded on a smart phone or computer, and accessed by any person in the world. Corrected SAC ¶ 24, 37. | Brookfield Defendants do not own any kiosks or web based applications that would allow unauthorized persons from around the world to search for license plate images, nor do Brookfield Defendants transfer such information to any such database. SUF ¶ 11. |
| Navarro's ALPR data was used, shared, sold, or transferred to corporations that capitalize on the value of ALPR data, create data models, create mining models, and otherwise obtain information to target Navarro without his consent. Corrected SAC ¶¶ 24. 30. These entities include retailers (like Nordstrom, Bloomingdale's, and Gelson's) as well as data aggregators like LexisNexis. *Id.* | Brookfield Defendants do not use or sell any information collected through the ALPR System to corporations that capitalize on the value of ALPR data, create data models, or otherwise obtain information to target individuals without their consent. SUF ¶ 12. Brookfield Defendants do not share any information collected through the ALPR System to retailers or data aggregators. SUF ¶¶ 6-7. |
| Navarro's private information (including name, address, DMV record, email address, phone number, and DMV record) was improperly accessed or shared to third parties. | Brookfield Defendants have never provided or transferred any of Navarro's information to a third party. SUF ¶¶ 8, 18. Brookfield Defendants have also never allowed any unauthorized access or |

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

5

BROOKFIELD DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

| NAVARRO'S ALLEGATIONS – *Corrected SAC* | BROOKFIELD DEFENDANTS' RESPONSE |
|---|---|
| Corrected SAC ¶ 24, 25, 30, 36, 151-154. | disclosure of any information related to Navarro. SUF ¶ 17. |

## III.   LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "The burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. "Once the moving party satisfies this initial burden, 'an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings. . . . The adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." . . . The mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient; there must be evidence on which a reasonable jury could reasonably find for the plaintiff." *Sony Pictures Ent., Inc. v. Fireworks Ent. Group, Inc*., 156 F. Supp. 2d 1148, 1152 (C.D. Cal. 2001). Where no genuine issue of material fact exists as to any element of a claim, summary judgment is appropriate and the moving party is entitled to judgment as a matter of law. *See, e.g., Celotex Corp.,* at 322.

## IV.   Brookfield Defendants are Entitled To Summary Judgment

Plaintiff asserts violations of California Civil Code § 1798.90.5 *et seq* ("ALPR Statute"), California Consumer Legal Remedies Act §§ 1750 ("CLRA"), Unfair Competition Law ("UCL"), Negligence, and § 1 of the California Constitution ("Right to Privacy") against Brookfield Defendants—all relying on the baseless assumption that Brookfield Defendants captured and shared personal information about Plaintiff. Nothing could be further from the truth. Brookfield

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

6

BROOKFIELD DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendants have not collected personal information about Plaintiff. The only allegation that Plaintiff can corroborate is that Brookfield Defendants collected license plate information. And Brookfield Defendants do not share even that limited information, and indeed have not shared any information about Plaintiff at all.

However, even if Brookfield Defendants were sharing license plate information (they are not), Plaintiff has not asserted any injury stemming from Brookfield Defendants collecting or sharing publicly available license plate information. This dooms every single one of Plaintiff's claims, and thus Brookfield Defendants are entitled to summary judgment. [4]

### A.    Brookfield Defendants Did Not Engage in Any Wrongdoing.

As an initial point, Brookfield Defendants are entitled to summary judgment because the allegations in the Corrected SAC are flagrantly untrue. Plaintiff takes issue with Brookfield Defendants collecting personal information about Navarro, including his name, his address, his travel pattern and geo-location, DMV record, and photographs of his image. SAC ¶¶ 24, 25, 30, 36, 151-154.

However, Brookfield Defendants simply do not collect any private information about *any* individual. The only information that the ALPR system collects is a license plate image, tagged with the date and time it was taken and the location of the camera. *See* SUF, ¶ 3. **This is it.** *See* SUF, ¶ ¶ 3-5. As it relates to Navarro, even if the ALPR system had automatically captured Navarro's license plate when he was parked in the facility, Brookfield Defendants have no way of connecting that information to Navarro. They simply have no idea who is associated with any license plate. SUF ¶¶ 5, 15-16.

Furthermore, Brookfield Defendants do not share or sell *any* information collected by the ALPR system to any third parties. SUF ¶ 8. Specifically, Brookfield

---

[4] Brookfield Defendants have also posted an ALPR policy, which would independently defeat all of Plaintiff's claims. However, in an effort to streamline this motion for summary judgment, Brookfield Defendants have focused on other arguments.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

7

BROOKFIELD DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendants do not share or sell any ALPR data with data aggregators or retailers, or enable visitors of the Glendale Parking Facility to be part of "targeted groups" and "targeted geo marketing." SUF ¶ 9-14

Since the crux of the entire Corrected SAC is that Brookfield Defendants somehow improperly collected Navarro's private information and impermissibly shared it with third parties, the negation of this crucial fact dooms the entire complaint, and thus, summary judgment should be granted.

**B.      Plaintiff Has Not Proven that He Suffered Actual Harm As Required to Assert Violations of the ALPR Statute, UCL, CLRA, and Negligence.**

As the Court properly acknowledged in its Order granting the Motion to Dismiss the First Amended Complaint, Plaintiff must plead specific facts demonstrating that he suffered an appreciable, non-speculative injury or damages caused by Brookfield Defendants. Even if Brookfield Defendants were sharing license plate information (they are not), Plaintiff has not proven that he was injured by Brookfield Defendants collecting or even sharing publicly available license plate information.

**1.      Plaintiff must allege specific harm in order to allege a violation of the ALPR Statute.**

**a.      <u>Legislative history confirms that the ALPR Statute was intended to remedy specific harms.</u>**

The ALPR Statute was enacted to provide that if license plate information was improperly disclosed or used, either deliberately or through a data breach, the license plate holder could sue for damages. *See* 2015 Legis. Bill Hist. CA S.B. 34. The plain language of the statute makes clear that recovery is only available where a party is actually harmed due to violation of the ALPR Statute by a person who knowingly caused the harm. Specifically, the statute states that recovery is only authorized to "an individual who has been **harmed** by a violation of this title,

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

8

BROOKFIELD DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

including, but not limited to, unauthorized access or use of ALPR information or a breach of security of an ALPR system." Cal Civ Code § 1798.90.54 (emphasis added). If the individual is harmed, they "may bring a civil action…. against a person **who knowingly caused the harm**." Then, the court may award "[a]ctual damages, but not less than liquidated damages in the amount of two thousand five hundred dollars ($2,500)." *Id.*

A review of the ALPR Statute's legislative history illustrates the legislature's intent to limit the scope of recovery to those instances where actual harm occurred. Initially, the ALPR Statute did not specify the types of harm that would be considered a violation; however, it was amended to specifically identify "unauthorized access or use of ALPR information or a breach of security of an ALPR system" as contemplated harms associated with use of ALPR systems. Furthermore, in the statute as originally drafted, an action could be brought against a person who simply caused "a violation." However, the draft ALPR statute was amended to clarify that a case could only be brought against one who "caused the harm." 2015 Bill Text CA S.B. 34. These drafting changes make clear that the ALPR Statute intentionally and expressly limits recovery to an "individual who has been harmed," evidencing the legislature's intent to limit the recovery of damages to those who have sustained an actual injury as a result of a wrongful use or access. *See also Harm*, Black's Law Dictionary (10th ed. 2014) (defining "harm" as "[i]njury, loss, damage; material or tangible detriment.").

      **b.**  **Similar statutory language requires a showing of harm.**

Additionally, a review of decisions regarding similar statutes demonstrates that recovery under the ALPR statute should be limited in cases of specific harm.

The Supreme Court case *Doe v. Chao*, 540 U.S. 614 (2004) is instructive. There, the Court interpreted the Privacy Act of 1974, which governs the collection, dissemination and use of personally identifiable information, and subsequent legal action for violations of the statute. The language of the ALPR Statute **mirrors** that

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

9

BROOKFIELD DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

of the Privacy Act by permitting recovery of "actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000." 5 U.S.C. § 552a(g)(4)(A).

In *Chao*, plaintiff had his social security number displayed on legal documents, case reports, and online legal research databases. However, plaintiff never alleged how he was harmed by disclosure of his PII, other than by suffering distress from its release. Plaintiff argued that, so long as a disclosure of information was made in violation of the statute, he was entitled to a liquidated damages award, even if he had suffered no actual injury. The Supreme Court considered legislative history and disagreed:

> [Plaintiff] argues that subsection (g)(4)(A) entitles any plaintiff adversely affected by an intentional or willful violation to the $1,000 minimum on proof of nothing more than a statutory violation . . . . The Government claims the minimum guarantee goes only to victims who prove some actual damages. We think the Government has the better side of the argument.
> . . . .
>
> [Plaintiff]'s manner of reading "entitle[ment] to recovery" . . . is in tension with more than the text, however. It is at odds with the traditional understanding that tort recovery requires not only wrongful act plus causation reaching to the plaintiff, but proof of some harm for which damages can reasonably be assessed.

*Id*. at 620-21.

Accordingly, the Supreme Court, considering legislative history, concluded that plaintiff must suffer actual damages, and then can recover the amount of those damages but no less than $1,000. *Chao*, 540 U.S. at 620.

The same analysis applies to the express language of the statute here. The California legislature could have provided an award of liquidated damages as long as there was a technical violation of the statute[5]; but instead, it limited recovery to

---

[5] In contrast, there are a number of privacy statutes drafted differently to permit either statutory damages or actual damages, whichever is greater, regardless of actual harm suffered. *See e.g.* Cal. Civ Code § 1798.150 ("Any consumer whose nonencrypted and nonredacted personal information… is subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the business's violation of the duty to implement and maintain reasonable security procedures and practices

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

10

BROOKFIELD DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

only those that had been harmed by unauthorized use or access. Under the ALPR Statute, an individual must suffer actual damages, and then can recover the amount of those damages but no less than $2,500. The California legislature could have expanded liability to any individual that violated the statute, but instead lawmakers explicitly limited liability. *See id*. at 622 (prohibiting general damages without actual injury by "showing that Congress cut out the very language in the bill that would have authorized any presumed damages").

Here, the statute only permits damages if a party suffered actual harm.

### 2. Plaintiff must demonstrate actual harm in order to succeed for an alleged violation of UCL and CLRA.

Section 1780 of the CLRA provides a remedy to "[a]ny consumer who suffers any damage ***as a result of*** the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770." Cal. Civ. Code § 1780 (emphasis added). "The 'as a result of' language in the CLRA 'requires that plaintiffs in a CLRA action show not only that a defendant's conduct was deceptive but that the deception caused them harm.'" *Cody v. SoulCycle Inc*., No. CV 15-6457-GHK (JEMx), 2016 U.S. Dist. LEXIS 195821, at *36 (C.D. Cal. Jan. 11, 2016) (citing *Mass. Mut. Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282, 1292 (2002)); *see also Chavez v. Bank of Am. Corp.,* No. C-10-0653 JCS, 2012 U.S. Dist. LEXIS 62935, at *23 (N.D. Cal. May 4, 2012) ("[The CLRA] does not create an automatic award of statutory damages upon proof of an unlawful act. Relief under the CLRA is specifically limited to those who suffer damage, making causation a necessary

---

appropriate to the nature of the information to protect the personal information may institute a civil action for any of the following: (A) To recover damages in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per consumer per incident or actual damages, whichever is greater.";); ("*See Patel v. Facebook, Inc*., 932 F.3d 1264, 1270 (9th Cir. 2019) (interpreting 740 ILCS 14/20  that allows a prevailing party to "recover for each violation: (1) against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater." and holding that "the plaintiff suffered a concrete injury-in-fact due to the violation.")

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

11

BROOKFIELD DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

element of proof.") (citing *Wilens v. TD Waterhouse Group, Inc.*, 120 Cal.App.4th 746, 755 (2003)).

Similarly, a private individual cannot bring a UCL claim unless that person can show he "has suffered injury in fact and has lost money or property as a result of the unfair competition." Bus. Prof. Code, 17204; *see also Peterson v. Cellco P'Ship* 164 Cal App 4th 1583, 1590 (2008) ("[O]nly plaintiffs who have suffered actual damage may pursue a private UCL action."). Thus, "[a] private plaintiff must make twofold showing: he or she must demonstrate injury in fact and loss of money or property caused by unfair competition." *Id.* at 1590 (emphasis in original). And to establish "injury in fact" the plaintiff must "set forth a basis for a claim of actual economic injury as result of an unfair and illegal business practice" *Aron v. U-Haul Co. of Cal.*, 143 Cal.App.4th 796, 803 (2006).

Ninth Circuit courts regularly grant summary judgment claims where plaintiffs cannot demonstrate an actual injury or harm as a result of defendants' conduct. *In re iPhone Application Litig.*, 6 F. Supp. 3d 1004, 1027 (N.D. Cal. 2013)(granting summary judgment for defendant when Plaintiff was not able to provide *some* evidence that they were harmed by Apple's alleged misrepresentations); *Dysthe v. Basic Research LLC*, No. CV 09-8013 AG (SSx), 2011 U.S. Dist. LEXIS 137315, at \*10 (C.D. Cal. June 13, 2011) (dismissing CLRA and UCL claims on summary judgment because plaintiff failed to allege that she had suffered harm from the product at issue).

### 3.   Plaintiff must also demonstrate an injury to succeed on a negligence claim.

"Under California law, appreciable, nonspeculative, present harm is an essential element of a negligence cause of action." *Huynh v. Quora, Inc.*, 508 F. Supp. 3d 633, 649 (N.D. Cal. 2020) (citing *Aas v. Super. Ct.,* 24 Cal. 4th 627, 646, 101 Cal. Rptr. 2d 718, 12 P.3d 1125 (2000), superseded by statute on other grounds, Cal. Civ. Code § 895 *et seq.*, as recognized in *S. Cal. Gas Leak Cases*, 7 Cal. 5th

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

12

BROOKFIELD DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

391, 412, 247 Cal. Rptr. 3d 632, 441 P.3d 881 (2019)).; *Duarte v. Zachariah*, 22 Cal. App. 4th 1652, 1662 (1994) (actual damage in "the sense of 'harm' is necessary to a cause of action in negligence; nominal damages are not awarded").[6]

**C.      Plaintiff Cannot Prove That He Was Harmed By Brookfield Defendants as Required to Succeed on Claims Brought Pursuant to the ALPR Statute, UCL, CLRA, and Negligence**

In order to understand the purported injury that Plaintiff claims to have suffered, the Court must first consider the cause of any injury. Plaintiff alleges that the only interaction he had with the ALPR System is when he entered the parking facility and obtained a parking ticket. *See* Corrected SAC, ¶ 23. Then, within the Glendale Parking Facility, a license plate image was allegedly taken of Plaintiff's vehicle from one of the stationary ALPR System cameras located in the parking facility.[7] *Id.* If a license plate image was captured of a car, it would be tagged with the date and time it was taken and the location of the camera. *See* SUF, ¶ 3-4. **This is the only information that the ALRP System collects.** *See* SUF, ¶ ¶ 3-6.

Brookfield Defendants have never captured any personal information[8] through the ALPR system. *Id.* Specifically, Brookfield Defendants have never captured Plaintiff's "name, address, DMV record, email address, phone number" as

---

[6] Alternatively, Plaintiff claims that he can seek recovery on a purely economic theory based on the special relationship between Plaintiffs and all of the Defendants. Although this "special relationship" exception does exist, the relationship here is a standard commercial relationship. *See In re Sony,* 903 F. Supp. 2d at 961. Plaintiff is a driver using a facility *that he did not even pay for*; Plaintiff has not and cannot prove that the relationship here does not extend "beyond those envisioned in everyday consumer transactions." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 969 (S.D. Cal. 2014). The economic loss doctrine applies, and Plaintiff's claim is barred

[7] Brookfield Defendants have no idea whether a license plate image was even taken of Plaintiff's car in the Glendale Parking Facility. Brookfield Defendants are not aware of the license plate number of Navarro's car, and at no time have Brookfield Defendants ever associated Navarro's name with his license plate. *See* SUF, ¶ 15.

[8] PII is defined as "information that can be used to distinguish or trace an individual's identity, either alone or when combined with other information that is linked or linkable to a specific individual." *Id.* at fn. 2. The ALPR System does not collect any PII. SUF ¶¶5-14.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

13

BROOKFIELD DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Plaintiff alleges. Corrected SAC ¶ 25.  Furthermore, Brookfield Defendants have never shared any information (including names, addresses, travel patterns and geo-locations, photographs of any individual's images) with any third parties for marketing purposes, tracking purposes, data modeling, or data harvesting. SUF ¶¶ 8-18.

Plaintiff's claim that Brookfield Defendants violated the ALPR Statute, UCL, CLRA, and negligence rely on a bald allegation, without any actual evidence, that Brookfield Defendants collected personal information and then shared that information with third parties. However, this is patently incorrect and unsupported by the record.  Thus,  Plaintiff's claim that Brookfield Defendants violated any statutes or laws rests on one simple assertion—that capturing license plate information, along with the time, date, and the parking location of the vehicle is somehow improper and caused injuries. The law makes clear it is not.

Plaintiff alleges the following "injuries": a) "time spent reviewing credit reports and financial account statements for any indications of actual or attempted identity theft or fraud" (Corrected SAC ¶¶  27-29); b) paying for "credit monitoring and identity theft protection services" (*Id.* at ¶ 29); c) emotional distress and anxiety that unauthorized parties could be using ALPR information for "marketing, identity theft, or fraud" (*Id.* at ¶ 31); d) "significantly increased amount of suspicious, unsolicited phishing telephone calls, text messages, and/or emails" (*Id.* at ¶34); e) diminution in the value of his Private Information, in part because Plaintiff had to pay for parking services (*Id.* at ¶36).

Based on the facts of this case, none of these harms are actionable.

### 1.    Plaintiff's Time Spent and Costs to Combat Identity Theft Is Not a Cognizable Injury.

First, Plaintiff alleges that he was harmed because there is a heightened risk of identity theft or fraud, and he has purchased credit monitoring services. None of these harms are a cognizable injury, because Plaintiff has not and cannot provide

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

BROOKFIELD DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

any specific facts as to why he would suffer identity theft or require credit monitoring services.

Out-of-pocket expenses related to credit monitoring are only compensable when a plaintiff can produce evidence of either significant exposure of their information or a significantly increased risk that they would be harmed by its misuse. *Stollenwerk v. Tri-West Health Care All.*, 254 F. App'x 664, 666 (9th Cir. 2007). In *Stollenwerk,* a couple sued a healthcare company whose computers were stolen; the district court granted summary judgment for the defendant and the Ninth Circuit affirmed, because, even though the couple claimed they needed to purchase credit monitoring insurance, the couple did not claim any harm for any *actual* misuse of their personal information. *See also Stollenwerk v. Tri-West Healthcare All.,* No. CIV 03-0185-PHX-SRB, 2005 U.S. Dist. LEXIS 41054, at *15 (D. Ariz. Sep. 8, 2005) ("Because the Court finds that there is no evidence in the record before it that Plaintiffs' personal information itself endured significant exposure, that Plaintiffs' risk of identity fraud is significantly increased, or that credit monitoring will reduce the risk of identity fraud to the necessary degree, Defendant's motion for summary judgment must be granted.").

Here, Plaintiff cannot prove that any credit monitoring or identity theft services are necessary. The **only** information Brookfield Defendants could have captured about Navarro is his license plate number, the length of time he was parked, and where he parked within the Parking Facility. SUF, ¶¶ 3-4, 15. However, that information is never associated with Navarro's name. *Id,* at ¶ 16.

Plaintiff has alleged no identity theft or fraudulent charges whatsoever, nor can he. Plaintiff cannot prove that identity theft could be perpetuated using only a license plate number, particularly given such information is publicly available. *Hallstein v. City of Hermosa Beach*, 87 F. App'x. 17, 19 (9th Cir. 2003) (finding no "reasonable expectation of privacy in information [] voluntarily exposed to other people, such as [a] license plate").

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

15

BROOKFIELD DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Likewise, Plaintiff cannot manufacture damages by claiming "imminent and impending injury arising from the increased risk of identity theft and fraud." As a matter of law, an increased risk of future identify theft is not an actionable harm. *See e.g. In re Sony Gaming Networks & Customer Data Sec. Breach Litig*., 903 F. Supp. 2d 942, 966 (S.D.Cal. 2012) ("heightened risk of identity theft, time and money spent on mitigation of that risk, and property value in one's information, do not suffice as injury under the UCL, . . . and/or the CLRA"); *Ables v. Brooks Bros. Grp.,* 2018 WL 8806667, at *7 (C.D. Cal. June 7, 2018) ("In the absence of increased risk of future harm, neither time nor money expended by Ables to mitigate a hypothetical risk confers standing."). As shown above, Plaintiff has not established a plausible risk of imminent future harm.

## 2.	Emotional Distress Caused by Possible Use of ALPR Information Is Not a Cognizable Injury.

Plaintiff also alleges that he was emotionally distressed that his information could be used for "marketing, identity theft, or fraud" or because of possible phishing attempts. First, these alleged harms are not actionable. "Emotional distress and other non-monetary suffering Plaintiff alleges are not recoverable damages" for Plaintiff's claims. *See Berkeley v. Wells Fargo Bank*, No. 15-cv-00749-JSC, 2015 U.S. Dist. LEXIS 141947, at *47 (N.D. Cal. Oct. 19, 2015).

Second, even if Plaintiff could be awarded damages for emotional distress, Plaintiff must first prove that the Brookfield Defendants' deceptive actions are the "immediate cause" of Plaintiff's injury. *In re WellPoint, Inc. Out-Of-Network "UCR" Rates Litig*., 903 F. Supp. 2d 880, 925 (C.D. Cal. 2012). None of Navarro's information is ever shared with third parties for marketing, tracking, or data modeling purposes. SUF*,* at ¶¶ 8-14, 18. Brookfield Defendants do not even have any of Navarro's contact details to share. *Id.* In short, Plaintiff has not proven that his purported emotional distress is actionable.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

16

BROOKFIELD DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

### 3.     Diminution of Value of PII Is Not a Cognizable Injury.

Plaintiff alleges that the value of his PII[9] is decreased. Corrected SAC at ¶ 36. As courts have held, however, "absent any allegation that [Plaintiff] want[s] to sell [his] [] information to someone else, deprivation of value is not a cognizable form of injury." *Smith v. Sabre Corp.*, No. 2:17-cv-05149-SVW-AFM, 2018 U.S. Dist. LEXIS 238419, at *13 n.3 (C.D. Cal. Jan. 23, 2018). Plaintiff has made no allegation that he wants to sell his ALPR data. Furthermore, since the license plate information is publicly available, there is no value in the first place, let alone a diminution in value. *See Folgelstrom v. Lamps Plus, Inc.*, 195 Cal. App. 4th 986, 993 (2011)(when Experian sold his address to Lamps Plus, plaintiff suffered no injury within the meaning of the UCL because, even assuming arguendo if the information had a value, its value to plaintiff did not diminish in any way). Thus, Plaintiff's "loss of value of PII" theory should be rejected.

Furthermore, Plaintiff cannot allege that he was injured because he paid for parking services. Corrected SAC at ¶ 36, 362. This is impossible as parking at the Glendale Parking Facility is free.  SUF, ¶ 2.   There is no economic injury if Plaintiff did not pay any money to the Glendale Parking Facility for services. *See e.g. Cottle v. Plaid Inc.,* No. 20-cv-03056-DMR, 2021 U.S. Dist. LEXIS 83478, at *42 (N.D. Cal. Apr. 30, 2021); *In re Facebook Privacy Litig*., 572 Fed. Appx. 494, 494 (9th Cir. 2014) (denying UCL claim "because plaintiffs failed to allege that they 'lost money or property' as a result of the unfair competition."); *Wesch v. Yodlee, Inc.,* No. 20-cv-05991-SK, 2021 U.S. Dist. LEXIS 74545, at *17 (N.D. Cal. Feb. 16, 2021) (Plaintiffs have not paid Yodlee any money and have not alleged that they paid PayPal any money for use of its service; Plaintiffs have not alleged how they lost money or property in this manner.")

---

[9] Again, Brookfield Defendants have not collected any PII, nor have they shared any.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

17

BROOKFIELD DEFENDANTS' MEMORANDUM IN
SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT

### D.      Plaintiff Fails to State a Claim for Right of Privacy.

Plaintiff also asserts that he has suffered a violation of his right to privacy under the California Constitution. Plaintiff "must establish each of the following: (1) a legally  protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." Hill v. Nat'l Collegiate Athletic Ass'n, 7 Cal. 4th 1, 39-40 (1994). Plaintiff is unable to make such a showing.

Quite simply, Plaintiff cannot identify a legally protected privacy interest that Brookfield Defendants violated. Again, the only information Brookfield Defendants collected are license plate numbers, the time and date that a car was parked in the Glendale Parking Facility, and where it was parked. This information is not and cannot be linked to an individual. Because the law is clear, as discussed below, that an individual has no interest in publicly displayed information, no privacy interest was violated. See Cal. Civ Code § 1798.82(h) (explaining that a business must notify consumers of data breaches of personal information, defining personal information as "[a]n individual's first name or first initial and last name **in combination with** . . . [i]nformation or data collected through the use or operation of an automated license plate recognition system.") (emphasis added).

License plate information collected in a *public* parking lot provides no privacy right as it is *publicly* available. *See Hallstein*, 87 F. App'x. at 19 (9th Cir. 2003) (finding no "reasonable expectation of privacy in information voluntarily exposed to other people, such as [a] license plate"); *see also City of Los Altos v. Barnes*, 3 Cal.App.4th 1193, 1202 (1992) (videotaping vehicles in plain view and writing down license plate numbers of the same does not violate one's rights of privacy, because "anyone could have witnessed these same activities. They were not conducted in secret or in any way shielded from public view."). Similarly, "[a]n individual whose presence on another's premises is purely commercial in nature…has no legitimate expectation of privacy in that location." *United States v.*

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

18

BROOKFIELD DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

*Gamez-Orduno*, 235 F.3d 453, 458 (9th Cir. 2000). Plaintiff cannot allege Brookfield Defendants collected any information outside of what is publicly available.

Plaintiff also asserts an invasion of privacy as the ALPR data was made available to third parties for improper purposes. However, ALPR data was **never** provided or made available to any third parties for marketing purposes, tracking purposes, data modeling, or data harvesting. SUF, ¶¶ 8-14.

Collecting publically available information is not an egregious breach of social norms. "No community could function if every intrusion into the realm of private action, no matter how slight or trivial, gave rise to a cause of action for invasion of privacy." *Hill*, 7 Cal. 4th at 37. "'Complete privacy does not exist in this world except in a desert, and anyone who is not a hermit must expect and endure the ordinary incidents of the community life of which he is a part.'" *Id.* (quoting Rest. 2d Torts, § 652D, com. c.); *420 Caregivers, LLC v. City of Los Angeles*, 219 Cal. App. 4th 1316, 1347 (2012) ("[b]ecause complete privacy does not exist in the modern world," only "serious" privacy violations are actionable). Accordingly, "[t]he California Constitution . . . set[s] a high bar for an invasion of privacy claim. Even disclosure of personal information, including social security numbers, does not constitute an 'egregious breach of the social norms' to establish an invasion of privacy claim." *Low v. Linkedin Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012) (collecting cases); *In re Google Location History Litig.*, 428 F. Supp. 3d 185, 199 (N.D. Cal. 2019) (granting motion to dismiss in light of plaintiffs' failure to satisfy the "'high bar' set for establishing an invasion of privacy claim"). Plaintiff's allegations that Brookfield Defendants collected publicly accessible license plate information and associated data (such as time of parking at Glendale) falls short of this "high bar."

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

19

BROOKFIELD DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

## V.   **CONCLUSION**

For the reasons explained above, summary judgment should be granted in favor of the Brookfield Defendants and against Plaintiff Alvaro Navarro on all Claims for Relief in the Corrected SAC.  Alternatively, if the Court concludes that any Claim for Relief survives, the Court should grant partial summary judgment as to the remaining Claims for Relief.

Dated: December 22, 2021

LOEB & LOEB LLP
JASON P. STIEHL
DANIELA M. SPENCER

By: */s/ Daniela M. Spencer*
　　Daniela M. Spencer
　　Attorneys for BROOKFIELD PROPERTIES RETAIL INC., BROOKFIELD PROPERTY REIT INC., GLENDALE I MALL ASSOCIATES, LP, AND GGP-GLENDALE, LLC

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21610822
233470-10009

20

BROOKFIELD DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

## DECLARATION OF STEVEN SAYERS

### I, Steven Sayers, declare and state as follows:

1. I am the Senior General Manager, Retail and Office, for the Property known as Glendale Galleria (and the associated parking facility ("Glendale Parking Facility). Glendale Galleria is directly or indirectly owned by Defendants Brookfield Properties Retail Holding LLC (f/k/a Brookfield Properties REIT Inc., Glendale I Mall Associates, LP and GGP-Glendale, LLC, and managed by Defendant Brookfield Properties Retail Inc. Brookfield Properties Retail Inc., Brookfield Properties REIT Inc., Glendale I Mall Associates, LP, and GGP-Glendale, LLC ("Brookfield Defendants") are defendants in this action. I have personal knowledge of the facts stated herein and if sworn as a witness, could and would so testify thereto.

2. The Glendale Parking Facility contains cameras and equipment, operated by Defendant Park Assist, that automatically scan and recognize license plates when parked in the parking facility("Automatic License Plate Recognition" or "ALPR System"). I have knowledge of the ALPR System, what information is collected by the ALPR system, and with whom that information is shared. I also have knowledge of the privacy policy posted regarding the ALPR system.

**The ALPR System**

3. The ALPR system works as follows: the ALPR uses stationary cameras to capture images of vehicles parked at the Glendale Parking Facility. The ALPR system also collects the location, date, and time that the images were collected (collectively "ALPR data"). The ALPR System does not track an individual's location in the Glendale Mall or Glendale Parking Facility.

4. There is no cost to park the Glendale Parking Facility.

5. At no point does the ALPR System collect any individual's name, address, DMV record, email address, or phone number. In fact, Brookfield Defendants never possess an individual's DMV record, and do not possess

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21550605
233470-10009

1

individual's name, address, email address, or phone number, unless that information is *voluntarily* disclosed by an individual under circumstances unrelated to the ALPR system.

6. Furthermore, Brookfield Defendants do not and have never shared any individual's ALPR information with any retail entity including Gelson's, Bloomingdale's, Macy's, or Nordstrom's.

7. Brookfield Defendants also do not and have never shared any individual's ALPR information with LexisNexis or any other data aggregators or modelers.

8. Brookfield Defendants do not provide data from the ALPR system to vendors, companies, and other unauthorized third persons and entities for marketing purposes, tracking purposes, data modeling, data harvesting, or any other unauthorized purposes.

9. Brookfield Defendants do not own kiosks or web based applications that can be downloaded on a smart phone or computer that allow for the access of license plate information nor do Brookfield Defendants transfer such information off of the Park Assist system to any such database.

10. Brookfield Defendants do not use or sell ALPR data to corporations that capitalize on the value of ALPR data, create data models, or otherwise obtain information to target individuals without their consent.

11. Brookfield Defendants do not enable visitors of the Glendale Parking Facility to be part of "targeted groups" and "targeted geo marketing."

12. Brookfield Defendants do not provide any ALPR data to third parties.

**ALPR Policy**

13. Prior to April 16, 2019, an ALPR policy was posted on the Glendale Galleria website. A true and correct copy of the First ALPR Policy is attached hereto as Exhibit A.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21550605
233470-10009

2

14. On April 19, 2019, an updated ALPR policy was posted on the Glendale Galleria website. This is the policy that is currently posted on the Glendale Galleria website. A true and correct copy of the Current Policy is attached hereto as Exhibit B.

15. The ALPR policies are linked from the footer of every page on Glendale's Mall website—conspicuously labeled "LPR Privacy Policy."

16. Additionally, each of the entrances to the Glendale Parking Facility contain a placard announcing that the Glendale Parking Facility has an ALPR System and a corresponding privacy policy. The placard contains information about how the full privacy policy can be viewed. The placards have been in place since before April 16, 2019. A photograph of the placard is attached hereto as Exhibit C.

**Lack of Harm to Alvaro Navarro**

17. At no time have Brookfield Defendants ever collected, possessed, or maintained Alvaro Navarro's ("Navarro") name, his address, his travel pattern and geo-location, or photographs of his image.

18. At no time have Brookfield Defendants ever associated Navarro's name with his license plate.

19. At no time have Brookfield Defendants ever allowed unauthorized access or disclosure of any information related to Navarro.

20. At no time have Brookfield Defendants ever provided, disclosed, or shared with any entities Navarro's name, his address, his travel pattern and geo-location, or photographs of his image.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 22, 2021 in Los Angeles California.

_____
Steven Sayers

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21550605
233470-10009

3