JACOB M. HARPER (SBN 259463)
    JacobHarper@DWT.com
SPENCER PERSSON (SBN 235054)
    SpencerPersson@DWT.com
MATTHEW C. ONYETT (SBN 295419)
    MattOnyett@DWT.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Facsimile: (213) 633-6899

Attorneys for Defendant
PARK ASSIST, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO NAVARRO, an individual; ARELIZ NAVARRO, an individual; JINA HOWELL, an individual; SEVINDZH GASANOVA, an individual; CRISTIAN RODRIGUEZ, an individual; LEILANI ROSS, an individual; on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SKI DATA, INC. a Delaware Corporation; STEFAN SCHAFNER, an individual; WESTFIELD PROPERTY MANAGEMENT, LLC, a Delaware Limited Liability Company; SENTRY CONTROL SYSTEMS, LLC, a Delaware Limited Liability Company; WESTFIELD, LLC, a Delaware Limited Liability Company; PARK ASSIST, LLC, a Delaware Limited Liability Company; FEDERAL REALTY INVESTMENT TRUST, a California Trust; BROOKFIELD PROPERTIES RETAIL, INC., dba BROOKFIELD PROPERTIES RETAIL GROUP, a Delaware Corporation; BROOKFIELD PROPERTY REIT, INC., a Delaware Corporation; GLENDALE I MALL ASSOCIATES, LP, a Delaware Limited | Case No. 2:20-cv-07370-SVW-SK<br><br>**DEFENDANT PARK ASSIST, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[*Memorandum of Points and Authorities; Separate Statement of Undisputed Facts and Conclusions of Law; Declaration of Jacob M. Harper; Declaration of Scott Bubois; and Proposed Order and Judgment Filed Concurrently*]<br><br>Date:       January 24, 2022<br>Time:      1:30 p.m.<br>Dept.:      10A<br><br>Assigned to the Hon. Stephen V. Wilson<br><br>Compl. File:       April 17, 2020<br>Action Removed:  August 14, 2020 |

Liability Partnership; GGP-GLENDALE, LLC, a Delaware Limited Liability Company; TAUBMAN CENTERS, INC. a Michigan Corporation; TAUBMAN COMPANY, LLC, a Delaware Limited Liability Company; TAUBMAN REALTY GROUP LIMITED PARTNERSHIP, a Delaware Limited Liability Company with California Partners; SIMON PROPERTY GROUP, INC., a Delaware Corporation; SIMON PROPERTY GROUP, L.P., a Delaware Limited Partnership; CARUSO AFFILIATED HOLDINGS, LLC, a California limited liability company; THE AMERICANA AT BRAND, LLC, a California limited liability company; and DOES 1-100,

Defendants.

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that at 1:30 p.m. on Monday, January 24, 2022, this matter may be heard in Courtroom 10A of the above-captioned Court, located at the First Street Courthouse, 350 W. First Street, Los Angeles, California 90012, the Honorable District Judge Stephen V. Wilson presiding, Defendant Park Assist, LLC (Park Assist) will and hereby does move this Court for summary judgment or, in the alternative, for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 on Plaintiffs' Third Amended Complaint.

Park Assist moves for summary judgment, or, in the alternative, partial summary judgment, as to each of Plaintiffs' claims, namely: (1) violation of California's Automated License Plate Recognition (ALPR) law under Cal. Civ. Code § 1798.90.54 for "unauthorized access of ALPR information"; (2) violation of California's ALPR law under Cal. Civ. Code § 1798.90.54 for "unauthorized use of ALPR information"; (3) violation of California's ALPR law under Cal. Civ. Code § 1798.90.51(a); (4) violation of California's ALPR law under Cal. Civ. Code §§ 1798.90.51(b), 1798.90.52; (5) violation of California's Consumer Legal Remedies Act (CLRA), Cal. Civ. Code § 1740, *et seq*.; (6) violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, *et seq*.; (7) negligence and negligence *per se*; and (8) violation of the right to privacy under the California Constitution.

First, summary judgment in favor of Park Assist is appropriate on all causes of action because the undisputed material facts establish that Plaintiffs cannot show causation, a required element of all causes of action. In particular, the undisputed material facts demonstrate Park Assist did not engage in the actions that form the basis for all causes of action (the alleged collection, maintenance, and sharing of Plaintiffs' personal identifying information), and therefore Park Assist could not have caused, and did not cause, any alleged harm purportedly underlying any claim.

i

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Second, in the alternative, partial summary judgment in favor of Park Assist is appropriate on any and all causes of action for the following additional and independent reasons:

- As to the First through Fourth Causes of Action (violations of the ALPR statute), partial summary judgment for Park Assist is appropriate because (a) as a matter of law, Plaintiffs do not allege or have evidence of any legally cognizable harm, and (b) as a matter of law, Park Assist is not an "ALPR Operator."

- As to the Fifth Cause of Action (violation of the CLRA), partial summary judgment for Park Assist is appropriate because the undisputed facts show no Plaintiffs are "customers" of Park Assist under the statute, and therefore they cannot bring a CLRA claim as a matter of law.

- As to the Sixth Cause of Action (violation of the UCL), partial summary judgment for Park Assist is appropriate because, as a matter of law, Park Assist did not engage in any unlawful, unfair, or fraudulent conduct.

- As to the Seventh Cause of Action (negligence), partial summary judgment for Park Assist is appropriate because, as a matter of law, Park Assist owed no cognizable duty to any Plaintiffs.

- As to the Eighth Cause of Action (violation of California constitutional privacy protections), partial summary judgment for Park Assist is appropriate because (a) Plaintiffs have no cognizable privacy interest at stake, (b) Plaintiffs have no reasonable expectation of privacy in their license plates, and (c) Plaintiffs have no evidence of a violation of a serious privacy interest.

This motion is made pursuant to the Court's request at the November 22, 2021 hearing, and the briefing schedule set thereafter. (*See* Court's Minute Order

ii

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

[ECF No. 180].)  The motion is made following an attempted conference of counsel pursuant to C.D. Cal. Local Rule 7-3 that was scheduled to take place on December 15, 2021; however, counsel for Plaintiffs failed to respond to multiple attempts to meet and confer on the grounds for the motion.

DATED: December 22, 2021

DAVIS WRIGHT TREMAINE LLP
JACOB M. HARPER
SPENCER PERSSON
MATT ONYETT

By:*/s/ Jacob M. Harper*
Jacob M. Harper

Attorneys for Defendant
PARK ASSIST, LLC

iii

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................... 1

II.    RELEVANT BACKGROUND ................................................................ 4

       A.    Park Assist Manufactures and Installs ALPR Systems. ...................... 4

       B.    The ALPR Systems Image Only Anonymized ALPR Information. ...... 5

       C.    Park Assist Has Never Collected, Stored, or Shared Plaintiffs' ALPR Information. ........................................................................... 7

III.   PROCEDURAL HISTORY ..................................................................... 8

IV.    PARK ASSIST IS ENTITLED TO SUMMARY JUDGMENT ................... 10

       A.    Summary Judgment on All Causes of Action Is Appropriate Because the Undisputed Evidence Shows Plaintiffs Cannot Establish Requisite Causation by Park Assist. ................................ 10

             1.    The Undisputed Evidence Precludes Causation Under for the ALPR Statutory Claims (COAs 1–4). ................................ 11

             2.    The Undisputed Evidence Precludes Causation Under for the CLRA and UCL Claims (COAs 5–6). ................................ 13

             3.    The Undisputed Evidence Precludes Causation Under for the Common Law Claims (COAs 7–8). ................................ 14

       B.    In the Alternative, Park Assist Is Entitled Summary Judgment on Each of Its Other Claims. ......................................................... 14

             1.    Plaintiffs Cannot Recover Under the ALPR Statute. ................ 15

                   a.    Plaintiffs Allege Non-Cognizable Harms. ..................... 15

                   b.    Park Assist Is Not an "ALPR Operator." ..................... 16

             2.    Plaintiffs Cannot Recover Under the CLRA Because They Were Not Customers of Park Assist. ................................ 18

             3.    Plaintiffs Cannot Recover Under the UCL Because Park Assist Engaged in No Unlawful, Unfair, or Fraudulent Conduct. ........................................................................... 19

             4.    Plaintiffs Cannot Recover Under a Negligence Theory Because Park Assist Does Not Owe Plaintiffs Any Duty .......... 20

             5.    Plaintiffs Cannot Recover Under the California Constitution. ....................................................................... 21

                   a.    Plaintiffs Have No Privacy Interest at Stake. .................. 21

                   b.    Plaintiffs Have No Reasonable Expectation of Privacy in Their License Plates. ................................... 22

                   c.    Plaintiffs Failed to Establish a Serious Invasion of Any Privacy Right They May Have. ............................ 23

iv

DEFENDANT PARK ASSIST, LLC'S MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

V.     CONCLUSION................................................................................................24

v

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Aas v. Super. Ct.*,
   24 Cal. 4th 627 (2000) ..................................................................................... 14, 15

*Bardin v. DaimlerChrysler Corp.*,
   136 Cal. App. 4th 1255 (2006) ......................................................................... 19, 20

*Barron v. Martin-Marietta Corp.*,
   868 F. Supp. 1203 (N.D. Cal. 1994) ...................................................................... 14

*Bassett v. ABM Parking Servs., Inc.*,
   883 F.3d 776 (9th Cir. 2018) ................................................................................. 16

*Botello v. Morgan Hill Unified Sch. Dist.*,
   2009 WL 3918930 (N.D. Cal. Nov. 18, 2009) ....................................................... 22

*Cahen v. Toyota Motor Corp.*,
   717 F. Appx. 720 (9th Cir. 2017) .......................................................................... 22

*Camacho v. Auto Club of S. Cal.*,
   142 Cal. App. 4th 1394 (2006) .............................................................................. 20

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999) ........................................................................................... 19

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ................................................................................................ 10

*Charles O. Bradley Trust v. Zenith Capital LLC*,
   2006 WL 798991 (N.D. Cal. Mar. 24, 2006) ......................................................... 22

*Davis v. Chase Bank U.S.A., N.A.*,
   650 F. Supp. 2d 1073 (C.D. Cal. 2009) ................................................................. 13

*Evan F. v. Hughson United Methodist Church*,
   8 Cal. App. 4th 828 (1992) .................................................................................... 20

*In re Facebook Privacy Litig.*,
   2011 WL 2039995 (N.D. Cal. 2011) ...................................................................... 18

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*In re Facebook, Inc., Consumer Priv. User Profile Litig.*,
  402 F. Supp. 3d 767 (N.D. Cal. 2019) ................................................................. 16

*Folgelstrom v. Lamps Plus, Inc.*,
  195 Cal. App. 4th 986 (2011) ............................................................................... 24

*Foyer v. Wells Fargo Bank, N.A.*,
  2020 WL 3893031 (S.D. Cal. July 10, 2020) ...................................................... 16

*Gonzales v. Uber Tech., Inc.*,
  305 F. Supp. 3d 1078 (N.D. Cal. 2018) ............................................................... 24

*Hall v. Time Inc.*,
  158 Cal. App. 4th 847 (2008), *as modified* (Jan. 28, 2008) ............................... 13

*Hallstein v. Hermosa Beach*,
  87 F. Appx. 17 (9th Cir. 2003) ............................................................................. 23

*Hill v. NCAA*,
  7 Cal. 4th 1 (1994) ......................................................................................... 21, 23

*In re iPhone App. Litig.*,
  844 F. Supp. 2d 1040 (N.D. Cal. 2012) .......................................................... 18, 20

*In re iPhone Application Litig.*,
  2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) .................................................... 16

*Leonel v. Am. Airlines, Inc.*,
  400 F.3d 702 (9th Cir. 2005) ................................................................................ 22

*Long Beach Unified Sch. Dist. v. Dorothy B. Goodwin California Living Tr.*,
  32 F.3d 1364 (9th Cir. 1994) ................................................................................ 17

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986) .............................................................................................. 10

*Nguon v. Wolf*,
  517 F. Supp. 2d 1177 (C.D. Cal. 2007) ................................................................ 22

*Norman-Bloodsaw v. Lawrence Berkeley Lab.*,
  135 F.3d 1260 (9th Cir. 1998) .............................................................................. 21

*Orange Cnty. Water Dist. v. Sabic Innovative Plastics US, LLC*,
  14 Cal. App. 5th 343 (2017) ................................................................................. 17

vii

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Pioneer Elecs. (USA), Inc. v. Sup. Ct.*,
40 Cal. 4th 360 (2007) ...................................................................................21, 22

*Ruiz v. Gap, Inc.*,
540 F. Supp. 2d. 1121 (N.D. Cal. 2008), *aff'd*, 380 F. App'x 689
(9th Cir. 2010)....................................................................................................24

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
903 F. Supp. 2d 942 (S.D. Cal. 2012)................................................................16

*Susan S. v. Israels*,
55 Cal. App. 4th 1290 (1997) ............................................................................22

*Ting v. AT&T*,
319 F.3d 1126 (9th Cir. 2003) ..........................................................................18

*U.S. v. Diaz-Castaneda*,
494 F.3d 1146 (9th Cir. 2007) ..........................................................................23

*U.S. v. Dipentino*,
242 F.3d 1090 (9th Cir. 2001) ..........................................................................17

*Wong v. Jing*,
189 Cal. App. 4th 1354 (2010) ..........................................................................16

*In re Yahoo Mail Litig.*,
7 F. Supp. 3d 1016 (N.D. Cal. 2014)..................................................................23

**Statutes**

California Business & Professions Code § 17200, *et seq.* (Unfair
Competition Law) ........................................................................................*passim*

California Civil Code
§ 1740, *et seq.* (Consumer Legal Remedies Act) ..........................................*passim*
§ 1761(d) .............................................................................................................18
§ 1770(a) .......................................................................................................18, 19
§ 1798.90.5, *et seq.* (Automated License Plate Recognition).....................2, 9, 12
§ 1798.90.5(c) .....................................................................................................17
§ 1798.90.51........................................................................................................17
§ 1798.90.51(a) .............................................................................................11, 17
§ 1798.90.51(b) .............................................................................................11, 17
§ 1798.90.52........................................................................................................17

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

§ 1798.90.54 .......................................................................................................... 11, 17
§ 1798.90.54(a) .................................................................................................... 11, 17

California Vehicle Code § 5300(a) ....................................................................... 4, 22

**Rules**

Federal Rule of Civil Procedure 56(a) ...................................................................... 10

**Constitutional Provisions**

California Constitution, Article I, § 1 ............................................................... 10, 14

ix

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM AND POINTS OF AUTHORITIES

### I.    INTRODUCTION

The undisputed facts now confirm what Park Assist has consistently maintained since the beginning of this litigation:  Park Assist is not the proper defendant for any of the claims raised by these Plaintiffs,[1] and Park Assist is entitled to summary judgment on the complaint in its entirety; or, in the alternative, partial summary judgment on each cause of action.

In the current, and final iteration of the Complaint (the "Corrected" Second Amended Complaint (SAC))[2] Plaintiffs accuse Park Assist and numerous other defendants of various amorphous privacy wrongs that boil down the following speculation—that the defendants improperly collected, matched together, and shared two sets of information:  PII+ALPR, namely:

- (1) PII, or vehicle owners' personal identifying information—including "name[s], address[es], [Department of Motor Vehicle (DMV)] record[s], email address[es], phone number[s]" "travel pattern[s] and geolocation," "make[s] of . . . car," and "photographs" (*see, e.g.*, SAC ¶¶ 26, 78); with

- (2) ALPR, "Automated License Plate Recognition" information, which comprise anonymous alphanumeric license plate codes.  (*See, e.g.*, SAC ¶¶ 25, 78 (alleging Park Assist "shar[ed] . . . Private Information and PII with . . . Nordstrom's (and other similar retailers), Bloomingdale's, Gelson's, [and] LexisNexis (and/or similar aggregators of ALPR data)").)

Plaintiffs allege that Park Assist and others retained the allegedly coupled ALPR+PII and allegedly shared the ALPR+PII with third-parties.

---

[1] Named Plaintiffs are Alvaro Navarro, Areliz Navarro, Jina Howell, Sevindzh Gasanova, Cristian Rodriguez, and Leilani Ross.

[2] All citations to the SAC in this brief refer to the corrected SAC, which was "corrected" for the third time on December 20 (SAC). [ECF No. 189]

1

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

From this general theory, Plaintiffs form the core of their complaint against Park Assist: that Park Assist and other defendants collected PII of Plaintiffs Alvaro Navarro and Christian Rodriguez, associated that information with ALPR information, and shared it with third-party retailers and other aggregators, thereby causing them to suffer unspecified injuries relating to fear of credit damage and credit monitoring. (SAC ¶¶ 27–37 (Navarro); *id.* ¶¶ 77–89 (Rodriguez)).

None of this is true.

As the undisputed facts and actual evidence show, Plaintiffs' theory is wholly unsupported as a matter of fact. Park Assist is entitled to summary judgment, or in the alternative, partial summary judgment.

***First, Park Assist Is Entitled to Summary Judgment On All Claims.*** As to all claims, Park Assist could not have caused any alleged harm because, quite simply, ***Park Assist does not collect, store, or share any PII, and therefore Park Assist could not have caused any of the parade of privacy harms alleged.*** As detailed in the undisputed declaration of Park Assist's Vice President of Product Management (*see* Declaration of Jacob M. Harper (Harper Decl.), Ex. 1, Declaration of Scott Dubois (Dubois Decl.)), Park Assist does not even collect, store, access, or retain any of the PII alleged in the complaint, much less share it:

- Park Assist-branded systems record only three pieces of information: (1) a time/date stamp recording when a vehicle enters a parking space; (2) an anonymous alphanumeric license plate code, also known as "Automated License Plate Recognition" (ALPR) information, which approximates the vehicle's license plate number; and (3) a time/date stamp recording when a vehicle leaves a parking space—together known as "In/Plate/Out Information." (UFs 1.)

- Park Assist's collected data, as the Court has already noted, "only provides an alphanumeric series and does not directly indicate the issuing state." (ECF No. 73 at 4 (recognizing that "the data only

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

provides an alphanumeric series and does not directly indicate the issuing state"); *compare* Dubois Decl., Ex. A *with* ECF No. 69, Exs. 1–3 (Excel spreadsheets depicting data captured by Park Assist-branded systems).)

- Park Assist and Park Assist systems do not capture, record, or store any PII, including vehicle owners' or drivers' individual names, addresses, DMV records, email addresses, phone numbers, vehicle's make or model, state of registration, date of registration, or geolocation.  (UFs 2, 11, 14.)

- Park Assist and Park Assist systems do not associate In/Plate/Out information or ALPR information with any PII, including vehicle owners' or drivers' individual names, addresses, DMV records, email addresses, phone numbers, vehicle's make or model, state of registration, date of registration, or geolocation.  (UFs 3, 11, 14.)

- Park Assist and Park Assist systems do not share or associate any captured images with any PII, including vehicle owners' or drivers' individual names, addresses, DMV records, email addresses, phone numbers, vehicle's make or model, state of registration, date of registration, or geolocation.  (UFs 4, 10, 11, 12, 13, 14.)

And, even as to the limited information Park Assist does collect—exclusively the anonymous license plate alphanumeric code itself, the time in the parking spot, and the time out (the "In/Plate/Out Information")—all such information is retained in a closed environment on servers located on parking lot property, (UFs 6), is accessible only to the shopping mall owner customer and Park Assist itself, (UFs 7), and is not shared with any third party, (UFs 8, 9).  Because Park Assist did not even collect the PII alleged to have been shared, Plaintiffs' theory that Park Assist's claimed PII-sharing caused harm is fully unsupported and defeats every cause of action, all of which, of course, require proof of causation.  As such, undisputed facts

3

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

establish that summary judgment in favor of Park Assist is appropriate as to each of Plaintiffs' claims.

***Second, in the Alternative, Park Assist Is Entitled to Partial Summary Judgment on Each Claim.*** Independent of lack of causation, each of Plaintiffs' claims fail for additional reasons appropriate for summary judgment. The ALPR Claims all fail for the additional reason that (a) Plaintiffs do not allege any cognizable harms in the first place, and (b) in any event, Park Assist, as a technology supplier (rather than owner of the data), is not an applicable "operator" under the statute. The CLRA claim fails because Park Assist never conducted a sale or lease of goods or services with Plaintiffs and, as a matter of law, Plaintiffs therefore are not "customers" with standing to sue. The UCL claim fails for the additional reason that, as a matter of law, Park Assist engaged in no unlawful, unfair, or fraudulent conduct. The negligence claim fails for lack of a cognizable duty owed to any Plaintiff. And the amorphous constitutional privacy claims fail for myriad reasons, including the fact that Plaintiffs enjoy no privacy right in license plate information, which must, by law, be displayed publicly. *See* Cal. Veh. Code § 5300(a) (license plates "shall be attached to the vehicle for which they were issued, one in the front and the other in the rear").

Park Assist respectfully requests that the Court grant summary judgment in its favor on all of Plaintiffs' claims, or, in the alternative, on those claims to which Park Assist is entitled to judgment as a matter of law.

## II.    RELEVANT BACKGROUND

### A.    Park Assist Manufactures and Installs ALPR Systems.

There are two types of defendants in this case: mall defendants and technology companies. The Mall Defendants operate malls and their related parking structures.[3]

---

[3] The malls identified in Plaintiffs' complaint are the Beverly Center, the Glendale Galleria, the Grove at Farmer's Market, Fig at 7th, San Diego Westfield

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Park Assist, like Sentry and Skidata, is a technology company.  It manufactures ALPR systems.  (Dubois Decl. ¶ 2.)  When clients, such as several Mall Defendants in this case, hire Park Assist, Park Assist installs Park Assist-branded ALPR systems in its clients' parking structures.  (*Id.*)  Once the installation is complete, Park Assist offers clients support for the ALPR systems on request; it does not operate the systems and does not own them.  (*Id.*)  Park Assist's business model is business-to-business:  at no point does Park Assist interact with any parkers.  (*Id.* ¶ 11.)

As relevant to this complaint, Park Assist's technology exists only at certain malls, and does not supply any technology, maintenance, or any other services at or for the Third Street Promenade, the Americana Mall, or any other property owned or managed by Caruso.  (UFs 15.)  In addition, Park Assist does not sell or lease goods or services to individual parkers or members of the public; its customers are limited only to parking lot operators.  (UFs 16.)

**B.     The ALPR Systems Image Only Anonymized ALPR Information.**

Park Assist-branded ALPR systems comprise cameras, rows of red and green light indicators above each parking space, and computer servers.  Cameras are stationed over each parking space in the parking structure.  (Dubois Decl. ¶ 4(a).)  When a parking space is empty, the indicator over the parking space is illuminated green so that parkers can identify available parking spaces before driving down the aisle.  (*Id.*)  When a parking space is occupied, the indicator light is illuminated red.  (*Id.*)

As relevant here, Park Assist systems gather a minimum amount of information necessary to facilitate parking—and in no case do they collect vehicle

---

(Mission Valley & UTC), and the Third Street Promenade.  Of these six, Park Assist's parking technology is alleged to be installed only at two malls:  the Glendale Galleria and the Third Street Promenade, (SAC ¶ 18), although elsewhere in the pleading Plaintiffs allege claims against Park Assist related to Fig at 7th.  (SAC ¶¶ 77–78.)

5

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

owners' or drivers' individual names, addresses, DMV records, email addresses, phone numbers, vehicle's make or model, state of registration, date of registration, or geolocation, as the SAC alleges.  (UFs 1, 2, 10, 11, 12, 13,14.)  The devices image parkers' license plates and generate alphanumeric codes approximating the alphanumeric codes on the license plates, along with the date and time the vehicle entered and exited the parking space.  (UFs 1.)

This "In/Plate/Out Information," including the alphanumeric codes generated by Park Assist-branded ALPR systems, is by nature anonymized.  (UFs 1); *see* Dubois Decl., Ex. A (sample of Excel spreadsheet depicting data captured by Park Assist-branded systems).  The Court has already reviewed the ALPR data collected by Park Assist-branded ALPR systems and already recognized that it contains no personal identifying information.  (ECF No. 73 at 4 (recognizing that "the data only provides an alphanumeric series and does not directly indicate the issuing state"); *see* ECF No. 69, Exs. 1–3 (Excel spreadsheets depicting data captured by Park Assist-branded systems).)  Park Assist systems do not capture, record, or store any PII, including vehicle owners' or drivers' individual names, addresses, DMV records, email addresses, phone numbers, vehicle's make or model, state of registration, date of registration, or geolocation.  (UFs 1, 2, 10, 11, 12, 13, 14.)  Furthermore, Park Assist and Park Assist systems do not associate In/Plate/Out Information with any PII, nor do they associate any captured images with any PII.  (UFs 3, 4, 10, 11, 12, 13, 14.)  These ALPR systems therefore lack the capacity to obtain or maintain any information that can be considered PII.[4]

---

[4] While Park Assist systems may inadvertently capture an image of a parker if the parker happens to be outside the vehicle and in the camera's field of view when the system images the parked vehicle, Park Assist systems delete this image within between 30 minutes and 30 days.  (UF 5.)  Further, Park Assist systems do not and cannot associate these images with any PII.  (UF 4.)  It is not even necessarily the case that a person captured in an image of parked vehicle is in any way associated with that vehicle.

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Mall operators can use the In/Plate/Out Information to help parkers locate available parking spaces and find their vehicles after shopping.  Parkers can also use a Park Assist mobile "Find My Car" application to locate their vehicles, or to view parking spaces in the parking structure in real-time in order to locate available spaces.  (Dubois Decl. ¶ 4(f).)  Because the "Find My Car" application is based entirely on the In/Plate/Out Information described above, "Find My Car" does not, and cannot, display or share any PII, including vehicle owners' or drivers' individual names, addresses, DMV records, email addresses, phone numbers, vehicle's make or model, state of registration, date of registration, or geolocation. (UFs 10.)

The limited information Park Assist does collect—even though it is not protected PII—is retained in a closed system and not shared with third parties.  Park Assist's clients—the mall operators—own the In/Plate/Out Information collected by Park Assist systems.  (Dubois Decl. ¶ 2.)  Park Assist does not own this information.  (*Id.*)  Park Assist systems send this anonymized ALPR information to an on-site server or information storage drive owned by the mall owners.  (UFs 6.)  Park Assist also stores a copy of this anonymized information in its cloud platform, which Park Assist hosts on behalf of its clients.  (Dubois Decl. ¶ 4(d).)  Park Assist offers support for the system on behalf of clients and, as part of that support, Park Assist's engineering and support teams may access information pertaining to a shopping mall owner's anonymized In/Plate/Out Information.  (*Id.*)  However, Park Assist only accesses this information at the client's request and cannot share the information with third parties.  (*Id.* ¶¶ 4(d), (e).)

## C.   Park Assist Has Never Collected, Stored, or Shared Plaintiffs' ALPR Information.

The undisputed evidence establishes that Park Assist has never obtained or maintained vehicle owners' or drivers' individual names, addresses, DMV records, email addresses, phone numbers, vehicle's make or model, state of registration, date

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

of registration, or geolocation. (UFs 11, 14.) It has never shared parkers' ALPR information or PII with third parties, including Nordstrom's, Bloomingdale's, Gelson's, LexisNexis, or similar retailers or data aggregators. (UFs 12, 13.)

Furthermore, Park Assist has searched its records and has found no reference to any Plaintiff. (UFs 14.) It did not provide Plaintiff Alvaro Navarro's or Plaintiff Christian Rodriguez's ALPR information or PII to any third-party servers for any purpose. (UFs 13.) It did not provide Plaintiff Alvaro Navarro's or Plaintiff Christian Rodriguez's ALPR information or PII to Nordstrom's, Bloomingdale's, Gelson's, LexisNexis, or similar retailers or data aggregators for any purpose. (UFs 12.)

## III.    PROCEDURAL HISTORY

Plaintiffs filed their original Complaint in the Superior Court on April 17, 2020. The gist of Plaintiffs' case is that Defendants leveraged anonymized ALPR information into PII, which they then shared with third-parties, the result of which has been a range of alleged harms including costs associated with credit monitoring, unwanted marketing, emotional distress, loss of value of their PII, unspecified identity theft and fraud, and increased risk of identity theft and fraud.

Park Assist removed the action to this Court and successfully defeated Plaintiffs' motion to remand. In the process, the Court ordered jurisdictional discovery in part in order to determine what portion of the putative class members are citizens of California. As part of this discovery, Park Assist produced Excel spreadsheets depicting data captured by Park Assist-branded systems. (*See* ECF No. 69, Exs. 1–3.) Upon reviewing these documents, the Court observed that the information collected by Park Assist systems "only provides an alphanumeric series and does not directly indicate the issuing state." (ECF No. 73 at 4.)

After the Court denied Plaintiffs' motion to remand, Park Assist moved to dismiss the original Complaint, which Plaintiffs voluntarily amended by filing their First Amended Class Action Complaint (FAC). (*See* [ECF No. 93].)

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

On June 14, 2021, Park Assist, along with the other Defendants, filed a motion to dismiss the FAC.  (*See* Park Assist's Motion to Dismiss FAC (MTD FAC) [ECF No. 101].)  The Court granted the motion, reasoning that Plaintiffs failed to show "how they have been affected by Defendants' allegedly unauthorized use of their ALPR data," and failed to "differentiate the individual roles of the named Defendants" by explaining "what involvement each had in operating and profiting from the alleged ALPR databases." (Order Granting MTD FAC (MTD FAC Order) [ECF No. 130] at 3–4.)

Plaintiffs filed their Second Amended Class Action Complaint, (*see* [ECF No. 131]), soon thereafter, which Park Assist again moved to dismiss.  (*See* Park Assist's Motion to Dismiss SAC [ECF No. 141].)  The Court heard argument on Defendants' motions to dismiss on November 22, 2021, where it observed certain of the Defendants' arguments would be better suited to a motion for summary judgment.  (*See* Harper Decl., Ex. 2, Transcript of the Nov. 22, 2021 Hearing (Hr. Tr.), at 4:10–16.)  The Court therefore reserved judgment on the motions to dismiss, and ordered that Defendants file motions for summary judgment by December 22, 2021.  (*Id.* at 9:9–13; *see* Minute Order re. Motions to Dismiss [ECF No. 180].)  Also pending was Plaintiffs' motion for leave to amend their complaint.  (*See* Motion to Correct or Amend [ECF No. 155].)  On December 13, 2021, the Court granted that motion and permitted Plaintiffs leave to file a corrected complaint by December 20, 2021.  (*See* Minute Order re. Motion to Correct or Amend [ECF No. 186].)

Plaintiffs filed their Corrected Second Amended Class Action Complaint on December 20, 2021.  (*See* SAC [ECF No. 189]).  The SAC brings claims for:  (1) violations of California's ALPR statute, Cal. Civ. Code § 1798.90.5, *et seq.* (Claims One through Four); (2) violation of California's Consumer Legal Remedies Act (CLRA), Cal. Civ. Code § 1740, *et seq.* (Claim Five); (3) violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, *et seq.* (Claim

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Six); (4) negligence and negligence *per se* (Claim Seven); and (5) violation of the California Constitution's right to privacy, Cal. Const., Art. I, § 1 (Claim Eight). Park Assist now moves for summary judgment on all claims or, in the alternative, partial summary judgment.

## IV.   PARK ASSIST IS ENTITLED TO SUMMARY JUDGMENT

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Once the movant meets the initial burden, the nonmovant must "go beyond the pleadings and . . . designate specific facts showing there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  The nonmovant's evidence must be sufficient such that the record, taken as a whole, could support a rational trier of fact in finding for the nonmoving party on that issue.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### A.   Summary Judgment on All Causes of Action Is Appropriate Because the Undisputed Evidence Shows Plaintiffs Cannot Establish Requisite Causation by Park Assist.

First, Park Assist is entitled to summary judgment on all causes of action because the undisputed evidence demonstrates Park Assist did not cause, and could not have caused, any of the alleged harm asserted in the SAC.

Each of Plaintiffs' Claims One through Seven require Plaintiffs to establish the harm was *caused* by Park Assist.  Plaintiffs contend Park Assist and other defendants caused harm to Plaintiffs by allegedly sharing private information relating to license plate information with third parties.  (*See, e.g.*, SAC ¶¶ 24, 25, 27, 28, 32–36 (alleging harm "[a]s a result of the improper sharing and use" of PII).)  Considering Plaintiffs' pleading claim by claim, their theories of causation all fail, and therefore Park Assist is entitled to judgment as a matter of law on all claims.

10

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### 1.   The Undisputed Evidence Precludes Causation Under for the ALPR Statutory Claims (COAs 1–4).

Claims One Through Four allege various violations of the ALPR Statute (violation of Cal. Civ. Code §§ 1798.90.51(a), 1798.90.51(b), 1798.90.54).  To bring a private right of action, a plaintiff must show it was "*harmed by*" Park Assist's violation of the statute, and the private right of action may be asserted only "against a person who knowingly *caused* the harm."  *See* Cal. Civ. Code § 1798.90.54(a) (private cause of action for plaintiff "harmed by a violation of this title").

Here, Plaintiffs theorize that Park Assist caused harm by collecting and sharing APLR information in combination with certain cognizable PII—here, Navarro's and Rodriguez's "name, address, DMV record, email address, [and] phone number," (SAC ¶¶ 26, 80), as well as Rodriguez's "name, license plate number, address, travel pattern and geo-location and time of entry and exits, the time he was in a certain facility, the make of his car, [and] photographs of his image," (*id.* ¶ 78)—and then associating it with ALPR information, sharing it with third parties, and thereby causing Plaintiffs to suffer some form of harm.

In support of these theories of causation, Plaintiffs accuse Park Assist of causing harm in the following ways:

- "sharing . . . [Navarro's and Rodriguez's] Private Information and PII with . . . Nordstrom's (and other similar retailers), Bloomingdale's, Gelson's, [and] LexisNexis (and/or similar aggregators of ALPR data)."  (*Id.* ¶¶ 25, 78.)

- sharing Navarro's PII "with the general public through its application and website[.]"  (*Id.* ¶ 25.)

- "publish[ing] Plaintiff Alvaro Navarro's PII and ma[king] such PII available to the general public and all subscribers of an application, which would take photographs of Mr. Navarro's vehicle."  (*Id.* ¶ 37.)

11

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiffs claim these activities harmed them in that they "paid money for credit monitoring, some of them sustained breaches to their accounts and credit cards as a result of Defendants conduct as specifically alleged, the value of their PII was diminished, informational value of damages, the use of PII in the case of Mr. Navarro to track is whereabouts [*sic*][.]" (*Id.* ¶ 244 (enumerating alleged harm in context of Claim One); *see id.* ¶ 282 (incorporating harms alleged previously into Claim Two), ¶ 318 (same regarding Claim Three), ¶ 347 (Claim Four).)

Plaintiffs' theory fails because it is without merit or evidence, and therefore they have nothing establishing Park Assist caused any such harm (even if Plaintiffs had any evidence of it and such claims are cognizable, which they are not, *see* Section IV.B.1.a., *infra*). Rather, contrary to Plaintiffs' conjecture and speculation, the undisputed evidence unequivocally shows ***Park Assist could not have caused, and did not cause, any alleged harm because Park Assist does not engage in the harm-producing conduct alleged here***: the alleged collection and sharing of PII.

- Park Assist-branded systems record only three pieces of information: (1) a time/date stamp recording when a vehicle enters a parking space; (2) an anonymous alphanumeric license plate code, also known as "Automated License Plate Recognition" (ALPR) information, which approximates the vehicle's license plate number; and (3) a time/date stamp recording when a vehicle leaves a parking space—together known as "In/Plate/Out Information." (UFs 1.)

- Park Assist's collected data, as the Court has already noted, "only provides an alphanumeric series and does not directly indicate the issuing state." (ECF No. 73 at 4 (recognizing that "the data only provides an alphanumeric series and does not directly indicate the issuing state"); *compare* Dubois Decl., Ex. A *with* ECF No. 69, Exs. 1–3 (Excel spreadsheets depicting data captured by Park Assist-branded systems).)

12

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

- Park Assist and Park Assist systems do not capture, record, or store any PII, including vehicle owners' or drivers' individual names, addresses, DMV records, email addresses, phone numbers, vehicle's make or model, state of registration, date of registration, or geolocation.  (UFs 2, 11, 14.)

- Park Assist and Park Assist systems do not associate In/Plate/Out information or ALPR information with any PII, including vehicle owners' or drivers' individual names, addresses, DMV records, email addresses, phone numbers, vehicle's make or model, state of registration, date of registration, or geolocation.  (UFs 3, 11, 14.)

- Park Assist and Park Assist systems do not share or associate any captured images with any PII, including vehicle owners' or drivers' individual names, addresses, DMV records, email addresses, phone numbers, vehicle's make or model, state of registration, date of registration, or geolocation.  (UFs 4, 10, 11, 12, 13, 14.)

In short, the undisputed facts establish that because Park Assist did not and cannot collect, store, or share Plaintiffs' ALPR information or PII, Park Assist cannot possibly have caused any harms alleged by Plaintiffs to have resulted from the collection, storage, or sharing of their information.

### 2.    The Undisputed Evidence Precludes Causation Under for the CLRA and UCL Claims (COAs 5–6).

Claim Five (violation of the CLRA) and Claim Six (violation of the UCL) face a similar fate.  Again, Plaintiffs must show Park Assist *caused* the alleged harm.  *See Davis v. Chase Bank U.S.A., N.A.*, 650 F. Supp. 2d 1073, 1087 (C.D. Cal. 2009) (for CLRA, "causation is 'a necessary element of proof' for relief") (citation omitted); *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 849 (2008) ("[T]he UCL imposes a causation requirement[.]"), *as modified* (Jan. 28, 2008).  Plaintiffs allege Park Assist violated the CLRA which allegedly harmed Plaintiffs "for the

13

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

independent reasons and bases incorporated herein," (*id.* ¶ 370), and therefore fails for the same reasons:  No collection, association, or sharing of PII, so no harm related to it.  (UFs 11–14.)  Plaintiffs' claim under the UCL, which alleges that they "were injured by Defendants' improper dissemination of [their] ALPR information," (*id.* ¶ 383), fares the same.

### 3. The Undisputed Evidence Precludes Causation Under for the Common Law Claims (COAs 7–8).

Likewise, the remaining causes of action—Claim Seven (negligence and negligence *per se*) and Claim Eight (violation of right of privacy, Cal. Const. Art. I, § 1.) require causation.  *Barron v. Martin-Marietta Corp.*, 868 F. Supp. 1203, 1207 (N.D. Cal. 1994) ("Causation is a necessary element of plaintiffs' claims for negligence[.]") (citations omitted); *See Aas v. Super. Ct.*, 24 Cal. 4th 627, 646 (2000) (an "essential element of a tort cause of action" is an "appreciable, nonspeculative, present injury").  Plaintiffs allege Park Assist is liable in tort for breaching their duty to Plaintiffs, and that "[a]s a foreseeable and proximate result of Defendants' negligent acts, Plaintiffs and the Class Members were injured, including by having their ALPR information disseminated to unauthorized parties[.]"  (*Id.* ¶ 395; *see also id.* ¶¶ 398, 411 (alleging "unauthorized access of data and sharing of data with marketers and other third parties").)  Again, the evidence nullifies their speculative theory.  (UFs 11–14.)

### B. In the Alternative, Park Assist Is Entitled Summary Judgment on Each of Its Other Claims.

Second, even if the Court found sufficient evidence to establish cognizable causation (it should not), the undisputed facts establish that Park Assist is entitled to judgment as a matter of law on each of Plaintiffs' claims for additional, claim-specific reasons.  Thus, the summary judgment of all claims should be entered, or in the alternative partial summary judgment for the reasons stated below.

14

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

**1.   Plaintiffs Cannot Recover Under the ALPR Statute.**

**a.   Plaintiffs Allege Non-Cognizable Harms.**

In Plaintiffs' SAC, Plaintiffs enumerate the following theories of harm:

- "[C]onsiderable time and money" spent on credit monitoring.  (SAC ¶¶ 28–30, 35.)

- Dissemination of ALPR information to third parties "marketing, geo-targeting and profiling."  (*Id.* ¶ 31.)

- "Emotional distress" as a result of the release of Plaintiffs' ALPR information.  (*Id.* ¶ 32.)

- Loss in the "value of [Plaintiffs'] Private Information."  (*Id.* ¶ 33.)

- Unspecified "identity theft and fraud," including notification that Plaintiffs' "Private Information was found on the dark web and a significantly increased amount of suspicious, unsolicited phishing telephone calls, text messages, and/or emails."  (*Id.* ¶ 34.)

- An "increased risk of identity theft and fraud."  (*Id.* ¶ 35.)

- "Plaintiffs paid money for credit monitoring, some of them sustained breaches to their accounts and credit cards as a result of Defendants [sic] conduct as specifically alleged, the value of their PII was diminished, informational value of damages, the use of PII in the case of Mr. Navarro to track is [sic] whereabouts, and other harms as pled."  (*Id.* ¶ 244.)

But Plaintiffs do not explain how the capture and use of ALPR data by itself, *i.e.*, In/Plate/Out Information, could have plausibly led to identity theft.  (SAC ¶ 34.)  Likewise, Plaintiffs' allegations that their information was "found on the dark web," or that they have experienced an "increased amount of suspicious, unsolicited" calls, messages, or emails, fail to explain how ALPR data caused sensitive information to appear on the "dark web," or resulted in an increase in unwanted marketing calls that caused them any actual, present injury.  (*Id.*)  And,

15

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiffs cannot rely on alleged "emotional distress" due to the alleged disclosure of their ALPR data to create an injury where Plaintiffs fail to identify any plausible identity theft, fraud, or some other misuse that has actually occurred.  (*Id.* ¶ 32.)  As this Court found previously, Plaintiffs' allegations as to an "increased risk of identity theft" are purely speculative and too hypothetical to establish any cognizable injury.  (*Id.* ¶ 35.)

In sum, Plaintiffs have neither provided any evidence that they have suffered these unlikely and speculative injuries, nor have they presented any evidence that Park Assist could have possibly caused these injuries, and therefore the case cannot move forward on purely speculative grounds.  *See Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776, 783 (9th Cir. 2018) (plaintiff's "theory of 'exposure' to identity theft [was] . . . too speculative" to state an injury in fact); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 963 (S.D. Cal. 2012) ("[W]ithout specific factual statements that Plaintiffs' Personal Information has been misused, in the form of an open bank account, or unreimbursed charges," plaintiffs could not show damages); *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767, at 784, 804 (N.D. Cal. 2019) ("privacy injury," dissemination of PII, increased risk of identity theft, and reduced value of PII insufficient for standing under UCL); *In re iPhone Application Litig.*, 2011 WL 4403963, at *14 (N.D. Cal. Sept. 20, 2011) ("'[P]ersonal information' does not constitute money or property under the UCL[.]"); *Foyer v. Wells Fargo Bank, N.A.*, 2020 WL 3893031, at *13 (S.D. Cal. July 10, 2020) ("[E]motional harms are not 'money or property' . . . under the UCL[.]"); *Wong v. Jing*, 189 Cal. App. 4th 1354, 1369 (2010) (only "serious" and "sever" emotions distress recoverable on negligence claim without physical injury).

### b.      Park Assist Is Not an "ALPR Operator."

Furthermore, in order to recover against Park Assist for their claims under the ALPR Statute, Plaintiffs must show that Park Assist violated a provision of that

16

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

statute. *See* Cal. Civ. Code. § 1798.90.54(a) (imposing liability on defendants who caused harm by "violat[ing] this title"). In this case, Plaintiffs only allege violations of Sections 1798.90.51(a) and (b), and 1798.90.52, which apply only to "ALPR operators." *See* Cal. Civ. Code §§ 1798.90.51 ("An ALPR operator shall . . ."), 1798.90.52 ("[T]he ALPR operator shall . . ."). As such, if Park Assist is not an ALPR operator, it cannot have violated Sections 1798.90.51(a) and (b), or 1798.90.52, and thus cannot be liable under Section 1798.90.54.

The undisputed evidence establishes that Park Assist is not an ALPR operator under any colorable interpretation of that term. The ALPR Statute defines an "ALPR operator" simply as a "person that operates an ALPR system." Cal. Civ. Code § 1798.90.5(c). While no case to date directly addresses the meaning of "ALPR operator" under the ALPR Statute, courts interpreting the term "operate" or "operator" in other statutory contexts have consistently found it necessary to have some level of "control," "management," or "active involvement" over the facility, project, or activities in question. *See Long Beach Unified Sch. Dist. v. Dorothy B. Goodwin California Living Tr.*, 32 F.3d 1364, 1367 (9th Cir. 1994) (as defined by CERCLA, an "operator" must "play an active role in running the facility, typically involving hands-on, day-to-day participation in the facility's management."); *U.S. v. Dipentino*, 242 F.3d 1090, 1096 (9th Cir. 2001) ("In determining whether a person is an owner or operator within the meaning of the Clean Air Act, the question is whether the person had significant or substantial or real control and supervision over the project."); *Orange Cnty. Water Dist. v. Sabic Innovative Plastics US, LLC*, 14 Cal. App. 5th 343, 376 (2017) (under CERCLA, an "operator must manage, direct, or conduct operations[.]").

Here, the undisputed facts establish that Park Assist does not fit these definitions of "operator." Once Park Assist installs an ALPR system, it no longer owns the system, and it does not control, manage, or supervise it. (Dubois Decl. ¶ 2.) The only relationship Park Assist maintains with the system is (1) providing

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

support to the mall owner on request, and (2) passively hosting a cloud storage service on behalf of the mall owner. (*Id.* ¶¶ 2, 4(d).) Furthermore, Park Assist does not own the ALPR information captured by the system and cannot share the information without the mall owner's express authority. (*Id.* ¶¶ 4(d), (e).) Put another way, Park Assist is not actively involved in the ALPR systems—it does not engage in hands-on, day-to-day participation in their management. Thus, the undisputed facts show that Park Assist is not an ALPR operator and cannot be liable under the ALPR Statute.

### 2. Plaintiffs Cannot Recover Under the CLRA Because They Were Not Customers of Park Assist.

Only a consumer may recover under the CLRA. *In re Facebook Privacy Litig.*, 2011 WL 2039995, at *8 (N.D. Cal. 2011). The CLRA provides "protection to a specific category of consumers from damages suffered in connection with a consumer transaction." *In re Facebook Privacy Litig.*, 2011 WL 2039995, at *8 (N.D. Cal. 2011). Accordingly, the CLRA only "applies to . . . a limited set of consumer transactions," and is "not a law of 'general applicability.'" *Ting v. AT&T*, 319 F.3d 1126, 1148 (9th Cir. 2003). In particular, a "violation of the CLRA may only be alleged by a consumer," *In re iPhone App. Litig.*, 844 F. Supp. 2d 1040, 1070 (N.D. Cal. 2012), which is defined as "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes." Cal. Civ. Code § 1761(d). Further, the CLRA covers only those "unfair or deceptive acts or practices" specifically enumerated by the statute, and applies only where such practices are undertaken "in a transaction intended to result or that results in the sale or lease of goods or services to any consumer." *Id.* § 1770(a).

Here, the undisputed facts show that Park Assist does not sell or lease goods or services to individual parkers or members of the public, including the Plaintiffs in this action. (UFs 16.) Park Assist's customers are limited only to parking lot operators, meaning the mall defendants. (UFs 16.) Accordingly, Plaintiffs never

18

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

engaged in any "transaction" with Park Assist that resulted in the sale or purchase of any "goods or services." Cal. Civ. Code § 1770(a). Because there was no consumer transaction between Plaintiffs and Park Assist, *i.e.*, Plaintiffs did not purchase any of Park Assist's "goods or services," Plaintiffs are not "consumers" who can maintain a CLRA action against Park Assist.

### 3. Plaintiffs Cannot Recover Under the UCL Because Park Assist Engaged in No Unlawful, Unfair, or Fraudulent Conduct.

The UCL prohibits three separate types of unfair competition: (1) unlawful acts or practices; (2) unfair acts or practices; and (3) fraudulent acts or practices. *See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). The undisputed facts here establish that Park Assist is entitled to judgment as a matter of law under each of these theories.

The "unlawful" prong of the UCL "borrows violations of other laws and treats them as unlawful practices that the [UCL] makes independently actionable." *Cel-Tech*, 20 Cal. 4th at 180. Here, Plaintiffs claim Park Assist violated the ALPR Statute, and the CLRA. As shown above, there is no genuine dispute that Park Assist has not violated either the ALPR Statute or the CLRA. *See* Section IV.A.2. (no harm under either statute), Sections IV.B.1.–2. (additional reasons no ALPR Statute or CLRA violation), *supra*.

Under the "unfair" prong, Plaintiffs must show that a practice violates public policy as declared by "specific constitutional, statutory or regulatory provisions," or that it is "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1260–61 (2006). To establish "unfair" conduct, the "consumer injury must be substantial." *Camacho v. Auto Club of S. Cal.*, 142 Cal. App. 4th 1394, 1403 (2006). Here, the undisputed facts show that Park Assist has not violated any specific constitutional, statutory, or regulatory provisions because Park Assist did not and cannot collect

19

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

ALPR information or PII. *See* Section IV.A., *supra*; (UFs 2–4, 11–14). Even if Park Assist did disclose the information its systems collected (which it did not and cannot), the systems captured only anonymous In/Plate/Out Information, (UFs 1), the sharing of which is not as a matter of law immoral, unethical, oppressive, unscrupulous, or substantially injurious. *See Bardin*, 136 Cal. App. 4th at 1260–61; *Camacho*, 142 Cal. App. 4th at 1403.

In order to state a cause of action under the "fraud" prong of the UCL, "a plaintiff must show that members of the public are likely to be deceived." *In re iPhone Application Litig.*, 844 F. Supp. 2d at 1073. Here, Plaintiffs accuse Park Assist of fraudulently "obtain[ing] and misus[ing] their personal and private information." (Corrected SAC ¶ 381.) But the undisputed facts establish that Park Assist did not and could not obtain or misuse Plaintiffs' PII: Park Assist systems do not collect PII, and cannot leverage the In/Plate/Out Information they do collect into PII. (UFs 11–14.) Furthermore, Park Assist cannot share the anonymous ALPR Information its systems do collect because it does not own this information. (UFs 1, 6.) And the undisputed facts establish that Park Assist has not collected or shared any of Plaintiffs' PII. (UFs 11–14.)

### 4.   Plaintiffs Cannot Recover Under a Negligence Theory Because Park Assist Does Not Owe Plaintiffs Any Duty.

To recover under a negligence or negligence *per se* claim, Plaintiffs must establish "(a) a legal duty to use due care; (b) a breach of such legal duty; (c) the breach as the proximate . . . cause of the resulting injury." *Evan F. v. Hughson United Methodist Church*, 8 Cal. App. 4th 828, 834 (1992).

Although Plaintiffs' Corrected SAC asserts only generally that "Defendants breached their duty," (Corrected SAC ¶ 391; *see* SAC ¶ 393), in opposition to Park Assist's MTD SAC, Plaintiffs stated that "[a] duty of care may arise through statute, contract, the general character of the activity, or the relationship between the parties," (Opp'n 18). But here, the undisputed facts establish that Park Assist did

20

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

not owe Plaintiffs a duty under statute (Park Assist is not an ALPR operator under the ALPR statute), *see* Section IV.B.1.b., *supra*, under contract (Park Assist and Plaintiffs were not in privity of contract), (*see* UFs 16), or under a special relationship (Park Assist was not a party to any transaction for the benefit of Plaintiffs), (*see* UFs 16).  And to the extent Plaintiffs contend that the "general character of [ALPR] activity" imposes a duty, they provide no support for this novel position.  Accordingly, because the uncontroverted facts establish that Park Assist owed Plaintiffs' no duty, Park Assist is entitled to summary judgment on their negligence claim.

### 5. Plaintiffs Cannot Recover Under the California Constitution.

To establish a privacy claim, Plaintiffs must demonstrate:  (1) a legally protected privacy interest, (2) a reasonable expectation of privacy in the circumstances, and (3) conduct by defendant constituting a serious invasion of privacy.  *Hill v. NCAA*, 7 Cal. 4th 1, 35–37 (1994).

#### a. Plaintiffs Have No Privacy Interest at Stake.

"Under California law, a legally recognizable privacy interest arises from the sort of information revealed."  *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1271 n. 17 (9th Cir. 1998).  And, in the context of informational privacy, it is well-established that only the "dissemination or misuse of sensitive and confidential information" is protected under California law.  *Pioneer Elecs. (USA), Inc. v. Sup. Ct.*, 40 Cal. 4th 360, 370 (2007).  Thus, courts have recognized a privacy interest only where information is so "sensitive and confidential" its disclosure would cause "unjustified embarrassment or indignity," such as in financial records, medical information and history, or sexual orientation or history. *Id.*; *see also Leonel v. Am. Airlines, Inc.*, 400 F.3d 702, 712 (9th Cir. 2005) (medical screening tests); *Botello v. Morgan Hill Unified Sch. Dist.*, 2009 WL 3918930, at *5 (N.D. Cal. Nov. 18, 2009) (sexual activity); *Nguon v. Wolf*, 517 F. Supp. 2d 1177,

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1196 (C.D. Cal. 2007) (sexual orientation); *Charles O. Bradley Trust v. Zenith Capital LLC*, 2006 WL 798991, at \*1–2 (N.D. Cal. Mar. 24, 2006) (financial records); *Susan S. v. Israels*, 55 Cal. App. 4th 1290 (1997) (mental health records).

Here, the undisputed facts establish that no such sensitive information is at issue because the only data Park Assist systems can collect is In/Plate/Out Information, which the systems cannot leverage into PII. (UFs 1–3.) As a matter of law, ALPR data by itself is not private or sensitive. *See* Cal. Veh. Code § 5300(a) (license plates "shall be attached to the vehicle for which they were issued, one in the front and the other in the rear"). Indeed, the Ninth Circuit has recognized the "collection," or "storage" of "aggregate[d]" or "non-identifiable" information does not amount to a privacy violation in the context of vehicle computer systems. *See Cahen v. Toyota Motor Corp.*, 717 F. Appx. 720, 724 (9th Cir. 2017) (allegation that "defendants collect data from [plaintiffs'] vehicles and share the data with third parties" was insufficient to state an invasion of privacy claim under the California Constitution because plaintiffs failed to explain "why this data is sensitive or individually identifiable to particular drivers"). As such, the In/Plate/Out Information that Park Assist systems collect is insufficient to support an invasion of privacy claim under the California Constitution, and because the undisputed facts show that Park Assist ALPR systems cannot associate this anonymized information with any PII, Park Assist is entitled to judgment as a matter of law on Plaintiffs' invasion of privacy claim.

### b. Plaintiffs Have No Reasonable Expectation of Privacy in Their License Plates.

Furthermore, a "plaintiff's expectation of privacy in a specific context must be objectively reasonable under the circumstances." *Hill*, 7 Cal. 4th at 26.

Here, there is no genuine dispute of fact that the only information Park Assist could have accessed is anonymized ALPR information in the form of In/Plate/Out Information. (UFs 1–2.) California law recognizes no objectively reasonable

22

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

expectation of privacy when parking a vehicle in a public parking lot, or in a license plate that is located on the exterior of the vehicle in plain view of the public. *See U.S. v. Diaz-Castaneda*, 494 F.3d 1146, 1151 (9th Cir. 2007) ("We agree that people do not have a subjective expectation of privacy in their license plates, and that even if they did, this expectation would not be one that society is prepared to recognize as reasonable…[L]icense plates are located on a vehicle's exterior, in plain view of all passerby, and are specifically intended to convey information about a vehicle."); *Hallstein v. Hermosa Beach*, 87 F. Appx. 17, 19 (9th Cir. 2003) (holding plaintiff had no "reasonable expectation of privacy in information he voluntarily exposed to other people, such as his license plate."). Thus, any subjective expectation of privacy Plaintiffs may have had in their license plate information was unreasonable as a matter of law.

### c.       Plaintiffs Failed to Establish a Serious Invasion of Any Privacy Right They May Have.

Last, "[a]ctionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Hill*, 7 Cal. 4th at 37. "Even disclosure of very personal information has not been deemed an 'egregious breach of social norms' sufficient to establish a constitutional right to privacy." *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1038 (N.D. Cal. 2014) (email service provider's interception, scanning, and storage of emails was not an invasion of privacy); *see also Gonzales v. Uber Tech., Inc.*, 305 F. Supp. 3d 1078, 1092–93 (N.D. Cal. 2018) (alleged disclosure of home addresses and geolocation data was not an invasion of privacy); *Ruiz v. Gap, Inc.*, 540 F. Supp. 2d. 1121, 1127–28 (N.D. Cal. 2008), *aff'd*, 380 F. App'x 689 (9th Cir. 2010) (theft of retail store's laptop containing personal information, including social security numbers, was not an invasion of privacy); *Folgelstrom v. Lamps Plus, Inc.*, 195 Cal. App. 4th 986, 992 (2011) (defendant's

23

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

use of email address to mail marketing materials was not "an egregious breach of social norms, but routine commercial behavior.").

Here, there is no genuine dispute of fact that Park Assist did not share any ALPR information or PII with any third parties because its systems do not and cannot collect PII, and because Park Assist cannot share even then anonymous In/Plate/Out Information that its systems can collect.  (UFs 1–4, 11–14.)  But even if it had, sharing anonymized In/Plate/Out Information would not be sufficiently serious to establish liability under the California Constitution.

## V.    CONCLUSION

Park Assist respectfully requests that the Court grant summary judgment for Park Assist on all of Plaintiffs' claims or, in the alternative, partial summary judgment.

DATED: December 22, 2021

DAVIS WRIGHT TREMAINE LLP
JACOB M. HARPER
SPENCER PERSSON
MATTHEW C. ONYETT


By:/s/ Jacob M. Harper
                    Jacob M. Harper

Attorneys for Defendant
PARK ASSIST, LLC

24

DEFENDANT PARK ASSIST, LLC'S
MOTION FOR SUMMARY JUDGMENT

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On December 22, 2021, I served true copies of the following document(s) described as:

**DEFENDANT PARK ASSIST, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**

☒　　**ELECTRONIC SUBMISSION:** on all the appearing and/or interested parties in this action via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

Executed on December 22, 2021, at Los Angeles, California.

☒　　Federal　　I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| Monica Davis | |
| Print Name | Signature |

CERTIFICATE OF SERVICE