Eric J. Bakewell (SBN 241529)
  EBakewell@Willkie.com
Hannah L. McMeans (SBN 323551)
  HMcMeans@Willkie.com
Benita S. Yu (SBN 329195)
  BYu@Willkie.com
**WILLKIE FARR & GALLAGHER LLP**
2029 Century Park East, Suite 3400
Los Angeles, CA 90067-2905
Telephone:   310 855 3000
Facsimile:    310 855 3099

*Attorneys for* Defendants SKIDATA, INC. and SENTRY CONTROL SYSTEMS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ALVARO NAVARRO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SKIDATA, INC., a Delaware Corporation, *et al.*,<br><br>Defendants. | Case No. 2:20-cv-07370-SVW-SK<br><br>Hon. Stephen V. Wilson<br><br>**DEFENDANTS SKIDATA, INC. AND SENTRY CONTROL SYSTEMS, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   January 24, 2022<br>Time:   1:30 p.m.<br>Place:   Courtroom 10A<br><br>[*Filed concurrently with Separate Statement; Declaration of Eric J. Bakewell; Declaration of Marco Ovando; and [Proposed] Judgment and [Proposed] Order*]<br><br>Action Filed:        April 17, 2020<br>Action Removed:   August 14, 2020 |

48686500

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that at 1:30 p.m., on January 24, 2022, or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Stephen V. Wilson of the United States District Court for the Central District Of California, in Courtroom 10A, located at 350 W. 1st Street, Los Angeles, California 90012, Defendants Skidata, Inc. ("Skidata") and Sentry Control System LLC's ("Sentry") will and hereby do move the Court for an Order granting summary judgment in favor of Skidata and Sentry as to each and every cause of action asserted by Plaintiffs Alvaro Navarro, Areliz Navarro, Jina Howell, Sevindzh Gasanova, Cristian Rodriguez, and Leilani Ross (collectively, "Plaintiffs") in their Corrected Second Amended Complaint (Dkt. 189) pursuant to Federal Rule of Civil Procedure 56 on the grounds that: (1) there are no triable issues as to any material fact; and (2) Skidata and Sentry are entitled to summary judgment as a matter of law.

The undisputed factual record establishes that Plaintiffs have no law and no evidence to support their claims against Skidata and Sentry.  This state of affairs exists roughly 20 months into the case – even after four separate attempts to plead the claims, extensive briefing on three rounds of motions to dismiss, and the Court's order granting Defendants' motions to dismiss the First Amended Complaint in its entirety.  Plaintiffs' claims fail for at least the following reasons:

- Skidata and Sentry are the wrong defendants.  It is undisputed that Skidata and Sentry: (1) sell and install parking management solutions (including automated license plate recognition ("ALPR") systems) to the owners and/or operators of shopping centers and malls in Southern California; (2) do not own, operate, or control the ALPR systems at issue in this case; and (3) do not collect, maintain, transmit, or sell any of Plaintiffs' ALPR data.

1

SKIDATA AND SENTRY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

48686500

- Plaintiffs cannot establish with competent and admissible evidence that Skidata and Sentry caused any actual harm to Plaintiffs thereby negating an essential element or core prerequisite of each claim asserted against Skidata and Sentry.[1]

Additionally, the undisputed facts demonstrate Plaintiffs' claims cannot prevail on each of the various claims against Skidata and Sentry for reasons including (but not limited to):

- Plaintiffs' ALPR Claims (first, second, third, and fourth causes of action): Skidata and Sentry cannot be held liable under the ALPR statute because they do not operate or use ALPR systems as these entitles only: (1) sell and install ALPR systems; and (2) perform maintenance when requested.

- Plaintiffs' Consumer Legal Remedies Act ("CLRA") Claim (fifth cause of action): Skidata and Sentry cannot be held liable under the CLRA because they do not provide a good or service to the customers of the shopping centers at issue (as they do not sell ALPR systems to or install such systems for individuals and retailers).

- Plaintiffs' Unfair Competition Law ("UCL") Claim (sixth cause of action): Skidata and Sentry cannot be held liable under the UCL because their business conduct vis-à-vis Plaintiffs was not unlawful, unfair, or fraudulent (as Skidata and Sentry's business of selling and installing ALPR systems does not affect Plaintiffs).

- Plaintiffs' Negligence Claim (seventh cause of action): Skidata and Sentry cannot be held liable for negligence because they owe Plaintiffs no legal

---

[1] Plaintiff Alvaro Navarro is not alleged to have visited a shopping center where an ALPR system sold and installed by Skidata or Sentry is in use. *See* Dkt. 189, ¶¶ 23-37. Accordingly, he has no claims at all against Skidata or Sentry, and any attempt to invent claims on his behalf at this juncture would fail for the same reasons Plaintiffs' asserted claims fail.

48686500

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

duty (as they: (1) sell ALPR systems to entities like the shopping centers at issue, not to individuals like Plaintiffs; and (2) do not have control over or operate the ALPR systems once sold and installed).

- Plaintiffs' Privacy Claim (eighth cause of action): Skidata and Sentry did not violate any California constitutional privacy interest because there is no reasonable expectation of privacy in license plate information; and

- Plaintiffs' Secondary Liability Theories: Skidata and Sentry are not liable under any secondary liability theory asserted by Plaintiffs because no genuine dispute of material exists to show that Skidata and Sentry was in a "joint action" with other Defendants.

**PLEASE TAKE FURTHER NOTICE** that, if summary judgment is denied due to the existence of one or more triable issues of fact, Skidata and Sentry shall and hereby do move pursuant to Federal Rule of Civil Procedure 56(a) for an order granting partial summary judgment as to each remaining claim that involves no triable issues of material fact.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, the Declarations of Marco Ovando and Eric J. Bakewell filed concurrently herewith, the Statement of Uncontroverted Facts filed concurrently herewith, the complete Court file, and any other oral or documentary evidence that may be presented to the Court at the time of the hearing.

*Meet and Confer Compliance.* Skidata and Sentry complied with any pre-filing requirement contained in the Local Rules (including Local Rule 7-3). Specifically: (1) repeated requests were made by Defendants' counsel to meet and confer with Plaintiffs' counsel more than seven days in advance of the filing of this Motion; (2) Plaintiffs' counsel refused to meet and confer more than seven days in advance of filing and instead proposed to meet and confer at 7:00 a.m. two days

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

3

SKIDATA AND SENTRY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

48686500

before filing of the motions for summary judgment; and (3) Defendants' counsel remained available to meet and confer more than seven days in advance of filing (or at some other reasonable time) but received no additional correspondence from Plaintiffs' counsel indicating any willingness to or availability for a meet and confer. *See* Declaration of Eric J. Bakewell ¶¶ 4-6.

Dated: December 22, 2021

WILLKIE FARR & GALLAGHER LLP

By: */s/ Eric J. Bakewell*
Eric J. Bakewell

Attorneys for Defendants SKIDATA, INC. and SENTRY CONTROL SYSTEMS, LLC

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

4

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................... 1

STATEMENT OF UNDISPUTED MATERIAL FACTS ................................ 3

    Skidata Sells And Installs ALPR Systems .................................................. 3

    Skidata Does Not Collect, Maintain, Transmit, Share, Or Use ALPR Data ......................................................................................................... 4

    Plaintiffs Allegedly Visited The Malls And Used Their Parking Facilities ....................................................................................................... 5

PROCEDURAL HISTORY ........................................................................... 6

    Plaintiffs Sue 19 Entities And Individuals ................................................. 6

    The Court Grants Defendants' Motions To Dismiss The FAC ................... 6

ARGUMENT ................................................................................................. 8

I.    SKIDATA IS NOT A PROPER DEFENDANT AND CANNOT BE LIABLE ON PLAINTIFFS' CLAIMS ...................................................... 9

II.    SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE PLAINTIFFS SUFFERED NO ACTUAL HARM ................................. 10

    A.    All Of Plaintiffs' Claims Require Actual Harm ............................. 10

    B.    Plaintiffs' Alleged Harms Are Insufficient As A Matter Of Law ... 12

        1.    Theoretical Future Harm Is Insufficient To Establish Actual Harm ..................................................................... 12

        2.    Alleged Identity Theft Is Insufficient To Establish Actual Harm ............................................................................... 14

        3.    Alleged Emotional Distress Is Insufficient To Establish Actual Harm ................................................................... 14

    C.    There Is No Causal Link Between Skidata And Any Purported Harm ................................................................................................ 16

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

SKIDATA AND SENTRY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

48686500

III.   SKIDATA IS ENTITLED TO SUMMARY JUDGMENT WITH RESPECT TO EACH OF PLAINTIFFS' CLAIMS................................. 17

    A.   Plaintiffs Cannot Establish A Claim Under The ALPR Statute ...... 17

    B.   Plaintiffs Cannot Establish A CLRA Claim ................................... 18

    C.   Plaintiffs Cannot Establish A UCL Claim ..................................... 19

    D.   Plaintiffs Cannot Establish A Negligence Claim ........................... 20

    E.   Plaintiffs Cannot Establish A Privacy Claim ................................. 22

    F.   Plaintiffs Cannot Establish A Claim Based On Any Secondary Liability ......................................................................................... 23

CONCLUSION .............................................................................................. 25

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

6

48686500

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

# TABLE OF AUTHORITIES

## Cases

*Aisenson v. Am. Broad. Co.*,
220 Cal. App. 3d 146 (1990)................................................................... 23

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)................................................................................. 8

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
7 Cal. 4th 503 (1994) ............................................................................ 26

*Bass v. Facebook, Inc.*,
394 F. Supp. 3d 1024 (N.D. Cal. 2019)................................................. 14

*Brown v. USA Taekwondo*,
11 Cal. 5th 204 (2021) .......................................................................... 17

*Burnthorne-Martinez v. Sephora USA, Inc.*,
2016 WL 6892721 (N.D. Cal. Nov. 23, 2016) ...................................... 15

*Campbell v. Anniemac Home Mortg.*,
2017 WL 8180578 (C.D. Cal. Feb. 23, 2017)........................................ 16

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)................................................................................. 8

*Cel-Tech Commc'ns v. L.A Cellular Tel. Co.*,
20 Cal. 4th 163 (1999) .......................................................................... 20

*Chubb Custom Ins. v. Space Sys./Loral, Inc.*,
710 F.3d 946 (9th Cir. 2013).................................................................. 18

*Chulick-Perez v. CarMax Auto Superstores Cal., LLC*,
71 F. Supp. 3d 1145 (E.D. Cal. 2014) ................................................... 12

*Crisafulli v. Amertias Life Ins. Corp.*,
2015 WL 1969176 (D.N.J. Apr. 30, 2015)............................................. 16

*Dep't of Water & Power of City of L.A. v. ABB Power T & D Co.*,
902 F. Supp. 1178 (C.D. Cal. 1995)...................................................... 22

*Elsayed v. Maserati N. Am., Inc.*,
215 F. Supp. 3d 949 (C.D. Cal. 2016) ................................................... 22

1

48686500

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

*Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.,*
    461 F. Supp. 2d 1188 (C.D. Cal. 2006) ..................................................... 21

*Folgelstrom v. Lamps Plus, Inc.,*
    195 Cal. App. 4th 986 (2011) ................................................................. 24

*Heller v. NorCal Mut. Ins. Co.,*
    8 Cal. 4th 30 (1994) ............................................................................ 12

*Hill v. Nat'l Collegiate Athletic Ass'n,*
    7 Cal. 4th 1 (1994) ......................................................................... 12, 23

*Holly v. Alta Newport Hosp., Inc.,*
    2020 WL 1853308 (C.D. Cal. Apr. 10, 2020) ........................................... 15

*Hooked Media Grp., Inc. v. Apple Inc.,*
    55 Cal. App. 5th 323 (2020) ................................................................. 25

*In re Facebook, Inc., Consumer Privacy User Profile Litig.,*
    402 F. Supp. 3d 767 (N.D. Cal. 2019) ..................................................... 14

*In re Google, Inc. Priv. Pol'y Litig.,*
    58 F. Supp. 3d 968 (N.D. Cal. 2014) ....................................................... 24

*In re iPhone Application Litig.,*
    844 F. Supp. 2d 1040, 1064 (N.D. Cal. 2021) .......................................... 24

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.,*
    903 F. Supp. 2d 942 (S.D. Cal. 2012) .........................................13, 14, 19

*K.C. v. Superior Ct.,*
    24 Cal. App. 5th 1001 (2018) ................................................................ 11

*Kidron v. Movie Acquisition Corp.,*
    40 Cal. App. 4th 1571 (1995) ................................................................ 26

*Kwikset Corp. v. Superior Ct.,*
    51 Cal. 4th 310 (2011) ......................................................................... 12

*Leek v. Cooper,*
    194 Cal. App. 4th 399 (2011) ................................................................ 26

*Lorenzana v. Superior Ct.,*
    9 Cal. 3d 626 (1973) ............................................................................ 23

2

48686500

*Martinez v. Wells Fargo Home Mortg. Inc.*,
598 F.3d 549 (9th Cir. 2010)..................................................................20

*Morris v. De La Torre*,
36 Cal. 4th 260 (2005) ..........................................................................20

*Romito v. Red Plastic Co.*,
38 Cal. App. 4th 59 (1995)....................................................................10

*Ruiz v. Gap, Inc.*,
622 F. Supp. 2d 908 (N.D. Cal. 2009).....................................................13

*Ruiz v. Gap, Inc.*,
2009 WL 250481 (N.D. Cal. Feb. 3, 2009) .............................................14

*Ruiz v. Gap, Inc.*,
540 F. Supp. 2d 1121 (N.D. Cal. 2008)...................................................24

*Safari Club Int'l v. Rudolph*,
862 F.3d. 1113 (9th Cir. 2017)...............................................................23

*Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*,
49 Cal. App. 4th 472 (1996)...................................................................10

*Underwager v. Channel 9 Austl.*,
69 F. 3d 361 (9th Cir. 1995)....................................................................9

*United States v. Bonds*,
608 F.3d 495 (9th Cir. 2010)..................................................................25

*United States v. Diaz-Castaneda*,
494 F.3d 1146 (9th Cir. 2007)................................................................23

*United States v. Dipentino*,
242 F.3d 1090 (9th Cir. 2001) ...............................................................17

*United States v. Town of Colo. City*,
935 F.3d 804 (9th Cir. 2019)..................................................................25

*Vasilenko v. Grace Fam. Church*,
3 Cal. 5th 1077 (2017) ....................................................................12, 21

**Statutes**

Cal. Bus. & Prof. Code § 17200...............................................................20

3

48686500

Cal. Bus. & Prof. Code § 17204 ............................................................................ 12

Cal. Civ. Code § 1761 ................................................................................... 19, 20

Cal. Civ. Code § 1770 ........................................................................................ 19

Cal. Civ. Code § 1780 ........................................................................................ 12

Cal. Civ. Code § 1798.90.5 ........................................................................... 11, 17

Cal. Civ. Code § 1798.90.51 .......................................................................... 17, 18

Cal. Civ. Code § 1798.90.54 ............................................................................... 17

**Rules**

Fed. R. Civ. P. 56 ............................................................................................... 8

**Other Authorities**

S.B. 34, 2015-2016 Reg. Sess. (Cal. 2014) ......................................................... 11

S.B. 34, 2015-2016 Reg. Sess. (2015) ................................................................. 11

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

4

**MEMORANDUM OF POINTS AND AUTHORITIES**

**PRELIMINARY STATEMENT**

Nearly 20 months of litigation and Plaintiffs' four separate attempts to plead their case drive home the lack of facts and law supporting Plaintiffs' claims against Defendants Skidata, Inc. ("Skidata") or Sentry Control Systems, LLC ("Sentry") – entities that sell and install automatic license plate recognition ("ALPR") systems but that neither operate ALPR systems nor collect or use ALPR data. It is time to bring the litigation against Skidata and Sentry to a full stop, grant Skidata and Sentry's Motion for Summary Judgment ("Motion"), and enter judgment for Skidata and Sentry and against Plaintiffs on all claims.

Plaintiffs' purported class action arises from Plaintiffs' complaints about how their license plate data is allegedly collected and used when they visit various Southern California shopping centers. Plaintiffs assert identical claims against a hodgepodge of Defendants – the sellers and installers of ALPR systems (like Skidata and Sentry), the owners and operators of various shopping centers, and individuals who are apparently connected to one of the entities. But, Skidata and Sentry[1] cannot possibly have any liability on the claims asserted by Plaintiffs given that their role is limited to selling and installing the ALPR system for their customers (including the owners and operators of the various shopping centers).

Plaintiffs' claims against Skidata lack any evidentiary support, rely on a fundamental misunderstanding of Skidata's role in on-the-ground operation of an ALPR system, and twist various California statutes and common law doctrines beyond recognition. As such, each claim fails for numerous reasons including that:

---

[1] Skidata and Sentry are referred collectively to as "Skidata" in this Motion because the arguments in this Motion are identical for both entities. *See* UMF 2-3.

<div style="writing-mode: vertical">WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000</div>

- Skidata is the wrong Defendant. Plaintiffs' claims against Skidata are based on a gross misunderstanding of what Skidata does and does not do.[2] Skidata sells and installs ALPR systems for the owners and operators of shopping centers. Skidata: (1) has no part in the day-to-day operation of the ALPR systems it sells to its customers (who own the ALPR systems purchased from Skidata); and (2) does not own or operate ALPR systems and does not collect, store, transmit, process, or otherwise use ALPR data collected by such systems. Effectively, Plaintiffs are suing a camera or smartphone manufacturer (like Canon or Apple) for allegedly improper photos taken by others with the manufacturer's product.

- Plaintiffs suffered no legally cognizable actual harm caused by Skidata. Plaintiffs' allegations of potential future harm, identity theft without pecuniary harm, and general emotional distress do not establish actual injury (a required element of each of Plaintiffs' claims). Moreover, there is no evidence or any plausible legal theory showing Skidata caused any of the purported harms.

- Each of Plaintiffs' claims fails as a matter of law. The undisputed facts show Skidata does not: (1) operate or use ALPR systems (so the ALPR statute is inapplicable); (2) transact with individuals like Plaintiffs (so the CLRA is also inapplicable); (3) engage in unlawful, fraudulent, or unfair conduct under the UCL; (4) owe Plaintiffs any duty and is not liable for negligence; (5) violate any state constitutional privacy rights as there is no reasonable expectation of privacy in license plate data; or (6) participate in a "joint action" with other Defendants.

---

[2] Plaintiffs should have discovered how fundamentally flawed and factually incorrect their claims against Skidata are had they conducted a proper pre-filing investigation or reviewed materials they had in their possession before the filing of their First or Second Amended Complaints. Plaintiffs conducted no such investigation and continue to plow forward with their factually ridiculous claims against Skidata as discussed in Skidata's pending Rule 11 Motion. *See* Dkt. 169.

2

SKIDATA AND SENTRY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

48686500

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

Plaintiffs have reached the end of the road.  They had 20 months and four shots to establish their claims, and they have not.  Time to park this lawsuit.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

### Skidata Sells And Installs ALPR Systems

Skidata provides parking management solutions.  *See* Separate Statement of Undisputed Material Facts ("UMF") 1.  In or about 2019, Skidata acquired and integrated Sentry which previously functioned as the distributor of Skidata's parking management solutions in California.  *See* UMF 2-3.

Skidata sells its products (including ALPR systems) to shopping centers, airports, sport stadiums, amusement parks, and similar entities worldwide.  *See* UMF 1.  Skidata also installs its products for its customers.  *See id.*

Skidata supplied and installed the ALPR systems in use at four shopping centers referenced by Plaintiffs.  *See* UMF 4.  These shopping centers are: (1) Century City Westfield Mall (system installed in 2017); (2) Beverly Center (system installed in 2018); (3) the Grove (system installed in 2018); and (4) San Diego Westfield UTC (system installed in 2019) (collectively, the "Malls").[3]  *See id.*  The ALPR system at each Mall is physically located at the Malls' respective parking facility – not in any Skidata office or facility.  *See* UMF 8.  The ALPR systems are configured according to the Mall's preferences.  *See* UMF 19.  Each Mall's operator (not Skidata) owns and/or operates the ALPR system installed at its parking facility.  *See* UMF 7.

Skidata does not provide parking services to visitors of the Malls, does not know who are the visitors of the Malls, and has no relationship with any of those the Malls' visitors.  *See* UMF 5.

---

[3] Skidata did not supply ALPR systems to any of the other shopping centers identified in the Corrected SAC.  *See* UMF 21.

3

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

**Skidata Does Not Collect, Maintain, Transmit, Share, Or Use ALPR Data**

Skidata does not have possession, custody, or control of the ALPR systems in use at the Malls. *See* UMF 6. Skidata does not operate or monitor the ALPR systems at the Malls. *See* UMF 10-11. The only time Skidata potentially accesses any ALPR data is in connection with service or maintenance requests from the Malls' operators. *See* UMF 11.

Skidata does not maintain or collect ALPR data. *See* UMF 27-28. Skidata's business is the sale and installation of parking management solutions (including ALPR systems). *See* UMF 1. Skidata's business is not the maintenance, collection, selling, transmission, or other use of ALPR data. *See* UMF 27. Further, the Mall's operator – not Skidata – decides how long any ALPR data collected by the system is retained as the operator (not Skidata) owns and operates the ALPR system. *See* UMF 6-7, 19.

Skidata also does not obtain or collect personal information of the Malls' visitors. *See* UMF 16-17. Skidata neither obtain nor collect such information given that it does not: (1) own or operate the ALPR systems in use at the Malls' parking facilities; (2) operate the Malls' parking facilities; or (3) offer parking services to the Malls' visitors. *See* UMF 1, 5, 10. Skidata never associates any ALPR data from the Malls with a Mall visitor's name, address, telephone number, travel patterns and geolocations, make of car, photographic images, or DMV records. *See* UMF 18. Skidata does not have any contracts or agreements with the Malls under which it provides ALPR data that is associated with such personal information. *See id.* The ALPR systems in use at the Malls are not designed to collect, retain, or maintain a record of such personal information. *See* UMF 20. Rather, the ALPR systems assist in the entry into and exit from a Mall's parking facility. *See* UMF 9.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

SKIDATA AND SENTRY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

48686500

Any sharing or transmission of a Mall's ALPR data involving Skidata is limited to system improvement or maintenance. *See* UMF 14. Skidata never uses or shares any Mall operator's ALPR data for marketing or demographics purposes (including, but not limited to, geo-targeting and profiling and credit modeling). *See* UMF 15. Skidata does not own or operate a searchable computerized database that has ALPR data from the ALPR systems in use at the Malls. *See* UMF 12. Skidata also does not offer a software that publishes or broadcasts the ALPR data of those systems to third parties or to the general public. *See* UMF 13.

Skidata has no relationship with any individuals or retailers relating to its ALPR systems. *See* UMF 22-25. Skidata does not sell ALPR systems to or install such systems for individuals or retailers (including Nordstrom's, Bloomingdale's, Gelson's, Macy's, LexisNexis, and similar retailers or data aggregators). *See* UMF 22-23. It does not have contracts or agreements with individuals or retailers (including Nordstrom's, Bloomingdale's, Gelson's, Macy's, LexisNexis, and similar retailers or data aggregators) that involve the collection, transmission, sale, or use of ALPR data. *See* UMF 22, 25. Skidata never collected ALPR data for, shared ALPR data with, transmitted ALPR data to, or allowed access into ALPR systems that Skidata sold and installed by Nordstrom's, Bloomingdale's, Gelson's, Macy's, LexisNexis, and similar retailers and data aggregators. *See* UMF 24. No connections exist between Skidata and any individual or retailer (including Nordstrom's, Bloomingdale's, Gelson's, Macy's, LexisNexis, and similar retailers or data aggregators) relating to any ALPR system or data. *See* UMF 22-25.

**Plaintiffs Allegedly Visited The Malls And Used Their Parking Facilities**

The Corrected SAC alleges that five of the six named Plaintiffs visited one of the Malls and used its parking facility between April 16, 2019, and April 16, 2020. *See* Dkt. 189, ¶¶ 38-103. Areliz Navarro allegedly visited the Beverly Center, Jina Howell and Sevindzh Gasanova allegedly visited Century City Westfield Mall, Leilani Ross allegedly visited San Diego Westfield UTC, and

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

Cristian Rodriguez allegedly visited the Grove.  *See id.*  Alvaro Navarro did not visit any of the Malls.  *See* Dkt. 189, ¶¶ 23-37.

## PROCEDURAL HISTORY

### Plaintiffs Sue 19 Entities And Individuals

Plaintiffs filed this purported class action in Los Angeles Superior Court on April 17, 2020 against Skidata, Sentry, and 17 other Defendants alleging identical violations of the ALPR statute, the CLRA, the UCL, common law negligence, and the California Constitution.  *See* Dkt. 1.

Defendants include parking management solution providers (Skidata, Sentry, and Park Assist, LLC); owners of shopping centers throughout Southern California (Westfield Property Management, LLC; Westfield, LLC; Brookfield Properties Retail, Inc.; Brookfield Property REIT, Inc.; Glendale I Mall Associates, LP; GGP-Glendale, LLC; Taubman Centers, Inc.; Taubman Company, LLC; Taubman Realty Group Limited Partnership; Caruso Affiliated Holdings, LLC; and The Americana At Brand LLC); and additional individuals and entities who do not appear to have been served (Stefan Schafner; Federal Realty Investment Trust; Simon Property Group, Inc.; and Simon Property Group, L.P.).  *See id.*

Defendant Park Assist, LLC removed this case on August 14, 2020.  *See id.*  The Court denied Plaintiffs' motion to remand on April 7, 2021.  *See* Dkt. 73.

Defendants moved to dismiss the Complaint on May 7, 2021.  *See* Dkt. 77-83.  Plaintiffs filed a First Amended Complaint ("FAC") on June 1, 2021 before the Court ruled on the motions to dismiss.  *See* Dkt. 93.

Defendants moved to dismiss the FAC on June 14, 2021.  *See* Dkt. 97-104.

### The Court Grants Defendants' Motions To Dismiss The FAC

The Court granted Defendants' motions to dismiss the FAC with leave to amend on August 12, 2021.  *See* Dkt. 130.  The Court dismissed all of the causes of action in the FAC as Plaintiffs' numerous pleading deficiencies proved fatal to their claims.  *See id.*  The Court found that:

SKIDATA AND SENTRY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

48686500

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

- Plaintiffs "entirely failed to allege factual content supporting the elements of their causes of action" including each Defendant's involvement in operating and profiting from the alleged ALPR databases, *see id*. at 4;

- Plaintiffs asserted "only in conclusory terms" how they were affected by Defendants' allegedly unauthorized use of their ALPR data and "allege[d] no facts" to support the conclusions that they were tracked, received marketing or advertising, had to obtain credit monitoring, suffered loss of value in their ALPR data, or experienced "a future risk of identity theft," *see id*; and

- Plaintiffs failed to adequately allege how they were harmed by Defendants' allegedly unauthorized use of their ALPR data, *see id*. at 4-5.

Plaintiffs filed their Second Amended Complaint ("SAC") on August 30, 2021 (*see* Dkt. 131), and on September 27, 2021, Skidata, Sentry, and 11 other Defendants moved to dismiss the SAC.  *See* Dkt. 136-142.[4]

The Court held a hearing on November 22, 2021 regarding the motions to dismiss.  *See* Dkt. 180; *see also* Declaration of Eric J. Bakewell ("Bakewell Decl."), Ex. 1 (Hearing Transcript) at 4:25-5:1.  The Court: (1) deferred ruling on the motions; and (2) invited Defendants to file summary judgment motions.  *See id.*

On December 20, 2021, Plaintiffs filed a Corrected Second Amended Complaint ("Corrected SAC").[5]  *See* Dkt. 189.  Plaintiffs assert eight causes of action against Skidata: (1) four claims under California's ALPR statute, Cal. Civ. Code §§ 1798.90.5, et seq.; (2) a claim under California's Consumer Legal

---

[4] Skidata and Sentry also challenged the SAC through its November 22, 2021 Rule 11 motion (*see* Dkt. 169) which remains pending after the Court deferred ruling on the motion.  *See* Dkt. 181.

[5] The Corrected SAC is Plaintiffs' fourth attempt to plead their claims.  The purported "corrections" do not fix the widespread deficiencies in Plaintiffs' allegations and introduce additional confusion (for example, by having two paragraphs numbered 14 and 15).  *See* Dkt. 189 at 4-5.  References to paragraph 15 of the Corrected SAC in this Motion refer to correctly numbered paragraph 15.

7

48686500

Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq.; (3) a claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; (4) a common law negligence claim; and (5) a claim for violation of the California Constitution right to privacy. *See generally* Corrected SAC.

## ARGUMENT

No reasonable factfinder could find Skidata liable on any of Plaintiffs' claims. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (noting the "mere existence of a scintilla of evidence" is insufficient to create a genuine issue for trial). Plaintiffs have no evidentiary support for the wild allegations that Skidata collected and distributed Plaintiffs' private information without authorization and that Plaintiffs suffered actual harm as a result. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (stating a nonmoving party must "make a sufficient showing on an essential element of his case with respect to which he has the burden of proof" in opposing summary judgment); *Underwager v. Channel 9 Austl.*, 69 F. 3d 361, 365 (9th Cir. 1995) (affirming summary judgment where the nonmoving party failed to make a sufficient showing on an essential element).

Plaintiffs' claims fail for multiple reasons. First, Skidata is the wrong defendant because it only sells and installs ALPR systems and does not: (1) use, own, or operate them; or (2) collect, transmit, or sell ALPR data. Second, Plaintiffs cannot come close to establishing actual harm to Plaintiffs caused by Skidata's actions. Third, each individual claim is defective. Accordingly, summary judgment should be granted.[6]

---

[6] Alternatively, partial summary judgment should be granted on any claim where there is no genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a) (authorizing summary adjudication or "partial summary judgment that falls short of a final determination" to "limit the issues to be tried"); *Interiano v. Colonial Life &*

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

SKIDATA AND SENTRY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

48686500

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

## I.    SKIDATA IS NOT A PROPER DEFENDANT AND CANNOT BE LIABLE ON PLAINTIFFS' CLAIMS

Each of Plaintiffs' claims rests on entirely unsubstantiated and demonstrably false allegations that Skidata owns and operates ALPR systems (*see, e.g.,* Dkt. 189, ¶¶ 17, 228), operates parking facilities (*see, e.g.*, Dkt. 189 ¶¶ 40, 389), and collects and sells Plaintiffs' ALPR data and personal information to third parties (*see, e.g.*, Dkt. 189 ¶¶ 38, 52).  None of these allegations are true.

The undisputed evidence demonstrates the ridiculousness and falsity of Plaintiffs' allegations about Skidata.  Marco Ovando (a Skidata Senior Systems Engineer) provides sworn testimony that squarely refutes and contradicts Plaintiffs' allegations.  *See* Ovando Declaration of December 22, 2021 ("Ovando Decl.").[7]  The Ovando Decl. submitted in support of this motion provides substantial information about what Skidata does and does not do in connection with ALPR systems.  *See id.*  For example:

- Skidata is not the operator, owner, or user of the ALPR systems installed at the Malls, *see* UMF 10-11;

- Skidata neither provides parking services to nor has any relationship with the Malls' visitors, *see* UMF 5;

- Skidata does not obtain or collect personal information, UMF 17;

- Skidata does not access the Malls' ALPR data other than in response to the occasional service or maintenance request from the Malls; *see* UMF 11;

- Skidata does not operate or monitor the Malls' ALPR systems, *see* UMF 10-11;

---

*Accident Ins. Co.*, 460 F. Supp. 3d 945, 957 (C.D. Cal. 2020) (granting plaintiff's motion for partial summary judgment).

[7] Skidata served a first Ovando Declaration on February 19, 2021 – over three months before Plaintiffs filed the FAC and six months before the SAC was filed. *See* Dkt. 169-1, Ex. 1.

9

- Skidata never uses, shares, transmits, sells, or otherwise use any Mall operator's ALPR data for marketing or demographics purposes, *see* UMF 15; and

- Skidata has no relationship relating to ALPR with any of the retailers and data aggregators listed in the Corrected SAC. *See* UMF 22-25.

No reasonable jury could find that Skidata is more than what it is: a seller and installer of ALPR systems that is in no way liable for any of the purported wrongdoings alleges by Plaintiffs. *See, e.g.*, *Romito v. Red Plastic Co.*, 38 Cal. App. 4th 59, 66-67 (1995) (holding a skylight manufacturer not liable given its "total lack of control over various external factors affecting the risk of harm"); *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal. App. 4th 472, 482 (1996) (holding no liability for banks that owed no duty to third-party "strangers").  Each claim is factually and legally defective because: (1) Skidata does not operate, own, or use ALPR systems; (2) Skidata does not transact with Plaintiffs; (3) Skidata has not violated the ALPR statute or the CLRA or engaged in any conduct affecting Plaintiffs, (4) Skidata has no relationship whatsoever with Plaintiffs; (5) Skidata has no relationship with retailers or data aggregators that involves ALPR data; and (6) Skidata does nothing that invades Plaintiffs' privacy. *See infra* § III.

## II.   SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE PLAINTIFFS SUFFERED NO ACTUAL HARM

Plaintiffs' claims all fail because: (1) each claim requires actual harm; (2) Plaintiffs' alleged harms are not legally cognizable harms; and (3) Plaintiffs cannot show causation.

### A.   All Of Plaintiffs' Claims Require Actual Harm

Each of Plaintiffs' claims has an actual harm requirement – as the Court recognized when it dismissed the FAC.  *See* Dkt. 130 at 3-4.  Therefore, Plaintiffs must show actual harm resulting from Skidata's actions.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

10

The plain language of the ALPR statute requires a showing of actual harm. *See* Cal. Civ. Code § 1798.90.54 (providing a private right of action for "an individual who has been harmed by a violation of this title"). More than a technical violation of is needed. *See*, *e.g.*, *K.C. v. Superior Ct.*, 24 Cal. App. 5th 1001, 1012 n.4 (2018) ("[W]here the Legislature uses two different words in the same sentence, we assume it intended the words to have different meanings."). The statute's legislative history also makes clear that something more than a violation of the statute (without the requisite "harm") is needed to pursue a claim. The December 1, 2014 version of Senate Bill 34 (the bill that became the ALPR Statute) states that an individual harmed may bring a civil action against a person "who knowingly caused *that violation*."[8] By contrast, a later version of the bill and what ultimately became the law replaced the words "that violation" with "*the harm*."[9] The change from "violation" to "harm" demonstrates the Legislature's intent to require actual "harm" (and not just a statutory violation) for there to be a civil claim.

The CLRA, UCL, and common law negligence claims also each require a showing of actual harm. *See* Cal. Civ. Code § 1780 ("Any consumer who suffers any damage . . . may bring an action against that person."); Cal. Bus. & Prof. Code § 17204 ("Actions for relief' require that the plaintiff has "suffered injury in fact and has lost money or property as a result of the unfair competition."); *Chulick-Perez v. CarMax Auto Superstores Cal., LLC*, 71 F. Supp. 3d 1145, 1148 (E.D.

---

[8] *See* Senate Bill 34, 2015-2016 Reg. Sess. (2014) (introduced), https://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=201520160SB34 (emphasis added).

[9] *See* Senate Bill 34, 2015-2016 Reg. Sess. (2015) (as amended by the Comm. on Privacy & Consumer Prot.), https://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=201520160SB34 (emphasis added).

11

SKIDATA AND SENTRY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

48686500

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

Cal. 2014) (holding deprivation of money or property is required under the UCL); *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011) (stating a UCL claim can only be brought when there has been a loss of "money or property"); *Vasilenko v. Grace Fam. Church*, 3 Cal. 5th 1077, 1083 (2017) (finding damages are an element of negligence).

Similarly, Plaintiffs' California constitutional privacy claim also requires a serious invasion of privacy.  *See Heller v. NorCal Mu. Ins. Co.*, 8 Cal. 4th 30, 44 (1994) (dismissing constitutional right of privacy claim where alleged privacy invasion was insufficiently serious to constitute an actionable injury); *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 37 (1994) ("Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right.").

## B.    Plaintiffs' Alleged Harms Are Insufficient As A Matter Of Law

The harms Plaintiffs allege in the Corrected SAC are insufficient as a matter of law to support Plaintiffs' claims.  Plaintiffs' allegations of future harm, identity theft, and emotional distress are not legally cognizable harms.

### 1.    Theoretical Future Harm Is Insufficient To Establish Actual Harm

None of the future harms Plaintiffs purportedly suffer ("future identity theft," "out of pocket mitigation expenses" to prevent future harm, and "a loss of value" in their ALPR data) can sustain Plaintiffs' claims.  *See, e.g.*, Dkt. 189, ¶ 38. These harms are all theoretical and not concrete.

Plaintiffs cannot demonstrate harm on grounds that they "face[] future identity theft" because such harm is insufficient for negligence, UCL, and CLRA claims.  *See In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 966 (S.D. Cal. 2012) (stating that heightened risk of identity theft does not suffice as injury under the CLRA and UCL because missing "personal information" does not constitute lost money or property); *Ruiz v. Gap*,

12

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

48686500

622 F. Supp. 2d 908, 913 (N.D. Cal. 2009) (granting summary judgment because "increased risk of future identify theft" does not "rise to the level of appreciable harm necessary to assert a negligence claim" under California law); *see also Aas v. Superior Ct.*, 24 Cal. 4th 627, 646 (2000) (stating "speculative harm or the threat of future harm does not normally suffice to create a cause of action").

Plaintiffs also cannot establish actual harm by pointing to alleged "out of pocket mitigation expenses" because such harm is not legally cognizable for negligence, UCL, and CLRA claims. *See In re Sony*, 903 F. Supp. 2d at 966 (holding that time and money spent on mitigation of risk of identity theft does not suffice as injury under the UCL or CLRA); *Ruiz*, 622 F. Supp. 2d at 914 (granting summary judgment on negligence claim where plaintiff could only establish a "significant risk" that his personal information was exposed despite alleging costs associated with monitoring and repairing his credit); *Ruiz v. Gap, Inc.*, 2009 WL 250481 (N.D. Cal. Feb. 3, 2009) ("[I]t is far from clear that the time and expenditure associated with monitoring one's credit is the kind of loss of money or property necessary for standing to assert a claim under section 17200.").

Alleging loss of value in their ALPR data similarly gets Plaintiffs nowhere as to establishing actual harm. Loss of value in data is not a legally cognizable harm. *See, e.g.*, *In re Facebook, Inc., Consumer Privacy User Profile Litig.*, 402 F. Supp. 3d 767, 784 (N.D. Cal. 2019) ("Regarding loss of value, although it's true that each user's information is worth a certain amount of money to Facebook and the companies Facebook gave it to, it does not follow that the same information, when not disclosed, has independent economic value to an individual user."); *Bass v. Facebook, Inc.*, 394 F. Supp. 3d 1024, 1040 (N.D. Cal. 2019) (dismissing UCL and CLRA claims where plaintiff could not show that his allegedly exposed personal information had economic value to him personally).

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

13

SKIDATA AND SENTRY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

48686500

## 2. Alleged Identity Theft Is Insufficient To Establish Actual Harm

Plaintiffs' allegations in the Corrected SAC that certain Plaintiffs suffered "actual identity theft and fraud." *See, e.g.*, Dkt. 189, ¶ 75. But, Plaintiffs do not allege that these events led to a pecuniary loss. *See In re Sony*, 903 F. Supp. 2d at 962 (holding that "mere allegations of exposure of a plaintiff's personal information are insufficient to establish a cognizable injury" where no plaintiff alleges identify theft "causing a pecuniary loss"). Only Plaintiffs Howell and Gasanova allege anything more specific than generalized "identity theft" (they allegedly sustained "unauthorized charges"), but they still do not allege economic loss. *See, e.g.*, Dkt. 189, ¶¶ 53, 56, 66; *see also* UMF 17. Howell alleges an "unauthorized charge in the amount of $2,000" that led her to "obtain a new credit card," but she does not claim that the charge actually resulted in a $2,000 loss to her. *Id.* ¶¶ 53, 56. Most credit card companies refund (or never complete) unauthorized card charges. Obtaining a new credit card was likely free to Howell and is certainly not an "actual injury" for which Skidata (which neither collects nor obtains credit card information, *see* UMF 17) should be held monetarily responsible.

## 3. Alleged Emotional Distress Is Insufficient To Establish Actual Harm

Plaintiffs also cannot show actual harm with vague and conclusory allegations of emotional distress. *See*, *e.g.*, Dkt. 189, ¶ 46.

Plaintiffs' alleged emotional distress does not satisfy actual harm or damages requirements for statute-based private rights. *See Cooper v. F.A.A.*, 816 F. Supp. 2d 778, 791-92 (N.D. Cal. 2008) (granting summary judgment as to Privacy Act claim because emotional distress allegedly suffered by plaintiff did not qualify as "actual damages"); *Ryan v. Foster& Marshall, Inc.*, 556 F. 2d 460, 464 (9th Cir. 1977) (holding that "[a]ctual damages mean some form of economic loss"

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

48686500

in the context of a Securities Act claim where plaintiff alleged mental suffering); *Burnthorne-Martinez v. Sephora USA, Inc.*, 2016 WL 6892721, at \*6 (N.D. Cal. Nov. 23, 2016) (holding "general and conclusory" allegations of emotional distress were "insufficient to sustain a claim" under the Fair Credit Reporting Act). Plaintiffs' vague claims of emotional distress are insufficient to support a claim for damages. *See, e.g., Holly v. Alta Newport Hosp., Inc.*, 2020 WL 1853308, at \*6 (C.D. Cal. Apr. 10, 2020) (dismissing negligence and breach of contract claims for lack of cognizable harm where plaintiffs alleged increased risk of identity theft, improper disclosure of personal information, value of time and expenses spent mitigating increased risk of identity theft, and decreased value of personal information).

Moreover, the type of vague emotional distress Plaintiffs claim does not qualify as actionable harm even if Plaintiffs provided evidentiary support for their allegations. Plaintiffs' allegations are limited to "concern" about identity theft and fraud and "anxiety about unauthorized parties viewing, selling, and/or using [their] Private Information for purposes of marketing, identity theft, or fraud." *See, e.g.*, Dkt. 189, ¶¶ 46, 60. But, generalized "anxiety" and fear of victimization at the hands of unnamed "parties" is not enough to turn alleged emotional distress damages into actual harm. *See Campbell v. Anniemac Home Mortg.*, 2017 WL 8180578, at \*2 (C.D. Cal. Feb. 23, 2017) (dismissing Fair Credit Reporting Act ("FCRA") claim for lack of damages where plaintiff alleged she "suffered emotional distress, humiliation and embarrassment" from defendant's conduct, and that she had "apprehension that her most private financial information is now in the hands of persons she does not know" whom she did not authorize to access her credit); *Crisafulli v. Amertias Life Ins. Corp.*, 2015 WL 1969176, at \*4 (D.N.J. Apr. 30, 2015) (dismissing FCRA claim for lack of damages where plaintiff's "bald assertion of emotional distress including anxiety, fear of being victimized,

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

15

harassment and embarrassment is unexplained by any facts at all, let alone facts plausibly suggesting emotional injury").

C. **There Is No Causal Link Between Skidata And Any Purported Harm**

Plaintiffs' claims fail because Plaintiffs have not – and cannot – show a plausible link between Skidata's alleged actions and any of the purported "actual" harms suffered by Plaintiffs. Plaintiffs do not even attempt to explain how Skidata, a seller and installer of parking management solutions that does not operate ALPR systems and does not collect or obtain personal information (*see* UMF 10-11, 16-18): (1) tracked and stored Plaintiffs' private information, *see, e.g.*, Dkt. 189, ¶ 52; (2) improperly shared it with third parties, *see, e.g.*, *id.*, ¶¶ 40, 65; (3) caused unauthorized communications and credit card charges to Plaintiffs (made by unnamed parties) by their improper sharing, *see, e.g.*, *id.*, ¶¶ 53, 66; and (4) somehow caused Plaintiffs' anxiety over apparently unknown third parties using Plaintiffs' private information for vague unspecified purposes like "marketing, identity theft, or fraud," *see, e.g.*, *id.*, ¶¶ 46, 60. *See Brown v. USA Taekwondo*, 11 Cal 5th 204, 213 (2021) (stating plaintiffs must show a causal link between defendants' actions and plaintiffs' alleged harm to establish negligence); *Tucker v. Pac. Bell Mobile Servs.*, 208 Cal. App. 4th 201, 222 (2012) (noting that the CLRA requires plaintiffs to show "that the deception caused them harm"); *In re Firearm Cases*, 126 Cal. App. 4th 959, 978 (2005) (noting a link between a defendant's conduct and the alleged harm must exist in a UCL case because "[w]ithout evidence of a causative link between the unfair act and the injuries or damages, unfairness by itself merely exists as a will-o'-the-wisp legal principle"); *cf. Taylor v. Wells Fargo Bank*, 2010 WL 11552929, at *6 (C.D. Cal. Sept. 15, 2010) ("If there are no damages, there is no liability. Proof of damages is typically a required element of a claim or cause of action.").

48686500

Plaintiffs' silence on how Skidata's alleged conduct is connected to their so-called actual harms is particularly notable given Skidata's lack of connection to Plaintiffs. The undisputed facts show Skidata: (1) never provided parking services to Plaintiffs – and so never required them to provide personal information as a predicate to receiving parking services – and has no relationship with them, *see* UMF 5, 16, 22; (2) has no possession, custody, or control of the ALPR systems at issue in this case and does not operate or monitor the ALPR systems on a day-to-day basis, *see* UMF 6, 10-11; (3) does not collect, maintain, transmit, share, or otherwise use ALPR data for marketing and demographics purposes, *see* UMF 14-15; and (4) has no relationship with any individuals or retailers relating to its ALPR systems, *see* UMF 22-25.

## III. SKIDATA IS ENTITLED TO SUMMARY JUDGMENT WITH RESPECT TO EACH OF PLAINTIFFS' CLAIMS

Separately, there is no genuine dispute of material fact with respect to any of Plaintiffs' claims against Skidata, and Skidata is entitled to summary judgment as a matter of law on each claim for several other reasons.

### A. Plaintiffs Cannot Establish A Claim Under The ALPR Statute

Skidata cannot be held liable under the ALPR statute because the undisputed facts show that Skidata only sells and installs ALPR systems and does not "operate" or "use" such systems. *See* UMF 3, 8, 9. The ALPR statute is only applicable to "ALPR operators" and "ALPR end-users." *See* Cal. Civ. Code §§ 1798.90.51, 1798.90.53. The statute defines ALPR operators as "a person that operates an ALPR system," and "ALPR end-user" as "a person that accesses or uses an ALPR system." *See* Cal. Civ. Code §§ 1798.90.5(a), (c). Skidata is neither. *See* UMF 3, 8, 9; *see also United States v. Dipentino*, 242 F.3d 1090, 1096 (9th Cir. 2001) (holding that an "operator" under the Clean Air Act is a person with "significant or substantial or real control and supervision"). Therefore, the ALPR statute does not apply to Skidata.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

17

Plaintiffs' notion that collecting their ALPR data is a "de facto" harm under the ALPR statute has no legal merit, even if the statute applies to Skidata. *See, e.g.*, Dkt. 189, ¶ 236. Plaintiffs ignore that a cause of action under the ALPR statute requires more than a technical violation of the statutory requirements. *See supra* § II. A. Vague and conclusory allegations of identity theft, risk mitigation, and emotional distress, even if supported by evidence, fail to satisfy the statute's actual harm requirement.

Plaintiffs also cannot establish an ALPR claim based on a lack of authorization. *See* Dkt. 189, ¶¶ 276-81. Any such obligation would make no sense given: (1) Skidata's role as seller and installer of ALPR systems; and (2) lack of ownership of the ALPR systems or involvement in the operation of such systems. *See* UMF 1, 5-15. There also is no requirement of prior authorization by drivers of vehicles anywhere in the statute. *See* Cal. Civ. Code §§ 1798.90.51-53; *cf. Adoption of Kelsey S.*, 1 Cal. 4th 816, 827 (1992) (refusing to insert words into a statute because "[d]oing so would violate the cardinal rule that courts may not add provisions to a statute"). That Plaintiffs did not give prior authorization to the ALPR operators for the collection of their information is irrelevant.

### B. Plaintiffs Cannot Establish A CLRA Claim

Plaintiffs' CLRA claim lacks any basis in fact and law. The CLRA does not apply to Skidata because – as Plaintiffs acknowledge (*see* Dkt. 189, ¶ 360) – the CLRA only applies where there has been a transaction for goods and services. *See* Cal. Civ. Code § 1770 (prohibiting "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a *transaction intended to result or that results in the sale or lease of goods or services to any consumer*" (emphasis added). But, the undisputed facts establish that Skidata does not sell ALPR systems to individuals and does not offer parking services to the Malls' visitors. *See* UMF 5.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

18

Moreover, the CLRA is inapplicable because software products like ALPR systems are not a service for the purposes of the CLRA, even assuming that Skidata transacted with Plaintiffs. *See In re Sony*, 903 F. Supp. 2d at 972 ("California law is clear that software is not a tangible good or service for the purposes of the CLRA.").

The CLRA's commercial or business use exclusion also applies and precludes Plaintiffs' CLRA claim based on the Corrected SAC's plain language. *See* Cal. Civ. Code. § 1761(b) ("'Services' means work, labor, and services for other than a commercial or business use"); *see also, e.g.*, Dkt. 189, ¶ 38 Skidata only provides services for commercial or business use. *See* UMF 1, 5, 16, 22.

Additionally, Plaintiffs cannot establish that Skidata owed them a duty to "disclose to parking users how they truly intended to operate the smart parking," "not send ALPR information to third parties for the purposes of . . . marketing and advertisement," and "not capture photographs of the Plaintiffs without consent" given that Skidata does not operate ALPR systems. *See* Dkt. 189, ¶ 363; UMF 10. Skidata also owe no duty to Plaintiffs for the actions of third-party ALPR system operators. *See Morris v. De La Torre*, 36 Cal. 4th 260, 269 (2005) ("As a general matter there is no duty to act to protect others from the conduct of third parties.").

## C.    Plaintiffs Cannot Establish A UCL Claim

Plaintiffs cannot establish a claim under the UCL because: (1) Plaintiffs' UCL claim depends on a finding of a violation of the ALPR statute or the CLRA (which cannot be established); and (2) there is no evidence of unfair or fraudulent conduct. *See* Cal. Bus. & Prof. Code § 17200 ("[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice.").

A UCL claim premised on unlawful conduct requires a legal violation. *See Cel-Tech Commc'ns, Inc. v. L.A Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999) ("[S]ection 17200 'borrows' violations of other laws and treats them as unlawful practices."); *see also Martinez v. Wells Fargo Home Mortg. Inc.*, 598

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

19

F.3d 549, 558 (9th Cir. 2010) (noting UCL claim premised on unlawful conduct must allege a predicate legal violation).  Plaintiffs cannot show that Skidata violated the ALPR statute or the CLRA.  *See supra* §§ I, II and III A.-B.  Accordingly, they cannot establish a claim under the UCL's "unlawful" prong.

Plaintiffs also cannot establish a UCL claim based on "fraudulent" or "unfair" conduct.  The undisputed facts establish that Skidata only sells and installs ALPR systems.  *See* UMF 1.  There is no evidence that suggests that Skidata's business conduct affected Plaintiffs much less evidence that it qualifies as "fraudulent" or "unfair" for the purposes of the UCL.  *See Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 461 F. Supp. 2d 1188, 1195 (C.D. Cal. 2006) (defining conduct as unfair "when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers"); *State Farm Fire & Cas. Co.*, 45 Cal. App. 4th 1093, 1055 (1996) ("The test is whether the public is likely to be deceived").

### D.    Plaintiffs Cannot Establish A Negligence Claim

Plaintiffs' negligence claim fails as a matter of law.  The undisputed facts show that Skidata: (1) sold ALPR system to, and installed the systems at, the Malls – not individuals like Plaintiffs; (2) Skidata does not have possession, custody or control of those ALPR systems; and (3) Skidata does not operate those ALPR systems.  UMF 4-8, 10.  Plaintiffs cannot establish even one element of a negligence claim.  *See Vasilenko*, 3 Cal. 5th 1077 at 1083 ("[P]laintiff in a negligence suit must demonstrate "a legal duty to use due care, a breach of such legal duty, and the breach as the proximate or legal cause of the resulting injury.").

There is no evidence or legal theory that suggests Skidata (an entity that sold and install ALPR systems at the Malls) owes Plaintiffs (alleged visitors of the Malls) a duty of care – an essential element of any negligence claim.  Plaintiffs' argument that a duty "arose generally . . . from, among other things, state and local laws, ordinances and regulations" including the alleged violations of ALPR statute,

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

20

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

the UCL and the CLRA is meaningless given that their claims under these statutes fail for the reasons explained above. Dkt. 189 ¶¶ 389-92; *see supra* §§ I, II, and III A.-C. Plaintiffs' suggestion that a duty arises from the operation of "parking facilities" and "parking transactions" is meritless as well as Skidata never offered parking services to Plaintiffs. Dkt. 189, ¶¶ 389, 401; *see* UMF 5.

Plaintiffs also cannot establish a breach of duty. Their theory that Skidata breached a duty to Plaintiffs "by failing to collect, maintain, and disseminate ALPR information . . . in accordance with statutes" has zero evidentiary support. Dkt. 189 ¶ 391. Skidata does not collect, maintain or disseminate ALPR information. *See* UMF 10-15.

Plaintiffs also fail to establish causation and harm. Plaintiffs cannot plausibly explain, much less support with evidence, how a seller and installer of parking management solution that does not operate ALPR systems and does not collect or obtain personal information somehow caused alleged injuries to shopping mall visitors with whom it as no relationship whatsoever. *See also supra* § II.A-C.

Moreover, the economic loss doctrine bars any negligence claim because Plaintiffs only seek economic losses without alleging physical injury to property. *See Elsayed v. Maserati N. Am., Inc.*, 215 F. Supp. 3d 949, 961 (C.D. Cal. 2016) (noting that in "the absence of (1) personal injury, (2) physical damage to property, (3) a 'special relationship' existing between the parties, or (4) some other common law exception to the rule, recovery of purely economic loss is foreclosed"). Plaintiffs neither allege nor have evidence of any physical injury, personal injury damages, or damage to any property. Rather, Plaintiffs' alleged damages are limited to economic damages. *See, e.g.*, Dkt. 189, ¶¶ 38-50, 398. Plaintiffs could only avoid the economic loss doctrine if there is a "special relationship between the parties," but the notion of any "special relationship" between Plaintiffs and Skidata is just as implausible as the existence of a duty of care. *See* Dkt. 189, ¶¶ 369, 389;

<div align="center">21</div>

*Dep't of Water & Power of City of L.A. v. ABB Power T & D Co.*, 902 F. Supp. 1178, 1190 (C.D. Cal. 1995) (holding that the economic loss doctrine barred plaintiffs' negligence claim).

Plaintiffs' negligence *per se* theory fares no better.  A negligence *per se* claim requires a showing that the defendant violated a statute, ordinance, or regulation (in addition to causation and damages).  *See Safari Club Int'l v. Rudolph*, 862 F.3d. 1113, 1126 (9th Cir. 2017) (holding that a claim for negligence *per se* requires showing: (1) a defendant violated a statute, ordinance, or regulation; (2) the violation proximately caused injury; (3) the injury resulted from an occurrence the enactment was designed to prevent; and (4) the plaintiff was a member of the class of persons the statute was intended to protect). Plaintiffs can make no such showing.  *See supra* §§ I., II., and III.A-C.

### E.    Plaintiffs Cannot Establish A Privacy Claim

Plaintiffs also have no facts or law supporting their privacy claim under the California Constitution because there is no reasonable expectation of privacy in license plate information.  *See Hill*, 7 Cal. 4th at 35-37 (1994) (stating elements of "a state constitutional cause of action for invasion of privacy" are: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) conduct by the defendant that amounts to a serious invasion of the protected privacy interest).

There is no reasonable expectation of privacy in license place information because license plates are in plain view of all passersby.  *See Lorenzana v. Superior Court.*, 9 Cal. 3d 626, 629 (1973) ("A sidewalk, pathway, common entrance or similar passageway offers an implied permission to the public to enter which necessarily negates any reasonable expectancy of privacy."); *Aisenson v. Am. Broad. Co.*, 220 Cal. App. 3d 146, 163 (1990) (holding no reasonable expectation of privacy where plaintiff was filmed while walking to his car across the street from his house); *see also United States v. Diaz-Castaneda*, 494 F.3d

22

48686500

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

1146, 1151 (9th Cir. 2007) ("We agree that people do not have a subjective expectation of privacy in their license plates, and that even if they did, this expectation would not be one that society is prepared to recognize as reasonable.").

Plaintiffs' claim has no merit even if Plaintiffs can demonstrate a reasonable expectation of privacy in their license plate information. There is no evidence that Skidata is involved in the alleged "invasions of privacy." *See* UMF 5-9, 14-15, 17-18, 20). Additionally, capturing license plate information would not constitute an egregious violation of a social norm considering that courts routinely permit the collection and disclosure of comparatively more "private" information than license plate information. For example, court have permitted: (1) the disclosure of unique device identifier number, personal data, and geolocation information from plaintiffs' devices, *see In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1064 (N.D. Cal. 2021); (2) the disclosure of LinkedIn IDs and profile pages, *see Low*, 900 F. Supp. 2d at 1025; (3) the commingling and dissemination of personal identifying information, *see In re Google, Inc. Priv. Pol'y Litig.*, 58 F. Supp. 3d 968, 987 (N.D. Cal. 2014); (4) conduct caused theft of plaintiffs' social security numbers*, see Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1128 (N.D. Cal. 2008); and (5) obtaining plaintiffs' addresses for marketing*, see Folgelstrom v. Lamps Plus, Inc.*, 195 Cal. App. 4th 986, 992 (2011).

There is no proper privacy claim premised on the alleged capture of Plaintiffs' license place information.

### F. <u>Plaintiffs Cannot Establish A Claim Based On Any Secondary Liability</u>

All variants of Plaintiffs' secondary liability claim (*see, e.g.*, Dkt. 189 ¶¶ 15A, 17, 106) fail as a matter of law as no genuine dispute of material exists to show that Skidata engaged in some nefarious "joint action" with other Defendants.

Plaintiffs have no evidence supporting an aiding and abetting claim. *See Hooked Media Grp., Inc. v. Apple Inc.*, 55 Cal. App. 5th 323, 333 (2020) (holding

23

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

48686500

that an aiding and abetting claim requires evidence that defendants knew of a breach of fiduciary duty and provided assistance or encouragement to aid in the breach). The undisputed facts establish that Skidata only sold ALPR systems to and installed the systems at the Malls, and Skidata's business relationship with the operators of the Malls are limited to the provision of Skidata's parking management solution. *See* UMF 4, 26. There is no scheme at work through which Skidata collects, transmits or sells ALPR data. *See* UMF 15, 22, 24, 25.

Similarly, Plaintiffs cannot establish an agency relationship. *See* Dkt. 189 ¶¶ 15, 19, 108. Skidata does not exercise control over the Malls, nor do Malls have control over Skidata. *See United States v. Bonds*, 608 F.3d 495, 506 (9th Cir. 2010) ("An agent is one who acts on the principal's behalf and subject to the principal's control. To form an agency relationship, both the principal and the agent must manifest assent to the principal's right to control the agent."). Skidata's business relationship with the Malls is limited to the provision of Skidata's parking management solution. *See* UMF 26. Skidata is not a representative of the Malls (Skidata's customers) and is in no way acting on their behalf. *Id.*

Plaintiffs' attempt to make Skidata responsible for the acts of the Malls under a theory of respondeat superior (*see* Dkt. 189, ¶¶ 15A, 17) also fails as a matter of law because any allegation that Skidata is the Malls' employer is absurd. *See United States v. Town of Colo. City*, 935 F.3d 804, 808 n.3 (9th Cir. 2019) (defining respondeat superior as the "doctrine holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of employment or agency"); *see also* UMF 26.

Plaintiffs' civil conspiracy and alter ego claims cannot save Plaintiffs. Plaintiffs do not and cannot provide evidence to show even a single element needed to establish a claim based on a civil conspiracy theory or an alter ego theory. *See Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 511 (1994) (stating the elements of a civil conspiracy claim are "the formation and

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

24

48686500

operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design"); *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1581 (1995) (noting that a civil conspiracy requires "[t]he conspiring defendants must also have actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose"); *Leek v. Cooper*, 194 Cal. App. 4th 399, 415 (2011) ("To recover on an alter ego theory, a plaintiff . . . must allege sufficient facts to show a unity of interest and ownership, and an unjust result if the corporation is treated as the sole actor.").

## CONCLUSION

For the reasons discussed above, the Court should: (1) grant summary judgment on all of Plaintiffs' claims; or, in the alternative; (2) grant partial summary judgment on those claims as to which the undisputed material facts preclude recovery by Plaintiffs.

Dated:  December 22, 2021

WILLKIE FARR & GALLAGHER LLP

By: */s/ Eric J. Bakewell*
      Eric J. Bakewell

Attorneys for Defendants SKIDATA, INC. and SENTRY CONTROL SYSTEMS, LLC

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

25

SKIDATA AND SENTRY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

48686500