**LINDEMANN LAW FIRM, APC**
BLAKE J. LINDEMANN (SBN 255747)
DONNA R. DISHBAK (SBN 259311)
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone: (310) 279-5269
Facsimile:  (310) 300-0267
E-mail: blake@lawbl.com

*Attorneys for Plaintiffs and the
Proposed Classes*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ALVARO NAVARRO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SKI DATA, INC., a Delaware Corporation, *et al.*,<br><br>Defendants. | Case No.: 2:20-cv-07370-SVW-SK<br><br>Judge:  Hon. Stephen V. Wilson<br>Magistrate Judge: Hon. Steve Kim<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' CONSOLIDATED MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT; CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>[*Relates to Dkt. Nos. 190, 191, 192, 193, 194, 195, 196, 197, 198, 199*]<br><br>Date:   January 24, 2022<br>Time: 1:30 p.m.<br>Ctrm:   10A |

## **TABLE OF CONTENTS**

I.     INTRODUCTION.............................................................................1

II.    STATEMENT OF FACTS............................................................3

       A.   The California Legislature Passes §1798 (SB34) To Address Significant Invasions of Privacy Brought about by New ALPR Technology .................................................................3

       B.   The Defendants did not receive authorization before collecting and using Class Members' ALPR Data .................3

III.   RULE 56 STANDARD ................................................................5

IV.    THE DEFENDANTS HAVE NOT NEGATED HARM WITH RESPECT TO PLAINTIFFS' § 1798 CLAIMS, COUNTS 1-4 ..6

       A.   Defendants Have Failed to Negate Harm Pursuant to § 1798.8

            1.   Plaintiffs Have Established Harm Pursuant to § 1798 ..8

            2.   Plaintiffs Have Established Harm Irrespective of § 1798's Interpretive Clause.............................................9

            3.   There is no statutory requirement of harm as to certain of the remedies in Plaintiffs' Counts 1 through 4. ......12

V.     PLAINTIFFS HAVE ADEQUATELY ESTABLISHED THEIR CLRA AND UCL CLAIMS, COUNTS 5 AND 6........................12

       A.   Plaintiffs Have Established Facts to Establish Injury Under the UCL ...................................................................12

       B.   Plaintiffs Have Established that they Purchased a "Service" under the CLRA.................................................14

       C.   Plaintiffs Have an Adequate Remedy Under the UCL..........15

VI.    PLAINTIFFS HAVE ESTABLISHED A CLAIM FOR NEGLIGENCE .........................................................................17

       A.   Defendants Proximately Caused Plaintiffs Harm..................17

       B.   Plaintiffs' Negligence Claim Is Not Barred by the Economic Loss Rule ...............................................................17

VII.   PLAINTIFFS HAVE ESTABLISHED A CONSTITUTIONAL PRIVACY VIOLATION................................................................19

VIII.  PLAINTIFFS' CLRA LETTER PROVIDED SUFFFICIENT NOTICE.....................................................................................21

IX.    THE BROOKFIELD DEFENDANTS DID NOT OBTAIN CONSENT ..................................................................................22

X.      THE DEFENDANTS' CONDUCT WAS "KNOWING"...........23

XI.     IT IS PREMATURE AND PROCEDURALLY IMPROPER TO STRIKE THE REMEDY TO STRIKE PLAINTIFFS' LIQUIDATED DAMAGES REMEDY........................................27

XII.    SUBJECT MATTER JURISDICTION SHOULD BE EVALUATED BEFORE THE MERITS....................................29

        A.      Recent Supreme Court Authority Calls in to Question Whether this Case Should Be Remanded ............................29

        B.      Standing and Subject Matter Jurisdiction Must Be Decided Before the Merits ................................................................30

XIII. CONCLUSION ..............................................................31

# TABLE OF AUTHORITIES

**Cases**

*Alan v. American Honda Motor Co, Inc.,*
40 Cal. 4th 894 (2007) ......................................................................... 14

*Alonso v. Blackstone Fin. Grp. LLC,*
962 F. Supp. 2d 1188 (E.D. Cal. 2013) ............................................... 24

*Am. Acad. of Pediatrics v. Lungren,*
16 Cal. 4th 307 (1997) ......................................................................... 19

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986) ........................................................................... 4, 5

*Aron v. U-Haul Co. of California,*
143 Cal. App. 4th 796 (2006) .............................................................. 14

*Arroyo v. TP-Link USA Corp.,*
Civ. No. 14-4999, 2015 WL 5698752, at *8 (N.D. Cal. Sept. 29, 2015) .. 16

*Audett v. United States,*
265 F.2d 837 (9th Cir. 1959) ............................................................... 11

*Babbitt v. Sweet Home Chapter Communities for a Great Oregon,*
515 U.S. 687 (1995) ............................................................................... 7

*Bell v. Hood,*
327 U.S. 678 (1946) ............................................................................. 30

*Benipayo v. Volkswagen Grp. of Am., Inc.,*
No. 15-MD-02672-CRB, 2020 WL 553884 (N.D. Cal. Feb. 4, 2020) ...... 21

*Boulder Oro Valley LLC v. Home Depot USA Inc.,*
No. CV-17- 00453-TUC-DCB, 2019 WL 2106419 (D. Ariz. Mar. 26, 2019) ..................................................................................................... 5

*Brown v. Google, Inc.,*
No. 20-CV-03664-LHK (N.D. Cal. Mar. 12, 2021) ...................... 19, 22

*Campbell v. Facebook, Inc.,*
77 F. Supp. 3d 836 (N.D. Cal. 2014) .................................................. 23

*Capital One Consumer Data Sec. Breach Litig.,*
MDL No. 1:19-md-2915 (AIT/JFA), ECF No. 879 (E.D. Va. Sept. 18, 2020) ..................................................................................................... 17

*Catholic League for Religious and Civil Rights v. City & Cnty. of San Francisco,*
624 F.3d 1043 (9th Cir.2010) .............................................................. 30

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986) ......................................................................... 4, 29

iii

*Cel-Tech Communications Inc. v. Los Angeles Cellular Telephone Co.*,
20 Cal. 4th 163 (1999) ........................................................................................12

*Chudacoff v. Univ. Med. Ctr. of S. Nev.*,
649 F.3d 1143 (9th Cir. 2011) ...........................................................................31

*Claridge v. RockYou, Inc.*,
785 F. Supp. 855 (N.D. Cal. 2011) ....................................................................14

*Cool Fuel, Inc. v. Connett*,
685 F.2d 309 (9th Cir. 1982) .............................................................................29

*Davis v. Chase Bank U.S.A., N.A.*,
650 F. Supp. 2d 1073 (C.D. Cal. 2009) .............................................................21

*Doe v. Chao*,
540 U.S. 614 (2004).....................................................................................10, 27

*Duarte v. Zacharia*,
22 Cal. App. 4th 1652 (1994) ............................................................................10

*Eby v. Reb Realty, Inc.*,
495 F.2d 646 (9th Cir. 1974) .............................................................................25

*Eddie E. v. Superior Court*,
234 Cal. App. 4th 319 (2015) ............................................................................25

*Edwards v. First American Corp.*,
610 F.3d 514 (9th Cir. 2010) .............................................................................15

*Eichenberger v. ESPN, Inc.*,
876 F.3d 979 (9th Cir. 2017) ...............................................................................8

*Ennabe v. Manosa*,
58 Cal. 4th 697 (2014) .........................................................................................9

*Equity Lifestyle Props., Inc. v. Cnty. of San Luis Obispo*,
548 F.3d 1184 (9th Cir.2008) ............................................................................30

*FAA v. Cooper*,
566 U.S. 284 (2012)............................................................................................10

*Fairbanks v. Superior Court*,
46 Cal. 4th 56 (2009) .........................................................................................14

*Federal Land Bank of St. Paul v. Bismarck Lumber Co.*,
314 U.S. 95 (1941)................................................................................................9

*Fox v. Standard Oil Co. of N.J.*,
294 U.S. 87 (1935)..........................................................................................8, 27

*Fulfillment Servs., Inc. v. UPS*,
528 F.3d 614 (9th Cir. 2008) .............................................................................15

iv

*Gallin v. Superior Court*,
230 Cal. App. 3d 541 (1991) ...................................................................15

*Gates v. MCT Grp., Inc.*,
93 F. Supp. 3d 1182 (S.D. Cal. 2015).......................................................24

*Gospel Missions of Am. v. City of Los Angeles*,
328 F.3d 548 (9th Cir. 2003) ...................................................................29

*Haddock v. Board of Dental Examiners*,
777 F.2d 462 (9th Cir. 1985) .....................................................................7

*Hannibal Pictures Inc. v. Sonja Prods. LLC*,
432 Fed. Appx. 700 (9th Cir. 2011).........................................................18

*Hernandez v. Hillsides, Inc.*,
211 P.3d 1063 (Cal. 2009) ...................................................................2, 10

*Hernandez v. Williams, Zinman & Parham PC*,
829 F.3d 1068 (9th Cir. 2016) .................................................................25

*Hill v. Nat'l Collegiate Athletic Ass'n*,
7 Cal.4th 1 (1994) ...............................................................10, 19, 20, 21

*In re Capital One Consumer Data Sec. Breach Litig.*,
MDL No. 1:19-md-2915 (AIT/JFA), ECF No. 879, (E.D. Va. Sept. 18, 2020) ........................................................................................................19

*In re Facebook Privacy Litigation*,
572 F. App'x 494 (9th Cir. 2014) ............................................................12

*In re Facebook, Inc. Internet Tracking Litig.*,
No. 17-17486, 2020 WL 1807978 (9th Cir. Apr. 9, 2020) ........................9

*In re Facebook, Inc., Consumer Privacy User Profile Litig.*,
402 F. Supp. 3d 767 (N.D. Cal. 2019) .....................................................23

*In re Google, Inc.*,
2013 WL 5423918 (N.D. Cal. Sept. 26, 2013) ........................................22

*In re Hulu Privacy Litig.*,
No. C 11- 03764 LB, 2013 WL 6773794 (N.D. Cal. Dec. 20, 2013)........28

*In re Kirkland*,
915 F.2d 1236 (9th Cir. 1990) ...................................................................8

*In re Marriott Int'l, Inc.*,
440 F. Supp. 3d 447 (D. Md. 2020).........................................................13

*In re Pacific-Atlantic Trading Co.*,
64 F.3d 1292 (9th Cir. 1995) ...................................................................24

*In re Sony Gaming Networks and Customer Data Security Breach Litigation*,
996 F.Supp.2d 942 (S.D. Cal. 2014)........................................................15

PLAINTIFFS' CONSOLIDATED MEM. IN OPP. TO MOTIONS FOR SUMMARY JUDGMENT

*In re Toll Roads Litigation,*
Case No. SACV 16-00262 AG (JCGx), 2018 WL 6131178 (C.D. Cal. Jan. 12, 2018) ..................................................................................................5

*In re Toll Roads Litigation,*
No. 8:16-00262, 2017 WL 10399496 (C.D. Cal. Aug. 2, 2017) ..........................................................................................15, 16, 17, 21, 23

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.,*
Case No. 16-MD-02752-LHK, 2017 WL 3727318 (N.D. Cal. Aug. 30, 2017) ................................................................................................13, 14

*J'Aire Corp. v. Gregory,*
24 Cal. 3d 799 (1979) ..........................................................................16, 17, 18

*Kehoe v. Fidelity Fed. Bank & Trust,*
421 F.3d 1209 (11th Cir. 2004) ...........................................................................28

*Kim v. Euromotors,*
149 Cal. App. 4th 170 (2007) ...........................................................................14

*Knell v. FIA Card Servs.,*
*N.A.,* No. 12-cv0426-AJB (WVG), 2013 U.S. Dist. LEXIS 187551 (S.D. Cal. Feb. 21, 2013)...........................................................................17

*Krottner v. Starbucks Corp.,*
628 F.3d 1139 (9th Cir. 2010)...........................................................................15

*Kurinij v. Hanna & Morton,*
55 Cal.App.4th 853 (1997) ...........................................................................17

*Lebrilla v. Famrers Group*
119 Cal.App 4th 1070 (2004) ...........................................................................14

*Lee v. American National Insurance Company,*
260 F.3d 997 (9th Cir. 2001) ...........................................................................2, 29, 30

*Lee v. S. Cal. Univ.,*
148 Cal.App. 4th 782 (2007) ...........................................................................14

*Leonel v. Am. Airlines, Inc.,*
400 F.3d 702 (9th Cir. 2005) ...........................................................................19

*Lopez v. Smith,*
203 F.3d 1122 (9th Cir. 2000) ...........................................................................31

*Margolis v. Ryan,*
140 F.3d 850 (9th Cir. 1998) ...........................................................................4

*Massey v. Banning Unified School Dist.,*
256 F. Supp.2d. 1090 (C.D. Cal. 2003) ...........................................................................9

*Matera v. Google Inc.,*
2016 WL 5339806 (N.D. Cal. Sept. 23, 2016) ...........................................................................22

PLAINTIFFS' CONSOLIDATED MEM. IN OPP. TO MOTIONS FOR SUMMARY JUDGMENT

*Maya v. Centex Corp.*,
  658 F.3d 1060 (9th Cir.2011) ..................................................................30

*McDonald v. Kiloo Aps*,
  385 F. Supp. 3d. 1022 (N.D. Cal. 2019) ...................................................19

*Morgan v. AT&T Wireless Servs., Inc.*,
  177 Cal. App. 4th 1235 (2009) ................................................................21

*Nayab v. Capital One Bank (USA), N.A.*,
  942 F.3d 480 (9th Cir. 2019) .....................................................................5

*Opperman v. Path, Inc.*,
  87 F.Supp.3d 1018 (N.D. Cal. 2014) ........................................................30

*Outboard Marine Corp v. Superior Court*,
  52 Cal. App. 3d 30 (1975) .......................................................................21

*Parnell v. Adventist Health System/West*,
  35 Cal. 4th 595 (2005) .............................................................................15

*Patel v. Facebook*,
  932 F.3d 1264 (9th Cir. 2019) ..................................................................10

*Payne v. Nat'l Collection Sys.*,
  91 Cal. App. 4th 1037 (2001) ...................................................................15

*People v. Allen*,
  20 Cal. App. 4th 846 (1993) .....................................................................24

*People v. Calban*,
  65 Cal. App. 3d 578 (1976) ......................................................................26

*People v. Flumerfelt*,
  35 Cal. App. 2d 495 (1939) ......................................................................26

*People v. Jimenez*
  9 Cal. 5th 53, 65 (2020) ...........................................................................11

*People v. Lopez*,
  188 Cal. App. 3d 592 (1986) ....................................................................26

*People v. Ramirez*
  79 Cal. App. 4th 408 (2000) ......................................................................6

*People v. Toomey*,
  157 Cal. App. 3d 1 (1984) .........................................................................7

*Pichler v. UNITE*,
  228 F.R.D. 230 (E.D. Pa. 2005)...............................................24, 25, 26, 28

*Pittston Coal GP v. Sebben*,
  488 US 105 (1998)....................................................................................8

vii

***Ray v. Silverado Contractors,***
  98 Cal. App. 4th 1120 (2002) ........................................................................17

***Rios v. Direct Mail Express, Inc.,***
  435 F. Supp. 2d 1199 (S.D. Fla. 2006) .........................................................25

***Robinson Helicopter Co. v. Dana Dorp.,***
  34 Cal. 4th 979 (2004) ..................................................................................18

***Romero v. Flowers Bakeries, LLC,***
  No. 14-cv-05189, 2015 WL 2125004 (N.D. Cal. May 6, 2015)...............22

***Rosenbach v. Six Flags Entertainment Corp.,***
  2019 IL 123186 (Ill. Jan. 25, 2019) .............................................................10

***Safe Flight Instrument Corp. v. McDonnell-Douglas Corp.,***
  482 F.2d 1086 (9th Cir. 1973) ........................................................................5

***Sankovich v. Life Ins. Co. of North Am.,***
  638 F.2d 136 (9th Cir. 1981) ..........................................................................5

***Satchell v. Sonic Notify, Inc.,***
  234 F. Supp. 3d 996 (N.D. Cal. 2017) ..........................................................30

***Shersher v. Super. Ct.,***
  154 Cal. App. 4th 1491 (2007) .....................................................................16

***Shin v. BMW of North America,***
  2009 WL 2163509 (C.D. Cal. July 16, 2009)...............................................14

***Smith v. Loanme, Inc.***
  11 Cal. 5th 183 (2021) ...............................................................................7, 8

***South Bay Chevrolet v. General Motors Acceptance Corp.,***
  72 Cal. App. 4th 861 (1999) .........................................................................12

***Southern Calif. Gas Co. v. City of Santa Ana,***
  336 F.3d 885 (9th Cir. 2003) ..........................................................................5

***Southern California Gas Leak Cases***
  (2019) 7 Cal. 5th 391 ....................................................................................18

***Southwest Sunsites, Inc.***
  785 F.2d 1431 (9th Cir. 1986) ........................................................................7

***Svenson v. Google Inc.,***
  No. 13-cv-04080-BLF, 2015 WL 1503429 (N.D. Cal. Apr. 1, 2015).......12

***Trafficante v. Metropolitan Life Ins. Co.,***
  409 U.S. 205 (1972)......................................................................................15

***Transunion LLC v. Ramirez,***
  141 S. Ct. 2190 (2021)..................................................................................29

PLAINTIFFS' CONSOLIDATED MEM. IN OPP. TO MOTIONS FOR SUMMARY JUDGMENT

*United States v. Diaz-Castaneda,*
494 F.3d 1146 (9th Cir. 2007) ...................................................................20

*United States v. Jones,*
132 S. Ct. 945 (2012)..................................................................................21

*Warth v. Seldin,*
422 U.S. 490 (1975)....................................................................................30

*Washington v. Baenziger,*
673 F.Supp. 1478 (N.D. Cal. 1987) ...........................................................14

*White v. Davis,*
13 Cal.3d 757 (1975) ..................................................................................20

*Whittlestone, Inc. v. Handi-Craft Co.,*
618 F.3d 970 (9th Cir. 2010) ......................................................................27

*Williams v. Facebook, Inc.,*
No. 18-cv-01881-RS (N.D. Cal. Aug. 29, 2019) ........................................12

*Wilson v. Blue Cross of So. Cal.*
222 Cal. App. 3d 660 (1990) ......................................................................17

*ZL Techs., Inc. v. Gartner, Inc.,*
No. CV 09–02393 JF (RS), 2009 WL 3706821 (N.D. Cal. Nov. 4, 2009)
.....................................................................................................................16

**Statutes**

15 U.S.C. § 1601, *et seq*..................................................................................25

18 U.S.C. § 2710 ..............................................................................................28

California Business and Professions Code § 17200............................2, 12, 13, 15

California Civil Code § 1760 .............................................................................14

California Civil Code § 1761 .............................................................................14

California Civil Code § 1770 .........................................................................13, 14

California Civil Code § 1798 .....................................................................1, 6, 7, 8

California Civil Code § 1798.90.5 ..................................................................2, 7

California Civil Code § 1798.90.51 ..............................................................2, 7, 8

California Civil Code § 1798.90.53 ................................................................1, 2

California Civil Code § 1798.90.54 .............................................................passim

California Civil Code § 3282 ............................................................................10

California Civil Code § 3333 ............................................................................10

PLAINTIFFS' CONSOLIDATED MEM. IN OPP. TO MOTIONS FOR SUMMARY JUDGMENT

California Code of Civil Procedure § 1858............................................................9

California Penal Code § 7 ....................................................................................26

California Penal Code § 631 ................................................................................22

California Penal Code § 632 ................................................................................22

California Streets and Highways Code § 31490 ...........................................passim

**Other Authorities**

*Ballot Pamp., Proposed Stats. and Amends. to Cal. Const.* with arguments to voters, Gen. Elec. (Nov. 7, 1972), p. 27 ..................................................20

Black's Law Dictionary 35 (2nd ed. 1996)...................................................10, 22

Solove, Daniel J. and Keats Citron, Danielle, "Privacy Harms" (2021). *GW Law Faculty Publications & Other Works*, 1534 ...........................................11

William W. Schwarzer, et al., *Civil Procedure Before Trial* § 9:230...................9

**Rules**

Federal Rules of Civil Procedure, rule 12............................................................29

Federal Rules of Civil Procedure, rule 15............................................................31

Federal Rules of Civil Procedure, rule 56.........................................................2, 4

**Constitutional Provisions**

California Constitution, Article I, § 1 .................................................................19

PLAINTIFFS' CONSOLIDATED MEM. IN OPP. TO MOTIONS FOR SUMMARY JUDGMENT

I.    **<u>INTRODUCTION</u>**

The Motions for summary judgment should be denied. As much as Defendants have protested to the contrary, the consumer remedial *California Civil Code § 1798* ("§1798"), raises strict liability privacy issues, just like a case brought under the Telephone Consumer Protection Act or Biometric Information Privacy Act, through which a company is liable for the unauthorized collection or use of data. Defendants have conceded that they were involved in automated license plate reader ("ALPR") systems that collected and used ALPR data without consumers' authorization, which is by definition, *harm* under § 1798. This adequately supports all of Plaintiffs' Counts. Defendants' attempt to focus on the specific recipients of data, that they did not directly push the button as to each data transmission, and the purpose for which the data is used, are red herrings, not statutory defenses. Defendants' analysis and statements of fact, are completely divorced from the elements of § 1798.

ALPR readers have the ability to collect license plate numbers, locations and time stamps to track "a person's exact whereabouts" and their "pattern of movements."[1] Responding to a legitimate concern for consumers not "aware when their ALPR data is being collected" the California legislature passed § 1798 to limit the collection, use, and dissemination of ALPR data that "constitutes a significant invasion of privacy," and which can reveal "many things about a person's life" such as "what friends, doctors, protests, political events, or churches a person may visit." **Ex. 1**, *Id.* at 21. Hence, §1798 makes it unlawful for any "person" to "access or use" ALPR information without "authorization." Period. (§1798.90.53(a)).

Defendants' factual presentation and demand that their practices did not *harm* Plaintiffs, do raise an issue as to whether there is Article III standing pursuant

---

[1] *See* Declaration of Blake J. Lindemann ("<u>Lindemann Decl.</u>") at **Ex. 1**, p. 5, partial Legislative History of SB34, *Civil Code §1798*.

to *Transunion v. Ramirez*, 141 S. Ct. 2190, 2203 (2021), as opposed to the more liberal state court standing rules. *Lee v. American National Insurance Company*, 260 F.3d 997, 999-1000 (9th Cir. 2001). In California state court, there is *harm* that supports a contention for standing, and a claim for invasion of privacy based on the conduct. *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009). Plaintiffs have not been able to fully discover the complete extent of the collection and sharing practices because Defendants refused to sit for depositions after receiving notices prior to this Opposition, and they have obstructed written discovery at every turn, necessitating a continuance of denial of the Motions pursuant to Rule 56(d).

Fundamentally, Defendants have failed to negate that they are (1) each a responsible "person" against whom an action may be brought (§1798.90.5(e), §1798.90.54(a)); (2) the information Defendants are collecting through the ALPR system, and sharing, is protected "ALPR information" (§1798.90.5(b)); (3) Defendants each gave "access" or "used" the ALPR data without Plaintiffs' authorization (§1798.90.53(a)); (4) Plaintiffs and the proposed class are "individuals" who may bring suit (§1798.90.54(a)). In light of these well-pled facts, Plaintiffs have pled all required elements for their §1798 Claims, Counts 1-4. (Pl. Statement of Facts "SOF") ¶¶ P1-P47.) As "ALPR Operators," each of the Defendants are further liable under § 1798 for not maintaining reasonable "practices" to protect ALPR information from "unauthorized access, destruction, use, modification or disclosure" (§1798.90.51(a), and for not maintaining an appropriate ALPR "usage and privacy policy." (§1798.90.51(b)). (*Id.*)

Defendants have also failed to negate Plaintiffs' claims under Cal. Bus. & Prof. Code § 17200 (the "UCL"), the California Legal Remedies § 17500 Act (the "CLRA"), and under the California Constitution for deprivation of privacy. Defendants' Motions, which raise only disputed issues for the trier, or matters that require reasonable discovery, should be denied, or continued.

II.    **STATEMENT OF FACTS**

**A. The California Legislature Passes §1798 (SB34) To Address Significant Invasions of Privacy Brought about by New ALPR Technology**

"SB 34 aims to establish a minimal set of privacy standards for personal data collected by a person or entity using ALPR technology." (**Ex. 1**, 132.) SB34 was enacted because "[c]urrent law does not prohibit the sale or sharing of ALPR data leaving it wide open for personal information to be inappropriately sold *or shared* with non-law enforcement entities." (**Ex. 1**, *Id*. at 23) (emphasis added.) As sponsoring Senator Hill wrote to then Governor Brown, the "aggregated license plate data is powerful information." (**Ex. 1**, *Id*. at 33-34.)  "The provision of these systems and related database services are also big business." (**Ex. 1**, *Id*. at 20.)

Defendants imply that the litigation is based on a statutory misinterpretation, but the opposing senators conceded the statute was the subject of "heated debate" over "3 years," and there was a concern that the statutory damages of $2,500, punitive damages, and entitlement to attorney's fees based on one opposing senator's view that the information "collected from these systems is anonymous," may not be correspond with the harm. (**Ex. 1**, *Id*. at 80.)  Moreover, when SB34 was in Committee for consideration, one legislative member hand-wrote a note that there had been "a lot of opp[osition]" from various constituencies including "parking."  (*Id*. at 53.) Nonetheless, the legislation passed without any material revision.  Against this backdrop, Defendants filed six motions to dismiss, by and large making similar arguments.  (Dkt. Nos. 136, 137, 138, 139, 140, 141, 142.)

**B. The Defendants did not receive authorization before collecting and using Class Members' ALPR Data**

§1798 places broad restrictions on the use of ALPR technology by both "public and private sector users." (*Id*. at 8.) Specifically, the law places "regulations on agencies, persons, or businesses that own, license, or maintain computerized data that includes personal information."  (*Id*. at 61.) Based on a

3

PLAINTIFFS' CONSOLIDATED MEM. IN OPP. TO MOTIONS FOR SUMMARY JUDGMENT

violation of §1798, a Court is authorized to award any or all of the following remedies, actual damages, but not less than liquidated damages in the amount of $2,500, punitive damages upon proof of willful or reckless disregard of the law, reasonable attorney's fees and other litigation costs, and other preliminary and equitable relief as the court determines to be appropriate. (*Id*. at 144.)

Plaintiffs have established in their identically filed response to each of Defendants' separate statements of undisputed fact, that each Defendant is involved in the operation or use of an ALPR system, and that data is collected and shared with certain third parties without authorization. (SOF P1-P47.) For their part, Defendants have provided declarations that omit or obfuscate crucial facts, they have provided many inadmissible statements (*see* concurrently filed Evidentiary Objections and Requests to Strike), and they have refused to sit for half day depositions as to their sharing practices, and their statement of facts are not connected to the claims at issue in the case. Nor did any of Defendants' privacy policy explain how data is being used and shared, and in some instances, data is shared by application that is accessible to the general public. (Declaration of Blake J. Lindemann ("Lindemann Decl."), ¶ 10.

Local Rule 7-3 specifically requires that, at least "seven (7) days prior to the filing of the motion," "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. The Court's Standing Order also requires strict compliance with Local Rule 7-3. *See also Singer v. Live Nation Worldwide, Inc.*, 2012 WL 123146, at *2 (C.D. Cal. Jan. 13, 2012) (denying motion on grounds that movant's counsel failed to comply with Local Rule 7-3). Here, the Defendants did not properly meet and confer by stating the issues they would be seeking summary judgment on, nor did they avail themselves of the meet and confer requirement. Moreover, we agreed to make ourselves available seven days prior to the filing of the motion, but defense

PLAINTIFFS' CONSOLIDATED MEM. IN OPP. TO MOTIONS FOR SUMMARY JUDGMENT

counsel did not offer a date that they could make themselves available. The Motions should be denied on these grounds or limited to issues previously raised.

III.    **RULE 56 STANDARD**

Summary judgment is proper where the pleadings and evidence demonstrate that "there is no genuine issue as to any material fact and … the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). There is a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where the non-moving party demonstrates a need for further discovery in order to support its opposition to the motion, the court may deny the motion or continue the hearing to allow for such discovery. *See* Fed. R. Civ. P. 56(d); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998).

Where different inferences can be drawn, summary judgment is inappropriate. *Boulder Oro Valley LLC v. Home Depot USA Inc.*, No. CV-17-00453-TUC-DCB, 2019 WL 2106419, at *1 (D. Ariz. Mar. 26, 2019) (*quoting Sankovich v. Life Ins. Co. of North Am.*, 638 F.2d 136, 140 (9th Cir. 1981)). Where the party moving for summary judgment is trying to establish an affirmative defense, it has the burden and his showing "must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Southern Calif. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). The moving party must demonstrate through "conclusive evidence" that there is no triable issue as to matters alleged in its own answer. *Id.* at 888. Defendants bear the burden of establishing the defense to a privacy statute. *Nayab v. Capital One Bank (USA), N.A.,* 942 F.3d 480 (9th Cir. 2019) (evaluating FCRA).

Finally, when issues are particularly complex, courts may determine that summary judgment is not the proper method to dispose of claims and may deny summary judgment on those grounds. *See Safe Flight Instrument Corp. v.*

*McDonnell-Douglas Corp.*, 482 F.2d 1086, 1093 (9th Cir. 1973); *see also Anderson*, 477 U.S. at 255 (after reviewing the summary judgment standard, the Court still stated that it did not "suggest that the trial courts should act other than with caution in granting summary judgment or that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial."). The Court should determine that summary judgment is not the proper method to dispose of Plaintiffs' claims at this time. *In re Toll Roads Litigation*, Case No. SACV 16-00262 AG (JCGx), 2018 WL 6131178, *9 (C.D. Cal. Jan. 12, 2018).

## IV.    **THE DEFENDANTS HAVE NOT NEGATED HARM WITH RESPECT TO PLAINTIFFS' § 1798 CLAIMS, COUNTS 1-4**

Any "person" who "accesses or uses" an individual's ALPR information without "authorization" is liable. (*Cal. Civ. Code* §1798.90.54(a), **Ex. 2**). Many of the Defendants misstate the category of persons who can be liable under § 1798, seeking to limit responsibility to only "ALPR Operators." However, the statute plainly charges liability as to each "person" in the first instance, which is a broad statutorily defined term that includes any "corporation" or "other legal entity." (§1798.90.5(e); §1798.90.54(a)). Since each of the Defendants are "persons" who "accessed or used" ALPR information without authorization, they cannot contend that Plaintiffs did not adequately plead a claim under §1798.90.54(a). Thus, Defendants and not negated the elements of Plaintiffs' claims. (SOF P1-P47.)

Alternative liability is proscribed against an "ALPR Operator" for violations under §1798.90.51(a) and §1798.90.51(b). (*Id.*) Defendants do not address the statutory definition of "ALPR Operator" in their Motions. An "ALPR operator" means "a person that operates an ALPR system, but does not include a transportation agency when subject to Section 31490 of the Streets and Highways

Code." (*Cal. Civ. Code* § 1798(c). Plaintiffs have established that Defendants are not "transportation agencies."[2] (SOF P13.)

Although no Court of which we are aware has interpreted § 1798 or the definition of "operator" in § 1798, the Court here "…may look to the interpretation of those terms as they have been applied in other contexts." *People v. Ramirez* 79 Cal. App. 4th 408, 415 (2000). In *Ramirez*, the California Court of Appeal found that the term "operate" did not require one to supervise, design, create, manage, or control the process. (*Id*). Instead, one need only establish some form of involvement or participation in the process. (*Id*). Plaintiffs have plainly established Defendants were involved in the ALPR process because they either operated systems or owned facilities where such systems were used. (SOF P23.)[3] Thus, Defendants' constrained interpretation plucked out of thin air, fails by evaluating how "operate" is otherwise applied. The legislative history of § 1798 also does not support Defendants, which renders liable those who "own," license or maintain computerized data. (**Ex. 1** at 61.)

*Second*, Plaintiffs have plainly established that each of Defendants' privacy policies were inadequate, independent from the fact that conspicuous notice was not given at the appropriate times. (SOF P32.) In one example, none of Defendants' use and privacy policies disclosed the various third parties that

---

[2] The legislative history of § 1798 reflects that "transportation agencies" were excluded from liability because *S&H Code § 31490* regulated their privacy practices. *S&H Code 31490* is analogous in several respects to 1798, and rulings by one District Court with respect to § 31490 are included as **Ex. 3**, and **Ex. 4**.

[3] Defendants are also liable under § 1798 and § 17200 on a secondary basis. (Stern, Unfair Business Practices and False Advertising Bus. & Prof. Code § 17200 (The Rutter Group 2000) ¶ 6:6.) Plaintiffs have pled and established secondary liability. (Compl. ¶¶ 15-22). A principal is liable for an agent as a matter of law based on agent's actual or apparent authority. *Southwest Sunsites, Inc.* 785 F.2d 1431 (9th Cir. 1986). Third parties can also be broadly liable based on a secondary basis. *People v. Toomey*, 157 Cal. App. 3d 1 (1984).

PLAINTIFFS' CONSOLIDATED MEM. IN OPP. TO MOTIONS FOR SUMMARY JUDGMENT

received the ALPR Data. If "any theory on the allegations" are "sufficient to state a cause of action in accordance with the law," the motion to dismiss must be denied. *Haddock v. Board of Dental Examiners*, 777 F.2d 462, 464 (9th Cir. 1985).

**A. Defendants Have Failed to Negate Harm Pursuant to § 1798**

1. Plaintiffs Have Established Harm Pursuant to § 1798

Contrary to Defendants' erroneous statutory interpretation, "harm" in the privacy context, is to be broadly interpreted. *Babbitt v. Sweet Home Chapter Communities for a Great Oregon*, 515 U.S. 687, fn. 18 (1995) ("Respondents argue that the lack of debate about the amendment that added 'harm' counsels in favor of a narrow interpretation. We disagree. An obviously broad word that the Senate went out of its way to add to an important statutory definition is precisely the sort of provision that deserves a respectful reading."). In California specifically, privacy statutes are to be broadly construed. *Smith v. Loanme, Inc.*, 11 Cal. 5th 183, 200-201 (2021) (statutes that "implicate significant privacy concerns," should be broadly construed to affect their remedial purpose and not narrowly interpreted).[4] Furthermore, the Court is to "consider portions of a statute in the context of the entire statute and the statutory scheme of which it is a part, giving significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose." *Loanme, Id*. at 190.

Moreover, definition sections and interpretation clauses of statutes are to be carefully followed, and in fact, prime dictionary definitions. *Fox v. Standard Oil Co. of N.J.*, 294 U.S. 87, 96 (1935) ("[D]efinition by the average man or even by the ordinary dictionary… is not a substitute for the definition set before us by the lawmakers with instructions to apply it to the exclusion of all others."); *Pittston Coal GP v. Sebben*, 488 US 105, 113-114 (1998) (where the legislature has

---

[4] When interpreting state law, district courts are bound by a decision from the highest state court and if there are none, decisions of state's intermediate courts. *In re Kirkland*, 915 F.2d 1236, 1238-1239 (9th Cir. 1990).

suggested a definition, the dictionary definition should not apply). A plaintiff need not allege "any further harm" where the privacy statute evinces a protection of privacy interests and "every disclosure" offends the interests the privacy statute was created to protect. *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 979 (9th Cir. 2017) (analyzing Video Privacy Protection Act "VPPA").

In *Transunion v. Ramirez*, 141 S. Ct. 2190, 2203 (2021), the Supreme Court emphasized that the legislature can elevate "de facto injuries" to a redressable privacy claim. § 1798 does just that and defines "harm" as *including* unauthorized access or use of ALPR data. (Cal. Civ. Code § 1798.90.54(a))("an individual who has been **harmed** by a violation of this title, **including but not limited to**, **unauthorized access or use of ALPR information**…may bring a civil action…") (emphasis added). Ignoring foundational canons of statutory interpretation, the Defendants neglect that the term 'including' used in § 1798 "is not one of all-embracing definition, but connotes simply an illustrative application of the general principle." *Federal Land Bank of St. Paul v. Bismarck Lumber Co.*, 314 U.S. 95, 100 (1941); *see also* CCP §1858 ("in the construction of a statute … the Judge is simply to ascertain and declare what is in terms or in substance contained therein, not to … omit was has been inserted."); *Ennabe v. Manosa*, 58 Cal.4th 697, 719 (2014) ["[W]e must be careful not to add requirements to those already supplied by the legislature."]. Plaintiffs have established statutorily defined harm, which includes from the legislature, unauthorized access, and use of ALPR information pursuant to § 1798. (SOF P1-P47.) Nothing in § 1798 requires that "actual" harm be established. Thus, Plaintiffs have established harm for this reason alone.

2. Plaintiffs Have Established Harm Irrespective of § 1798's Interpretive Clause

The question of harm is usually to be decided by the trier. William W. Schwarzer, et al., *Civil Procedure Before Trial* § 9:230 *citing Massey v. Banning Unified School Dist.*, 256 F. Supp.2d. 1090, 1092 (C.D. Cal. 2003) (rejecting a

9

dispositive motion on damages). In an analogous claim for invasion of privacy to this claim under § 1798, one is entitled to recover damages for "(a) the harm to his interest in privacy resulting; (b) his mental distress proved to have been suffered if it is of a kind that normally results from such an invasion; and (c) special damage of which the invasion is a legal cause." CACI No. 1820 (Notes) (emphasis added). The harms pled are clearly available and are a matter for the trier.

But even if that were not so, Plaintiffs have established specific privacy harms that have been recognized by Courts in other privacy cases. *In re Facebook, Inc. Internet Tracking Litig.*, No. 17-17486, 2020 WL 1807978, *12 (9th Cir. Apr. 9, 2020) ("Plaintiffs have adequately alleged that Facebook's tracking and collection practices would cause ***harm*** or a material risk of harm to their interest in controlling their personal information.") (emphasis added). The *Facebook Tracking* case noted that "violations of the right to privacy have long been actionable at common law" and "advances in technology can increase the potential for unreasonable intrusions into personal privacy." *Id.*, *citing Patel v. Facebook*, 932 F.3d 1264, 1272 (9th Cir. 2019); *see also Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186, **9-10 (Ill. Jan. 25, 2019) (finding that there is no need to demonstrate actual "harm").

California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated). Defendants' rigid reliance on dictionary definition as to "harm" is in conflict with how the Restatement has defined harm in the privacy context and controlling Supreme Court law. *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm.</u>"***) (emphasis

added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'").

Defendants cribbed and rigid view of "harm" is in direct conflict with how that term is applied by the Supreme Court and the California Supreme Court.  The harms pled here even comply with Black's Law Dictionary 35 (2nd ed. 1996), which includes any "injury," "loss," or "detriment."  Compensatory damages are allowed to one "who suffers detriment." *Civ. Code, §§ 3281, 3333*.  "Detriment is a loss or harm suffered in person or property." *Civ. Code § 3282*.  No pecuniary loss need be established to attain compensatory damages.  *See e.g. Duarte v. Zacharia*, 22 Cal. App. 4th 1652, 1664 (1994).

Simply, Courts and commentators have recognized numerous harms in the privacy context including physical, emotional, control, disturbance, reputational, physical, and economic harms. Solove, Daniel J. and Keats Citron, Danielle, "Privacy Harms" (2021) *GW Law Faculty Publications & Other Works*, 1534. The cases to the contrary relied on by the Defendants do not involve California statutory claims for privacy violations, which are to be broadly construed. Also, Plaintiffs have alleged direct causation tying the conduct to the harm. Most recently, the Cal. Supreme Court found a specific privacy statute "addresses *harms* reaching well beyond theft, implicating issues of privacy and *control of personal data*." *People v. Jimenez* 9 Cal.5th 53, 65 (2020) (emphasis added).

The barrage of motions attacking Plaintiffs' §1798 claim smacks of an attempt to gain – by judicial fiat – something that Defendants have not been able to do through legislation.[5] Defendants' attempted end run is entirely

---

[5]When SB34 was in Committee for consideration, one legislative member hand-wrote a note that there had been "a lot of opp[osition]" from various constituents including "parking." (*Id.* at 61.)

improper. *Audett v. United States*, 265 F.2d 837, 848 (9th Cir. 1959) ("Any change of the rule should be made by Congressional legislation applicable to all federal courts, and not by judicial fiat, which, unless it be that of the Supreme Court, would affect certain federal courts only."); *Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1091 (9th Cir. 2010).  Plaintiffs have established specific harms under § 1798.  (SOF P4.)

       3.  <u>There is no statutory requirement of harm as to certain of the remedies in Plaintiffs' Counts 1 through 4.</u>

§ 1798 plainly permits a remedy for "harm," *in addition to* sanctions, penalties and remedies provided by law. (§ 1798.90.54(a)). Plaintiffs have requested statutory damages of $2,500, in addition to seeking actual damages, injunctive relief, and other remedies under § 1798.  For this additional reason, the Motions should be denied.

V.    **PLAINTIFFS HAVE ADEQUATELY ESTABLISHED THEIR CLRA AND UCL CLAIMS, COUNTS 5 AND 6**

The UCL's coverage has been described as "sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel-Tech Communications Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180 (1999).  Each prong of the UCL provides for a separate and distinct theory of liability. *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 886 (1999).

**A. Plaintiffs Have Established Facts to Establish Injury Under the UCL**

Defendants contend that Plaintiffs do not hold a property interest in PII, and thus they may not assert a UCL claim. The Ninth Circuit's decision, applying state law in *In re Facebook Privacy Litigation*, 572 F. App'x 494, 494 (9th Cir. 2014), reaches a contrary conclusion. There, the court found the loss of the sales value of disclosed information was sufficient to confer standing for breach of contract and fraud claims. *Id*.  Other courts in California have followed suit. *See, e.g., Svenson*

*v. Google Inc.*, No. 13-cv-04080-BLF, 2015 WL 1503429, at *5 (N.D. Cal. Apr. 1, 2015) ("[i]n light of the Ninth Circuit's ruling [in In re Facebook Privacy Litig.], this Court concludes that Svenson's allegations of diminution in value of her personal information are sufficient."); *id*. (noting that "district court decisions requiring factual specificity as to how the defendant's use of the information deprived the plaintiff of the information's economic value,"); *see also Williams v. Facebook, Inc.*, No. 18-cv-01881-RS (N.D. Cal. Aug. 29, 2019). In short, since Plaintiffs have established a claim under §1798, they have also established a claim for unlawful practices under §17200.

Similarly, another recent decision found that a plaintiff asserting privacy claims has satisfied a PII injury where she pleads any of the foregoing: (1) risk of future identity theft, (2) loss of value of PII, (3) that PII has already been misused, (4) that she has paid out of pocket mitigation expenses, or (5) that she lost the benefit of the bargain. *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, Case No. 16-MD-02752-LHK, 2017 WL 3727318, at *12 (N.D. Cal. Aug. 30, 2017). Plaintiffs have established each form of misuse. (SOF P38-P39.) A growing number of courts recognize a loss in value of PII as a cognizable injury for the purposes of privacy claims. *In re Marriott Int'l, Inc.*, 440 F. Supp. 3d 447, 462-65 (D. Md. 2020) (denying case dispositive motion with respect to privacy claim).

Very few of the cases cited by Defendants involve privacy litigation. Specifically, Plaintiffs have established that their PII has already been misused and that they lost the benefit of the bargain. (SOF P38-P39.) Although establishing any of these injuries alone is sufficient, Plaintiffs have already pled plausible facts conferring sufficient injury to privacy under the UCL. The reason for case-type specific injury inquiries in privacy cases is obvious; otherwise, under Defendants' arcane and draconian view, consumers would never have standing assert unfair competition under the UCL. This cannot be the law.

In addition, Plaintiffs have established that they were customers of parking services, which constitutes an injury to property pursuant to §17200. (Compl. ¶¶ 25-104.)  Defendants state that the Class' PII was not used for this purpose, but that is a misconstruction of the suit.  Plaintiffs were required to pay for parking without knowing that as part of that process their ALPR data would be misused. Plaintiffs have established an "injury."

**B. Plaintiffs Have Established that they Purchased a "Service" under the CLRA**

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code. § 1770. The statute proscribes a variety of conduct, including "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." Cal. Civ. Code § 1770(a)(7).  The CLRA must "be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." (Cal. Civ. Code, § 1760.)

The heightened pleading standard applies to only the component of the CLRA claim sounding in fraud. *See e.g. Shin v. BMW of North America,* 2009 WL 2163509, at *11 (C.D. Cal. July 16, 2009).  The standard is further "relaxed" in omission claims like this one. *Washington v. Baenziger*, 673 F. Supp. 1478, 1482 (N.D. Cal. 1987).

Many of the Defendants have alleged that no "good or serve" is at issue in this case.  Under the CLRA, a "service" includes "work, labor, and services for other than a commercial or business use." Cal. Civ. Code § 1761(b).  A license to use e-mail has been held by one District Court to be a "service" under the CLRA. *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK *34 (N.D. Cal. Mar. 9, 2018).  Defendants cite to *Claridge v. RockYou, Inc.*, 785 F.

Supp. 855, 864 (N.D. Cal. 2011), but that case involved signing up for the online service "myspace," not the payment for parking services.

In *Fairbanks v. Superior Court*, 46 Cal. 4th 56, 58 (2009), the California Supreme Court noted that only matters excluded in the CLRA's legislative history are beyond the CLRA's reach. The issue here does not involve any subset or industry that was purposely excluded from the National Consumer Act, but rather involves the licensing of parking. In fact, the CLRA has been applied broadly as a "good or service" to transportation, hotels, restaurants, education, entertainment, recreation, and hospital services.[6] Another Court has denied a motion to dismiss suggesting that transmitting an ALPR image by a transportation agency under *S&H Code § 31490* was not a "service." *In re Toll Roads Litigation*, No. 8:16-00262, 2017 WL 10399496, *3 (C.D. Cal. Aug. 2, 2017), **Ex. 3**.

Finally, Defendants makes an absurd argument that because the mall includes "businesses," plaintiffs whom went to the mall as consumers, and consumers of those businesses, renders their claim non-viable. Defendants' argument belies common sense and is contrary to the facts that Plaintiffs were "consumers" and were receiving services for personal consumption.  (P34-P36.) Thus, Defendants' request for judgment on the CLRA claim should be denied.

### C. Plaintiffs Have an Adequate Remedy Under the UCL

Violations of rights created by statute are sufficient for standing purposes. *See Trafficante v. Metropolitan Life Ins. Co.*, 409 U.S. 205 (1972); *Fulfillment Servs., Inc. v. UPS*, 528 F.3d 614, 618-19 (9th Cir. 2008); *Edwards v. First*

---

[6] *Alan v. American Honda Motor Co, Inc.*, 40 Cal.4th 894 (2007) (automobile sales); *Kim v. Euromotors*, 149 Cal. App. 4th 170 (2007) (leasing); *Lebrilla v. Famrers Group* 119 Cal.App. 4th 1070 (2004) (repairs); *Aron v. U-Haul Co. of California*, 143 Cal.App. 4th 796 (2006) (rentals); *Lee v. S. Cal. Univ.*, 148 Cal.App. 4th 782 (2007) (education); *Payne v. Nat'l Collection Sys.*, 91 Cal.App.4th 1037 (2001) (entertainment); *Gallin v. Superior Court*, 230 Cal.App. 3d 541 (1991) (recreation); *Parnell v. Adventist Health System/West*, 35 Cal.4th 595 (2005) (hospital accommodations).

15

*American Corp.*, 610 F.3d 514, 517 (9th Cir. 2010). § 1798.90.54(a)(4) plainly permits Plaintiffs to seek "[o]ther preliminary and equitable relief as the court determines to be appropriate." Since § 17200 is a borrowing statute, Plaintiffs may seek injunctive relief and restitution for any amounts paid for parking pursuant to § 1798.90.54(a)(4). Independent from the § 1798 claim, a party has standing to assert injunctive relief on privacy claims if there is a "threat" of future harm. *Krottner v. Starbucks Corp.*, 628 F.3d 1139 (9th Cir. 2010); *In re Sony Gaming Networks and Customer Data Security Breach Litigation*, 996 F.Supp.2d 942 (S.D. Cal. 2014) (no future remedy because data breach occurred in past). Where there is no indication that this conduct asserted has continued or changed since the suit was filed, claims for injunctive relief cannot be dismissed. *See e.g. In re Toll Roads Litigation*, No. 8:16-00262, 2017 WL 10399496, *3 (C.D. Cal. Aug. 2, 2017) (denying a request to dismiss injunctive relief remedy under *S&H Code § 31490* because ALPR data was collected and misused in the past).

Because Defendants were involved in transmitting the ALPR data of Plaintiffs and the Class members, and this at-large information could be transmitted and shared with other third parties, there is a risk to Plaintiffs warranting injunctive relief against Defendants. It does not matter if certain third parties may have not received the data, or Defendants don't care about the ALPR data in general. Alternatively, restitution is available if the defendants received a financial benefit from their alleged misconduct, which resulted in an economic loss to the plaintiff. *ZL Techs., Inc. v. Gartner, Inc.*, No. CV 09–02393 JF (RS), 2009 WL 3706821, at *10 (N.D. Cal. Nov. 4, 2009). Here, Plaintiffs pled that Defendants received a financial benefit from them as a result of their unlawful conduct. (Compl. ¶ 404.)

Even if money is not received directly, if the Defendants benefit economically through a third-party, then the Plaintiffs are entitled to restitution. *Shersher v. Super. Ct.*, 154 Cal. App. 4th 1491, 1494 (2007) (holding that the

16

remedy of restitution under UCL was not limited to plaintiffs making direct payments to defendants); *see also Arroyo v. TP-Link USA Corp.*, Civ. No. 14-4999, 2015 WL 5698752, at *8 (N.D. Cal. Sept. 29, 2015) (same).  Thus, the indirect transaction, between Plaintiff and Defendants, constitutes a financial benefit received by the Defendants, resulting from the alleged misconduct and allegedly causing economic loss for the plaintiff.

VI.   **PLAINTIFFS HAVE ESTABLISHED A CLAIM FOR NEGLIGENCE**

A duty of care may arise through statute, contract, the general character of the activity, or the relationship between the parties. *J'Aire Corp. v. Gregory*, 24 Cal. 3d 799, 803 (1979). Defendants offhandedly claims that no duty has arisen with respect to ALPR technology in parking garages, but various Courts *have* held negligence applies in ALPR technology used by California transportation agencies, premised on an analogous privacy claim.  *See e.g. In re Toll Roads Litigation*, No. 8:16-00262 2017 WL 10399496, *7 (C.D. Cal. Aug. 2, 2017) (denying motion to dismiss negligence claim premised on violation of *S&H Code Sec. 31490*).  Defendants also ignore the trend to allow a negligence claim in a privacy case. *See e.g. In re Capital One Consumer Data Sec. Breach Litig.*, MDL No. 1:19-md-2915 (AIT/JFA), ECF No. 879 (E.D. Va. Sept. 18, 2020) (denying the argument that the economic loss rule barred any damages).

**A. Defendants Proximately Caused Plaintiffs Harm**

The issue of causation and damages for a negligence claim is generally for the trier of fact, and not a matter to be decided on a motion to dismiss. *Piscitelli v. Friedenberg*, 87 Cal.App. 4th 953 (2001); *Wilson v. Blue Cross of So. Cal.* 222 Cal.App.3d 660 (1990). Similarly, Plaintiffs have demonstrated harm and have established statutory damages, actual damages, and other remedies. (SOF P40-P42.)  Thus, Defendants' argument should be rejected.

**B. Plaintiffs' Negligence Claim Is Not Barred by the Economic Loss Rule**

17

§ 1798 was enacted for the protection of consumers. Defendant negligently failed in their duties to Plaintiffs and class members. *Knell v. FIA Card Servs., N.A.*, No. 12-cv0426-AJB (WVG), 2013 U.S. Dist. LEXIS 187551, at *28-*29 (S.D. Cal. Feb. 21, 2013). "In other words, statutes may be borrowed in the negligence context to establish a duty of care or a particular standard of care." *Id.* (citing cases therein, including the CA Supreme Ct.); *J'Aire*, 24 Cal. 3d at 803 ("A duty of care may arise through statute …."); *see also Ray v. Silverado Contractors*, 98 Cal. App. 4th 1120, 1134 (2002) (finding a "duty" for negligence against a contractor based on a violation of the Vehicle Code).  Plaintiff has set forth the facts concerning this matter at SOF, P40 to P42.

An act falls outside the economic loss rule where "the means used to breach the contract are tortious, involving deceit or undue coercion." *Robinson Helicopter Co. v. Dana Dorp.*, 34 Cal. 4th 979, 990 (2004); *see also Hannibal Pictures Inc. v. Sonja Prods. LLC*, 432 Fed. Appx. 700, 701 (9th Cir. 2011).  As specified in *Robinson Helicopter*, there are three exceptions to this rule. The relevant exception applicable here is when a defendant breaches a legal duty independent of the contract, irrespective of whether damages are economic, the economic loss rule does not apply. *Robinson*, 34 Cal. 4th at 989.

Here, Defendants aware at all times of the prohibitions in §1798, but still knowingly and affirmatively, sent PII of the class to third parties in a tortious manner that removes this case from an unknowing transmission of data that might occur for example, in a data breach case.  Defendants had an affirmative statutory duty under as a person not to provide ALRP data to others without authorization. Since this legal duty arose under §1798 independent of any contract, the economic loss rule does not apply to bar Plaintiffs' negligence claim.

*Southern California Gas Leak Cases*, 7 Cal.5th 391. (2019) is inapposite.  In the *Gas Leak Cases*, the plaintiffs did <u>not</u> suffer any direct injury or economic damage from the gas leak itself, but instead the plaintiffs there contended the event

of the gas leak economically depreciated their adjacent suburb.  Specifically, the Court held that "[t]he primary exception to the general rule of no recovery for negligently inflicted purely economic losses is where the plaintiff and the defendant have a "special relationship." (*J'Aire v. Gregory* (1979) 24 Cal.3d 799, 804.)    Further, the California Supreme Court noted it expressed no view on privacy and cyberspace cases, reserving that determination for another date.  (*Gas Leak Cases*, fn. 8).

Here on the other hand, and in addition to the statutory obligation creating a duty independent of contract, Plaintiffs as drivers who transacted at public parking structures, and who entrusted their movements and information to the Defendants, were in a special relationship with the Defendants.  For these two reasons, and because there is an affirmative statutory violation unlike *Gas Leak Cases*, the economic loss rule does not bar Plaintiffs' negligence claim, particularly on the procedure posture of a motion to dismiss.  Plaintiffs amply pled the special relationship test in the Complaint.  (Compl. ¶ 403.)  Under these same factors, several courts have held in the privacy context that the economic loss rule does not apply to cases like this.  *In re Capital One Consumer Data Sec. Breach Litig.*, MDL No. 1:19-md-2915 (AIT/JFA), ECF No. 879, (E.D. Va. Sept. 18, 2020).  Thus, Defendants' request for judgment on the negligence claim should be denied.

## VII.  **PLAINTIFFS HAVE ESTABLISHED A CONSTITUTIONAL PRIVACY VIOLATION**

The Defendants engage in a scheme to photograph every license plate that passes through their parking structures. Indeed, if unauthorized use did not have serious consequences, §1798 would not have been enacted. The level of seriousness is reinforced by the significant damages for providing PII, including $2,500 per violation. The California Constitution creates a privacy right that protects individuals from the invasion of their privacy not only by state actors, but also by private parties. Cal. Const. Art. I, § 1; *Am. Acad. of Pediatrics v. Lungren,*

19

16 Cal.4th 307 (1997); *Leonel v. Am. Airlines, Inc.*, 400 F.3d 702, 711-12 (9th Cir. 2005).  Recently, two District Courts have rejected a similar legal challenge to constitutional privacy claims by private parties.  *Brown v. Google, Inc.*, No. 20-CV-03664-LHK (N.D. Cal. Mar. 12, 2021) (denying motion to dismiss constitutional privacy claim); *see also McDonald v. Kiloo Aps*, 385 F. Supp. 3d. 1022 (N.D. Cal. 2019). The legislative history of § 1798 recognizes the privacy provision of the California Constitution.  (**Ex. 1**, p. 73, 95-96) ("this would build on that [California Constitution] fundamental right").

To establish a claim under the California Constitution's right to privacy, a plaintiff must first demonstrate three elements: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) conduct by the defendant that amounts to a serious invasion of the protected privacy interest. *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal.4th 1, 35-37 (1994).

Plaintiffs adequately allege a legally protected privacy interest in their location data, location history, and travel patterns. Legally protected privacy interests include "conducting personal activities without observation, intrusion, or interference" as determined by "established social norms." *Hill*, 7 Cal.4th at 36-37. The California Supreme Court has explained that "[i]nformational privacy is the core value furthered by the Privacy Initiative." *White v. Davis*, 13 Cal.3d 757, 774 (1975). In fact, the Ballot Argument in support of the California privacy initiative stated that the right would "prevent[] government and business interests from [1] collecting and stockpiling unnecessary information about us and from [2] misusing information gathered for one purpose in order to serve other purposes or to embarrass us." *Ballot Pamp., Proposed Stats. and Amends. to Cal. Const*. with arguments to voters, Gen. Elec. (Nov. 7, 1972), p. 27.

Taking these factual allegations as true and drawing all inferences in Plaintiffs' favor, the conduct that Plaintiffs allege constitutes the violation of a legally protected privacy interest. Defendants inaptly cite to *United States v. Diaz-*

*Castaneda*, 494 F.3d 1146, 1151 (9th Cir. 2007).  However, that case involved a license plate check by an officer at a traffic stop; not an ALPR that collects images, and transfers data to web pages automatically and in batch transmission.  Beyond simply collecting this information, Plaintiffs allege that this information was transmitted wrongfully to a host of third persons. As a matter of law, these allegations describe an invasion of a legally protected privacy interest. Plaintiffs also adequately allege that they had a reasonable expectation of privacy under the circumstances. "A reasonable expectation of privacy is an objective entitlement founded on broadly based and widely accepted community norms." *Hill*, 7 Ca. 4th at 37 (internal citations omitted). "The extent of a privacy interest is not independent of the circumstances." *Id*. at 37. Here, Plaintiffs allege that they did not expect or believe that Defendants would collect or disseminate their travel pattern data to others.   Plaintiffs have established these elements, and Defendants did not negate them.  (SOF P42-P43.)

Third, Plaintiffs' assertions are sufficient at the motion to dismiss stage to find that Defendants' alleged conduct constitutes a serious invasion of a protected privacy interest. "Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Hill*, 7 Cal.4th at 37. *United States v. Jones*, 132 S. Ct. 945, 955 (2012) (monitoring the movement of vehicles reflects a serious invasion). Taking Plaintiffs' factual allegations as true and drawing all inferences in their favor, Plaintiffs adequately allege a violation of the California Constitution's right to privacy.  This was the same conclusion reached by a Court on a similar privacy claim at the motion to dismiss stage.  *In re Toll Roads Litigation*, No. 8:16-00262, 2017 WL 10399496, *7 (C.D. Cal. Aug. 2, 2017) (denying motion after answer was filed for constitutional privacy claim), **Ex. 3**.  Thus, the Motions should be denied.

VIII.  **PLAINTIFFS' CLRA LETTER PROVIDED SUFFICIENT NOTICE**

Plaintiffs served their CLRA letter on, April 17, 2020, the same day the state case was filed. (Compl. ¶ 110.) The claim for monetary damages under the CLRA is held in abatement for 30 days after the served notice. *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1261 (2009) (criticizing *Outboard Marine Corp v. Superior Court*, 52 Cal. App. 3d 30, 41 (1975)). Certain Defendants cite to *Davis v. Chase Bank U.S.A., N.A.*, 650 F. Supp. 2d 1073 (C.D. Cal. 2009), but that involve facts were no notice was given more than two years after the litigation was filed. *Id*. at 1089. After *Morgan*, "the weight of persuasive precedent, including in this district, takes that case's approach of dismissal without prejudice." *Benipayo v. Volkswagen Grp. of Am., Inc.*, No. 15-MD-02672-CRB, 2020 WL 553884, at *12 (N.D. Cal. Feb. 4, 2020) *citing Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189, 2015 WL 2125004, at *8 (N.D. Cal. May 6, 2015) (at minimum, dismissal for notice is without prejudice and is <u>curable</u>). Since the operative Compl. was filed on August 30, 2021 in this Court, which is long after May 18, 2020, Plaintiffs complied with the notice requirements. Having cured the alleged deficiency, the argument should be rejected.

## IX.   <u>THE BROOKFIELD DEFENDANTS DID NOT OBTAIN CONSENT</u>

The Brookfield Defendants argue that "consent" precludes liability under §1798. While consent is typically a summary judgment question or an affirmative defense not capable of resolution on a motion to dismiss, the Brookfield Defendants have not address whether consent can even be given in the first place.

*First*, the Brookfield Defendants must demonstrate that "consent" is a defense. Nothing in §1798 provides that "consent" is a defense. (Lindemann Decl., **Ex. 2**.) For instance, consent is a defense to a claim under Cal. Pen. Code §§ 631(a), 632(a) (CIPA) (prohibiting wiretapping and eavesdropping "without the consent of all parties to the communication"); *Brown v. Google, Inc.*, No. 20-CV-03664-LHK, *14 (N.D. Cal. Mar. 12, 2021) (finding consent was lacking under CIPA and denying motion to dismiss). "Authorization" may be a defense to

charging allegations of misuse or access. §1798.  However, "authorize" means "to give legal authority" or to "formally approve."  Black's Law Dictionary 35 (2nd ed. 1996) (emphasis added).  The Brookfield Defendants have not raised this defense properly, and in any event, none of the Plaintiffs *authorized* the Brookfield Defendants to engage in the ALPR data sharing practices, as that term is defined. (Compl. ¶ 346.)  As pled, this objection this objection should be overruled.

*Second*, even if consent was written into §1798, "as 'the party seeking the benefit of the exception,' it is [defendant's] burden to prove consent." *Matera v. Google Inc.*, 2016 WL 5339806, at *17 (N.D. Cal. Sept. 23, 2016). Consent "can be explicit or implied, but any consent must be actual." *In re Google, Inc.*, 2013 WL 5423918, at *12 (N.D. Cal. Sept. 26, 2013). In order for consent to be actual, the disclosures must "explicitly notify" users of the practice at issue. *Id*. at *13; *see also Campbell v. Facebook, Inc.*, 77 F. Supp. 3d 836, 847–48 (N.D. Cal. 2014) (explaining that, for a finding of consent, the disclosures must have given users notice of the "specific practice" at issue). The disclosures must have only one plausible interpretation for a finding of consent. *In re Facebook, Inc., Consumer Privacy User Profile Litig.*, 402 F. Supp. 3d 767, 794 (N.D. Cal. 2019). "[I]f a reasonable . . . user could have plausibly interpreted the contract language as not disclosing that [the defendant] would engage in particular conduct, then [the defendant] cannot obtain dismissal of a claim about that conduct (at least not based on the issue of consent)." *Id*. at 789–90. Here, Plaintiffs were not aware their data was being collected, even though they are <u>now</u> aware of a link to the policy online. The disclosures do not highlight in any detail or make Plaintiffs aware of the parties with whom Brookfield shares ALPR data with.  For these reasons, Defendants have not made their prima facie case that Plaintiffs *consented* to the collection or sharing of PII.

X.      **THE DEFENDANTS' CONDUCT WAS "KNOWING"**

Although the Westfield Defendants do not specifically raise this issue in their motion, they repeatedly refer to the phrase "knowingly caused the harm" in their brief. Although it is premature to address this issue on a motion to dismiss, and the Westfield Defendants may not have even intend to raise the issue, Plaintiffs address it out of abundance of caution. Plaintiffs first note that the issue of "knowingly" in the related California *Streets & Highway Codes Section 31490*, has been addressed with a conclusion that transportation agencies' transmission of ALPR information meets the statutory standard. *In Re Toll Roads Litigation*, No. 8:16-00262**,** 2018 WL 6131178, \*\*7-8 (C.D. Cal. Jan. 12, 2018) (Order denying motion for summary judgment and providing "[t]he Court therefore concludes that the correct interpretation of 'knowingly' is that it restricts the private right of action to deliberate transmissions of PII."), **Ex. 4**. Plaintiffs have pled that each of the Defendants' conduct was "knowing." (Compl. ¶¶ 286, 322, 351, 383, 403.)

*First*, § 1798 does not have a state of mind requirement because it is a strict liability statute. *Alonso v. Blackstone Fin. Grp. LLC*, 962 F. Supp. 2d 1188, 1203 (E.D. Cal. 2013) (strict liability statutes do not have a mental state requirement). We know § 1798 is a strict liability statute because it does not have the qualifying words in the provision "creating the offense." *See People v. Allen*, 20 Cal. App. 4th 846, 854, 25 Cal. Rptr. 2d 26 (1993) ("Strict liability offenses are denoted where ""'qualifying words such as knowingly, intentionally, or fraudulently are omitted from provisions creating the offense. . . ") (alterations in original and citation omitted); *Gates v. MCT Grp., Inc.*, 93 F. Supp. 3d 1182, 1185 (S.D. Cal. 2015), *aff'd in part*, 678 Fed. Appx. 539 (9th Cir. 2017) ("The FDCPA imposes strict liability on creditors, including liability for violations that are not knowing or intentional.") (citation omitted).

§ 1798 provides for what a "person" or "ALPR operator" may not do. The word "knowingly" is not directly connected to any charging provision. The language in § 1798 – the private right of action provision - which references the

24

term "knowingly" does not negate the prior omission of that word in the balance of the charging sections. Strict liability statutes are, not surprisingly, strictly construed to effectuate their underlying purpose – here, the protection of consumers' sensitive personal identifying information.

*Second*, a plaintiff is entitled to statutory damages when ALPR data is accessed without authorization *or* used without authorization. This provision is to be commonly and ordinarily construed in the disjunctive based on the connector "or*." See, e.g., Pichler v. UNITE*, 228 F.R.D. 230, 242 (E.D. Pa. 2005), aff'd, 542 F.3d 380 (3d Cir. 2008); *In re Pacific-Atlantic Trading Co.*, 64 F.3d 1292, 1302 (9th Cir. 1995) (noting that when subsections are provided as "alternatives, separated by the word 'or,'" "a court should interpret the subsections written in the disjunctive as setting out separate and distinct alternatives") (citation omitted); *Eddie E. v. Superior Court*, 234 Cal. App. 4th 319, 327, 183 Cal. Rptr. 3d 783 (2015) (citation omitted).

*Third*, even if a state of mind requirement could be read into § 1798 for the remedy of statutory damages, Defendants here factually have "knowledge" that consumers' ALPR data is and was, being provided to third parties. Furthermore, because § 1798 is a remedial statute, it must be given a liberal construction in favor of consumers. *See, e.g., Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1078 (9th Cir. 2016) ("[R]emedial statute…FDCPA must be liberally construed in favor of the consumer . . . ."); *Eby v. Reb Realty, Inc.*, 495 F.2d 646, 650 (9th Cir. 1974) (concluding the remedial purpose of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, required liberal construction).

For example, in reviewing the meaning of the term "knowingly" in the Driver's Privacy Protection Act (DPPA), courts have held that the term does not require plaintiffs bringing actions under the DPPA to allege that a defendant knowingly violated the Act. The word "knowingly" as used in the Act only modified a requirement that a violator obtain motor vehicle records, not the

requirement that a violator obtain records for a purpose in violation of statute. *Rios v. Direct Mail Express, Inc.*, 435 F. Supp. 2d 1199 (S.D. Fla. 2006).

As the Third Circuit held in interpreting the defendant's impractical definition of "knowing" under the DPPA: If one could not violate the DPPA without "knowing[ ]" that the purpose for which he "obtain[ed]," "disclose[d]" or "use[d]" motor vehicle information was unlawful, then every defendant would get at least one free bite at the violation-of-privacy apple. *See Pichler v. UNITE*, 542 F.3d 380, 398 (3rd Cir. 2008). After all, anyone could claim that he did not "know" his purpose to be impermissible until a court interpreted the DPPA to proscribe that purpose. Even after such a ruling, a defendant could manufacture a slightly different purpose for his conduct and then claim ignorance of whether the DPPA prohibited the new purpose. A plaintiff could recover only if the defendant repeatedly violated her privacy and lacked sufficient creativity to conjure up some conceivable purpose that no court had yet considered. *Pichler*, 228 F.R.D. at 242 (emphasis added).

California law confirms the same conclusion. For example, the word "knowing" as used in a California criminal statute imports only an awareness of the facts which bring the proscribed act within the terms of the statute. Cal. Pen. Code § 7, sub. 5; *People v. Lopez*, 188 Cal. App. 3d 592, 598, 233 Cal. Rptr. 207 (1986); *People v. Calban*, 65 Cal. App. 3d 578, 584, 135 Cal. Rptr. 441 (1976)) CALJIC No. 1.21 defines "knowingly" as "with knowledge of the existence of the facts in question. This definition is consistent with that found in Webster's New International Dictionary Unabridged (3d ed. 1981), which defines "knowing" as "having or reflecting knowledge, information, or insight . . .," and "knowingly" as "in a knowing manner . . . with awareness, deliberateness, or intention . . . ." (Id. at 1252). Put another way, knowingly "is usually held to refer to a knowledge of the essential facts and from such knowledge of the facts the law presumes a knowledge of the legal consequences arising from the performance of the

prohibited act." *People v. Flumerfelt*, 35 Cal. App. 2d 495, 498-99, 96 P.2d 190, 192 (1939).  For all these reasons, to the extent the Westfield Defendants meant to challenge whether the conduct was knowing, it is premature on a motion to dismiss to do so. However, the Westfield Defendants were deliberate in the manner which they "used," and deliberate with respect to the manner in which they "accessed" the ALPR data.  (Compl. ¶¶ 286, 322, 351, 383, 403.) Thus, the Motions should be denied.

XI. **IT IS PREMATURE AND PROCEDURALLY IMPROPER TO STRIKE THE REMEDY TO STRIKE PLAINTIFFS' LIQUIDATED DAMAGES REMEDY**

The Westfield Defendants have requested that the Court strike Plaintiffs' "liquidated damages claim."   However, Plaintiffs have not brought a specific "claim" for liquidated damages. Instead, Plaintiffs have requested several remedies, one of which includes statutory damages of $2,500.  In a request to strike, a "court[] may not resolve disputed and substantial factual or legal issue." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).  Since statutory damages is one of many remedies being sought, it is premature to address this issue, and it would be inappropriate to resolve this dispute of fact.  It is also a substantial legal issue that requires further development.

Westfield and Brookfield's citation to *Doe v. Chao*, 540 U.S. 614, 620 (2004), a case decided at the later procedural stage of summary judgment, is inapposite.  There, in a 5-4 decision, the Supreme Court held that the federal Privacy Act required "actual damages sustained" before a litigant would be entitled to $1,000 based on "willful" misconduct by the Government. Unlike *Chao*, here there is no requirement that a litigant under § 1798 *sustain* actual damages. An individual is entitled to "[a]ctual damages, but not less than liquidated damages in the amount of two thousand five hundred dollars ($2,500)." (Cal. Civil Code §1798.90.54(b)(1)). Also, there is also no requirement that conduct be "willful" unless punitive damages are being assessed at the time of trial.  §1798.90.54(b)(2).

27

*Third*, the federal privacy act contains no prefatory clause granting a combination of any remedies. Here on the other hand, "the court may award a ***combination of any one or more of the following***…" §1798.90.54(b) (emphasis added). This is a strong statutory indicator that *any* remedy may be claimed. Definition sections and interpretation clauses are to be carefully followed. *Fox v. Standard Oil Co. of N.J.*, 294 U.S. 87, 96 (1935).

*Fourth*, §1798.90.54(b)(1) permits statutory damages, "but not less than liquidated damages of $2,500." The Federal privacy act does not permit a set liquidated damages amount, and expressly makes the $1,000 contingent on one "entitled to recovery." The Federal privacy act provides that "in no case shall a person ***entitled to recovery*** receive less than the sum of $1,000." *Doe*, *Id*. at 619 (emphasis added). There is no requirement in §1798.90.54(b)(1) that a litigant be "entitled to recovery."

*Fifth*, Courts have refused to apply *Doe v. Chao* to the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, even though the VPPA only entitled an "aggrieved" party to damages. *In re Hulu Privacy Litig.*, No. C 11- 03764 LB, 2013 WL 6773794, at *13, 15, 18 (N.D. Cal. Dec. 20, 2013) (actual injury is not a prerequisite to recovering statutory damages). The Drivers Privacy Protection Act ("DPPA"), another privacy statute, has a similar remedy scheme to § 1798. *See* 18 U.S.C. § 2710(b)(1) ("actual damages, but not less than liquidated damages in the amount of $2,500").

Courts have held that the DPPA requires only an improper disclosure under the statute, and not actual damages. *See Pichler v. UNITE*, 542 F.3d 380, 398 (3rd Cir. 2008); *Kehoe v. Fidelity Fed. Bank & Trust*, 421 F.3d 1209, 1216 (11th Cir. 2004). *Kehoe* involved a savings bank's purchase of Florida DMV names and addresses for people who registered new cars or newer used motor vehicles. 421 F.3d at 1210. In rejecting the argument that proving actual damages is a condition precedent to receiving liquidated damages, the court observed that "[d]amages for

28

a violation of an individual's privacy are a quintessential element of damages that are uncertain and possibly unmeasurable," which means that liquidated damages are "an appropriate substitute for the potentially uncertain and unmeasurable actual damages of a privacy violation." *Id*. at 1213. Given the similarity of the DPPA and VPPA to § 1798, authority militates in favor of a conclusion that Plaintiffs need show only a violation of § 1798 to establish liquidated damages.

Finally, since Plaintiffs have pled actual damages, there would be no basis to strike or deny statutory damages even under Defendants' theory. (Compl. pp. 99-100.)   Since Plaintiffs have plausibly pled actual damages, Plaintiffs have established a Claim under § 1798, and the statutory damage remedy should not be stricken.

XII. **SUBJECT       MATTER       JURISDICTION       SHOULD       BE EVALUATED BEFORE THE MERITS**

**A. Recent Supreme Court Authority Calls in to Question Whether this Case Should Be Remanded**

The U.S. Supreme Court in *TransUnion LLC v. Ramirez* announced a more rigorous requirement for standing in Federal Court for an FCRA claim. *Transunion LLC v. Ramirez,* 141 S. Ct. 2190, 2204 (2021). California state courts have more liberal standing rules. *Lee v. American National Insurance Company*, 260 F.3d 997, 999-1000 (9th Cir. 2001). Jurisdiction can be adjudged at any time in a proceeding pursuant to Federal Rule of Civil Procedure Rule 12(h).

The Ninth Circuit that a cross-motion for summary judgment may be filed and that summary judgment may be entered *sua sponte* against a moving party. *See, e.g., Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311 (9th Cir. 1982); *see also Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) ("Even when there has been no cross-motion for summary judgment, a district court may enter summary judgment *sua sponte* against a moving party if the losing party has had a 'full and fair opportunity to ventilate the issues involved in the

PLAINTIFFS' CONSOLIDATED MEM. IN OPP. TO MOTIONS FOR SUMMARY JUDGMENT

matter.'") (*quoting Cool Fuel, Inc.*, 685 F.2d at 312). The Supreme Court implicitly recognized this authority in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), noting that "district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence." *Id*. at 326.

Because jurisdiction and standing are now fairly at issue based on Defendants' repeated incantations as to "harm," Defendants can no longer take the position they took in opposing Plaintiffs' Motion to Remand. If the Court is inclined to consider the merits unfavorably to Plaintiff's California consumer remedial claims, and will not continue the MSJ for reasonable discovery, summary judgment should be entered in favor of Plaintiffs, in that the case should be remanded based on an application of the *Transunion* authority cited.

**B. Standing and Subject Matter Jurisdiction Must Be Decided Before the Merits**

"The jurisdictional question of standing precedes, and does not require, analysis of the merits." *Satchell v. Sonic Notify, Inc.*, 234 F. Supp. 3d 996, 1001 (N.D. Cal. 2017) *citing Equity Lifestyle Props., Inc. v. Cnty. of San Luis Obispo,* 548 F.3d 1184, 1189 n. 10 (9th Cir.2008); *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011); *see also Warth v. Seldin,* 422 U.S. 490, 501-502 (1975), (standing "in no way depends on the merits of the [ ] contention that particular conduct is illegal."); *Bell v. Hood,* 327 U.S. 678, 682, 66 S. Ct. 773, 90 L. Ed. 939 (1946); *Catholic League for Religious and Civil Rights v. City & Cnty. of San Francisco,* 624 F.3d 1043, 1049 (9th Cir.2010) (en banc) ("Nor can standing analysis, which prevents a claim from being adjudicated for lack of jurisdiction, be used to disguise merits analysis, which determines whether a claim is one for which relief can be granted if factually true."); *Warth v. Seldin,* 422 U.S. 490, 501-502 (1975) (standing "in no way depends on the merits of the [ ] contention that particular conduct is illegal.").

PLAINTIFFS' CONSOLIDATED MEM. IN OPP. TO MOTIONS FOR SUMMARY JUDGMENT

"In other words, it is possible that Plaintiffs may file a civil action 'without suffering dismissal for want of standing to sue,' even though they are [un]able to assert a cause of action successfully." *Opperman v. Path, Inc.*, 87 F.Supp.3d 1018, 1038 (N.D. Cal. 2014).  Thus, the Defendants' authority about deferring subject matter jurisdiction is inapposite in the specific context of Article III standing.

"Even though the California unfair business practices statute requires no such actual injury to pursue a claim in state court, said the district court, Article III of the Constitution takes priority in federal court over the California statute's more liberal standing rules." *Lee v. American National Insurance Company*, 260 F.3d 997, 999-1000 (9th Cir. 2001) (reversing and remanding case to state Court).  Put differently, one may be able to establish injury in a California state court on a California claim that cannot be redressed in Federal Court. Standing is not dependent on the merits and is not coterminous.  Thus, standing must be decided prior to the merits of any dispute.

## XIII.  **CONCLUSION**

The Motions should be denied. In the alternative, the Motions should be continued so reasonable discovery can be had in connection with the concurrently filed ex parte application.  Alternatively, leave to amend should be granted.  Leave to amend is generally granted "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Under FRCP 15(a), leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). (leave to amend should be granted unless the pleading cannot possibly be cured). Here no scheduling Order has been set by this Court.

DATED: January 5, 2022                    Respectfully submitted,

/s/ *Blake J. Lindemann*
Blake J. Lindemann
California Bar No. 255747
E-mail:  blake@lawbl.com
Donna R. Dishbak
California Bar No. 259311
E-mail:  donna@lawbl.com
**LINDEMANN LAW FIRM, APC**
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone No: 310-279-5269
Facsimile No: 310-300-0267

*Attorneys for Plaintiffs and the proposed Classes*

## CERTIFICATE OF SERVICE

I, the undersigned, declare: I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 433 N. Camden Drive, 4th Floor, Beverly Hills, CA 90210.

On January 5, 2022, I served the foregoing document as follows:

**PLAINTIFFS' CONSOLIDATED MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT; CROSS-MOTION FOR SUMMARY JUDGMENT**

[X] by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such electronic filing to counsel of record for all parties by operation of the Court's CM/ECF System.

[  ] by U.S. Mail in the ordinary course of business to the non-CM/ECF participants indicated on the attached Manual Notice List. I am readily familiar with the Firm's practice for the collection and processing of correspondence for mailing with the Postal Service and that the correspondence would be deposited with same that same day in the ordinary course of business.

[  ] by electronically serving the foregoing by electronic mail to the e-mail addresses agreed by the parties for service, pursuant to Fed. R. Civ. Proc. 5 and the parties' agreement.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct. Executed on January 5, 2022, at Beverly Hills, California.

*/s/ Nataly Grande*

_____

NATALY GRANDE

PLAINTIFFS' CONSOLIDATED MEM. IN OPP. TO MOTIONS FOR SUMMARY JUDGMENT