**LINDEMANN LAW FIRM, APC**
BLAKE J. LINDEMANN (SBN 255747)
DONNA R. DISHBAK (SBN 259311)
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone: (310) 279-5269
Facsimile:  (310) 300-0267
E-mail: blake@lawbl.com

*Attorneys for Plaintiffs and the
Proposed Classes*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ALVARO NAVARRO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SKI DATA, INC., a Delaware Corporation, *et al.*,<br><br>Defendants. | Case No.: 2:20-cv-07370-SVW-SK<br><br>Judge:  Hon. Stephen V. Wilson<br>Magistrate Judge: Hon. Steve Kim<br><br>**<u>CLASS ACTION</u>**<br><br>**PLAINTIFFS' RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND DISPUTED FACTS TO TAUBMAN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[*Relates to Dkt. No. 192*]<br><br>Date:   January 24, 2022<br>Time:  1:30 p.m.<br>Ctrm:   10A |

## I.   **PRELIMINARY STATEMENT**

Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In the Taubman Defendants' statement at *Dkt. No. 192*, many of these 21 separate statements are irrelevant and unnecessary or were not tied to the elements of the claims raised, or otherwise involve issues to which discovery has been deprived.

## II.   **DEFENDANTS' ALLEGED UNDISPUTED FACTS**

| | ALLGED UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSE |
|---|---|---|
| 1. | Taubman uses two automatic license plate character recognition systems at the Beverly Center Mall's parking structure.<br><br>*Declaration of William Knarre*  ¶ 3 ("***Knarre Decl.***") | <u>Undisputed</u>.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d).  Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 2. | Taubman does not use and has never used either system to connect or associate any license plate characters collected by the system | <u>Disputed</u>.  Vague as to "associate" any person, and does not address that information may have been further provided to ultimately |

1

| | ALLGED UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSE |
|---|---|---|
| | to or with any particular individual, or to identify any customers of the Beverly Center Mall.<br><br>*Knarre Decl.* ¶¶ 10, 12, 18, 19 | associate a person.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| 3. | Taubman does not collect and has never collected names, addresses, dates of birth, social security numbers, telephone numbers, e-mail addresses, DMV information, credit information, or any other personal identification information from the license plate data.<br><br>*Knarre Decl.* ¶¶ 10, 11, 18, 19 | Disputed.<br><br>Vague as to "license plate data." The issue is what has Taubman collected from the ALPR data.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| 4. | Taubman has no way of using license plate characters to determine the name, address, or any other identification information concerning who might be associated | Disputed.<br><br>Vague, ambiguous and indefinite as to "no way of using." |

Case No. 2:20-cv-07370 SVW (SK)    PLTFS' RESPONSE TO TAUBMAN DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| ALLGED UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| with a vehicle bearing those license plate characters.<br><br>*Knarre Decl.* ¶¶ 10, 18 | Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| 5. | Disputed.<br><br>Vague as to "license plate data." The issue is what has Taubman, and those it is under contract including agents, have used the license plate data for.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| Taubman does not use and has never used the license plate data for marketing purposes.<br><br>*Knarre Decl.* ¶¶ 12, 16, 18 | |
| 6. Taubman does not use and has never used the license plate data to collect consumer or demographic information, determine the preferences or location of any | Disputed.<br><br>Vague as to "license plate data." The issue is what has Taubman, and those it is under contract |

| ALLGED UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| customer, or determine the credit status of any customer.<br><br>*Knarre Decl.* ¶¶ 12, 18 | including agents, have used the license plate data for.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| 7.<br><br><br><br><br><br><br><br><br>Taubman does not use and has never used the license plate data to geo-track, geo-target, geo-market, or geo-locate anyone.<br><br>*Knarre Decl.* ¶¶ 12, 13, 18 | Disputed.<br><br>Vague as to "license plate data." The issue is what has Taubman, and those it is under contract including agents, have used the license plate data for.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| 8. Taubman has not transferred license plate data to any third party, except | Disputed. |

4

| ALLGED UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| for data provided to law enforcement pursuant to a search warrant.<br><br>*Knarre Decl.* ¶¶ 12, 17, 18, 19, 21 | Vague as to "license plate data." The issue is what has Taubman, and those it is under contract including agents, have used the license plate data for.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| 9.<br><br><br>Taubman has not transferred license plate data to any retailer or service provider.<br><br>*Knarre Decl.* ¶¶ 12, 16, 17, 18, 19 | Disputed.<br><br>Vague as to "license plate data." The issue is what has Taubman, and those it is under contract including agents, have used the license plate data for.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion |

5

| ALLGED UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| | pursuant to Rule 56(d). |
| 10. | Disputed.<br><br>Vague as to "license plate data." The issue is what has Taubman, and those it is under contract including agents, have used the license plate data for.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| Taubman has not used license plate data, nor transferred it to any data aggregator or anyone else to use it, for data modeling or data harvesting purposes.<br><br>*Knarre Decl.* ¶¶ 18 | |
| 11. | Disputed.<br><br>Vague as to "license plate data." The issue is what has Taubman, and those it is under contract including agents, have used the license plate data for.<br><br>Plaintiffs have been deprived of discovery, have requested |
| Taubman has not sold license plate data to any third party.<br><br>*Knarre Decl.* ¶¶ 12, 17, 18, 29 | |

6

| ALLGED UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| | documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| 12. Taubman has searched its servers for the two automatic license plate character recognition systems used at the Beverly Center Mall to determine if there is any information concerning someone named Areliz Navarro.<br><br>*Knarre Decl.* ¶¶ 15, 17 | <u>Disputed</u>.<br>Defendants have repeatedly stated during this litigation that they delete all information so how can they search for this.<br><br>Best evidence is the actual search results and what data remains during the class period.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| 13. The name Areliz Navarro does not appear anywhere in Taubman's servers for the automatic license plate character recognition systems used at the Beverly Center Mall. | <u>Disputed</u>.<br>Defendants have repeatedly stated during this litigation that they delete all information so how can they search for this. |

Case No. 2:20-cv-07370 SVW (SK)    PLTFS' RESPONSE TO TAUBMAN DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| ALLGED UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| *Knarre Decl.* ¶¶ 15, 17 | Best evidence is the actual search results and what data remains during the class period.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| 14. <br><br><br><br><br><br> There is no indication that the name Areliz Navarro ever appeared in Taubman's servers for the automatic license plate character recognition systems used at the Beverly Center Mall.<br><br>*Knarre Decl.* ¶ 15 | <u>Disputed</u>.<br>Defendants have repeatedly stated during this litigation that they delete all information so how can they search for this.<br><br>Best evidence is the actual search results and what data remains during the class period.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested |

8

| ALLGED UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| | a continuance of the Motion pursuant to Rule 56(d). |
| 15. | <u>Disputed</u>.<br><br>Defendants have repeatedly stated during this litigation that they delete all information so how can they search for this.<br><br>Best evidence is the actual search results and what data remains during the class period. |
| Taubman does not even know what Areliz Navarro's license plate number might be or what vehicle she might drive.<br><br>*Knarre Decl.* ¶¶ 15, 21 | Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| 16. The name Areliz Navarro did not appear anywhere in Taubman's records until she filed this lawsuit, and the records that Taubman does have pertain only to the fact that she is a party to this lawsuit. | <u>Disputed</u>.<br><br>Defendants have repeatedly stated during this litigation that they delete all information so how can they search for this.<br><br>Best evidence is the actual search |

Case No. 2:20-cv-07370 SVW (SK)   PLTFS' RESPONSE TO TAUBMAN DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| ALLGED UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| *Knarre Decl.* ¶¶ 15, 17 | results and what data remains during the class period. |
| | Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| 17. | Disputed. Defendants have repeatedly stated during this litigation that they delete all information so how can they search for this. Best evidence is the actual search results and what data remains during the class period. Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| Taubman has not obtained or maintained Areliz Navarro's name, address, travel pattern or geo-location, or any photographs of her. *Knarre Decl.* ¶¶ 18, 25, 26 | |

10

| ALLGED UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| 18. <br><br><br>Taubman does not have access to any address or other contact information for her.<br><br>*Knarre Decl.* ¶ 26 | <u>Disputed</u>.<br>Defendants have repeatedly stated during this litigation that they delete all information so how can they search for this.<br><br>Best evidence is the actual search results and what data remains during the class period.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| 19. If Areliz Navarro parked in the parking structure at the Beverly Center Mall as she claims, Taubman has not compromised her license plate information or shared, exposed, or disclosed it to any third party.<br><br>*Knarre Decl.* ¶ 19 | <u>Disputed</u>.<br>Defendants have repeatedly stated during this litigation that they delete all information so how can they search for this.<br><br>Best evidence is the actual search results and what data remains during the class period. |

11

| ALLGED UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| | Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| 20. | Disputed. Defendants have repeatedly stated during this litigation that they delete all information so how can they search for this. Best evidence is the actual search results and what data remains during the class period. |
| Taubman has no information indicating that anyone has ever hacked or otherwise inappropriately accessed its ALPR systems. *Knarre Decl.* ¶ 19 | Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| 21. Taubman has never provided Areliz Navarro's license plate number or | Disputed. The question is whether ALPR |

| ALLGED UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| other information to federal or state law enforcement.<br><br>*Knarre Decl.* ¶¶ 17, 21 | data, not just license plate number, was provided to law enforcement (and not for law enforcement purposes).<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |

III.   **PLAINTIFFS' ADDITIONAL STATEMENT OF DISPUTED FACT**

Plaintiffs assert that the following are additional genuine issues of material fact, *which are identical to the genuine issues of material fact stated in response to each Defendant's separate statement*:

COUNT I: Corrected Second Amended Class Action Complaint, p. 60 (Compl.)

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| P1 | Plaintiffs are each "individuals" pursuant to § 1798.90.54. | Lindemann Decl. ¶10 |
| P2 | Each defendant is a "person" pursuant to § 1798.90.5(e). | Lindemann Decl. ¶10 |

13

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
| --- | --- | --- |
| | | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P3 | Each Defendant accessed "ALPR information" pursuant to § 1798.90.5 because it or its agent/operator on its behalf, collected Personal information or data of Plaintiffs and the Classes through the use of an "ALPR system" | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P4 | "Harm" is "…including, but not limited to, unauthorized access or use of ALPR information…" § 1798.90.54(a) | Cal. Civil Code § 1798.90.54(a) |
| P5 | Plaintiffs did not give any of the Defendants "authorization" to access ALPR information pursuant to § 1798.90.54(a). | Lindemann Decl. ¶10 |

14

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
|  |  | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P6 | None of the Defendants are "law enforcement," "transportation agencies," or those who received data "pursuant to Section 2721 of Title 18." <br><br> § 1798.90.5(a)(1), (a)(2), and (a)(3). | Lindemann Decl. ¶10 <br><br><br> Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P7 | Each Plaintiff has requested statutory damages of $2,500 and other remedies provided by law. <br> §1798.90.54(a); <br> §1798.90.54(b). | Lindemann Decl. ¶10 |

15

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | |
| | **COUNT II of Compl.** | |
| P8 | Plaintiffs are each "individuals" pursuant to § 1798.90.54. | Lindemann Decl. ¶10 |
| P9 | Each defendant is a "person" pursuant to § 1798.90.5(e). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P10 | Each Defendant accessed "ALPR information" pursuant to § 1798.90.5 because it or its agent/operator on its behalf, collected Personal information or data of Plaintiffs and the Classes through the use of an "ALPR system" | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P11 | "Harm" is "…including, but not limited to, unauthorized access | Cal. Civil Code § 1798.90.54(a) |

16

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | or use of ALPR information…" § 1798.90.54(a) | |
| P12 | Plaintiffs did not give any of the Defendants "authorization" to use ALPR information pursuant to § 1798.90.54(a). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P13 | None of the Defendants are "law enforcement," "transportation agencies," or those who received data "pursuant to Section 2721 of Title 18."<br><br>§ 1798.90.5(a)(1), (a)(2), and (a)(3). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P14 | ALPR data was "used" in that it | Lindemann Decl. ¶10 |

17

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | was provided to third persons without Plaintiffs' authorization. | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P15 | As to at least Park Assist, and the other Defendants' ALPR it collected, ALPR data was "used" in that it was published on the worldwide web, and through an application. | Lindemann Decl. ¶10 |
| P16 | Each Plaintiff has requested statutory damages of $2,500 and other remedies provided by law. §1798.90.54(a); §1798.90.54(b). | Lindemann Decl. ¶10 |
| | | |
| | **Count III of Compl.** | |
| | | |
| P17 | Plaintiffs are each "individuals" pursuant to § 1798.90.54. | Lindemann Decl. ¶10 |
| P18 | Each defendant is a "person" pursuant to § 1798.90.5(e). | Lindemann Decl. ¶10 |

18

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P19 | Each Defendant accessed "ALPR information" pursuant to § 1798.90.5 because it or its agent/operator on its behalf, collected Personal information or data of Plaintiffs and the Classes through the use of an "ALPR system" | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P20 | "Harm" is "…including, but not limited to, unauthorized access or use of ALPR information…" § 1798.90.54(a) | Cal. Civil Code § 1798.90.54(a) |
| P21 | Plaintiffs did not give any of the Defendants "authorization" to access ALPR information pursuant to § 1798.90.54(a). | Lindemann Decl. ¶10 <br><br> Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman |

19

PLTFS' RESPONSE TO TAUBMAN DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P22 | None of the Defendants are "law enforcement," "transportation agencies," or those who received data "pursuant to Section 2721 of Title 18." § 1798.90.5(a)(1), (a)(2), and (a)(3). | Lindemann Decl. ¶10 Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P23 | Each Defendant is an "ALPR Operator" pursuant to §1798.90.5(c) because each is "involved" or has some "participation" in an ALPR System. | Lindemann Decl. ¶10 Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. |

Case No. 2:20-cv-07370 SVW (SK)     PLTFS' RESPONSE TO TAUBMAN DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P24 | Each Plaintiff has requested statutory damages of $2,500 and other remedies provided by law. §1798.90.54(a); §1798.90.54(b). | Lindemann Decl. ¶10 |
| | | |
| | **Count IV of Compl.** | |
| | | |
| P25 | Plaintiffs are each "individuals" pursuant to § 1798.90.54. | Lindemann Decl. ¶10 |
| P26 | Each defendant is a "person" pursuant to § 1798.90.5(e). | Lindemann Decl. ¶10

Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by |

Case No. 2:20-cv-07370 SVW (SK)    PLTFS' RESPONSE TO TAUBMAN DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P27 | Each Defendant accessed "ALPR information" pursuant to § 1798.90.5 because it or its agent/operator on its behalf, collected Personal information or data of Plaintiffs and the Classes through the use of an "ALPR system" | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P28 | "Harm" is "…including, but not limited to, unauthorized access or use of ALPR information…" § 1798.90.54(a) | Cal. Civil Code § 1798.90.54(a) |
| P29 | Plaintiffs did not give any of the Defendants "authorization" to access ALPR information pursuant to § 1798.90.54(a). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |

Case No. 2:20-cv-07370 SVW (SK)  PLTFS' RESPONSE TO TAUBMAN DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| P30 | None of the Defendants are "law enforcement," "transportation agencies," or those who received data "pursuant to Section 2721 of Title 18."<br><br>§ 1798.90.5(a)(1), (a)(2), and (a)(3). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P31 | Each Defendant is an "ALPR Operator" pursuant to §1798.90.5(c) because each is "involved" or has some "participation" in an ALPR System. | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P32 | Each of Defendants do not have a policy that adequately discloses sharing of PII with the | Lindemann Decl. ¶10 |

23

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | third parties described in Defendants' declarations, nor does the Policy disclose as to the ALPR data collected at certain malls, that such PII is broadcasted worldwide, and publicly accessible by anybody. | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P33 | Each Plaintiff has requested statutory damages of $2,500 and other remedies provided by law. §1798.90.54(a); §1798.90.54(b). | Lindemann Decl. ¶10 |
| | **Count V of Compl. ("CLRA")** | |
| P34 | Each of the Plaintiffs is a consumer of parking services at the Malls. | Lindemann Decl. ¶10 |
| P35 | The use of parking at the Malls is, and constitutes, a service. | Lindemann Decl. ¶10 |
| P36 | Defendants at all times prior to this case, and even in this case, have denied reasonable discovery and disclosure as to concealed facts and true use and sharing practices of ALPR data. | Lindemann Decl. ¶10 |
| P37 | Plaintiffs re-incorporate all facts at P1-P31, as the CLRA claim is predicated on COUNTS I through III, as well as additional facts premised | Lindemann Decl. ¶10 |

24

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | herein. | |
| | | |
| | | |
| | **Count VI of Compl. ("UCL")** | |
| P38 | The capture and use of a person's private information invades concrete interests, in that there is a risk of identity theft, there is a loss of value of PII, the PII has already been misused, and Plaintiffs lost the benefit of the bargain. | Lindemann Decl. ¶10 |
| P39 | Plaintiffs re-incorporate all facts at P1-P31, as the UCL claim is predicated on COUNTS I through III, as well as additional facts premised herein. | Lindemann Decl. ¶10 |
| | | |
| | **Count VII of Compl. ("Negligence")** | |
| P40 | There is a special relationship between Plaintiffs and Defendants. | Lindemann Decl. ¶10 |
| P41 | Plaintiffs re-incorporate all facts at P1-P31, as the negligence claim is predicated on COUNTS I through III, as well as additional facts premised herein. | Lindemann Decl. ¶10 |
| | | |
| | **Count VIII of Compl. ("Constitutional Violations")** | |
| | | |
| P42 | Collecting and using ALPR data at private places that ultimately can be used to locate and track persons is a serious | Lindemann Decl. ¶10 |

25

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | invasion. | |
| P43 | Plaintiffs re-incorporate all facts at P1-P31, as the constitutional violation claim is predicated on COUNTS I through III, as well as additional facts premised herein. | Lindemann Decl. ¶10 |
| | | |
| | **Article III Standing in Federal Court (Counts I-VIII)** | |
| P44 | Defendants contend that Plaintiffs "harms" are insufficiently concrete. | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P45 | Because at least one defendant is a citizen in California, there is no diversity jurisdiction. | Lindemann Decl. ¶10 |
| P46 | There is no Federal subject matter jurisdiction because no Federal cause of action has been brought. | Lindemann Decl. ¶10 |
| P47 | Assuming insufficient standing under *Transunion v. Ramirez*, 141 S. Ct. 2190, 2203 (2021), there is no jurisdiction under CAFA. | Lindemann Decl. ¶10 |

Case No. 2:20-cv-07370 SVW (SK)          PLTFS' RESPONSE TO TAUBMAN DEFS. STATEMENT
OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

## IV.   **DEFENDANTS' CONCLUSION OF LAW**

Plaintiffs dispute Defendants' contentions of law, as more expressly stated in their Opposition Br. To the Motion for Summary Judgment.

## V.   **PLAINTIFFS' CONCLUSIONS OF LAW**

| No. | Conclusions of Law | Citation To Authority |
|-----|--------------------|-----------------------|

27

| P1 | Plaintiffs have established each requisite element of Count I based on the undisputed facts in P1-P7. | Each element has been met in this privacy and consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.<br><br>"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm.</u>***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |

28

| P2 | Plaintiffs have established each requisite element of <u>Count II</u> based on the undisputed facts in P8-P16. | Each element has been met in this privacy and consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.<br><br>"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm</u>.***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |

    PLTFS' RESPONSE TO TAUBMAN DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| P3 | Plaintiffs have established each requisite element of <u>Count III</u> based on the undisputed facts in P17-P24. | Each element has been met in this privacy and consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.<br><br>"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm.</u>***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |

| P4 | Plaintiffs have established each requisite element of Count IV based on the undisputed facts in P25-P33. | Each element has been met in this privacy and consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.

"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or physical harm.***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |
|---|---|---|

Case No. 2:20-cv-07370 SVW (SK)

PLTFS' RESPONSE TO TAUBMAN DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| P5 | Plaintiffs have established each requisite element of <u>Count V</u> based on the undisputed facts in P34-P37. | Each element has been met in this consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.<br><br>"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm.</u>***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |

     PLTFS' RESPONSE TO TAUBMAN DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| P6 | Plaintiffs have established each requisite element of <u>Count VI</u> based on the undisputed facts in P38-P39. | Each element has been met in this consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.

"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm</u>.***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |
|----|----|----|

| P7 | Plaintiffs have established each requisite element of <u>Count VII</u> based on the undisputed facts in P40-P41. | Each element has been met in this consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.<br><br>"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm.</u>***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |

34

| P8 | Plaintiffs have established each requisite element of Count VIII based on the undisputed facts in P42-P43. | Each element has been met in this important constitutional right, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial. "Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or physical harm.***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |
| --- | --- | --- |
| P9 | Plaintiffs (and Defendants by their arguments and facts) have fairly raised a question as to whether there is Article III jurisdiction over this dispute, and it must be decided now based on the facts at P44-P47. | *Transunion v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) |

35

DATED: January 5, 2022          Respectfully submitted,

                                /s/ *Blake J. Lindemann*
                                Blake J. Lindemann
                                California Bar No. 255747
                                E-mail:  blake@lawbl.com
                                Donna R. Dishbak
                                California Bar No. 259311
                                E-mail:  donna@lawbl.com
                                **LINDEMANN LAW FIRM, APC**
                                433 N. Camden Drive, 4th Floor
                                Beverly Hills, CA 90210
                                Telephone No: 310-279-5269
                                Facsimile No: 310-300-0267

                                *Attorneys for Plaintiffs and the proposed Classes*

36

## CERTIFICATE OF SERVICE

I, the undersigned, declare: I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 433 N. Camden Drive, 4th Floor, Beverly Hills, CA 90210.

On January 5, 2022, I served the foregoing document as follows:

**PLAINTIFFS' RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND DISPUTED FACTS TO TAUBMAN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

[X] by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such electronic filing to counsel of record for all parties by operation of the Court's CM/ECF System.

[ ] by U.S. Mail in the ordinary course of business to the non-CM/ECF participants indicated on the attached Manual Notice List. I am readily familiar with the Firm's practice for the collection and processing of correspondence for mailing with the Postal Service and that the correspondence would be deposited with same that same day in the ordinary course of business.

[ ] by electronically serving the foregoing by electronic mail to the e-mail addresses agreed by the parties for service, pursuant to Fed. R. Civ. Proc. 5 and the parties' agreement.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct. Executed on January 5, 2022, at Beverly Hills, California.

*/s/ Nataly Grande*

_____

NATALY GRANDE

Case No. 2:20-cv-07370 SVW (SK)        PLTFS' RESPONSE TO TAUBMAN DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW