**LINDEMANN LAW FIRM, APC**
BLAKE J. LINDEMANN (SBN 255747)
DONNA R. DISHBAK (SBN 259311)
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone: (310) 279-5269
Facsimile:  (310) 300-0267
E-mail: blake@lawbl.com

*Attorneys for Plaintiffs and the*
*Proposed Classes*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ALVARO NAVARRO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SKI DATA, INC., a Delaware Corporation, *et al.*,<br><br>Defendants. | Case No.: 2:20-cv-07370-SVW-SK<br><br>Judge:  Hon. Stephen V. Wilson<br>Magistrate Judge: Hon. Steve Kim<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND DISPUTED FACTS TO THE CARUSO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[*Relates to Dkt. No. 194-2*]<br><br>Date:   January 24, 2022<br>Time:  1:30 p.m.<br>Ctrm:   10A |

## I.    PRELIMINARY STATEMENT

Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   In the Caruso Defendant's statement at *Dkt. No. 194*-2, many of these 44 separate statements are irrelevant and unnecessary or were not tied to the elements of the claims raised, or otherwise involve issues to which discovery has been deprived.

## II.    DEFENDANTS' ALLEGED UNDISPUTED FACTS

| # | Uncontroverted Facts | Plaintiffs' Response |
|---|---|---|
| 1. | On August 12, 2021, the Court granted defendant Caruso Affiliated Holdings, LLC's and other co-defendants' Motion to Dismiss Plaintiffs' Alvaro Navarro, Areliz Navarro, Jina Howell, Sevindzh Gasanova, Cristian Rodriguez, and Leilani Ross's ("Plaintiffs") First Amended Complaint ("FAC") in its entirety with leave to amend.<br><br>Dkt. 130<br><br>*Navarro v. Ski Data*, No. 2:20-cv-07370-SVW-SK, 2021 U.S. Dist. LEXIS 186918 (C.D. Cal. | Disputed.<br>Plaintiffs do not deny the Order was entered granting the Motion, but object to the implication that findings of fact were made on a 12(b)(6) as an uncontroverted "fact."  FRCP 52(a)(3); FRCP 12. |

| # | Uncontroverted Facts | Plaintiffs' Response |
|---|---|---|
| | Aug. 12, 2021) | |
| 2. | The Court's Motion to Dismiss Order states, in part, that "Plaintiffs' causes of action all fail for the same reason. Plaintiff has entirely failed to allege factual content supporting the elements of their causes of action. In conclusory terms, Plaintiffs assert that all the Defendants operate ALPR databases that collect Plaintiffs' license plate information and disseminate it to unspecified third patties for unspecified marketing or tracking purposes. The FAC is devoid of allegations of fact that would support those conclusions. Moreover, the FAC does not differentiate the individual roles of the named Defendants and what involvement each had in operating and profiting from the alleged ALPR databases." | <u>Disputed</u>. Plaintiffs do not deny this interim statement was made, but object to the implication that findings of fact were made on a 12(b)(6) Motion as an unconverted "fact."  FRCP 52(a)(3); FRCP 12. |

| # | Uncontroverted Facts | Plaintiffs' Response |
|---|---|---|
| | Dkt. 130 at 3<br><br>*Navarro v. Ski Data*, No. 2:20-cv-07370-SVW-SK, 2021 U.S. Dist. LEXIS 186918, at *5-6 (C.D. Cal. Aug. 12, 2021) | |
| 3. | The Court's Motion to Dismiss Order also states, in part, that "Similarly, Plaintiffs assert only in conclusory terms how they have been affected by Defendants' allegedly unauthorized use of their ALPR data. Plaintiffs allege no facts to support the conclusions that they were tracked, received marketing or advertising, and had to obtain credit monitoring. Nor do they plead facts connecting any alleged tracking, targeted marketing/advertising, and mitigation measures to conduct committed by Defendants. Nor do they explain what it means for Plaintiffs' ALPR data to lose value or how that resulted from | Disputed.<br>Plaintiffs do not deny this interim statement was made, but object to the implication that findings of fact were made on a 12(b)(6) Motion as an unconverted "fact." FRCP 52(a)(3); FRCP 12. |

| # | Uncontroverted Facts | Plaintiffs' Response |
|---|---|---|
| | Defendants' conduct. Plaintiffs also allege a future risk of identity theft, but they plead no facts explaining that risk or how Defendants' conduct contributes to it." <br><br> Dkt. 130 at 3 <br><br> *Navarro v. Ski Data*, No. 2:20-cv-07370-SVW-SK, 2021 U.S. Dist. LEXIS 186918, at *5-6 (C.D. Cal. Aug. 12, 2021) | |
| 4. | The Court's Motion to Dismiss Order further states, in part, that as to "each of Plaintiffs' causes of action, these pleading deficiencies prove fatal. <br><br> &bull;    ALPR Statute: Plaintiffs failed to adequately plead that Plaintiffs were "harmed by a violation" of the ALPR Statute under § 1798.54(a). <br> &bull;    CLRA: Plaintiffs failed to | Disputed. <br> Plaintiffs do not deny this interim statement was made, but object to the implication that findings of fact were made on a 12(b)(6) Motion as an unconverted "fact." FRCP 52(a)(3); FRCP 12. |

| # | Uncontroverted Facts | Plaintiffs' Response |
|---|---|---|
| | adequately allege that they "suffer[ed] any damage" as a result of Defendants' conduct. Cal. Civ. Code § 1780(a). <br> • UCL: Plaintiffs failed to adequately allege that they are persons "who ha[ve] suffered injury in fact and ha[ve] lost money or property as a result of [Defendants'] unfair competition" under Cal. Bus. & Prof Code § 17204. <br> • Negligence/Negligence Per Se: Plaintiffs failed to adequately allege any injury that could give rise to a cause of action for negligence or negligence per se. (citation omitted). <br> • California Constitutional Right to Privacy: assuming without accepting that Plaintiffs have a reasonable | |

5

| # | Uncontroverted Facts | Plaintiffs' Response |
|---|---|---|
| | expectation of privacy in their license plate images or in data capturing their physical presence at a particular location, the FAC's allegations are too conclusory at this stage to establish a severe invasion of privacy actionable under the California Constitution. (citations omitted)." Dkt. 130 at 3-4 *Navarro v. Ski Data*, No. 2:20-cv-07370-SVW-SK, 2021 U.S. Dist. LEXIS 186918, at *6-7 (C.D. Cal. Aug. 12, 2021) | |
| 5. | Plaintiffs filed a Second Amended Class Action Complaint on August 30, 2021. Dkt. 131 | Undisputed. |
| 6. | Plaintiffs filed a Corrected | Undisputed. |

| # | Uncontroverted Facts | Plaintiffs' Response |
|---|---|---|
| | Second Amended Class Action Complaint ("CSAC"), which is the operative complaint, on December 20, 2021.<br><br>Dkt. 189 | |
| 7. | The CSAC alleges eight causes of action against Caruso for (1) Violation of California's Automated License Plate Recognition Law for Unauthorized Access of ALPR Information (Cal. Civ. Code § 1798.90.54) ("ALPR"), (2) Violation of California ALPR Law for Unauthorized Use of ALPR Information (Cal. Civ. Code § 1798.90.54), (3) Violation of California ALPR Law for Failure to Maintain Reasonable Practices to Protect Unauthorized Access and Use (Cal. Civ. Code § 1798.90.51(a)), (4) Violation of California ALPR Law for Failure to Implement Code Compliant | Undisputed. |

7

| # | Uncontroverted Facts | Plaintiffs' Response |
|---|---|---|
| | Privacy Policy and Maintain a Record (Cal. Civ. Code §§ 1798.90.51(b), 1798.90.52), (5) Violation of the California Consumers Legal Remedies Act (Cal. Civ. Code § 1750, et seq.) ("CLRA"), (6) Violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.) ("UCL"), (7) Negligence and Negligence Per Se ("Negligence"), and (8) Violation of Article I § 1 of the California Constitution ("Right to Privacy").<br><br>Dkt. 189, CSAC ¶¶ 210-414 | |
| 8. | The CSAC alleges, at Paragraph 103, as follows: "Several times between April 16, 2019, and April 16, 2020, Cristian Rodriguez entered the parking facilities at the Grove at Farmer's Market, located at 6333 W 3rd St., Los Angeles, CA 90036 ("the Grove at Farmer's Market"). | Undisputed. |

8

| # | Uncontroverted Facts | Plaintiffs' Response |
|---|---|---|
| | Upon entering and exiting the facility, a license plate image was taken of Mr. Rodriguez's vehicle that was then transferred into a database and could be searched by any person from several kiosks. Mr. Rodriguez has been advertised and marketed to without his authorization and has had his personal data shared with a host of unauthorized third persons and entities for marketing purposes, tracking purposes, data modeling, and other unauthorized purposes. The ALPR images taken of Plaintiffs' vehicles have been sent to federal and state law enforcement authorities without a search warrant. As late as June 8, 2019, the ALPR policy was not available on the Grove Mall's internet homepage." Dkt. 189, CSAC ¶ 103 | |
| 9. | Plaintiff Cristian Rodriguez does | Objection. Irrelevant to the issues |

9

| # | Uncontroverted Facts | Plaintiffs' Response |
|---|---|---|
| | not allege the year, make, and model of his vehicle in the CSAC.<br><br>Dkt. 189, CSAC ¶¶ 1-417 | raised in the Motion, and the non-factual basis of the Rule 56 Motion. |
| 10. | The CSAC does not contain any allegations against Caruso or its property, The Grove, in Paragraphs 23 thru 102 of the CSAC.<br><br>Dkt. 189, CSAC ¶¶ 23-102 | <u>Disputed</u>.<br><br><u>Objection</u>.  The CSAC speaks for itself, and mischaracterizes Compl. |
| 11. | No other Plaintiff besides Cristian Rodriguez alleges visiting Caruso's property, The Grove.<br><br>Dkt. 189, CSAC ¶¶ 1-417 | <u>Disputed</u>.<br><br><u>Objection</u>.  The CSAC speaks for itself, and mischaracterizes Compl. In addition, plaintiffs may be members of each class as pled in the Compl. |
| 12. | On September 27, 2021, Caruso filed a Motion to Dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), which was the | <u>Undisputed</u>. |

10

| # | Uncontroverted Facts | Plaintiffs' Response |
|---|---|---|
| | operative complaint at the time the Motion was filed.<br><br>Dkt. 138 | |
| 13. | On November 22, 2021, the Court held a hearing for Caruso's and other co-defendant's Motions to Dismiss the Second Amended Complaint.<br><br>Dkt. 180 | Undisputed. |
| 14. | At the Motion to Dismiss hearing, the Court converted Caruso's and other defendants' Motions to Dismiss into Motions for Summary Judgment and requested the Parties to submit new briefing.<br><br>Dkt. 180 | Disputed.<br><br>The record of the hearing speaks for itself, and no such Order was ever entered. |
| | **DECLARATION OF JACKIE LEVY** | |
| 15. | The Grove is an outdoor retail center owned by Caruso and has an attached parking garage with eight levels and several thousand | Undisputed. |

11

| # | Uncontroverted Facts | Plaintiffs' Response |
|---|---|---|
| | parking spaces.<br><br>Declaration of Jackie Levy ("Levy Decl.") ¶ 5 | |
| 16. | Caruso does not operate the parking garage at The Grove. The parking garage is operated by LAZ Parking Management. | Objection.  Calls for legal conclusion as to the extent of its "operation" and oversight over other companies.<br><br>Disputed.<br>Except as to the fact that there is a contract, to which Plaintiffs have not receive concerning operation of the garage, disputed. |
| 17. | Caruso contracted to install an Automated License Plate Recognition ("ALPR") System at The Grove's parking garage to make entering and exiting the parking garage more efficient for patrons.<br><br>Levy Decl. ¶ 5 | Objection.  Plaintiffs have filed evidentiary objections concurrently herewith.<br><br>Disputed.<br>The purpose is speculative and calls for a legal conclusion and subject to discovery pursuant to Rule 56(d). |
| 18. | The ALPR System at The Grove's parking garage is operated by Sentry Control Systems (SkiData). | Objection.  Calls for legal conclusion as to the extent of its "operation" and oversight over other companies. |

| # | Uncontroverted Facts | Plaintiffs' Response |
|---|---|---|
| | Levy Decl. ¶ 6 | <u>Disputed</u>.<br>Except as to the fact that there is a contract, to which Plaintiffs have not receive concerning operation of the garage, disputed. |
| 19. | The ALPR System at The Grove's parking garage uses hardware and software to take a photograph of the license plate and the characters and numbers it contains for each car that enters the parking garage.<br><br>Levy Decl. ¶¶ 7-8 | <u>Undisputed</u>. |
| 20. | When the driver approaches the parking garage entrance and pushes the kiosk button for a ticket to enter the parking garage, the ALPR System takes an image of the license plate and uses a computer algorithm to convert the image of the license plate and the characters it contains into computer readable data, and prints the license plate number | <u>Disputed</u>.<br>Some parts of the process identified are not disputed, but the process of how data is stored, collected, transmitted, and accessed is subject to discovery, which has been deprived. Rule 56(d). |

13

| # | Uncontroverted Facts | Plaintiffs' Response |
|---|---|---|
| | onto the parking ticket and temporarily stores the license plate number in the System ("ALPR Data").<br><br>Levy Decl. ¶¶ 7-8 | |
| 21. | When the patron is leaving The Grove's parking garage and approaches the exit, the ALPR System reads the vehicle's license plate number and determines whether the ticket associated with that vehicle's license plate has either been paid for or is within a "no charge" window, and if either condition is met the control arm automatically raises to allow the patron to exit, without the patron having to insert their ticket into the exit kiosk.<br><br>Levy Decl. ¶¶ 7-8 | <u>Disputed.</u><br>Some parts of the process identified are not disputed, but the process of how data is stored, collected, transmitted, and accessed is subject to discovery, which has been deprived. Rule 56(d). |
| 22. | Caruso has never sold ALPR Data to anyone. | <u>Disputed.</u><br>Whether Caruso, or its affiliates |

| # | Uncontroverted Facts | Plaintiffs' Response |
|---|---|---|
| | Levy Decl. ¶ 10 | and/or agents, and/or operators, collected, transmitted, shared, or gave access to Plaintiffs ALPR data, is subject to discovery, which has been deprived.  Rule 56(d). |
| 23. | Caruso has never shared ALPR Data with an unauthorized third party.<br><br>Levy Decl. ¶ 10 | Disputed.<br>Whether Caruso, or its affiliates and/or agents, collected, transmitted, shared, or gave access to Plaintiffs ALPR data, is subject to discovery, which has been deprived.  Rule 56(d). |
| 24. | Caruso has never shared ALPR Data with any retailers.<br>Levy Decl. ¶ 10 | Disputed.<br>Whether Caruso, or its affiliates and/or agents, collected, transmitted, shared, or gave access to Plaintiffs ALPR data, is subject to discovery, which has been deprived.  Rule 56(d). |
| 25. | Caruso has never used ALPR Data for advertising or marketing.<br><br>Levy Decl. ¶ 10 | Disputed.<br>Whether Caruso, or its affiliates and/or agents, collected, transmitted, shared, or gave access to Plaintiffs ALPR data, is subject to discovery, which has been deprived.  Rule 56(d). |
| 26. | Caruso has never used ALPR Data for tracking. | Disputed.<br>Whether Caruso, or its affiliates and/or agents, collected, transmitted, |

15

| # | Uncontroverted Facts | Plaintiffs' Response |
|---|---|---|
| | Levy Decl. ¶ 10 | shared, or gave access to Plaintiffs ALPR data, is subject to discovery, which has been deprived.  Rule 56(d). |
| 27. | Caruso has never used ALPR Data for data modeling.<br><br>Levy Decl. ¶ 10 | <u>Disputed</u>.<br>Whether Caruso, or its affiliates and/or agents, collected, transmitted, shared, or gave access to Plaintiffs ALPR data, is subject to discovery, which has been deprived.  Rule 56(d). |
| 28. | Caruso has never used ALPR data for unauthorized purposes.<br><br>Levy Decl. ¶ 10 | <u>Disputed</u>.<br>Whether Caruso, or its affiliates and/or agents, collected, transmitted, shared, or gave access to Plaintiffs ALPR data, is subject to discovery, which has been deprived.  Rule 56(d). |
| 29. | Caruso has never sent ALPR data to law enforcement agencies.<br><br>Levy Decl. ¶ 10 | <u>Disputed</u>.<br>Whether Caruso, or its affiliates and/or agents, collected, transmitted, shared, or gave access to Plaintiffs ALPR data, is subject to discovery, which has been deprived.  Rule 56(d). |
| 30. | Caruso shares ALPR data only with the parking vendor at The Grove, SkiData, and the technology companies that service the closed ALPR System | <u>Objection</u>.<br>Vague and ambiguous as to the "technology companies" and those who "service the closed ALPR system." |

| # | Uncontroverted Facts | Plaintiffs' Response |
|---|---|---|
| | on an as-needed basis.<br><br>Levy Decl. ¶ 11 | <u>Disputed</u>.<br>Whether Caruso, or its affiliates and/or agents, collected, transmitted, shared, or gave access to Plaintiffs ALPR data, is subject to discovery, which has been deprived.  Rule 56(d). |
| 31. | Caruso has an ALPR Policy online.<br><br>Levy Decl. ¶ 12 | <u>Disputed</u>.<br>This is not a compliant policy. |
| 32. | Caruso's online ALPR Policy states, in part, that "Caruso and its providers do not sell ALPR Information.  Caruso and its providers also do not share or transfer ALPR Information except to provide access to Authorized Personnel and others for the purposes stated above, or as otherwise required by law."<br><br>Levy Decl. ¶ 12 | <u>Disputed</u>.<br><br>Disputed as to whether this was posted and accessible during the entire class period.  Plaintiffs do not dispute the language of the policy when it was obtained from the internet by defense counsel. |
| 33. | Only the following authorized parties have access to the ALPR | <u>Disputed</u>.<br>Whether Caruso, or its affiliates |

| # | Uncontroverted Facts | Plaintiffs' Response |
|---|---|---|
| | System at The Grove's parking garage: (1) LAZ Parking Management (including the supervisor, auditor, assistant manager, manager, and cashier), (2) Caruso Management (general manager, assistant general manager, concierge managers), (3) SkiData (the service provider for ALPR technology) and its technician, (4) Tech Solutions, LLC (the entity in charge of running the Application Programming Interface, or API, connection of the ALPR system) and its engineer, and (5) Hitachi Solutions, Ltd. (the CRM system service provider) and its architect and consultant.<br><br>Levy Decl. ¶ 13 | and/or agents, collected, transmitted, shared, or gave access to Plaintiffs ALPR data, is subject to discovery, which has been deprived. Rule 56(d). |
| 34. | All of the employees of the independent contractors who have access to the ALPR System at The Grove are authorized to access or use ALPR Data for the | Disputed.<br>Whether Caruso, or its affiliates and/or agents, collected, transmitted, shared, or gave access to Plaintiffs ALPR data, is subject to discovery, |

| # | Uncontroverted Facts | Plaintiffs' Response |
|---|---|---|
| | sole purpose of maintenance and implementation of the ALPR System and to receive operational training on the ALPR System.<br><br>Levy Decl. ¶ 13 | which has been deprived.  Rule 56(d). |
| 35. | Employees who have access to ALPR Data must review a training manual and sign a User Agreement to maintain Caruso's security procedures and practices, and to safeguard ALPR information from unauthorized access, destruction, use, modification, or disclosure.<br><br>Levy Decl. ¶ 14 | <u>Disputed</u>.<br>Whether Caruso, or its affiliates and/or agents, collected, transmitted, shared, or gave access to Plaintiffs ALPR data, is subject to discovery, which has been deprived.  Rule 56(d). |
| 36. | Caruso has no way of identifying a vehicle through ALPR Data alone.<br><br>Levy Decl. ¶ 15 | <u>Disputed</u>.<br>Whether Caruso, or its affiliates and/or agents, collected, transmitted, shared, or gave access to Plaintiffs ALPR data, is subject to discovery, which has been deprived.  Rule 56(d). |
| 37. | Caruso has no way of identifying | <u>Disputed</u>. |

19

| # | Uncontroverted Facts | Plaintiffs' Response |
|---|---|---|
| | a vehicle through a vehicle's license plate number.<br><br>Levy Decl. ¶ 15 | Whether Caruso, or its affiliates and/or agents, collected, transmitted, shared, or gave access to Plaintiffs ALPR data, is subject to discovery, which has been deprived.  Rule 56(d). |
| 38. | Caruso has no way of identifying a vehicle's registered owner through ALPR Data alone.<br><br>Levy Decl. ¶ 15 | <u>Disputed</u>.<br>Whether Caruso, or its affiliates and/or agents, collected, transmitted, shared, or gave access to Plaintiffs ALPR data, is subject to discovery, which has been deprived.  Rule 56(d). |
| 39. | Caruso has no way of identifying a vehicle's registered owner through a vehicle's license plate number.<br><br>Levy Decl. ¶ 15 | <u>Disputed</u>.<br>Whether Caruso, or its affiliates and/or agents, collected, transmitted, shared, or gave access to Plaintiffs ALPR data, is subject to discovery, which has been deprived.  Rule 56(d). |
| 40. | Caruso has no way of identifying the identity of a vehicle's occupants through ALPR Data alone.<br><br>Levy Decl. ¶ 15 | <u>Disputed</u>.<br>Whether Caruso, or its affiliates and/or agents, collected, transmitted, shared, or gave access to Plaintiffs ALPR data, is subject to discovery, which has been deprived.  Rule 56(d). |
| 41. | Caruso has no way of identifying the identity of a vehicle's | <u>Disputed</u>.<br>Whether Caruso, or its affiliates and/or |

| # | Uncontroverted Facts | Plaintiffs' Response |
|---|---|---|
| | occupants through a vehicle's license plate number.<br><br>Levy Decl. ¶ 15 | agents, collected, transmitted, shared, or gave access to Plaintiffs ALPR data, is subject to discovery, which has been deprived.  Rule 56(d). |
| 42. | Caruso does not know Plaintiff Cristian Rodriguez's license plate number.<br><br>Levy Decl. ¶ 16 | <u>Disputed.</u><br>Whether Caruso, or its affiliates and/or agents, collected, transmitted, shared, or gave access to Plaintiffs ALPR data, is subject to discovery, which has been deprived.  Rule 56(d). |
| 43. | Caruso does not know which vehicle Plaintiff Cristian Rodriguez has used to visit The Grove.<br><br>Levy Decl. ¶ 16 | <u>Disputed.</u><br>Whether Caruso, or its affiliates and/or agents, collected, transmitted, shared, or gave access to Plaintiffs ALPR data, is subject to discovery, which has been deprived.  Rule 56(d). |
| 44. | Caruso does not know any personally identifiable information about Plaintiff Cristian Rodriguez.<br><br>Levy Decl. ¶ 16 | <u>Disputed.</u><br>Whether Caruso, or its affiliates and/or agents, collected, transmitted, shared, or gave access to Plaintiffs ALPR data, is subject to discovery, which has been deprived.  Rule 56(d). |

21

PLTFS' RESPONSE TO CARUSO'S STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

## III. **PLAINTIFFS' ADDITIONAL STATEMENT OF DISPUTED FACT**

Plaintiffs assert that the following are additional genuine issues of material fact, ***which are identical to the genuine issues of material fact stated in response to each Defendant's separate statement***:

COUNT I: Corrected Second Amended Class Action Complaint, p. 60 (Compl.)

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| P1 | Plaintiffs are each "individuals" pursuant to § 1798.90.54. | Lindemann Decl. ¶10 |
| P2 | Each defendant is a "person" pursuant to § 1798.90.5(e). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P3 | Each Defendant accessed "ALPR information" pursuant to § 1798.90.5 because it or its agent/operator on its behalf, collected Personal information or data of Plaintiffs and the Classes through the use of an "ALPR system" | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by |

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P4 | "Harm" is "…including, but not limited to, unauthorized access or use of ALPR information…" § 1798.90.54(a) | Cal. Civil Code § 1798.90.54(a) |
| P5 | Plaintiffs did not give any of the Defendants "authorization" to access ALPR information pursuant to § 1798.90.54(a). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P6 | None of the Defendants are "law enforcement," "transportation agencies," or those who received data "pursuant to Section 2721 of Title 18."<br><br>§ 1798.90.5(a)(1), (a)(2), and (a)(3). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. |

23

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P7 | Each Plaintiff has requested statutory damages of $2,500 and other remedies provided by law. §1798.90.54(a); §1798.90.54(b). | Lindemann Decl. ¶10 |
| | | |
| | **COUNT II of Compl.** | |
| P8 | Plaintiffs are each "individuals" pursuant to § 1798.90.54. | Lindemann Decl. ¶10 |
| P9 | Each defendant is a "person" pursuant to § 1798.90.5(e). | Lindemann Decl. ¶10 <br><br> Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P10 | Each Defendant accessed "ALPR information" pursuant | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman |

24

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | to § 1798.90.5 because it or its agent/operator on its behalf, collected Personal information or data of Plaintiffs and the Classes through the use of an "ALPR system" | Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P11 | "Harm" is "…including, but not limited to, unauthorized access or use of ALPR information…" § 1798.90.54(a) | Cal. Civil Code § 1798.90.54(a) |
| P12 | Plaintiffs did not give any of the Defendants "authorization" to use ALPR information pursuant to § 1798.90.54(a). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P13 | None of the Defendants are "law enforcement," "transportation agencies," or those who received data | Lindemann Decl. ¶10 |

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | "pursuant to Section 2721 of Title 18."<br><br>§ 1798.90.5(a)(1), (a)(2), and (a)(3). | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P14 | ALPR data was "used" in that it was provided to third persons without Plaintiffs' authorization. | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P15 | As to at least Park Assist, and the other Defendants' ALPR it collected, ALPR data was "used" in that it was published on the worldwide web, and through an application. | Lindemann Decl. ¶10 |

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| P16 | Each Plaintiff has requested statutory damages of $2,500 and other remedies provided by law.<br>§1798.90.54(a);<br>§1798.90.54(b). | Lindemann Decl. ¶10 |
| | | |
| | **Count III of Compl.** | |
| | | |
| P17 | Plaintiffs are each "individuals" pursuant to § 1798.90.54. | Lindemann Decl. ¶10 |
| P18 | Each defendant is a "person" pursuant to § 1798.90.5(e). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P19 | Each Defendant accessed "ALPR information" pursuant to § 1798.90.5 because it or its agent/operator on its behalf, collected Personal information or data of Plaintiffs and the Classes through the use of an "ALPR system" | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. |

27

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P20 | "Harm" is "…including, but not limited to, unauthorized access or use of ALPR information…" § 1798.90.54(a) | Cal. Civil Code § 1798.90.54(a) |
| P21 | Plaintiffs did not give any of the Defendants "authorization" to access ALPR information pursuant to § 1798.90.54(a). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P22 | None of the Defendants are "law enforcement," "transportation agencies," or those who received data "pursuant to Section 2721 of Title 18."<br><br>§ 1798.90.5(a)(1), (a)(2), and (a)(3). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, |

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P23 | Each Defendant is an "ALPR Operator" pursuant to §1798.90.5(c) because each is "involved" or has some "participation" in an ALPR System. | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P24 | Each Plaintiff has requested statutory damages of $2,500 and other remedies provided by law. §1798.90.54(a); §1798.90.54(b). | Lindemann Decl. ¶10 |
| | | |
| | | |
| | **Count IV of Compl.** | |
| | | |
| P25 | Plaintiffs are each "individuals" pursuant to § 1798.90.54. | Lindemann Decl. ¶10 |
| P26 | Each defendant is a "person" pursuant to § 1798.90.5(e). | Lindemann Decl. ¶10 |

29

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P27 | Each Defendant accessed "ALPR information" pursuant to § 1798.90.5 because it or its agent/operator on its behalf, collected Personal information or data of Plaintiffs and the Classes through the use of an "ALPR system" | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P28 | "Harm" is "…including, but not limited to, unauthorized access or use of ALPR information…" § 1798.90.54(a) | Cal. Civil Code § 1798.90.54(a) |
| P29 | Plaintiffs did not give any of the Defendants "authorization" to access ALPR information pursuant to § 1798.90.54(a). | Lindemann Decl. ¶10 |

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P30 | None of the Defendants are "law enforcement," "transportation agencies," or those who received data "pursuant to Section 2721 of Title 18."<br><br>§ 1798.90.5(a)(1), (a)(2), and (a)(3). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P31 | Each Defendant is an "ALPR Operator" pursuant to §1798.90.5(c) because each is "involved" or has some "participation" in an ALPR System. | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed |

31

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P32 | Each of Defendants do not have a policy that adequately discloses sharing of PII with the third parties described in Defendants' declarations, nor does the Policy disclose as to the ALPR data collected at certain malls, that such PII is broadcasted worldwide, and publicly accessible by anybody. | Lindemann Decl. ¶10

Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P33 | Each Plaintiff has requested statutory damages of $2,500 and other remedies provided by law.
§1798.90.54(a);
§1798.90.54(b). | Lindemann Decl. ¶10 |
| | **Count V of Compl. ("CLRA")** | |
| P34 | Each of the Plaintiffs is a | Lindemann Decl. ¶10 |

32

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | consumer of parking services at the Malls. | |
| P35 | The use of parking at the Malls is, and constitutes, a service. | Lindemann Decl. ¶10 |
| P36 | Defendants at all times prior to this case, and even in this case, have denied reasonable discovery and disclosure as to concealed facts and true use and sharing practices of ALPR data. | Lindemann Decl. ¶10 |
| P37 | Plaintiffs re-incorporate all facts at P1-P31, as the CLRA claim is predicated on COUNTS I through III, as well as additional facts premised herein. | Lindemann Decl. ¶10 |
| | | |
| | Count VI of Compl. ("UCL") | |
| P38 | The capture and use of a person's private information invades concrete interests, in that there is a risk of identity theft, there is a loss of value of PII, the PII has already been misused, and Plaintiffs lost the benefit of the bargain. | Lindemann Decl. ¶10 |
| P39 | Plaintiffs re-incorporate all facts at P1-P31, as UCL claim is predicated on COUNTS I through III, as well as additional facts premised herein. | Lindemann Decl. ¶10 |
| | | |
| | Count VII of Compl. ("Negligence") | |
| P40 | There is a special relationship between Plaintiffs and | Lindemann Decl. ¶10 |

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | Defendants. | |
| P41 | Plaintiffs re-incorporate all facts at P1-P31, as the negligence claim is predicated on COUNTS I through III, as well as additional facts premised herein. | Lindemann Decl. ¶10 |
| | | |
| | **Count VIII of Compl. ("Constitutional Violations")** | |
| | | |
| P42 | Collecting and using ALPR data at private places that ultimately can be used to locate and track persons is a serious invasion. | Lindemann Decl. ¶10 |
| P43 | Plaintiffs re-incorporate all facts at P1-P31, as the constitutional violation claim is predicated on COUNTS I through III, as well as additional facts premised herein. | Lindemann Decl. ¶10 |
| | | |
| | **Article III Standing in Federal Court (Counts I-VIII)** | |
| P44 | Defendants contend that Plaintiffs "harms" are insufficiently concrete. | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by |

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
|  |  | Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P45 | Because at least one defendant is a citizen in California, there is no diversity jurisdiction. | Lindemann Decl. ¶10 |
| P46 | There is no Federal subject matter jurisdiction because no Federal cause of action has been brought. | Lindemann Decl. ¶10 |
| P47 | Assuming insufficient standing under *Transunion v. Ramirez*, 141 S. Ct. 2190, 2203 (2021), there is no jurisdiction under CAFA. | Lindemann Decl. ¶10 |

## IV.   DEFENDANTS' CONCLUSION OF LAW

Defendant has not set forth any conclusions of law.

## V.   PLAINTIFFS' CONCLUSIONS OF LAW

| No. | Conclusions of Law | Citation To Authority |
|---|---|---|
|  |  |  |

35

| P1 | Plaintiffs have established each requisite element of <u>Count I</u> based on the undisputed facts in P1-P7. | Each element has been met in this privacy and consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.<br><br>"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm.</u>***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |

36

| P2 | Plaintiffs have established each requisite element of <u>Count II</u> based on the undisputed facts in P8-P16. | Each element has been met in this privacy and consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.

"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or*** <u>***physical harm.***</u>") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |

37

| | | | |
|---|---|---|---|
| P3 | Plaintiffs have established each requisite element of <u>Count III</u> based on the undisputed facts in P17-P24. | | Each element has been met in this privacy and consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.<br><br>"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm</u>.***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |

PLTFS' RESPONSE TO CARUSO'S STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| | P4 | Plaintiffs have established each requisite element of <u>Count IV</u> based on the undisputed facts in P25-P33. | Each element has been met in this privacy and consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.<br><br>"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm</u>.***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'). |

| P5 | Plaintiffs have established each requisite element of <u>Count V</u> based on the undisputed facts in P34-P37. | Each element has been met in this consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial. |
|----|----|----|
| | | "Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm</u>.***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'). |

| P6 | Plaintiffs have established each requisite element of <u>Count VI</u> based on the undisputed facts in P38-P39. | Each element has been met in this consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial. |
|---|---|---|
| | | "Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm</u>.***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |

| | | | |
|---|---|---|---|
| P7 | Plaintiffs have established each requisite element of <u>Count VII</u> based on the undisputed facts in P40-P41. | Each element has been met in this consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.<br><br>"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm.</u>***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'). | |

42

| | | |
|---|---|---|
| P8 | Plaintiffs have established each requisite element of <u>Count VIII</u> based on the undisputed facts in P42-P43. | Each element has been met in this important constitutional right, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.<br><br>"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm.</u>"***) (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |
| P9 | Plaintiffs (and Defendants by their arguments and facts) have fairly raised a question as to whether there is Article III jurisdiction over this dispute, and it must be decided now based on the facts at P44-P47. | *Transunion v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) |

43

1    DATED: January 5, 2022              Respectfully submitted,

2                                        /s/ *Blake J. Lindemann*
3                                        Blake J. Lindemann
                                         California Bar No. 255747
4                                        E-mail:  blake@lawbl.com
5                                        Donna R. Dishbak
                                         California Bar No. 259311
6                                        E-mail:  donna@lawbl.com
7                                        **LINDEMANN LAW FIRM, APC**
                                         433 N. Camden Drive, 4th Floor
8                                        Beverly Hills, CA 90210
                                         Telephone No: 310-279-5269
9                                        Facsimile No: 310-300-0267

10
                                         *Attorneys for Plaintiffs and the proposed*
11                                       *Classes*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                      44

**CERTIFICATE OF SERVICE**

I, the undersigned, declare: I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 433 N. Camden Drive, 4th Floor, Beverly Hills, CA 90210.

On January 5, 2022, I served the foregoing document as follows:

**PLAINTIFFS' RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND DISPUTED FACTS TO THE CARUSO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

[X] by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such electronic filing to counsel of record for all parties by operation of the Court's CM/ECF System.

[  ] by U.S. Mail in the ordinary course of business to the non-CM/ECF participants indicated on the attached Manual Notice List. I am readily familiar with the Firm's practice for the collection and processing of correspondence for mailing with the Postal Service and that the correspondence would be deposited with same that same day in the ordinary course of business.

[  ] by electronically serving the foregoing by electronic mail to the e-mail addresses agreed by the parties for service, pursuant to Fed. R. Civ. Proc. 5 and the parties' agreement.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct. Executed on January 5, 2022, at Beverly Hills, California.

*/s/ Nataly Grande*

_____

NATALY GRANDE