**LINDEMANN LAW FIRM, APC**
BLAKE J. LINDEMANN (SBN 255747)
DONNA R. DISHBAK (SBN 259311)
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone: (310) 279-5269
Facsimile:  (310) 300-0267
E-mail: blake@lawbl.com

*Attorneys for Plaintiffs and the
Proposed Classes*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ALVARO NAVARRO, *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>SKI DATA, INC., a Delaware Corporation, *et al.*,<br><br>            Defendants. | Case No.: 2:20-cv-07370-SVW-SK<br><br>Judge:  Hon. Stephen V. Wilson<br>Magistrate Judge: Hon. Steve Kim<br><br>**<u>CLASS ACTION</u>**<br><br>**PLAINTIFFS' RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND DISPUTED FACTS TO BROOKFIELD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[*Relates to Dkt. No. 195-1*]<br><br>Date:   January 24, 2022<br>Time:  1:30 p.m.<br>Ctrm:   10A |

## I.   **PRELIMINARY STATEMENT**

Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In Brookfield's statement at *Dkt. No. 195-1*, many of these 16 separate statements are irrelevant and unnecessary or were not tied to the elements of the claims raised, or otherwise involve issues to which discovery has been deprived.

## II.   **DEFENDANT'S ALLEGED UNDISPUTED FACTS**

| Defendants' Asserted Statements | Plaintiffs' Response |
|---|---|
| 1.   The Glendale Parking Facility contains cameras and equipment, that automatically scan and recognize license plates ("Automatic License Plate Recognition" or "ALPR System").<br><br>Declaration of Steven Sayers ("Sayers Decl.") ¶ 2. | Undisputed.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 2.   There is no cost to park at the Glendale Parking Facility.<br><br>Sayers Decl. ¶ 4 | Undisputed.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |

1

| | |
|---|---|
| | Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 3.     The ALPR System works by using stationary cameras to capture images of vehicles parked at the Glendale Parking Facility.<br>Sayers Decl. ¶ 3 | Undisputed.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 4.     The ALPR System also collects the data, time, and camera location of where the video/images of the vehicles were collected.<br>Sayers Decl. ¶ 5 | Undisputed.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 5.     The ALPR System does not and cannot collect any individual's name, address, DMV record, email address, or phone number.<br><br>Sayers Decl. ¶ 3, 5 | Disputed.<br>Objection<br>Vague as to the ALPR System.  The question is whether Defendant |

2

| | |
|---|---|
| | collects information using ALPR information. |
| | Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 6.    The ALPR System does not and cannot track an individual's location.<br><br>Sayers Decl. ¶ 3. | Disputed.<br><br>Objection.  Calls for speculation about what ALPR system can "track".<br><br>Calls for a legal conclusion as to "track."  The ALPR System captures points so in effect, can track location.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). Plaintiffs, thus reserve the right to |

3

| | |
|---|---|
| | change this response when they are afforded reasonable discovery. |
| 7. Defendant Park Assist operates the ALPR System at the Glendale Parking Facility.<br><br>Sayers Decl. ¶ 2. | Disputed.<br><br>Calls for a legal conclusion as to who "operates" the particular ALPR system.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 8. Brookfield Defendants do not provide any information collected through the ALPR System to third parties.<br><br>Sayers Decl. ¶ 12. | Disputed.<br><br>Vague as to "do not provide." The issue is whether any ALPR data is provided by the Brookfield Defendants or those on their behalf, to any third party. |

Case No. 2:20-cv-07370 SVW (SK)          PLTFS' RESPONSE TO BROOKFIELD DEFS. STATEMENT
OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| | |
|---|---|
| | Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 9.     Brookfield Defendants have never shared any information collected through the ALPR System with any retail entity.<br><br>Sayers Decl. ¶ 6. | Disputed.<br><br>The issue is whether any ALPR data is provided by the Brookfield Defendants, or those on their behalf, to any retail entity.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 10.     Brookfield Defendants have never shared any information | Disputed. |

Case No. 2:20-cv-07370 SVW (SK)     PLTFS' RESPONSE TO BROOKFIELD DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| collected through the ALPR System with data aggregators.<br><br>Sayers Decl. ¶ 7. | The issue is whether any ALPR data is provided by the Brookfield Defendants, or those on their behalf, to any such entity.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
|---|---|
| 11.    Brookfield Defendants have never shared any information collected through the ALPR System with any third parties for marketing purposes, tracking purposes, data modeling, or data harvesting.<br><br>Sayers Decl. ¶ 8. | Disputed.<br><br>The issue is whether any ALPR data is provided or given access to by the Brookfield Defendants, or those on their behalf, to any entity.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). Plaintiffs, thus reserve the right to |

6

Case No. 2:20-cv-07370 SVW (SK)          PLTFS' RESPONSE TO BROOKFIELD DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| | |
|---|---|
| | change this response when they are afforded reasonable discovery. |
| 12.   Brookfield Defendants do not own kiosks OR web based applications that can be downloaded on a smart phone or computer that allow for the access of license plate information nor do Brookfield Defendants transfer such information to any such database.<br><br>Sayers Decl. ¶ 9. | Disputed.<br><br>The issue is whether any ALPR data is provided or given access to by the Brookfield Defendants, or those on their behalf, to any entity.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 13.   Brookfield Defendants do not use or sell any information collected through the ALPR System to corporations that capitalize on the value of ALPR data, create data models, or otherwise obtain information to target individuals without their consent.<br><br>Sayers Decl. ¶ 10. | Disputed.<br><br>The issue is whether any ALPR data is provided or given access to by the Brookfield Defendants, or those on their behalf, to any entity. |

Case No. 2:20-cv-07370 SVW (SK)    PLTFS' RESPONSE TO BROOKFIELD DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| | |
|---|---|
| | Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 14.  Brookfield Defendants do not enable visitors of the Glendale Parking Facility to be part of "targeted groups" and "targeted geo marketing."<br><br>Sayers Decl. ¶ 11. | Disputed.<br><br>The issue is whether any ALPR data is provided or given access to by the Brookfield Defendants, or those on their behalf, to any entity.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 15.  At no time have Brookfield Defendants ever collected, possessed, or maintained Alvaro | Disputed. |

8

| | |
|---|---|
| Navarro's ("Navarro") name, his address, his travel pattern and geo-location, DMV record, or photographs of his image.<br><br>Sayers Decl. ¶¶ 3, 5. 17. | Objection.<br><br>Vague. Statement mentions photographs of his image, and not the actual plate number.<br><br>The issue is whether any ALPR data, which includes travel pattern, his location, his date and time of travel, and license plate number, is provided or given access to by the Brookfield Defendants, or those on their behalf, to any entity.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 16. At no time have Brookfield Defendants ever associated Navarro's name with his license plate.<br><br>Sayers Decl. ¶ 18 | Disputed.<br><br>Calls for speculation since Brookfield Defendants claim to have deleted all |

| | |
|---|---|
| | such data, and they don't have his license plate number. Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 17.   At no time have Brookfield Defendants ever allowed unauthorized access or disclosure of any information related to Navarro.<br><br>Sayers Decl. ¶ 19. | <u>Disputed</u>.<br><br>Objection.  Defendants never obtained authorization from Navarro.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |

10

| | |
|---|---|
| 18.   At no time have Brookfield Defendants ever shared with any entities Navarro's name, his address, his travel pattern and geo-location, DMV record, or photographs of his image.<br><br>Sayers Decl. ¶¶ 3, 5, 20. | <u>Disputed</u>.<br><br>Objection.<br>Vague.  Statement mentions photographs of his image, and not the actual plate number.<br><br>The issue is whether any ALPR data, which includes travel pattern, his location, his date and time of travel, and license plate number, is provided or given access to by the Brookfield Defendants, or those on their behalf, to any entity.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |

Case No. 2:20-cv-07370 SVW (SK)          PLTFS' RESPONSE TO BROOKFIELD DEFS. STATEMENT
OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

## III. PLAINTIFFS' ADDITIONAL STATEMENT OF DISPUTED FACT

Plaintiffs assert that the following are additional genuine issues of material fact, *which are identical to the genuine issues of material fact stated in response to each Defendant's separate statement*:

COUNT I: Corrected Second Amended Class Action Complaint, p. 60 (Compl.)

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| P1 | Plaintiffs are each "individuals" pursuant to § 1798.90.54. | Lindemann Decl. ¶10 |
| P2 | Each defendant is a "person" pursuant to § 1798.90.5(e). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P3 | Each Defendant accessed "ALPR information" pursuant to § 1798.90.5 because it or its agent/operator on its behalf, collected Personal information or data of Plaintiffs and the Classes through the use of an "ALPR system" | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by |

12

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P4 | "Harm" is "…including, but not limited to, unauthorized access or use of ALPR information…" § 1798.90.54(a) | Cal. Civil Code § 1798.90.54(a) |
| P5 | Plaintiffs did not give any of the Defendants "authorization" to access ALPR information pursuant to § 1798.90.54(a). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P6 | None of the Defendants are "law enforcement," "transportation agencies," or those who received data "pursuant to Section 2721 of Title 18."<br><br>§ 1798.90.5(a)(1), (a)(2), and (a)(3). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. |

13

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P7 | Each Plaintiff has requested statutory damages of $2,500 and other remedies provided by law. §1798.90.54(a); §1798.90.54(b). | Lindemann Decl. ¶10 |
| | | |
| | **COUNT II of Compl.** | |
| P8 | Plaintiffs are each "individuals" pursuant to § 1798.90.54. | Lindemann Decl. ¶10 |
| P9 | Each defendant is a "person" pursuant to § 1798.90.5(e). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P10 | Each Defendant accessed "ALPR information" pursuant | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman |

14

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | to § 1798.90.5 because it or its agent/operator on its behalf, collected Personal information or data of Plaintiffs and the Classes through the use of an "ALPR system" | Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P11 | "Harm" is "…including, but not limited to, unauthorized access or use of ALPR information…" § 1798.90.54(a) | Cal. Civil Code § 1798.90.54(a) |
| P12 | Plaintiffs did not give any of the Defendants "authorization" to use ALPR information pursuant to § 1798.90.54(a). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P13 | None of the Defendants are "law enforcement," "transportation agencies," or those who received data | Lindemann Decl. ¶10 |

15

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|-----|----------------------------------------|----------------------------------|
|  | "pursuant to Section 2721 of Title 18." § 1798.90.5(a)(1), (a)(2), and (a)(3). | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P14 | ALPR data was "used" in that it was provided to third persons without Plaintiffs' authorization. | Lindemann Decl. ¶10 Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P15 | As to at least Park Assist, and the other Defendants' ALPR it collected, ALPR data was "used" in that it was published on the worldwide web, and through an application. | Lindemann Decl. ¶10 |

16

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| P16 | Each Plaintiff has requested statutory damages of $2,500 and other remedies provided by law. §1798.90.54(a); §1798.90.54(b). | Lindemann Decl. ¶10 |
|  |  |  |
|  | **Count III of Compl.** |  |
|  |  |  |
| P17 | Plaintiffs are each "individuals" pursuant to § 1798.90.54. | Lindemann Decl. ¶10 |
| P18 | Each defendant is a "person" pursuant to § 1798.90.5(e). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P19 | Each Defendant accessed "ALPR information" pursuant to § 1798.90.5 because it or its agent/operator on its behalf, collected Personal information or data of Plaintiffs and the Classes through the use of an "ALPR system" | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. |

17

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P20 | "Harm" is "…including, but not limited to, unauthorized access or use of ALPR information…" § 1798.90.54(a) | Cal. Civil Code § 1798.90.54(a) |
| P21 | Plaintiffs did not give any of the Defendants "authorization" to access ALPR information pursuant to § 1798.90.54(a). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P22 | None of the Defendants are "law enforcement," "transportation agencies," or those who received data "pursuant to Section 2721 of Title 18." <br><br> § 1798.90.5(a)(1), (a)(2), and (a)(3). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, |

18

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P23 | Each Defendant is an "ALPR Operator" pursuant to §1798.90.5(c) because each is "involved" or has some "participation" in an ALPR System. | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P24 | Each Plaintiff has requested statutory damages of $2,500 and other remedies provided by law. §1798.90.54(a); §1798.90.54(b). | Lindemann Decl. ¶10 |
| | | |
| | **Count IV of Compl.** | |
| | | |
| P25 | Plaintiffs are each "individuals" pursuant to § 1798.90.54. | Lindemann Decl. ¶10 |
| P26 | Each defendant is a "person" pursuant to § 1798.90.5(e). | Lindemann Decl. ¶10 |

19

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P27 | Each Defendant accessed "ALPR information" pursuant to § 1798.90.5 because it or its agent/operator on its behalf, collected Personal information or data of Plaintiffs and the Classes through the use of an "ALPR system" | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P28 | "Harm" is "…including, but not limited to, unauthorized access or use of ALPR information…" § 1798.90.54(a) | Cal. Civil Code § 1798.90.54(a) |
| P29 | Plaintiffs did not give any of the Defendants "authorization" to access ALPR information pursuant to § 1798.90.54(a). | Lindemann Decl. ¶10 |

20

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P30 | None of the Defendants are "law enforcement," "transportation agencies," or those who received data "pursuant to Section 2721 of Title 18." <br><br> § 1798.90.5(a)(1), (a)(2), and (a)(3). | Lindemann Decl. ¶10 <br><br> Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P31 | Each Defendant is an "ALPR Operator" pursuant to §1798.90.5(c) because each is "involved" or has some "participation" in an ALPR System. | Lindemann Decl. ¶10 <br><br> Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed |

21

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
|  |  | by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P32 | Each of Defendants do not have a policy that adequately discloses sharing of PII with the third parties described in Defendants' declarations, nor does the Policy disclose as to the ALPR data collected at certain malls, that such PII is broadcasted worldwide, and publicly accessible by anybody. | Lindemann Decl. ¶10

Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P33 | Each Plaintiff has requested statutory damages of $2,500 and other remedies provided by law. §1798.90.54(a); §1798.90.54(b). | Lindemann Decl. ¶10 |
|  | **Count V of Compl. ("CLRA")** |  |
| P34 | Each of the Plaintiffs is a | Lindemann Decl. ¶10 |

Case No. 2:20-cv-07370 SVW (SK)      PLTFS' RESPONSE TO BROOKFIELD DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | consumer of parking services at the Malls. | |
| P35 | The use of parking at the Malls is, and constitutes, a service. | Lindemann Decl. ¶10 |
| P36 | Defendants at all times prior to this case, and even in this case, have denied reasonable discovery and disclosure as to concealed facts and true use and sharing practices of ALPR data. | Lindemann Decl. ¶10 |
| P37 | Plaintiffs re-incorporate all facts at P1-P31, as the CLRA claim is predicated on COUNTS I through III, as well as additional facts premised herein. | Lindemann Decl. ¶10 |
| | | |
| | **Count VI of Compl. ("UCL")** | |
| P38 | The capture and use of a person's private information invades concrete interests, in that there is a risk of identity theft, there is a loss of value of PII, the PII has already been misused, and Plaintiffs lost the benefit of the bargain. | Lindemann Decl. ¶10 |
| P39 | Plaintiffs re-incorporate all facts at P1-P31, as the UCL claim is predicated on COUNTS I through III, as well as additional facts premised herein. | Lindemann Decl. ¶10 |
| | | |
| | **Count VII of Compl. ("Negligence")** | |
| P40 | There is a special relationship between Plaintiffs and | Lindemann Decl. ¶10 |

23

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | Defendants. | |
| P41 | Plaintiffs re-incorporate all facts at P1-P31, as the negligence claim is predicated on COUNTS I through III, as well as additional facts premised herein. | Lindemann Decl. ¶10 |
| | | |
| | **Count VIII of Compl. ("Constitutional Violations")** | |
| | | |
| P42 | Collecting and using ALPR data at private places that ultimately can be used to locate and track persons is a serious invasion. | Lindemann Decl. ¶10 |
| P43 | Plaintiffs re-incorporate all facts at P1-P31, as the constitutional violation claim is predicated on COUNTS I through III, as well as additional facts premised herein. | Lindemann Decl. ¶10 |
| | | |
| | **Article III Standing in Federal Court (Counts I-VIII)** | |
| P44 | Defendants contend that Plaintiffs "harms" are insufficiently concrete. | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by |

Case No. 2:20-cv-07370 SVW (SK)    PLTFS' RESPONSE TO BROOKFIELD DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P45 | Because at least one defendant is a citizen in California, there is no diversity jurisdiction. | Lindemann Decl. ¶10 |
| P46 | There is no Federal subject matter jurisdiction because no Federal cause of action has been brought. | Lindemann Decl. ¶10 |
| P47 | Assuming insufficient standing under *Transunion v. Ramirez*, 141 S. Ct. 2190, 2203 (2021), there is no jurisdiction under CAFA. | Lindemann Decl. ¶10 |

## IV. DEFENDANTS' CONCLUSION OF LAW

Plaintiffs dispute Defendants' contentions of law, as more expressly stated in their Opposition Br. To the Motion for Summary Judgment.

## V. PLAINTIFFS' CONCLUSIONS OF LAW

| No. | Conclusions of Law | Citation To Authority |
|---|---|---|

| P1 | Plaintiffs have established each requisite element of <u>Count I</u> based on the undisputed facts in P1-P7. | Each element has been met in this privacy and consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.

"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm.</u>***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |
|---|---|---|

26

| P2 | Plaintiffs have established each requisite element of Count II based on the undisputed facts in P8-P16. | Each element has been met in this privacy and consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.<br><br>"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm.</u>***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |

27

| P3 | Plaintiffs have established each requisite element of <u>Count III</u> based on the undisputed facts in P17-P24. | Each element has been met in this privacy and consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.<br><br>"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm</u>.***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |

28

| P4 | Plaintiffs have established each requisite element of Count IV based on the undisputed facts in P25-P33. | Each element has been met in this privacy and consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.

"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm.</u>***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'). |

29

PLTFS' RESPONSE TO BROOKFIELD DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| P5 | Plaintiffs have established each requisite element of <u>Count V</u> based on the undisputed facts in P34-P37. | Each element has been met in this consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.<br><br>"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm.</u>***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'). |

Case No. 2:20-cv-07370 SVW (SK)       PLTFS' RESPONSE TO BROOKFIELD DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| P6 | Plaintiffs have established each requisite element of <u>Count VI</u> based on the undisputed facts in P38-P39. | Each element has been met in this consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.<br><br>"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm.</u>***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |

31

| P7 | Plaintiffs have established each requisite element of <u>Count VII</u> based on the undisputed facts in P40-P41. | Each element has been met in this consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.<br><br>"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm.</u>***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |

32

| | | |
|---|---|---|
| P8 | Plaintiffs have established each requisite element of <u>Count VIII</u> based on the undisputed facts in P42-P43. | Each element has been met in this important constitutional right, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.<br><br>"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm.</u>***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |
| P9 | Plaintiffs (and Defendants by their arguments and facts) have fairly raised a question as to whether there is Article III jurisdiction over this dispute, and it must be decided now based on the facts at P44-P47. | *Transunion v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) |

33

DATED: January 5, 2022

Respectfully submitted,

/s/ *Blake J. Lindemann*
Blake J. Lindemann
California Bar No. 255747
E-mail:  blake@lawbl.com
Donna R. Dishbak
California Bar No. 259311
E-mail:  donna@lawbl.com
**LINDEMANN LAW FIRM, APC**
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone No: 310-279-5269
Facsimile No: 310-300-0267

*Attorneys for Plaintiffs and the proposed Classes*

34

# CERTIFICATE OF SERVICE

I, the undersigned, declare: I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 433 N. Camden Drive, 4th Floor, Beverly Hills, CA 90210.

On January 5, 2022, I served the foregoing document as follows:

**PLAINTIFFS' RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND DISPUTED FACTS TO BROOKFIELD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

[X] by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such electronic filing to counsel of record for all parties by operation of the Court's CM/ECF System.

[ ] by U.S. Mail in the ordinary course of business to the non-CM/ECF participants indicated on the attached Manual Notice List. I am readily familiar with the Firm's practice for the collection and processing of correspondence for mailing with the Postal Service and that the correspondence would be deposited with same that same day in the ordinary course of business.

[ ] by electronically serving the foregoing by electronic mail to the e-mail addresses agreed by the parties for service, pursuant to Fed. R. Civ. Proc. 5 and the parties' agreement.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct. Executed on January 5, 2022, at Beverly Hills, California.

*/s/ Nataly Grande*

_____

NATALY GRANDE

Case No. 2:20-cv-07370 SVW (SK)     PLTFS' RESPONSE TO BROOKFIELD DEFS. STATEMENT
OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW