**LINDEMANN LAW FIRM, APC**
BLAKE J. LINDEMANN (SBN 255747)
DONNA R. DISHBAK (SBN 259311)
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone: (310) 279-5269
Facsimile:  (310) 300-0267
E-mail: blake@lawbl.com

*Attorneys for Plaintiffs and the*
*Proposed Classes*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| ALVARO NAVARRO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SKI DATA, INC., a Delaware Corporation, *et al.*, <br><br> Defendants. | Case No.: 2:20-cv-07370-SVW-SK <br><br> Judge:  Hon. Stephen V. Wilson <br> Magistrate Judge: Hon. Steve Kim <br><br> **<u>CLASS ACTION</u>** <br><br> **PLAINTIFFS' RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND DISPUTED FACTS TO WESTFIELD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> [*Relates to Dkt. No. 196-1*] <br><br> Date:   January 24, 2022 <br> Time:  1:30 p.m. <br> Ctrm:   10A |

## I.    **PRELIMINARY STATEMENT**

Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In Westfield Defendnats' statement at *Dkt. No. 196-1*, many of these 42 separate statements are irrelevant and unnecessary or were not tied to the elements of the claims raised, or otherwise involve issues to which discovery has been deprived.

## II.    **DEFENDANTS' ALLEGED UNDISPUTED FACTS**

| ALLEGED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| 1.  Plaintiffs Jina Howell ("Howell") and Sevindzh Gasanova ("Gasanova") allege they entered the parking facilities at the Westfield Century City shopping center ("Westfield Century City") in Los Angeles several times between April 16, 2019 and April 16, 2020.<br><br> Corrected Second Amended Complaint (Dkt. 189) ("SAC") ¶¶ 51, 64. | Undisputed. |
| 2.  No other plaintiffs claim to have visited Westfield Century City.<br><br>2. *See generally* SAC. | Disputed.<br>Plaintiffs and other class members likely went to the Westfield Century City Mall. |
| 3.  Westfield Century City purchased | Disputed. |

1

| ALLEGED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| two ALPR systems for its parking garages to make the parking experience more convenient for customers. | Calls for speculation as to the purpose of purchasing ALPR systems. |
| 3.  Declaration of Louis Schillace ("Schillace Decl.") ¶¶ 4–6. | Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d).  Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 4.  The first ALPR system comes from Sentry/Skidata. It operates at the entrances and exits of the parking garages. When a car approaches the barrier gate arm, its rear license plate is photographed and converted into computer-readable data, along with the time the car entered and exited and the ticket number.  4.  Schillace Decl. ¶ 5. | Undisputed.  Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d).  Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 5.  Other than the license plate | Undisputed. |

2

| ALLEGED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| number, time of entry and exit, and ticket number, no other information is captured or stored by the Sentry/Skidata ALPR system.<br><br>5. Schillace Decl. ¶ 5. | Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d).  Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 6.  The second ALPR system at Westfield Century City was purchased from Park Assist. It captures the license plate numbers of parked vehicles.<br><br>6.  Schillace Decl. ¶ 6. | Undisputed.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d).  Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 7.  The Park Assist system also has red lights for occupied parking spaces and green lights for open spaces.<br><br>7.  Schillace Decl. ¶ 6. | Undisputed.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half |

3

| ALLEGED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| | day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 8. The Park Assist system can be used to locate parked cars in the parking areas, but this functionality has not been used at Westfield Century City since before April 1, 2019.<br><br>8. Schillace Decl. ¶ 6. | Disputed.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| 9. There are no self-service kiosks from which license plate numbers can be searched.<br><br>9. Schillace Decl. ¶ 6. | Disputed.<br><br>Vague as to "self-service kiosks" and how the system can be searched. |
| 10. The only information captured by the Park Assist ALPR system is the license plate number and the date and the time the car entered or exited the parking space.<br><br>10. Schillace Decl. ¶ 7. | Undisputed.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant |

4

| ALLEGED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| | to Rule 56(d).  Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 11.  Westfield has a parking program called Smart Parking that customers can enroll in by creating (or adding on to) a Westfield account, providing their license plate number(s), and providing their payment card information. Enrolled Smart Parkers have their payment card billed automatically upon exiting the parking garage. Neither Howell nor Gasanova is enrolled in the Smart Parking program.

11.  Schillace Decl. ¶¶ 11–13, 15–16. | Disputed. Objection.  Best evidence rule regarding alleged search for the plaintiffs. Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| 12.  The customer information obtained from the Smart Parking program is not used for any purpose other than to complete a Smart Parking transaction. No customer information is sold or used for marketing or promotion. | Disputed. Objection.  Best evidence regarding what is used is the documents/ESI requested. Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a |

| ALLEGED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| 12. Schillace Decl. ¶ 15. | continuance of the Motion pursuant to Rule 56(d). |
| 13. Except for enrollees in the Smart Parking program, ALPR data from vehicles at Westfield Century City is not linked to any individual.<br><br>13. Schillace Decl. ¶ 8. | Disputed.<br>Objection. Best evidence regarding what is used is the documents/ESI requested.<br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| 14. Neither Westfield Century City's owner nor its personnel or vendors has any way to identify any specific person through the ALPR system.<br><br>14. Schillace Decl. ¶ 8. | Disputed.<br>Objection. Best evidence no way to search are documents.<br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| 15. No customer license plate information is sold or has ever been sold to anyone for marketing or promotion purposes. | Disputed.<br>Objection.<br>Vague as to no information being sold as not including all ALPR |

Case No. 2:20-cv-07370 SVW (SK)          PLTFS' RESPONSE TO WESTFIELD DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| ALLEGED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| 15.  Schillace Decl. ¶¶ 10, 22. | information; not just license plate information. Best evidence no way to search are documents. Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| 16.  No customer license plate information is used or has ever been used for marketing or promotion purposes.  16.  Schillace Decl. ¶¶ 9, 23. | Disputed. Objection. Vague as to no information being sold as not including all ALPR information; not just license plate information. Best evidence no way to search are documents. Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| 17.  Westfield Century City's owner maintains a log of everyone who | Disputed. Objection. |

7

| ALLEGED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| accesses the ALPR system and the reason for access.<br><br>17.  Schillace Decl. ¶ 24. | Best evidence is the log which has been requested in discovery. Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| 18.  Westfield Century City's "Automated License Plate Recognition (ALPR) Usage and Privacy Policy" ("Westfield Century City's ALPR Policy") governs Westfield Century City's ALPR system and information captured.<br><br>18.  Schillace Decl. ¶ 17. | Undisputed.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d).  Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 19.  Westfield Century City's ALPR Policy has been posted on Westfield Century City's website since at least April 1, 2019, and has not materially changed.<br><br>19.  Schillace Decl. ¶¶ 18, 20, Ex. A. | Undisputed.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant |

8

| ALLEGED FACTS | PLAINTIFFS' RESPONSE |
| --- | --- |
| | to Rule 56(d). Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 20. Westfield Century City's ALPR Policy can be accessed in two places on its website: first, from the first dropdown menu at the top of the page entitled "Center Info"; and second, from the bottom of the page.<br><br>20. Schillace Decl. ¶ 19, Ex. B. | Undisputed.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 21. The ALPR data may be accessed and used only by the groups listed and for the purposes stated in Westfield Century City's ALPR Policy.<br><br>21. Schillace Decl. ¶ 21. | Disputed.<br><br>Vague as to the "groups listed". Best evidence of purposes stated in producing documents that have been requested that relate to this statement, that have not been produced.<br><br>Plaintiffs have been deprived of discovery, have requested |

Case No. 2:20-cv-07370 SVW (SK)     PLTFS' RESPONSE TO WESTFIELD DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| ALLEGED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| | documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d).  Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 22.  Plaintiff Leilani Ross ("Ross") alleges that she entered the parking facilities at the Westfield UTC shopping center ("Westfield UTC") several times between April 16, 2019 and April 16, 2020.<br><br>22.  SAC ¶ 90. | Undisputed. |
| 23.  No other plaintiffs claim to have visited Westfield UTC.<br><br>23.  *See generally* SAC. | Disputed.<br>Plaintiffs and other class members likely went to the Westfield Century City Mall. |
| 24.  Westfield UTC has had an ALPR system since early 2019.<br><br>24.  Declaration of Ryan Perry ("Perry Decl.") ¶ 4. | Undisputed.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant |

Case No. 2:20-cv-07370 SVW (SK)   PLTFS' RESPONSE TO WESTFIELD DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| ALLEGED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
|  | to Rule 56(d).  Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 25.  Westfield UTC's owner purchased its ALPR system from Sentry/Skidata that operates at the entrances and exits of the parking garages. When a car approaches the barrier gate arm, its rear license plate is photographed and converted into computer-readable data, along with the time the car entered and exited and the ticket number.<br><br>25.  Perry Decl. ¶ 4. | Undisputed.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d).  Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 26.  Other than the license plate number, time of entry and exit, and ticket number, no other information is captured or stored by the ALPR system at Westfield UTC.<br><br>26.  Perry Decl. ¶ 4. | Undisputed.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d).  Plaintiffs, thus reserve the right to change this |

Case No. 2:20-cv-07370 SVW (SK)        PLTFS' RESPONSE TO WESTFIELD DEFS. STATEMENT
OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| ALLEGED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| | response when they are afforded reasonable discovery. |
| 27.  The ALPR system at Westfield UTC does not and has never printed the customer's license plate number on their ticket.<br><br>27.  Perry Decl. ¶ 6. | Undisputed.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d).  Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 28.  Westfield UTC does not have and never has had kiosks that would allow anyone to search for vehicles by license plate number.<br><br>28.  Perry Decl. ¶ 7. | Disputed.<br><br>Vague as to "kiosks" and how the system can be searched. |
| 29.  The ALPR data from vehicles at Westfield UTC is not linked to any individual.<br><br>29. Perry Decl. ¶ 9. | Disputed.<br>Objection.  Best evidence regarding what is used is the documents/ESI requested.<br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half |

12

| ALLEGED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
|  | day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| 30.  Neither Westfield UTC's owner nor its personnel or vendors has any way to identify any specific person through the ALPR system.<br><br>30.  Perry Decl. ¶ 9. | Disputed.<br><br>Calls for speculation.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| 31.  Personnel at Westfield UTC do not and are not able to assist customers with finding their cars by looking up license plate numbers in the ALPR system.<br><br>31.  Perry Decl. ¶ 8. | Undisputed.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d).  Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 32.  No customer ALPR data is sold or has ever been sold to anyone for | Disputed. |

13

| ALLEGED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| marketing or promotion purposes.<br><br>32. Perry Decl. ¶¶ 11, 16. | Vague as to the "customer ALPR data." The issue is whether ALPR data as defined under the statute has been sold to anyone for marketing or promotion purposes by Defendants or those acting on their behalf.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 33. No customer ALPR data is used or has ever been used for marketing or promotion purposes.<br><br>33. Perry Decl. ¶¶ 10, 17. | <u>Disputed</u>.<br><br>Vague as to the "customer ALPR data." The issue is whether ALPR data as defined under the statute has been sold to anyone for marketing or promotion purposes by Defendants or those acting on their behalf. |

14

Case No. 2:20-cv-07370 SVW (SK)       PLTFS' RESPONSE TO WESTFIELD DEFS. STATEMENT
                                       OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| ALLEGED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| | Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d).  Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 34.  Westfield UTC's owner maintains a log of everyone who accesses the ALPR system and the reason for access.<br><br>34.  Perry Decl. ¶ 18. | Disputed.<br>Objection.<br>Best evidence is the log which has been requested in discovery.<br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). |
| 35.  Westfield UTC's "Automated License Plate Recognition (ALPR) Usage and Privacy Policy" ("Westfield UTC's ALPR Policy") governs Westfield UTC's ALPR system and information captured. | Undisputed.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant |

15

| ALLEGED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| 35.  Perry Decl. ¶ 12. | to Rule 56(d).  Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 36.  Westfield UTC's ALPR Policy has been posted on Westfield UTC's website since at least April 1, 2019, and has not changed.<br><br>36.  Perry Decl. ¶¶ 13–14, Ex. A. | Undisputed.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d).  Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 37.  Westfield UTC's ALPR Policy can be accessed in two places on the website: first, from the first dropdown menu at the top of the page entitled "Center Info"; and second, from the bottom of the page.<br><br>37.  Perry Decl. ¶ 13, Ex. B. | Undisputed.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d).  Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |

16

| ALLEGED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| 38. The ALPR data may be accessed and used only by the groups listed and for the purposes stated in Westfield UTC's ALPR Policy.<br><br>38. Perry Decl. ¶ 15. | Vague as to the "groups listed". Best evidence of purposes stated in producing documents that have been requested that relate to this statement, that have not been produced.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d). Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| 39. Ross alleges that she entered the parking facilities at the Westfield Mission Valley shopping center ("Westfield Mission Valley") several times between April 16, 2019 and April 16, 2020.<br><br>39. SAC ¶ 90. | Undisputed. |
| 40. No other plaintiffs claim to have visited Westfield Mission Valley. | Disputed. |

17

| ALLEGED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| 40. *See generally* SAC. | Plaintiffs and other class members likely went to the Westfield Mission Walley. |
| 41. Westfield Mission Valley does not have an ALPR system. It has open, unsecured, and free parking.<br><br>41.  Declaration of David Doyle ¶ 3; Perry Decl. ¶ 20. | Disputed.  Vague as to time.<br><br>Plaintiffs have been deprived of discovery, have requested documents, have requested a half day deposition, and have requested a continuance of the Motion pursuant to Rule 56(d).  Plaintiffs, thus reserve the right to change this response when they are afforded reasonable discovery. |
| **D. Plaintiffs' CLRA Notice** ||
| 42. Plaintiffs sent their CLRA notice letter the same day they filed the Complaint on April 17, 2020.<br><br>42.  Declaration of Gregory S. Korman ¶ 3, Ex. B. | Undisputed. |

III.    **PLAINTIFFS' ADDITIONAL STATEMENT OF DISPUTED FACT**

Plaintiffs assert that the following are additional genuine issues of material

18

fact, _**which are identical to the genuine issues of material fact stated in response to each Defendant's separate statement**_:

COUNT I: Corrected Second Amended Class Action Complaint, p. 60 (Compl.)

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| P1 | Plaintiffs are each "individuals" pursuant to § 1798.90.54. | Lindemann Decl. ¶10 |
| P2 | Each defendant is a "person" pursuant to § 1798.90.5(e). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P3 | Each Defendant accessed "ALPR information" pursuant to § 1798.90.5 because it or its agent/operator on its behalf, collected Personal information or data of Plaintiffs and the Classes through the use of an "ALPR system" | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by |

19

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
|  |  | Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P4 | "Harm" is "…including, but not limited to, unauthorized access or use of ALPR information…" § 1798.90.54(a) | Cal. Civil Code § 1798.90.54(a) |
| P5 | Plaintiffs did not give any of the Defendants "authorization" to access ALPR information pursuant to § 1798.90.54(a). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P6 | None of the Defendants are "law enforcement," "transportation agencies," or those who received data "pursuant to Section 2721 of Title 18."<br><br>§ 1798.90.5(a)(1), (a)(2), and (a)(3). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield |

20

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P7 | Each Plaintiff has requested statutory damages of $2,500 and other remedies provided by law. §1798.90.54(a); §1798.90.54(b). | Lindemann Decl. ¶10 |
| | | |
| | **COUNT II of Compl.** | |
| P8 | Plaintiffs are each "individuals" pursuant to § 1798.90.54. | Lindemann Decl. ¶10 |
| P9 | Each defendant is a "person" pursuant to § 1798.90.5(e). | Lindemann Decl. ¶10 |
| | | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P10 | Each Defendant accessed "ALPR information" pursuant to § 1798.90.5 because it or its agent/operator on its behalf, collected Personal information or data of Plaintiffs and the Classes through the use of an | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis |

21

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | "ALPR system" | Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P11 | "Harm" is "…including, but not limited to, unauthorized access or use of ALPR information…" § 1798.90.54(a) | Cal. Civil Code § 1798.90.54(a) |
| P12 | Plaintiffs did not give any of the Defendants "authorization" to use ALPR information pursuant to § 1798.90.54(a). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P13 | None of the Defendants are "law enforcement," "transportation agencies," or those who received data "pursuant to Section 2721 of Title 18."<br><br>§ 1798.90.5(a)(1), (a)(2), and (a)(3). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. |

22

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P14 | ALPR data was "used" in that it was provided to third persons without Plaintiffs' authorization. | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P15 | As to at least Park Assist, and the other Defendants' ALPR it collected, ALPR data was "used" in that it was published on the worldwide web, and through an application. | Lindemann Decl. ¶10 |
| P16 | Each Plaintiff has requested statutory damages of $2,500 and other remedies provided by law. §1798.90.54(a); §1798.90.54(b). | Lindemann Decl. ¶10 |

23

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | |
| | **Count III of Compl.** | |
| | | |
| P17 | Plaintiffs are each "individuals" pursuant to § 1798.90.54. | Lindemann Decl. ¶10 |
| P18 | Each defendant is a "person" pursuant to § 1798.90.5(e). | Lindemann Decl. ¶10 <br><br> Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P19 | Each Defendant accessed "ALPR information" pursuant to § 1798.90.5 because it or its agent/operator on its behalf, collected Personal information or data of Plaintiffs and the Classes through the use of an "ALPR system" | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P20 | "Harm" is "…including, but not | Cal. Civil Code § 1798.90.54(a) |

24

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | limited to, unauthorized access or use of ALPR information…" § 1798.90.54(a) | |
| P21 | Plaintiffs did not give any of the Defendants "authorization" to access ALPR information pursuant to § 1798.90.54(a). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P22 | None of the Defendants are "law enforcement," "transportation agencies," or those who received data "pursuant to Section 2721 of Title 18."<br><br>§ 1798.90.5(a)(1), (a)(2), and (a)(3). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |

25

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| P23 | Each Defendant is an "ALPR Operator" pursuant to §1798.90.5(c) because each is "involved" or has some "participation" in an ALPR System. | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P24 | Each Plaintiff has requested statutory damages of $2,500 and other remedies provided by law.<br>§1798.90.54(a);<br>§1798.90.54(b). | Lindemann Decl. ¶10 |
| | | |
| | **Count IV of Compl.** | |
| | | |
| P25 | Plaintiffs are each "individuals" pursuant to § 1798.90.54. | Lindemann Decl. ¶10 |
| P26 | Each defendant is a "person" pursuant to § 1798.90.5(e). | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the |

26

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P27 | Each Defendant accessed "ALPR information" pursuant to § 1798.90.5 because it or its agent/operator on its behalf, collected Personal information or data of Plaintiffs and the Classes through the use of an "ALPR system" | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P28 | "Harm" is "…including, but not limited to, unauthorized access or use of ALPR information…" § 1798.90.54(a) | Cal. Civil Code § 1798.90.54(a) |
| P29 | Plaintiffs did not give any of the Defendants "authorization" to access ALPR information pursuant to § 1798.90.54(a). | Lindemann Decl. ¶10

Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis |

27

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P30 | None of the Defendants are "law enforcement," "transportation agencies," or those who received data "pursuant to Section 2721 of Title 18." § 1798.90.5(a)(1), (a)(2), and (a)(3). | Lindemann Decl. ¶10 Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P31 | Each Defendant is an "ALPR Operator" pursuant to §1798.90.5(c) because each is "involved" or has some "participation" in an ALPR System. | Lindemann Decl. ¶10 Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield |

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P32 | Each of Defendants do not have a policy that adequately discloses sharing of PII with the third parties described in Defendants' declarations, nor does the Policy disclose as to the ALPR data collected at certain malls, that such PII is broadcasted worldwide, and publicly accessible by anybody. | Lindemann Decl. ¶10<br><br>Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P33 | Each Plaintiff has requested statutory damages of $2,500 and other remedies provided by law. §1798.90.54(a); §1798.90.54(b). | Lindemann Decl. ¶10 |
| | **Count V of Compl. ("CLRA")** | |
| P34 | Each of the Plaintiffs is a consumer of parking services at the Malls. | Lindemann Decl. ¶10 |
| P35 | The use of parking at the Malls is, and constitutes, a service. | Lindemann Decl. ¶10 |
| P36 | Defendants at all times prior to this case, and even in this case, have denied reasonable | Lindemann Decl. ¶10 |

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | discovery and disclosure as to concealed facts and true use and sharing practices of ALPR data. | |
| P37 | Plaintiffs re-incorporate all facts at P1-P31, as the CLRA claim is predicated on COUNTS I through III, as well as additional facts premised herein. | Lindemann Decl. ¶10 |
| | | |
| | | |
| | **Count VI of Compl. ("UCL")** | |
| P38 | The capture and use of a person's private information invades concrete interests, in that there is a risk of identity theft, there is a loss of value of PII, the PII has already been misused, and Plaintiffs lost the benefit of the bargain. | Lindemann Decl. ¶10 |
| P39 | Plaintiffs re-incorporate all facts at P1-P31, as the UCL claim is predicated on COUNTS I through III, as well as additional facts premised herein. | Lindemann Decl. ¶10 |
| | | |
| | **Count VII of Compl. ("Negligence")** | |
| P40 | There is a special relationship between Plaintiffs and Defendants. | Lindemann Decl. ¶10 |
| P41 | Plaintiffs re-incorporate all facts at P1-P31, as the negligence claim is predicated on COUNTS I through III, as well as additional facts premised herein. | Lindemann Decl. ¶10 |

30

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | | |
| | **Count VIII of Compl. ("Constitutional Violations")** | |
| | | |
| P42 | Collecting and using ALPR data at private places that ultimately can be used to locate and track persons is a serious invasion. | Lindemann Decl. ¶10 |
| P43 | Plaintiffs re-incorporate all facts at P1-P31, as the constitutional violation claim is predicated on COUNTS I through III, as well as additional facts premised herein. | Lindemann Decl. ¶10 |
| | | |
| | **Article III Standing in Federal Court (Counts I-VIII)** | |
| P44 | Defendants contend that Plaintiffs "harms" are insufficiently concrete. | Declaration of William Knarr (Dkt. No. 190-1) filed by the Taubman Defendants, the Declaration of Jackie Levy (Dkt. No. 194-3) filed by Caruso and the Americana, the Declaration of Steven Sayers (Dkt. No. 195), Declaration of Louis Schillace (Dkt. No. 196-2) filed by the Westfield Defendants, Declaration of Ryan Perry (Dkt. No. 196-3) filed by the Westfield Defendants, Declaration of Scott Dubois (Dkt. No. 198-2) filed by Park Assist, Declaration of Marco Ovando (Dkt. No. 199-2). |
| P45 | Because at least one defendant is a citizen in California, there is no diversity jurisdiction. | Lindemann Decl. ¶10 |
| P46 | There is no Federal subject matter jurisdiction because no | Lindemann Decl. ¶10 |

31

| No. | Plaintiffs' Statement of Disputed Fact | Citation to Admissible Evidence |
|---|---|---|
| | Federal cause of action has been brought. | |
| P47 | Assuming insufficient standing under *Transunion v. Ramirez*, 141 S. Ct. 2190, 2203 (2021), there is no jurisdiction under CAFA. | Lindemann Decl. ¶10 |

## IV.   **DEFENDANTS' CONCLUSION OF LAW**

Plaintiffs dispute Defendants' contentions of law, as more expressly stated in their Opposition Br. To the Motion for Summary Judgment.

## V.   **PLAINTIFFS' CONCLUSIONS OF LAW**

| No. | Conclusions of Law | Citation To Authority |
|---|---|---|
| | | |

Case No. 2:20-cv-07370 SVW (SK)                    PLTFS' RESPONSE TO WESTFIELD DEFS. STATEMENT
OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| P1 | Plaintiffs have established each requisite element of <u>Count I</u> based on the undisputed facts in P1-P7. | Each element has been met in this privacy and consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.<br><br>"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm</u>.***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |

Case No. 2:20-cv-07370 SVW (SK)          PLTFS' RESPONSE TO WESTFIELD DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| P2 | Plaintiffs have established each requisite element of Count II based on the undisputed facts in P8-P16. | Each element has been met in this privacy and consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.<br><br>"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm.</u>***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'). |

34

PLTFS' RESPONSE TO WESTFIELD DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| P3 | Plaintiffs have established each requisite element of <u>Count III</u> based on the undisputed facts in P17-P24. | Each element has been met in this privacy and consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.<br><br>"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm.</u>***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |
|---|---|---|

35

| P4 | Plaintiffs have established each requisite element of Count IV based on the undisputed facts in P25-P33. | Each element has been met in this privacy and consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial. |
|----|----|----|
| | | "Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm.</u>***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |

36

| P5 | Plaintiffs have established each requisite element of Count V based on the undisputed facts in P34-P37. | Each element has been met in this consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.<br><br>"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or physical harm.***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |

37

| P6 | Plaintiffs have established each requisite element of <u>Count VI</u> based on the undisputed facts in P38-P39. | Each element has been met in this consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.

"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or <u>physical harm.</u>***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |
|---|---|---|

38

PLTFS' RESPONSE TO WESTFIELD DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

| P7 | Plaintiffs have established each requisite element of Count VII based on the undisputed facts in P40-P41. | Each element has been met in this consumer remedial statute, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.<br><br>"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or physical harm.***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |

39

| P8 | Plaintiffs have established each requisite element of Count VIII based on the undisputed facts in P42-P43. | Each element has been met in this important constitutional right, and Plaintiffs can set forth their "harms," "statutory damages," and other remedies, at the time of trial.<br><br>"Harm" is satisfied under California law. California follows the Restatement (Second) of torts in defining privacy harms. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 647 (Cal. 1994); *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1077 (Cal. 2009) (installation of surveillance cameras constitutes *harm*, even if cameras were not activated).; *Doe v. Chao*, 540 U.S. 614, 643, fn. 3 (2004) (recognizing the default rule, "3 Restatement of Torts § 621…, comment d (1939)… damages are available for privacy torts in the same way in which general damages are given for defamation ***without proof of pecuniary loss or physical harm.***") (emphasis added); *FAA v. Cooper*, 566 U.S. 284, 297 (2012) ("In defamation and privacy cases, 'the affront to the plaintiff's dignity and the emotional harm done' are 'called general damages, to distinguish them from proof of actual economic harm,' which is called 'special damages.'"). |
| P9 | Plaintiffs (and Defendants by their arguments and facts) have fairly raised a question as to whether there is Article III jurisdiction over this dispute, and it must be decided now based on the facts at P44-P47. | *Transunion v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) |

Case No. 2:20-cv-07370 SVW (SK)    PLTFS' RESPONSE TO WESTFIELD DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW

DATED: January 5, 2022                Respectfully submitted,

/s/ *Blake J. Lindemann*
Blake J. Lindemann
California Bar No. 255747
E-mail:  blake@lawbl.com
Donna R. Dishbak
California Bar No. 259311
E-mail:  donna@lawbl.com
**LINDEMANN LAW FIRM, APC**
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone No: 310-279-5269
Facsimile No: 310-300-0267

*Attorneys for Plaintiffs and the proposed Classes*

41

## CERTIFICATE OF SERVICE

I, the undersigned, declare: I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 433 N. Camden Drive, 4th Floor, Beverly Hills, CA 90210.

On January 5, 2022, I served the foregoing document as follows:

**PLAINTIFFS' RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND DISPUTED FACTS TO WESTFIELD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

[X] by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such electronic filing to counsel of record for all parties by operation of the Court's CM/ECF System.

[ ] by U.S. Mail in the ordinary course of business to the non-CM/ECF participants indicated on the attached Manual Notice List. I am readily familiar with the Firm's practice for the collection and processing of correspondence for mailing with the Postal Service and that the correspondence would be deposited with same that same day in the ordinary course of business.

[ ] by electronically serving the foregoing by electronic mail to the e-mail addresses agreed by the parties for service, pursuant to Fed. R. Civ. Proc. 5 and the parties' agreement.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct. Executed on January 5, 2022, at Beverly Hills, California.

*/s/ Nataly Grande*

_____

NATALY GRANDE

Case No. 2:20-cv-07370 SVW (SK)    PLTFS' RESPONSE TO WESTFIELD DEFS. STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW