SHEPPARD MULLIN RICHTER & HAMPTON LLP
KENT R. RAYGOR, Cal. Bar No. 117224
kraygor@sheppardmullin.com
VALERIE E. ALTER, Cal. Bar No. 239905
valter@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California  90067-6917
Telephone:  (310) 228-3700
Facsimile:  (310) 228-3701

Attorneys for Defendants
TAUBMAN CENTERS, INC.,
TAUBMAN REALTY GROUP LIMITED
PARTNERSHIP, and TAUBMAN
COMPANY, LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALVARO NAVARRO, *et al.*, | Case No. 20-cv-7370-SVW (SKx) |
| Plaintiffs, | **THE TAUBMAN DEFENDANTS':** |
| vs. | **(1) REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; AND** |
| SKI DATA, INC. a Delaware Corporation, *et al.*, | **(2) DECLARATION OF KENT R. RAYGOR** |
| Defendants. | [*Submitted Concurrently With the Taubman Defendants':* |

[*Submitted Concurrently With the Taubman Defendants':*

*(1) Response to Plaintiff Areliz Navarro's Additional Statement of Disputed Fact [ECF No. 202, pp. 13-26]*
*(2) Response to Plaintiffs' Consolidated Evidentiary Objections and Requests to Strike [ECF No. 201-6]*
*(3) Objections to the Declaration of Blake J. Lindemann [ECF No. 201-1]]*

Hearing
Date:    January 24, 2022
Time:    1:30 p.m.
Ctrm.:   10A, Hon. Stephen V. Wilson

-1-

# TABLE OF CONTENTS

Page

I. TAUBMAN'S MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE MS. NAVARRO PRESENTED NO ADMISSIBLE EVIDENCE AT ALL IN OPPOSITION. ..................................5

II. MS. NAVARRO PRODUCED NO EVIDENCE OF ACTUAL HARM IN CONNECTION WITH HER FIRST THROUGH FOURTH CLAIMS FOR RELIEF FOR ALLEGED VIOLATION OF THE ALPR STATUTE. ...............................................................................................7

III. MS. NAVARRO PRODUCED NO EVIDENCE OF ACTUAL HARM IN CONNECTION WITH HER FIFTH AND SIXTH CLAIMS FOR RELIEF FOR VIOLATION OF THE CLRA AND THE UCL. .......................10

IV. MS. NAVARRO PRODUCED NO EVIDENCE OF DAMAGES IN CONNECTION WITH HER SEVENTH CLAIM FOR RELIEF FOR NEGLIGENCE. ...........................................................................13

V. MS. NAVARRO HAS NOT ESTABLISHED A VIOLATION OF THE CONSTITUTIONAL RIGHT OF PRIVACY. .....................................13

VI. MS. NAVARRO'S NON-MERITS-BASED ARGUMENTS ARE MERITLESS, IF NOT FRIVOLOUS. ..............................................14

    A. Taubman Did Not Ignore Its C.D. CAL. LOCAL RULE 7-3 Obligations. ...........15

    B. There Is No Basis For Invoking Rule 56(d). .......................................15

    C. This Court Should Decide Taubman's Motion On The Merits. .......................15

VII. CONCLUSION ...................................................................16

SMRH:4895-2062-9513

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Babbitt v. Sweet Home Chapter Communities for a Great Oregon*
    515 U.S. 687 (1995) .................................................................................. 7

*Codding v. Pearson Educ.*
    842 Fed. Appx. 70 (9th Cir. 2021) ..................................................... 6, 9

*Davis v. Facebook, Inc. (In re Facebook, Inc. Internet Tracking Litig.)*
    956 F.3d 589 (9th Cir. 2020) .............................................................. 8, 11

*Eichenberger v. ESPN, Inc.*
    876 F.3d 979 (9th Cir. 2017) ................................................................... 8

*In re Facebook Privacy Litigation*
    572 Fed. Appx. 494 (9th Cir. 2014) ..................................................... 11

*In re Facebook, Inc.*
    402 F. Supp. 3d 767 (N.D. Cal. 2019) .................................................. 11

*Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*
    525 F.3d 822 (9th Cir. 2008) .................................................................. 15

*In re iPhone Application Litig.*
    No. 11-MD-02250-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) ......... 11

*Kingman Reef Atoll Investments L.L.C. v. U.S.*
    541 F.3d 1189 (9th Cir. 2008) ................................................................ 16

*Patel v. Facebook*
    932 F. 3d 1264 (9th Cir. 2019) ................................................................. 8

*People v. Jimenez*
    9 Cal. 5th 53 (2020) .................................................................................. 9

*Rosenbach v. Six Flags Entertainment Corp.*
    129 N.E.3d 1197 (Ill. 2019) ...................................................................... 9

*Safe Air for Everyone v. Meyer*
    373 F.3d 1035 (9th Cir. 2004) ................................................................ 16

*Smith v. Loanme, Inc.*
    11 Cal. 5th 183 (2021) .............................................................................. 7

SMRH:4895-2062-9513

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*
  903 F. Supp. 2d 942 (S.D. Cal. 2012) ...................................................... 10

*Svenson v. Google Inc.*
  No. 13-cv-04080-BLF, 2015 WL 1503429 (N.D. Cal. Apr. 1, 2015) ............... 11

*In re Toll Roads Litigation*
  2016 WL 11502257 ..................................................................................... 14

*TransUnion LLC v. Ramirez*
  141 S. Ct. 2190 (2021) ....................................................................... 7, 8, 15, 16

*United States v. Diaz-Castaneda*
  494 F.3d 1146 (9th Cir. 2007) ................................................................... 14

*Williams v. Facebook*
  498 F. Supp. 3d 1189 (N.D. Cal. 2019) .................................................... 11

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*
  Case No. 16-MD-02752-LHK, 2017 WL 3727318 (N.D. Cal. Aug. 30,
  2017) ........................................................................................................ 11

**Statutes**

CAL. CIV. CODE § 1798.90.5 ............................................................................ 8

CAL. CIV. CODE §§ 1798.90.5-1798.90.55 ...................................................... 6

CAL. CIV. CODE § 1798.90.54 .......................................................................... 8

CAL. PEN. CODE § 530.5 .................................................................................. 9

CAL. PEN. CODE § 632.7 .................................................................................. 7

**Other Authorities**

FEDERAL RULE OF CIVIL PROCEDURE 11 .......................................................... 7

LOCAL RULE 7-3 ................................................................................... 14, 15

RESTATEMENT (SECOND) OF TORTS ................................................................... 9

FEDERAL RULE OF CIVIL PROCEDURE 12 ........................................................ 13

FEDERAL RULE OF CIVIL PROCEDURE 56 ........................................................ 15

-4-

## I.    TAUBMAN'S MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE MS. NAVARRO PRESENTED NO ADMISSIBLE EVIDENCE AT ALL IN OPPOSITION.

The *Motion for Summary Judgment* [ECF No. 190] filed by Defendants Taubman Centers, Inc., Taubman Realty Group Limited Partnership, and Taubman Company, LLC (collectively "**Taubman**") should be granted.  Taubman moved for summary judgment because there is no evidence to establish the basic factual underpinnings of Plaintiff Areliz Navarro's ("**Ms. Navarro**") claims against Taubman.  Ms. Navarro's *Corrected Second Amended Complaint* ("**Corrected SAC**") [ECF No. 189] against Taubman requires proof of the following allegations:

(1)    Ms. Navarro parked her car at the Beverly Center Mall, and Taubman collected Ms. Navarro's license plate information [*Corrected SAC*, ¶ 38];

(2)    Taubman used that license plate information to compile other personal information about Ms. Navarro [*id.* ¶¶ 39, 41];

(3)    Taubman used or otherwise sold to third parties the personal information it had compiled about Ms. Navarro for marketing purposes [*see, e.g., id.* ¶¶ 38, 39, 41]; and

(4)    Ms. Navarro suffered actual harm or injury as a result [*id.* ¶¶ 38, 42-48].

Taubman submitted evidence with its moving papers—in particular the *Declaration of William Knarre* [ECF No. 190-1]—in which it established:

(1)    Taubman has no record that Ms. Navarro ever parked at the Beverly Center Mall, and does not know Ms. Navarro's license plate number [*Statement of Undisputed Facts* ("**SUF**") [ECF No. 192] ## 12-16];

(2)    Even if Ms. Navarro had parked at the Beverly Center Mall, Taubman did not use, and in fact did not have the ability to use, license plate information to compile other personal information about her or any other individuals who parked at the Beverly Center Mall [SUF ## 2-4, 17-18];

(3)    Taubman itself did not use *any* license plate data, much less any

information pertaining to Ms. Navarro, nor did it provide any license plate data to third parties, for marketing or geo-tracking purposes, [SUF ## 5, 7-11, 19-21] and;

(4)    Ms. Navarro did not suffer any actual harm or injury as a result of Taubman's conduct, which is an essential element of the first through seventh claims for relief.

Ms. Navarro spends the bulk of her *Opposition* [ECF No. 201] disputing the fourth point, *i.e.*, the harm/injury question.  She argues she does not have to prove actual harm or injury for her claim for violation of the Automatic License Plate Recognition statute, CAL. CIV. CODE §§ 1798.90.5-1798.90.55 (the "**ALPR Statute**"), and each of the claims derived from it, but rather must show only a mere violation of the ALPR Statute.  Ms. Navarro is wrong, for the reasons explained in Taubman's moving papers and below, but the Court need not even reach that question.

Ms. Navarro is the plaintiff and bears the burden of proof at trial.  Thus, Taubman "need only point out that there is an absence of evidence to support the nonmoving party's case." *Codding v. Pearson Educ.*, 842 Fed. Appx. 70, 72 (9th Cir. 2021) (internal quotations omitted).  Taubman has met that burden, as explained in its *Motion for Summary Judgment*, and the burden thus shifts to Ms. Navarro "to produce evidence supporting [her] claims." *Id.*  Ms. Navarro submitted no such evidence.  In fact, she submitted no evidence at all.  ***She did not even submit a declaration to establish that she had ever parked at the Beverly Center Mall***, let alone information about any alleged injury she suffered, even though, if such information existed, it would be in her custody, possession, or control.  With no evidence submitted that Ms. Navarro ever actually parked at the Beverly Center Mall, she has no basis for any of her claims asserted against Taubman.  Instead, she relies only on a declaration of her counsel, Blake J. Lindemann [ECF No. 201-1], but his declaration is inadmissible for the reasons explained in Taubman's concurrently filed evidentiary objections.

-6-

Admissibility aside, even Mr. Lindemann's declaration does not include facts to substantiate the allegations made against Taubman in the *Corrected SAC*, which Ms. Navarro should have possessed prior to filing this action in order to comply with FEDERAL RULE OF CIVIL PROCEDURE 11.  Mr. Lindemann's declaration does not mention Taubman at all.  Without ***any*** admissible evidence supporting her claims against Taubman, Taubman is entitled to summary judgment on Ms. Navarro's entire *Corrected SAC*.

II.    <u>**MS. NAVARRO PRODUCED NO EVIDENCE OF ACTUAL HARM IN CONNECTION WITH HER FIRST THROUGH FOURTH CLAIMS FOR RELIEF FOR ALLEGED VIOLATION OF THE ALPR STATUTE.**</u>

As explained in Taubman's moving papers, the California Legislature did not transform a mere violation of the ALPR Statute into an injury sufficient to support a civil claim under the ALPR Statute:  *Ms. Navarro still must prove actual harm*.  [*See* ECF No. 190, at 17:12-20:19.]  Rather than address the legislative history of the ALPR Statute itself, Ms. Navarro instead cites a jumble of statutory construction principles espousing the need to read the ALPR Statute as broadly as possible.  [*See* ECF No. 201, at 8:6-19.]  Ms. Navarro's argument is meritless.  *Babbitt v. Sweet Home Chapter Communities for a Great Oregon*, 515 U.S. 687 (1995), upon which Ms. Navarro relies, considered whether the Secretary of the Interior's regulatory definition of "harm" for purposes of the Endangered Species Act was reasonable and entitled to deference in the face of a challenge to the regulation.  [ECF No. 201, at 8:7-12.]  *Smith v. Loanme, Inc.*, 11 Cal. 5th 183, 200-01 (2021), considered the applicability of California's call recording act (CAL. PEN. CODE § 632.7) to nonparties to a recorded conversion—without even mentioning the word "harm."  [ECF No. 201, at 8:13-19.]  These cases are irrelevant to the harm necessary to prove a violation of California's ALPR Statute.

Ms. Navarro attempts to salvage her failure to prove, or even plead, actual harm by arguing that under *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021), "the

-7-

legislature can elevate 'de facto injuries' to a redressable privacy class action." [ECF No. 201, at 9:6-8.] *TransUnion* does not help Ms. Navarro because, as noted above and as explained in Taubman's moving papers, the California Legislature *did not* equate harm with a mere violation of the ALPR Statute.

Ms. Navarro's contention that section 1798.90.54 of the ALPR Statute "defines 'harm' as *including* unauthorized access or use of ALPR data", such that a mere statutory violation is enough, cannot withstand minimal scrutiny. [ECF No. 201, at 9:8-12.] Section 1798.90.54 provides: "an individual who has been harmed by a violation of this title, including, but not limited to, unauthorized access or use of ALPR information or a breach of security of an ALPR system, may bring a civil action . . . ." CAL. CIV. CODE § 1798.90.54(a). This is not a "definition" of harm, nor is section 1798.90.54 a definitional section. Section 1798.90.5 of the ALPR Statute provides the "definitions" that "shall apply for purposes of" the ALPR Statute. The language in section 1798.90.54 upon which Ms. Navarro relies is exemplary language explaining the types of violations for which a private right of action might exist, *if* the plaintiff has been harmed. Contrary to Ms. Navarro's suggestion, actual harm is an essential element of a claim for violation of the ALPR Statute.

Nor can Ms. Navarro escape this conclusion because the ALPR Statute contains the language "[i]n addition to any other sanctions, penalties, or remedies provided by law . . . ." CAL. CIV. CODE § 1798.90.54. That language does not, as Ms. Navarro suggests, mean that where a plaintiff seeks statutory damages, she need not prove actual harm. [ECF No. 201, at 12:8-13.] The harm requirement stated in section 1798.90.54(a) still applies to any person who "bring[s] a civil action" regardless of the remedy sought. CAL. CIV. CODE § 1798.90.54(a). Ms. Navarro has brought a civil action. She thus must prove that she suffered actual harm or injury.

Otherwise, the consolidated opposition relies on inapposite authority. For example, Ms. Navarro relies on *Davis v. Facebook, Inc. (In re Facebook, Inc. Internet Tracking Litig.*), 956 F.3d 589 (9th Cir. 2020), *Patel v. Facebook*, 932 F. 3d 1264,

-8-

1272 (9th Cir. 2019), *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 979 (9th Cir. 2017), and *Rosenbach v. Six Flags Entertainment Corp.*, 129 N.E.3d 1197, 1204-06 (Ill. 2019), to argue that mere technical violations have been classified as harm in other privacy cases. [ECF No. 201, at 8:1-5; *see also id.* at 10:7-18.] What Ms. Navarro fails to mention, however, is that those cases are based on violations of statutes with no harm requirement, where a mere statutory violation is enough. The ALPR Statute, with its explicit requirement of having suffered actual harm, is not comparable.

Ms. Navarro's reliance on the RESTATEMENT (SECOND) OF TORTS is inapposite for the same reason. [ECF No. 201, at 10:19-11:4.] This is *not* a common law case. *People v. Jimenez*, 9 Cal. 5th 53 (2020), upon which Ms. Navarro relies [ECF No. 201, at 11:19-22], is irrelevant. In that case, the defendant was convicted of misuse of personal identifying information under CAL. PEN. CODE § 530.5. Harm to the defendant's victims was clear, as the defendant was charged with taking someone else's bank information, writing, and cashing checks to himself. *Jimenez*, 9 Cal. 5th at 59. That is not the case here.

Ms. Navarro has attempted to assert claims under the ALPR Statute, a statute that the parties interpret differently. Taubman contends that a claim under the ALPR statute requires actual harm, but Ms. Navarro argues that a mere violation of the ALPR Statute, without actual harm, is sufficient to state a claim. Ms. Navarro's claims fail under both interpretations because she has produced no evidence of either a violation or actual harm—***she has not even submitted her own declaration.*** As noted above, because Taubman, which does not have the burden of proof, moved for summary judgment on the grounds that there is no evidence to support Ms. Navarro's claims, and specifically noted that it had no record of Ms. Navarro's having parked at the Beverly Center Mall, Ms. Navarro was required in opposition "to produce evidence supporting [her] claims." *Codding*, 842 Fed. Appx. at 72. Ms. Navarro has not produced a declaration stating under penalty of perjury that she parked at the Beverly Center Mall in the first instance, which is prerequisite even under her

SMRH:4895-2062-9513

(erroneous) strict liability theory. Thus, Taubman is entitled to summary judgment, under either its (correct) theory of harm, or Ms. Navarro's incorrect theory of harm.

### III. MS. NAVARRO PRODUCED NO EVIDENCE OF ACTUAL HARM IN CONNECTION WITH HER FIFTH AND SIXTH CLAIMS FOR RELIEF FOR VIOLATION OF THE CLRA AND THE UCL.

Fifth Claim for Relief (CONSUMER LEGAL REMEDIES ACT, "CLRA"): Ms. Navarro does not even address the argument that her claim fails for lack of injury and thus has waived that issue. Thus, Taubman is entitled to summary judgment on Ms. Navarro's claim for violation of the CLRA, especially where Ms. Navarro has not introduced any admissible evidence of actual injury.

Sixth Claim for Relief (UNFAIR COMPETITION LAW, "UCL"): Ms. Navarro argues that risk of future identity theft, loss of value of personal identifying information ("PII"), PII misuse, credit monitoring expenses, and lost benefit of the bargain constitute injury for purposes of the UCL. [ECF No. 201 at 12:22-14:6.] As explained below, several of these injuries are not actionable under the UCL. Even so, the dispute about the proper type of UCL injury is ultimately irrelevant here because *Ms. Navarro has provided no admissible evidence in support of any injury whatsoever*. As noted repeatedly, she does not even submit a declaration in opposition to Taubman's *Motion for Summary Judgment*, nor, indeed, has she ever supplied a declaration supporting any of her claims asserted in this action.[1]

But even if Ms. Navarro had submitted admissible evidence of alleged loss of value of her personal identification information (PII) and the like, her UCL claim would still fail because those injuries do not support a UCL claim. Taubman established in its moving papers [ECF No. 190, at 23:3-21] that the few examples of harm Ms. Navarro provided, *i.e.*, the alleged lost benefit of the bargain and diminished value of personal information, are not actionable under the UCL. *See,*

---

[1] Initial *Complaint* [ECF No. 1-1]; *First Amended Complaint* [ECF No. 93]; *Second Amended Complaint* [ECF No. 131]; *Corrected SAC* [ECF No. 189].

-10-

*e.g.*, *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 965-66 (S.D. Cal. 2012); *In re Facebook, Inc.*, 402 F. Supp. 3d 767, 784, 803-04 (N.D. Cal. 2019); *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *14 (N.D. Cal. Sept. 20, 2011).  Ms. Navarro does not address these cases.  Instead, she cites to a three-paragraph, unpublished and thus non-precedential, Ninth Circuit decision, *In re Facebook Privacy Litigation*, 572 Fed. Appx. 494, 494 (9th Cir. 2014), which held that the loss of the sales value of disclosed personal information sufficiently conferred standing *for breach of contract and fraud claims*. [ECF No. 201, at 12:23-28; *see also id.* at 12:28-13:7 (citing *Svenson v. Google Inc.*, No. 13-cv-04080-BLF, 2015 WL 1503429, at *5 (N.D. Cal. Apr. 1, 2015), which addressed a claim for breach of contract).]  Ms. Navarro, however, has not pled claims for breach of contract or common law fraud.  Moreover, even in *In re Facebook*, the Ninth Circuit "affirm[ed] the district court's dismissal of plaintiffs' UCL claim because plaintiffs failed to allege that they 'lost money or property as a result of the unfair competition.'"  *In re Facebook Privacy Litigation*, 572 Fed. Appx. 494 at 496.  Ms. Navarro's claim suffers from the same fatal defect in that, even ignoring the dearth of admissible evidence, she never alleged lost money or property.[2]

Further, Ms. Navarro cannot defend her UCL claim by relying on her "lost benefit of the bargain" contention.  [ECF No. 201, at 13:10-15 (citing *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, Case No. 16-MD-02752-LHK, 2017 WL 3727318 (N.D. Cal. Aug. 30, 2017)).]  In *Yahoo!*, the plaintiffs pled a claim based on a lost benefit of the bargain where they alleged that they "paid Defendants $13.94 each month since September 2009 for Defendants' Small Business Services" based on a representation that the services were secure, and security was a real benefit of the

---

[2] *Williams v. Facebook*, 498 F. Supp. 3d 1189 (N.D. Cal. 2019) is inapposite.  [ECF 201, at 13:6-9.]  *Williams* considered Article III standing to bring claims for violation of California's COMPUTER DATA ACCESS AND FRAUD ACT, intrusion upon seclusion, California privacy, and unjust enrichment.  498 F. Supp. 3d at 1192.  The plaintiffs' UCL and CLRA claims "were dismissed without leave to amend."  *Id.* at 1193 n.3.

SMRH:4895-2062-9513

bargain. *Yahoo!*, 2017 WL 3727318 at *21. Ms. Navarro has not submitted any evidence showing she paid for parking at the Beverly Center Mall in the first place, much less explained how, had she paid for parking at the Mall, she lost the benefit of any bargain. She would have gotten what she bargained for: parking.

Nor can Ms. Navarro escape summary judgment by arguing that she has a remedy under the UCL. The ALPR Statute requires that Ms. Navarro prove harm; she cannot avoid this requirement by "borrowing" the ALPR Statute as part of her UCL claim. [ECF No. 201, at 15:20-16:5.] Ms. Navarro has not proven any threat of future harm, either. [*Id.* at 16:5-7.]

In their moving papers, Taubman provided evidence that:

- Taubman does not use license plate data from the Beverly Center Mall to connect or associate any license plate data to or with any particular individual. [SUF # 2.]

- Taubman does not use license plate data for marketing purposes, or to obtain information about consumer demographics, preferences, or credit status. [SUF ## 5, 6.]

- Taubman has not sold or otherwise transferred license plate data to any third party, other than on the rare occasion when a law enforcement agency requests such data pursuant to legal process. [SUF ## 8-11.]

In contrast, Ms. Navarro provides no support for her contention that "Defendants received a financial benefit from [Plaintiffs] as a result of their unlawful conduct." [ECF No. 201, at 16:23-25 (citing to ECF No. 189, *Corrected SAC*, at ¶ 404).] Ms. Navarro has failed to establish the existence of any admissible evidence showing that Taubman misused her personal information in the first instance, much less that she was harmed as a result. As a result, summary judgment should be entered in favor of Taubman on Ms. Navarro's UCL claim.

SMRH:4895-2062-9513

## IV. MS. NAVARRO PRODUCED NO EVIDENCE OF DAMAGES IN CONNECTION WITH HER SEVENTH CLAIM FOR RELIEF FOR NEGLIGENCE.

Taubman showed in its moving papers that there is no action for negligence where no damages have been sustained. [ECF No. 190, at 21:10-19.] Ms. Navarro merely responds that "Plaintiffs have demonstrated harm and have established statutory damages, actual damages, and other remedies." [ECF No. 201, at 17:24-26.] Of course, Ms. Navarro cites no admissible evidence for this proposition, and there is none. Even the purported evidence upon which Ms. Navarro relies, the declaration of her counsel, Mr. Lindemann, refers to statutory damages under the ALPR Statute, not negligence, and does not mention Ms. Navarro or Taubman. [ECF No. 201-1, at 3:26-27.] Without any evidence, summary judgment must be entered in favor of Taubman on Ms. Navarro's negligence claim.

## V. MS. NAVARRO HAS NOT ESTABLISHED A VIOLATION OF THE CONSTITUTIONAL RIGHT OF PRIVACY.

Ms. Navarro erroneously applies the motion to dismiss standard in her attempt to save her constitutional right of privacy claim. [ECF No. 201, at 20:26-21:27.] As a result, she fails to provide any evidence to meet her burden on summary judgment, and that alone is reason to grant Taubman's motion. But even applying the Rule 12(b)(6) standard, and taking Ms. Navarro's "factual allegations as true" [ECF No. 201, at 20:26], her claim fails.

At most, Ms. Navarro contends that her license plate was photographed, which is a single snapshot in time. Neither Ms. Navarro's consolidated opposition nor her *Corrected SAC* explains how a single license plate photograph in a public parking structure is synonymous with the continuous GPS tracking that would be involved with "location data, location history, and travel patterns." [ECF No. 201, at 20:14-15.] It is not. A photograph is just a photograph.

A single photograph of a license plate cannot give rise to a constitutional claim.

-13-

SMRH:4895-2062-9513

As the Ninth Circuit held in *United States v. Diaz-Castaneda*, 494 F.3d 1146, 1151-53 (9th Cir. 2007), there is no subjective expectation of privacy in publicly displayed license plate information, but even if there were such a subjective expectation, it would not be reasonable.  Ms. Navarro attempts to distinguish *Diaz-Castaneda* by arguing that it involved a license plate check by an officer at a traffic stop, and not an ALPR camera automatically transmitting images and data to an on-site computer.  [ECF No. 201, at 20:28-21:3.]  *Diaz-Castaneda*, however, directly addresses the privacy right in publicly displayed license plate information, in the arguably more strict criminal context.  Ms. Navarro's vague references to "informational privacy" without any authority recognizing a privacy right in a publicly displayed license plate cannot overcome *Diaz-Castaneda*.  [*See id*. at 21:3-14.]

Ms. Navarro fails to assert, let alone prove, a "serious invasion" of privacy.  The consolidated opposition asserts that Ms. Navarro meets this standard, but fails to direct the Court to any relevant factual allegations.  [ECF No. 201, at 20:26-28, 21:15-17, 21-22.]  There are none.

Nor is this case equivalent to *In re Toll Roads Litigation*.  [ECF No. 201, at 21:24-27.]  Ms. Navarro fails to explain how having one's license plate photographed in a public parking structure rises to the same level as the transmission of personally identifiable information of toll violators to the DMV.  *In re Toll Roads Litigation*, 2016 WL 11502257 at \*4.  Thus, summary judgment should be entered in favor of Taubman on Ms. Navarro's constitutional right of privacy claim.

## VI.   MS. NAVARRO'S NON-MERITS-BASED ARGUMENTS ARE MERITLESS, IF NOT FRIVOLOUS.

Ms. Navarro's remaining three arguments—arguing that Taubman did not comply with C.D. CAL. LOCAL RULE 7-3 and rehashing her previous *Motion to Determine Subject Matter Jurisdiction* [ECF No. 145] and *ex parte* Application to continue Taubman's *Motion for Summary Judgment* [ECF No. 208]—are meritless.

-14-

### A.   Taubman Did Not Ignore Its C.D. CAL. LOCAL RULE 7-3 Obligations.

Ms. Navarro contends Taubman failed to comply with LOCAL RULE 7-3: "Defendants did not properly meet and confer by stating the issues they would be seeking summary judgment on, nor did they avail themselves of the meet and confer requirement." [ECF No. 201, at 4:25-27.]  This argument is frivolous.  At the hearing on Taubman's motion to dismiss Ms. Navarro's *SAC*, the Court specifically stated, "With regard to the motion to dismiss, my view is that the arguments raised ought to be raised in a summary judgment motion" and then set a briefing schedule. [11/22/2021 Tr. at 4:10-12, 8:16-9:13.]  Where the parties knew the scope of the summary judgment motions to be filed and the Court set a briefing schedule, there was no need for LOCAL RULE 7-3's pre-filing conference.  Even so, defendants here tried to meet and confer with plaintiffs within the time period contemplated by LOCAL RULE 7-3.  Ms. Navarro's counsel refused.  [Raygor Reply. Decl. ¶ 2, Ex. A.]

### B.   There Is No Basis For Invoking Rule 56(d).

Ms. Navarro asserts briefly that Taubman's *Motion for Summary Judgment* should be continued pursuant to FED. R. CIV. P. 56(d) because she has " not been able to fully discover the complete extent of the collection and sharing practices."  [ECF No. 201, at 2:6-7; *see also id.* at 5:9-13.]  Rule 56(d), however, requires Ms. Navarro to state *by declaration the specific facts* she seeks to discover, and why those facts would avoid summary judgment.  *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).  Ms. Navarro has not met this burden, as explained more fully in Taubman's opposition to Ms. Navarro's *ex parte* addressing this issue.  [ECF No. 210.]  She submitted no declaration and no specific facts.  Taubman's *Motion for Summary Judgment* should be heard and decided now.

### C.   This Court Should Decide Taubman's Motion On The Merits.

Ms. Navarro repeats the arguments made in her unsuccessful *Motion to Determine Subject Matter Jurisdiction* [ECF No. 149], namely, that (1) under the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203

-15-

(2021), this Court could lack subject matter jurisdiction if it finds that Ms. Navarro was not injured, and (2) this Court should decide the standing question first.  As Taubman explained in its opposition to that motion, Ms. Navarro is wrong.

In *TransUnion*, the Supreme Court considered the injury necessary for standing under the FAIR CREDIT REPORTING ACT.  141 S. Ct. at 2200.  The Court explained that harm for purposes of Article III is broad under that statute, and recognized that "reputational harms, disclosure of private information, and intrusion upon seclusion" could give rise to standing.  *Id.* at 2204.  While these types of harms may be relevant to standing, as explained in Taubman's *Motion for Summary Judgment* and above, actual harm or injury is an essential substantive element of each of Ms. Navarro's first through seventh claims against Taubman.  Thus, the same inquiry that must be made for standing purposes must also be made for substantive purposes for purposes of Ms. Navarro's first through seventh claims for relief, meaning that the question of standing and the question of the merits are intertwined.

In such a case, "dismissal for lack of subject matter jurisdiction" is improper. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *Kingman Reef Atoll Investments L.L.C. v. U.S.*, 541 F.3d 1189, 1196-97 (9th Cir. 2008) (citation omitted) (a district court may generally "resolve disputed factual issues bearing upon subject matter jurisdiction . . . unless 'the jurisdictional issue and the substantive issues are so intermeshed that the question of jurisdiction is dependent on decision of the merits.'").  Thus, the Court should address Taubman's motion on the merits.

## VII.  **CONCLUSION**

For the foregoing reasons, Taubman's *Motion* should be granted.

Dated:  January 12, 2022     SHEPPARD MULLIN RICHTER & HAMPTON LLP

By  _____
                                    */s/ Kent R. Raygor*
                                   KENT R. RAYGOR
                        Attorneys for Defendants TAUBMAN CENTERS,
                        INC., TAUBMAN REALTY GROUP LIMITED
                        PARTNERSHIP, and TAUBMAN COMPANY, LLC

-16-

## **DECLARATION OF KENT R. RAYGOR**

I, Kent R. Raygor, declare as follows:

1.      I am a partner with Sheppard Mullin Richter & Hampton LLP, attorneys of record for Defendants Taubman Centers, Inc., Taubman Realty Group Limited Partnership, and Taubman Company, LLC (collectively "**Taubman**").  I have personal knowledge of the facts stated herein and, if called as a witness, could and would competently testify thereto.

2.      Pursuant to the briefing schedule set by the Court, all defendants were required to file their motions for summary judgment on or before December 22, 2021.  If C.D. CAL. LOCAL RULE 7-3 applied (Taubman contends it does not), that Local Rule required a conference of counsel on or before December 15, 2021.  On December 13, 2021, at 12:18 p.m. and out of an abundance of caution, counsel for the Westfield Defendants, Camille Brooks, e-mailed Plaintiffs' counsel, Blake Lindemann, on behalf of all Defendants, including Taubman, stating:  "We would like to schedule a meet-and-confer call regarding Defendants' anticipated motions for summary judgment.  Please let us know your availability on Tuesday between 11:00 a.m. and 2:00 p.m. or Wednesday after 3:30 p.m."  Mr. Lindemann ignored this e-mail, as well as a follow-up e-mail that Ms. Brooks sent on December 14, 2021, at 10:50 a.m.  Mr. Lindemann finally responded to a third e-mail that Ms. Brooks sent at 8:12 a.m. on December 15, 2021, on December 15, 2021 at 12:49 p.m.  In that e-mail, Mr. Lindemann offered to conduct a meet and confer on December 20, 2021, at 7:00 a.m.—which, in addition to being well before the start of the business day, also was outside the seven-day time limit required by C.D. CAL. LOCAL RULE 7-3.  A true and correct copy of this e-mail chain is attached hereto as **Exhibit A**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 11, 2022.

                                                          */s/ Kent R. Raygor*
                                                          KENT R. RAYGOR

-17-

SMRH:4895-2062-9513

| From: | Maczek, Meegan |
|---|---|
| To: | Blake J Lindemann; Donna Dishbak |
| Cc: | Korman, Gregory S.; Zarifian, Zourik; Harper, Jacob; Bakewell, Eric; Valerie Alter; Dani Spencer; Jason Stiehl; Kent Raygor; McMeans, Hannah; Onyett, Matt; Persson, Spencer; Kardassakis, Jon; Brooks, Camille A. |
| Subject: | RE: Navarro, et al. v. Skidata, Inc., et al. (Case No. 2:20-cv-07370-SVW-SK): Meet-and-Confer |
| Date: | Wednesday, December 15, 2021 3:37:03 PM |

Blake,

We have reached out to schedule a Local Rule 7-3 call accommodating the schedules of the numerous defense attorneys involved in this case. We sent multiple scheduling emails to you, which you ignored. This follows your representation to the Court on Monday that you received our email.

While you complain about "unilateral" scheduling requests, you set one yourself at an unreasonable time outside of the required time period. You have not indicated that you are unavailable or have a conflict. We remain available to meet and confer today.

As for your unspecified complaints of "discovery misconduct" raised for the first time to the Westfield Defendants, those have nothing to do with complying with Local Rule 7-3 or the summary judgment briefing schedule set by the Court. There is no basis for ex parte relief, nor have you made any attempt to meet and confer with us.

Once again, please include all Westfield's counsel on your emails (that includes Greg Korman, Camille Brooks, and me) and the other defense counsel when dealing with issues of joint concern like the meet-and-confer call or accusations against them or their clients.

Regards,

**Meegan Maczek**
Counsel

# Katten

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600 | Los Angeles, CA 90067-3012
direct +1.310.788.4470
meegan.maczek@katten.com | katten.com

---

**From:** Blake J Lindemann <blake@lawbl.com>
**Sent:** Wednesday, December 15, 2021 12:49 PM
**To:** Brooks, Camille A. <camille.brooks@katten.com>
**Subject:** RE: Navarro, et al. v. Skidata, Inc., et al. (Case No. 2:20-cv-07370-SVW-SK): Meet-and-Confer

*EXTERNAL EMAIL – EXERCISE CAUTION*
Ms. Brooks,

You reached out on Monday and Tuesday.  Today is Wednesday.  We are open to conferencing under Rule 7-3 with you next Monday at 7:00 a.m.,

Exhibit A, Page 18

but please be advised that we will not be accepting unilateral meetings. Please refrain from doing so in the future.

As we have stated to you and your colleagues, you are obstructing reasonable discovery.  We will be fling an ex parte application to compel appearance at the depositions, and we also require a continuance because of your obstruction and discovery misconduct.  We remain amenable to resolving on a reasonable schedule after discovery has had, but so far, your colleagues have declined.

_____

Blake J. Lindemann, Esq.
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone: 310-279-5269  Facsimile: 310-300-0267

CONFIDENTIALITY NOTICE: This electronic message is intended only for named recipient(s).  It contains information that may be confidential privileged, attorney work product, or otherwise exempt from disclosure under applicable law.  If you have received this message in error, are not a named recipient, or are not the employee or agent responsible for delivering the message to a named recipient, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited.

**From:** Brooks, Camille A. [camille.brooks@katten.com]
**Sent:** Wednesday, December 15, 2021 8:12 AM
**To:** Blake J Lindemann; Donna Dishbak
**Cc:** Korman, Gregory S.; Maczek, Meegan; Zarifian, Zourik; Harper, Jacob; Bakewell, Eric; Valerie Alter; Dani Spencer; Jason Stiehl; Kent Raygor; McMeans, Hannah; Onyett, Matt; Persson, Spencer; Kardassakis, Jon
**Subject:** RE: Navarro, et al. v. Skidata, Inc., et al. (Case No. 2:20-cv-07370-SVW-SK): Meet-and-Confer

Blake and Donna,

We've made multiple attempts to schedule a meet-and-confer call and have received no response. We will be scheduling the call for today at 3:30 p.m. I will circulate a dial-in shortly.

Thank you,

**Camille A. Brooks**
Associate

**Katten**
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600 | Los Angeles, CA 90067-3012

Exhibit A, Page 19

direct +1.310.788.4519
camille.brooks@katten.com | katten.com

**From:** Brooks, Camille A.
**Sent:** Tuesday, December 14, 2021 10:50 AM
**To:** 'Blake J Lindemann' <blake@lawbl.com>; 'Donna Dishbak' <donna@lawbl.com>
**Cc:** Korman, Gregory S. <greg.korman@katten.com>; Maczek, Meegan <meegan.maczek@katten.com>; 'Zarifian, Zourik' <Zourik.Zarifian@lewisbrisbois.com>; 'Harper, Jacob' <JHarper@dwt.com>; 'Bakewell, Eric' <EBakewell@willkie.com>; 'Valerie Alter' <VAlter@sheppardmullin.com>; 'Dani Spencer' <dspencer@loeb.com>; 'Jason Stiehl' <jstiehl@loeb.com>; 'Kent Raygor' <KRaygor@sheppardmullin.com>; 'McMeans, Hannah' <HMcMeans@willkie.com>; 'Onyett, Matt' <MattOnyett@dwt.com>; 'Persson, Spencer' <SpencerPersson@dwt.com>; 'Kardassakis, Jon' <Jon.Kardassakis@lewisbrisbois.com>
**Subject:** RE: Navarro, et al. v. Skidata, Inc., et al. (Case No. 2:20-cv-07370-SVW-SK): Meet-and-Confer

Blake and Donna,

Following up on my email below. We'd like to schedule a meet-and-confer call.

Thank you,

**Camille A. Brooks**
Associate

# Katten

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600 | Los Angeles, CA 90067-3012
direct +1.310.788.4519
camille.brooks@katten.com | katten.com

**From:** Brooks, Camille A.
**Sent:** Monday, December 13, 2021 12:18 PM
**To:** Blake J Lindemann <blake@lawbl.com>; Donna Dishbak <donna@lawbl.com>
**Cc:** Korman, Gregory S. <greg.korman@katten.com>; Maczek, Meegan <meegan.maczek@katten.com>; 'Zarifian, Zourik' <Zourik.Zarifian@lewisbrisbois.com>; Harper, Jacob <JHarper@dwt.com>; Bakewell, Eric <EBakewell@willkie.com>; Valerie Alter <VAlter@sheppardmullin.com>; Dani Spencer <dspencer@loeb.com>; Jason Stiehl <jstiehl@loeb.com>; Kent Raygor <KRaygor@sheppardmullin.com>; McMeans, Hannah <HMcMeans@willkie.com>; Onyett, Matt <MattOnyett@dwt.com>; Persson, Spencer <SpencerPersson@dwt.com>; Kardassakis, Jon <Jon.Kardassakis@lewisbrisbois.com>
**Subject:** Navarro, et al. v. Skidata, Inc., et al. (Case No. 2:20-cv-07370-SVW-SK): Meet-and-Confer

Blake and Donna,

We would like to schedule a meet-and-confer call regarding Defendants' anticipated motions for summary judgment. Please let us know your availability on Tuesday between 11:00 a.m. and 2:00 p.m. or Wednesday after 3:30 p.m.

Thank you,

Camille

**Camille A. Brooks**
Associate

# Katten

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600 | Los Angeles, CA 90067-3012
direct +1.310.788.4519
camille.brooks@katten.com | katten.com

```
==============================================================
CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain
information intended for the exclusive
use of the individual or entity to whom it is addressed and may
contain information that is
proprietary, privileged, confidential and/or exempt from
disclosure under applicable law.  If you
are not the intended recipient, you are hereby notified that any
viewing, copying, disclosure or
distribution of this information may be subject to legal
restriction or sanction.  Please notify
the sender, by electronic mail or telephone, of any unintended
recipients and delete the original
message without making any copies.
==============================================================
NOTIFICATION:  Katten Muchin Rosenman LLP is an Illinois limited
liability partnership that has
elected to be governed by the Illinois Uniform Partnership Act
(1997).
==============================================================
```

Exhibit A, Page 21