Gregory S. Korman (SBN 216931)
gregory.korman@katten.com
Meegan I. Maczek (SBN 260609)
meegan.maczek@katten.com
Camille A. Brooks (SBN 307859)
camille.brooks@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310.788.4400
Facsimile: 310.788.4471

Attorneys for Defendants
Westfield Property Management LLC;
and Westfield, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO NAVARRO, et al., | Case No.   2:20-cv-07370-SVW-SK |
| Plaintiffs, | **REPLY IN SUPPORT OF THE WESTFIELD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| SKI DATA, INC., et al., | [*Filed concurrently with Reply Separate Statement; Evidentiary Objections; and Response to Evidentiary Objections*] |
| Defendants. | |
| | Hearing |
| | Date:  January 24, 2022 |
| | Time: 1:30 p.m. |
| | Place: Courtroom 10A |
| | **Hon. Stephen V. Wilson** |

# TABLE OF CONTENTS

**Page**

I.    Introduction..................................................................................................1

II.   Summary Judgment Is Warranted on All Plaintiffs' Claims against Westfield Because There Is No Triable Issue of Fact on Causation and Harm.........................................................................................................1

    A.   There Is No ALPR System at Westfield Mission Valley So Summary Judgment on Plaintiff Ross's Claims Is Required ................1

    B.   The Complete Lack of Evidence of Causation and Harm Requires Summary Judgment on All Plaintiffs' Claims..................................2

III.  Summary Judgment Is Warranted on All Plaintiffs' Claims Individually as Well ........................................................................................................3

    A.   Plaintiffs' ALPR Claims Are Subject to Summary Judgment Because There Is No Proof of Required Harm or a Statutory Violation.................................................................................................3

    B.   Plaintiffs' CLRA Claim Is Subject to Summary Judgment Because There Is No Proof of Injury or a Statutory Violation ...........................6

    C.   Plaintiffs' UCL Claim Is Subject to Summary Judgment Because There Is No Proof of UCL Standing or a Statutory Violation................7

    D.   Plaintiffs' Negligence Claim Is Subject to Summary Judgment Because There Is No Proof of a Breach of Duty or Damages................8

    E.   Plaintiffs' Constitutional Right to Privacy Claim Is Subject to Summary Judgment Because There Was No Serious Invasion of Any Privacy Interest.................................................................................9

IV.   No Discovery Will Save Plaintiffs' Claims ..............................................10

V.    Conclusion ................................................................................................12

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

REPLY IN SUPPORT OF THE WESTFIELD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andrews v. Wells*,
204 Cal. App. 3d 533 (1988)...................................................................... 8

*Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*,
289 F.3d 589 (9th Cir. 2002)...................................................................... 1

*Beckman v. Arizona Canning Co., LLC*,
No. 16-02792, 2019 WL 4277393 (S.D. Cal. Sept. 9, 2019) ......................... 6

*Brown v. Google LLC*,
No. 20-03664, 2021 WL 949372 (N.D. Cal. Mar. 12, 2021) ......................... 9

*Doe v. Chao*,
540 U.S. 614 (2004)..............................................................................4, 5

*In re Facebook Priv. Litig.*,
572 F. App'x 494 (9th Cir. 2014).................................................................. 7

*Hernandez v. Spacelabs Med. Inc.*,
343 F.3d 1107 (9th Cir. 2003) ..................................................................... 2

*In re Hulu Privacy Litig.*,
No. 11-03764, 2013 WL 6773794 (N.D. Cal. Dec. 20, 2013)......................4, 5

*Kehoe v. Fid. Fed. Bank & Tr.*,
421 F.3d 1209 (11th Cir. 2005), *cert. denied*, 547 U.S. 1051 (2006)............... 4

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
475 U.S. 574 (1986)................................................................................... 2

*McDonald v. Kiloo ApS*,
385 F. Supp. 3d 1022 (N.D. Cal. 2019)......................................................... 9

*Morgan v. AT&T Wireless Servs., Inc.*,
177 Cal. App. 4th 1235 (2009) .................................................................... 6

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

REPLY IN SUPPORT OF THE WESTFIELD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

*Pichler v. UNITE*,
    542 F.3d 380 (3d Cir. 2008)..................................................................... 4

*Raines v. Enrich Fin., Inc.*,
    No. 20-7551, 2021 WL 4894281 (C.D. Cal. Sept. 17, 2021).........................10

*In re Toll Roads Litigation*,
    No. 16-00262, 2017 WL 10399496 (C.D. Cal. Aug. 2, 2017) ........................ 9

*Twentieth Century Fox Television v. Empire Distribution Inc.*,
    No. 15-2158, 2016 WL 3092156 (C.D. Cal. Mar. 28, 2016) ......................... 9

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
    No. 16-02752, 2017 WL 3727318 (N.D. Cal. Aug. 30, 2017)........................ 7

**Statutes**

5 U.S.C. § 552a.......................................................................................... 4

18 U.S.C. § 2724......................................................................................... 5

Cal. Bus. & Prof. Code § 17204 .................................................................... 6

Cal. Civ. Code § 1780.................................................................................. 6

Cal. Civ. Code § 1782.................................................................................. 6

Cal. Civ. Code § 1798.90.5........................................................................... 3

Cal. Civ. Code § 1798.90.51.......................................................................... 3

Cal. Civ. Code § 1798.90.53.......................................................................... 3

Cal. Civ. Code § 1798.90.54......................................................................2, 3, 4, 5

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

REPLY IN SUPPORT OF THE WESTFIELD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## I.    INTRODUCTION

Plaintiffs' overlong opposition does not create any triable issue of material fact. In fact, apart from a declaration from their lawyer, Plaintiffs did not submit *any* evidence in their opposition. *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("arguments and statements of counsel are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment").

Plaintiffs think this is still a motion to dismiss. They just copied-and-pasted their last opposition to the defense motions to dismiss here. And in addition to providing no evidence, they argue repeatedly that they have sufficiently *pled* a claim and damages. Plaintiffs' allegations do not suffice and their lawyer's declaration is inadmissible and creates no triable issue of fact. On this record, there is not even proof Plaintiffs visited Westfield's shopping centers, parked in the garages, or suffered any of the implausible harms alleged.

But even if Plaintiffs had provided admissible proof that they really parked their cars at Westfield's malls, the uncontroverted evidence shows that Westfield did not harm Plaintiffs because Westfield does not sell or share any anonymized license plate numbers with retailers or marketers. And Westfield posts its Code-compliant ALPR policies online. Plaintiffs' opposition contains no evidence to support their claims and their legal arguments are meritless. Summary judgment should be granted.

## II.    SUMMARY JUDGMENT IS WARRANTED ON ALL PLAINTIFFS' CLAIMS AGAINST WESTFIELD BECAUSE THERE IS NO TRIABLE ISSUE OF FACT ON CAUSATION AND HARM

### A.    There Is No ALPR System at Westfield Mission Valley So Summary Judgment on Plaintiff Ross's Claims Is Required

Westfield Mission Valley does not have an ALPR system. (UF 41.) Plaintiff Ross's contrary allegations about visiting this mall and encountering an ALPR system are fabrications. Plaintiffs meaninglessly "dispute" the fact in their separate statement

Katten
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

REPLY IN SUPPORT OF THE WESTFIELD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

but present no evidence to contradict it, because there is none. The lack of ALPR system, the basis of Plaintiff Ross's claims, requires summary judgment regarding Westfield Mission Valley. (Dkt. 196 at 8.)

**B.** **The Complete Lack of Evidence of Causation and Harm Requires Summary Judgment on All Plaintiffs' Claims**

Westfield's uncontroverted evidence shows that Westfield Century City and Westfield UTC did not harm and could not have harmed Plaintiffs in the ways Plaintiffs alleged (but did not prove)—*e.g.*, actual or potential identify theft, credit monitoring, unauthorized credit card charges, etc. (Dkt. 196 at 9.) Westfield proved it does not share or use anonymized license plate numbers for marketing or promotional purposes. (UF 5, 10, 13–15, 26, 29, 30, 32, 33.) This establishes that Plaintiffs fabricated all their allegations about what Westfield does with ALPR information.

Not only is Westfield's evidence dispositive on Westfield's conduct, but moreover, Plaintiffs failed to provide any evidence of causation or harm. There is no declaration from any plaintiff that they suffered any harm whatsoever. Plaintiffs instead rely on the allegations in their complaint, a tactic that fails on summary judgment. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003) (plaintiff "cannot defeat summary judgment with allegations in the complaint").

Plaintiffs' allegations of harm were always implausible: no one's identity gets stolen because someone sees a license plate driving down the street. But because Plaintiffs failed to support their allegations of implausible harm with evidence, let alone provide evidence connecting the alleged harm to anything Westfield did, Plaintiffs cannot survive summary judgment. All eight of Plaintiffs' claims require proof of causation and harm and they provided none. Summary judgment should be granted.

2:20-cv-07370-SVW-SK

### III.   SUMMARY JUDGMENT IS WARRANTED ON ALL PLAINTIFFS' CLAIMS INDIVIDUALLY AS WELL

#### A.   Plaintiffs' ALPR Claims Are Subject to Summary Judgment Because There Is No Proof of Required Harm or a Statutory Violation

Plaintiffs' four ALPR Act claims should be summarily adjudicated because Westfield proved Plaintiffs were not harmed by any violation of the ALPR statute, and Plaintiffs failed to create a genuine dispute of fact on this material point. (Dkt. 196 at 9–14.)[1]

**No Statutory Harm**. A private right of action under the ALPR Act requires *harm*, and Plaintiffs provided no evidence of any harm at all. *See* Cal. Civ. Code § 1798.90.54(a) ("an individual who has been *harmed* by a violation of this title … may be bring a civil action … against a person who knowingly *caused the harm*") (emphases added). The statute's twice-over use of the word "harm" in the sentence that confers the private right of action means a bare statutory violation is not enough to bring a claim. (Dkt. 196 at 10–12.) This is further confirmed by the legislature's revision of the statute from "knowingly caused that violation" to "knowingly caused the harm." (Dkt. 196-5 ¶ 2, Ex. A at 18, 22.) Without evidence of harm caused by Westfield's violation of the ALPR Act, summary judgment is necessary.[2]

Rather than present evidence of harm, Plaintiffs rely on other "privacy" statutes to argue harm is unnecessary. None of these statutes or cases helps Plaintiffs because they do not contain the double use of the word "harm" or protect the same type of data. Without any evidence of any harm, Plaintiffs' abstract argument about what

---

[1]   Plaintiffs consume pages of their opposition with strawman arguments Westfield never made, such as whether Westfield is an ALPR Operator (Dkt. 210 at 6–7) or Westfield's knowledge (*id.* at 23–27). The simple fact is Plaintiffs' legal arguments are incorrect and they provided no admissible evidence to support their claims.

[2]   The "including, but not limited to, unauthorized access or use of the ALPR information or a breach of security of an ALPR system" language in section 1798.90.54(a) provides examples of *violations* of the ALPR Act. It does not create a private cause of action for such a violation unless there is harm. *See* Cal. Civ. Code § 1798.90.54(a).

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

might constitute "harm" under the ALPR Act is irrelevant. Plaintiffs' motion-to-dismiss arguments cannot save Plaintiffs' claims at summary judgment.

**No Violation**. Plaintiffs have failed to present any evidence that Westfield violated the ALPR Act and failed to controvert Westfield's evidence that Westfield complied with the statute in full. The ALPR Act does not impose strict liability for capturing ALPR data as Plaintiffs argue. It permits ALPR operators to capture license plate data, subject to the requirements of the statute. (Dkt. 196 at 9–10 (citing Cal. Civ. Code §§ 1798.90.5(a)&(c), 1798.90.51, 1798.90.53).) Plaintiffs' "authorization" is not, as Plaintiffs erroneously contend, one of the statute's requirements.

Plaintiffs present no evidence or even argument that Westfield's "privacy policies were inadequate." On their faces, they meet all statutory criteria. Westfield's ALPR policies, which were available online when Plaintiffs parked at the shopping centers, provide the statutorily required information, including parties who have access to the ALPR data and the purposes for its use. (*See* UF 19, 36; Dkt. 196-3 ¶ 18, Ex. A; Dkt. 196-4 ¶ 13, Ex. A.)

The uncontroverted evidence further establishes that Westfield does not share any ALPR data with any retail entities or data modelers. (UF 15, 16, 19, 21, 32, 33, 36, 38.) There is no proof that anything Plaintiffs complain about actually happened, and uncontroverted proof it did not. The absence of a statutory violation further necessitates summary judgment.

**No Liquidated Damages**. Plaintiffs presented no evidence of actual damages, which means they cannot recover the $2,500 liquidated damages remedy under the ALPR Act. (Dkt. 196 at 13–14.) While some laws allow for statutory damages untethered to actual damages, the ALPR Act does not. Its plain language authorizes an award of *actual* damages, but ensures there is a floor for the *amount* of those actual damages: "*Actual damages, but not less than* liquidated damages in the amount of two thousand five hundred dollars ($2,500)." Cal. Civ. Code § 1798.90.54(b)(1) (emphasis added). Setting a minimum amount of recovery for someone who has suffered actual

**Katten**
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

REPLY IN SUPPORT OF THE WESTFIELD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

damages is not a substitute for suffering actual damages.

*Doe v. Chao*, 540 U.S. 614 (2004), provides the correct analytical framework and controls over non-Ninth Circuit authority interpreting different statutes. The federal Privacy Act at issue there provided for recovery of "'actual damages sustained by the individual … but in no case shall a person entitled to recovery receive less than the sum of $1,000.'" *Id.* at 619 (quoting 5 U.S.C. § 552a(g)(4)). The *Chao* plaintiff argued the sum of $1,000 was available "on proof of nothing more than a statutory violation: anyone suffering an adverse consequence of intentional or willful disclosure is entitled to recovery." *Id.* at 620. Rejecting this reading via a "straightforward textual analysis," the Supreme Court held "[w]hen the statute gets to the point of guaranteeing the $1,000 minimum, it … has provided expressly for liability … *for 'actual damages sustained.'" Id.* (emphasis added). Thus, the Court reasoned, actual damages are a condition to statutory damages. The remedial structure of the ALPR Act is materially the same.

Plaintiffs point to cases involving the Video Privacy Protection Act ("VPPA") and the Drivers Privacy Protection Act ("DPPA") in which courts have declined to follow *Chao*. (*See* Dkt. 201 at 28–29 (citing *In re Hulu Privacy Litig.*, No. 11-03764, 2013 WL 6773794 (N.D. Cal. Dec. 20, 2013) (VPPA); *Kehoe v. Fid. Fed. Bank & Tr.*, 421 F.3d 1209 (11th Cir. 2005), *cert. denied*, 547 U.S. 1051 (2006) (DPPA); *Pichler v. UNITE*, 542 F.3d 380 (3d Cir. 2008) (DPPA)).) These cases (and statutes) are materially distinguishable. The *Hulu* court distinguished *Chao* based on Congress's decision in the federal Privacy Act (but not in the VPPA, the statute before the *Hulu* court) to "cut out 'the very language in the bill that would have authorized any presumed damages.'" *In re Hulu Privacy Litig.*, 2013 WL 6773794 at *10 (quoting *Chao*, 540 U.S. at 622–23). That is exactly what the California legislature did here, with the ALPR Act: it replaced "that violation" with "the harm," cutting out the language that would have (arguably) authorized presumed damages. (Dkt. 196 at 11.) The DPPA statute discussed in *Kehoe* and *Pichler* also lacks the ALPR Act's "harm"

REPLY IN SUPPORT OF THE WESTFIELD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

requirement, granting a claim "to the individual to whom the information pertains," rather than "an individual who has been harmed by a violation of [the Act]." *Compare* 18 U.S.C. § 2724(a) *with* Cal. Civ. Code § 1798.90.54(a).

There is nothing "premature" about summarily adjudicating this damages claim where Plaintiffs have failed to establish any dispute about damages.

## B.    Plaintiffs' CLRA Claim Is Subject to Summary Judgment Because There Is No Proof of Injury or a Statutory Violation

Plaintiffs' CLRA claim should be summarily adjudicated because there is no triable issue of fact that Plaintiffs were not harmed by any violation of the statute by Westfield. (Dkt. 196 at 14–16.)

**No Violation**. Westfield's uncontroverted evidence establishes that there is no violation of the CLRA. The basis for Plaintiffs' CLRA claim—Westfield's "improper" disclosure of Plaintiffs' personally identifiable information and failure to tell Plaintiffs—did not happen. Westfield did not have Plaintiffs' personally identifiable information. (UF 5, 10, 13, 14, 26, 29, 30.) Nor did Westfield "improperly disclose" the ALPR information it had because it did not use or share it with any third parties for marketing or promotion. (UF 15, 16, 32, 33.) Plaintiffs have not controverted Westfield's evidence or supported their own claims.[3]

**No Harm**.  Plaintiffs have presented no evidence of causation or harm. *See* Cal. Civ. Code § 1780(a). They have presented no evidence that they were harmed in any way. They have presented no evidence that they reviewed or relied on the ALPR policies in deciding to park at Westfield's shopping centers, a necessary causal step to claiming they were misled. This telling absence of evidence requires summary judgment of the CLRA claim.

**No Damages**. It is undisputed that Plaintiffs did not send their pre-lawsuit notice 30 days before they filed this action as required to recover damages under the

---

[3]    Plaintiffs' arguments about "consumers" and "services" are not directed at any arguments Westfield made.

REPLY IN SUPPORT OF THE WESTFIELD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

CLRA. (UF 42); Cal. Civ. Code § 1782(a). Plaintiffs' failure to serve a timely, compliant notice requires summary judgment on their claim for CLRA damages. (Dkt. 196 at 16); *see Beckman v. Arizona Canning Co., LLC*, No. 16-02792, 2019 WL 4277393, at *12 (S.D. Cal. Sept. 9, 2019) (dismissing claim for damages under the CLRA with prejudice because plaintiffs "may not claim damages under the CLRA without giving [d]efendant the statutorily required opportunity for settlement"). The split among district courts in the Ninth Circuit on whether the dismissal should be with or without prejudice is immaterial at the summary judgment stage. Moreover, Plaintiffs' own cited cases still require dismissal followed by timely notice, which has never happened. *See Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1261 (2009).

### C.   Plaintiffs' UCL Claim Is Subject to Summary Judgment Because There Is No Proof of UCL Standing or a Statutory Violation

Plaintiffs' UCL claim should be summarily adjudicated because there is no triable issue of fact that Plaintiffs were injured as a result of any unlawful, unfair, or fraudulent business practice by Westfield. (Dkt. 196 at 16–19.)

**No UCL Standing**. Plaintiffs fail to present any evidence that they "suffered injury in fact and lost money or property as a result of the [alleged] unfair competition." Cal. Bus. & Prof. Code § 17204. There is no evidence they were harmed at all. They present no evidence that they paid for parking. Even if they had, the uncontroverted evidence prevents Plaintiffs from establishing the required causal connection. The uncontroverted evidence shows that Westfield did not sell, share, or use the anonymized ALPR data externally or internally for marketing or promotion. (UF 15, 16, 32, 33.) Anonymized license plate data is not personally identifiable information so there can be no "diminution" in value, assuming there is any value at all.

None of the cases Plaintiffs cite establishes UCL standing. This abstract argument is unnecessary given Plaintiffs' lack of evidence of loss. Plaintiffs' data

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

REPLY IN SUPPORT OF THE WESTFIELD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

breach cases are inapplicable because there was no data breach, let alone one that exposed Plaintiffs' personally identifiable information (which Westfield does not have). Moreover, the cases on which Plaintiffs rely affirm that UCL standing cannot be based on speculative harm detached from the statutory violation. *See In re Facebook Priv. Litig.*, 572 F. App'x 494 (9th Cir. 2014) (affirming dismissal of UCL claim because plaintiffs "failed to allege that they 'lost money or property as a result of the unfair competition'"); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-02752, 2017 WL 3727318, at *22 (N.D. Cal. Aug. 30, 2017) ("Plaintiffs' imminent risk of future costs as a result of the Data Breaches … is not sufficient to allege 'lost money or property' under the UCL").

**No Violation**. Plaintiffs do not address the absence of any violation of the UCL by Westfield. As detailed in the motion, Plaintiffs' unlawful, fraudulent, and unfair UCL claims fail. (Dkt. 196 at 17–19.) Westfield did not violate the CLRA, the basis for the unlawful-prong claim. The uncontroverted evidence disproves any "concealed" plan to "misuse" Plaintiffs' private information, the supposed basis for Plaintiffs' fraudulent-prong claim. Westfield posted ALPR policies online before Plaintiffs (allegedly) visited the shopping centers and never sold or misused anyone's anonymized license plate numbers. (UF 15, 16, 19, 32, 33, 36.) This same evidence precludes an unfair-prong claim since Plaintiffs could have avoided any "harm" by simply reviewing the ALPR policies on Westfield's website.

**D.     Plaintiffs' Negligence Claim Is Subject to Summary Judgment Because There Is No Proof of a Breach of Duty or Damages**

Plaintiffs' negligence claim should be summarily adjudicated because there are no triable issues of fact on breach of any duty of care or resulting, non-speculative harm. (Dkt. 196 at 19–21.) First, Plaintiffs have presented no evidence of any breach of any duty by Westfield. Westfield did not owe any duty to Plaintiffs to refrain from capturing their license plates. *See Andrews v. Wells*, 204 Cal. App. 3d 533, 538 (1988) ("existence of a legal duty in a given factual situation is a question of law for courts to

Katten

KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

8                                    2:20-cv-07370-SVW-SK

determine" and summary judgment proper "where the plaintiff is unable to show that the defendant owed such a duty"). And while Plaintiffs cannot legally bootstrap statutory violations to create a tort duty, even if they could, there is no proof of the underlying statutory violations. Since Westfield did not violate the CLRA, UCL, or ALPR Act, the claims on which Plaintiffs' negligence claim is predicated, their negligence claim fails. Further, Plaintiffs have presented no evidence of any harm, let alone the cognizable, non-speculative harm linked to Westfield's conduct that is required for negligence.[4] Plaintiffs' failure to establish any material factual dispute on both requirements compels summary judgment on this claim.

### E. Plaintiffs' Constitutional Right to Privacy Claim Is Subject to Summary Judgment Because There Was No Serious Invasion of Any Privacy Interest

Plaintiffs' failure to establish a triable issue of fact on each one of the three requirements of their Constitutional privacy claim necessitates summary judgment. (Dkt. 196 at 21–22.) First, Plaintiffs do not have a legally protected privacy interest in their anonymous, publicly visible license plate number. The license plate number, unlinked to any plaintiff's identity, does not show any "travel patterns" or "location history" of any plaintiff. Second, Plaintiffs do not have a reasonable expectation of privacy in their license plate number, which is visible to the world, when they supposedly visited a Westfield shopping center that discloses that it is capturing ALPR data in its online ALPR privacy policies. Third, Plaintiffs have failed to present any evidence of any serious invasion of privacy. The violations alleged—"unauthorized access of data and sharing of data with marketers" (SAC ¶ 411)—are unsupported and disproven by Westfield's uncontroverted evidence. Westfield does not share license plate numbers with marketers. (UF 15, 16, 19, 21, 32, 33, 36, 38.) And moreover, sharing publicly visible license plate information is not a serious

---

[4]    Most of Plaintiffs' opposition on the negligence claim is (mis)directed at arguing about the economic loss rule, a defense Westfield did not raise.

REPLY IN SUPPORT OF THE WESTFIELD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

invasion of privacy. Westfield's uncontroverted evidence establishes no serious invasion of any privacy interest.[5]

## IV.  NO DISCOVERY WILL SAVE PLAINTIFFS' CLAIMS[6]

The Court should reject Plaintiffs' Rule 56(d) request. Plaintiffs have presented no admissible evidence to oppose summary judgment—not even declarations from Plaintiffs supporting their implausible harm. Without proof of harm, none of Plaintiffs' claims survives. Discovery on Westfield's ALPR system practices is pointless. Even if Plaintiffs were willing to declare that they had their identities stolen or set up credit monitoring (which unsurprisingly none of them did), no discovery is going to connect these "harms" to anything Westfield did by collecting anonymized license plate data.

Moreover, as detailed in Westfield's opposition to Plaintiffs' *ex parte* application, Plaintiffs have not come close to meeting their burden under Rule 56(d). (Dkt. 209 at 7–9.) Plaintiffs' counsel's declaration does not "(1) [] set forth in affidavit form the specific facts [Plaintiffs] hope[] to elicit from further discovery; (2) that the facts sought exist; and (3) that the sought-after facts are essential to oppose summary judgment." *Twentieth Century Fox Television v. Empire Distribution Inc.*, No. 15-2158, 2016 WL 3092156, at *2 (C.D. Cal. Mar. 28, 2016) (quotation marks and citation omitted). Instead, Plaintiffs present no "more than a perfunctory assertion that the party cannot respond because it needs to conduct discovery." *See Raines v. Enrich Fin., Inc.*, No. 20-7551, 2021 WL 4894281, at *3 (C.D. Cal. Sept. 17, 2021); (Dkt.

---

[5] None of Plaintiffs' cases, all of which involve pleadings motions, is analogous to the capture of anonymized license plate data for parking purposes. *See In re Toll Roads Litigation*, No. 16-00262, 2017 WL 10399496, at * 1 (C.D. Cal. Aug. 2, 2017) (government agencies' transfer of license plate numbers coupled with personally identifiable information to third parties to collect toll fines); *Brown v. Google LLC*, No. 20-03664, 2021 WL 949372, at *1 (N.D. Cal. Mar. 12, 2021) (internet browser data in "private" mode); *McDonald v. Kiloo ApS*, 385 F. Supp. 3d 1022, 1029 (N.D. Cal. 2019) (behavioral data of users on mobile gaming apps).

[6] Plaintiffs' counsel's argument that Westfield failed to meet and confer on this motion is false, unsupported, and contradicted by the record. Despite repeated requests by Westfield's counsel, Plaintiffs declined to timely meet and confer with Westfield. (Dkt. 196-6. ¶¶ 2–5, Ex. A.)

REPLY IN SUPPORT OF THE WESTFIELD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

201-1 at ¶¶ 2–9 (generally stating "Plaintiffs have not had an opportunity to conduct the discovery needed to oppose Defendant's Motion").)

And this is after the Court very clearly gave Plaintiffs' counsel direction on this issue at the November 22, 2021, hearing. When Plaintiffs' counsel asked "for a little more time so we could take some depositions and do a little more discovery," the Court told Plaintiffs' counsel to "oppose fully," "as much as you can," and then "lay out fully" "what you are missing" that is "relevant to the opposition":

> THE COURT: Well, what I would prefer to do is -- that may be necessary, I can't say at this point, *but I want you to oppose fully as much as you can*, and if part of your opposition is a rule -- I don't know, the number, the letters change -- 56(d), is that the motion? You know, on the basis that you need more discovery to properly oppose, *then you have to lay out fully what you are missing that you think is relevant to the opposition*, and I'll be in a better position to assess it.

(Dkt. 209-1, Ex. B at 9:17–10:4 (emphases added).) Plaintiffs did none of this.

In any case, Plaintiffs also have more than enough evidence and discovery from Westfield—Plaintiffs just don't like it because it proves their case is groundless. Westfield produced the ALPR data for the Westfield Century City and Westfield UTC shopping centers during jurisdictional discovery. (Dkt. 209-1 at ¶ 2.) Westfield's ALPR privacy and usage policies have always been publicly available to Plaintiffs and are included in Westfield's evidence. (UF 18–21, 35–38.) Westfield's evidence supporting this motion establishes that Westfield does not sell, share, or use any ALPR data for marketing or promotion. (UF 15, 16, 32, 33.)

Plaintiffs' unfocused, generic request for more discovery with no connection to any supposedly missing information relevant to oppose this motion, coupled with the total absence of evidence from Plaintiffs themselves, manages to both disregard the

Katten
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

REPLY IN SUPPORT OF THE WESTFIELD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Court's clear direction and to not satisfy Rule 56(d). The Court should dispose of this case now.

## V.   CONCLUSION

After four complaints and the opportunity to establish a triable issue of material fact, Plaintiffs cannot state a claim against Westfield. Westfield respectfully requests summary judgment on all of Plaintiffs' claims.

Respectfully submitted,

Dated: January 12, 2022

**KATTEN MUCHIN ROSENMAN LLP**
Gregory S. Korman
Meegan I. Maczek
Camille A. Brooks

By:   */s/ Gregory S. Korman*
Attorneys for Defendants Westfield
Property Management LLC; and
Westfield, LLC

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

REPLY IN SUPPORT OF THE WESTFIELD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT