LOEB & LOEB LLP
DANIELA M. SPENCER (SBN 307908)
dspencer@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

JASON P. STIEHL (Admitted *pro hac vice*)
jstiehl@loeb.com
321 North Clark Street, Suite 2300
Chicago, IL 60654
Telephone: 312.464.3100
Facsimile: 312.464.3111

Attorneys for Defendants
BROOKFIELD PROPERTIES RETAIL INC.
BROOKFIELD PROPERTY REIT INC.
GLENDALE I MALL ASSOCIATES, LP
GGP-GLENDALE, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ALVARO NAVARRO, et al., | Case No.: 2:20-cv-07370-SVW-SK |
| Plaintiffs, | Assigned to Hon. Stephen V. Wilson |
| v. | **DEFENDANTS BROOKFIELD PROPERTIES RETAIL INC., BROOKFIELD PROPERTY REIT INC., GLENDALE I MALL ASSOCIATES, LP, AND GGP-GLENDALE, LLC'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; OPPOSITION TO CROSS-MOTION FOR SUMMARY JUDGMENT** |
| SKI DATA, INC., et al., | |
| Defendants. | |
| | *[Filed concurrently with Responses to Objections and Responses ISO Uncontroverted Facts]* |
| | Date: Monday, January 24, 2021<br>Time: 1:30 p.m.<br>Ctrm.: 10A |

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21693799
233470-10009

BROOKFIELD DEFENDANTS' REPLY ISO
MOTION FOR SUMMARY JUDGMENT

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION .................................................................................... 1

II.     PLAINTIFF'S FAILURE TO PROVIDE ANY COMPETENT EVIDENCE IN OPPOSITION IS FATAL ............................................... 2

III.    THERE ARE NO TRIABLE ISSUES OF MATERIAL FACT WITH RESPECT TO PLAINTIFF'S REMAINING CLAIMS ..................... 6

        A.      Plaintiff Did Not Establish That He Did Not Authorize Access .......... 6

        B.      Plaintiff Has Not Identified Any Violation of the ALPR Statute ............................................................................................. 7

        C.      Plaintiff Has Not Shown That He Was Harmed ................................. 8

                1.      Plaintiff Must Show That He Was Harmed To Assert a Claim Under the ALPR Statute ....................................... 9

                2.      The VPPA and DPPA are inapplicable. ................................ 10

        D.      Plaintiff Failed to Prove Any Injury as Required by UCL And CLRA ............................................................................................. 11

        E.      Plaintiff Failed to Prove Negligence ................................................ 13

        F.      Plaintiff Has Failed to Prove a Privacy Allegation ............................ 15

IV.     PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED .................................................................... 16

V.      CONCLUSION ...................................................................................... 16

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21693799
233470-10009

i

BROOKFIELD DEFENDANTS' REPLY ISO
MOTION FOR SUMMARY JUDGMENT

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ............................................................................................. 2, 7

*Arpin v. Santa Clara Valley Transportation Agency*,
261 F.3d 912 (9th Cir. 2001) .................................................................................... 3

*Babbitt v. Sweet Home Chapter Communities for a Great Oregon*,
515 U.S. 687 (1995) .................................................................................................. 9

*Barragan v. Flynn*,
2017 U.S. Dist. LEXIS 182850 (S.D. Cal. Nov. 3, 2017) ....................................... 6

British Airways Bd. v. Boeing Co.,
585 F.2d 946, 952 (9th Cir. 1978) ........................................................................... 4

*Burch v. Regents of the Univ. of Cal.*,
433 F. Supp. 2d 1110 (E.D. Cal. 2006) .................................................................... 5

*Burgess v. Portfolio Recovery Assocs.*,
LLC, 2017 U.S. Dist. LEXIS 43536 (C.D. Cal. Mar. 23, 2017) ........................... 15

*In re Capital One Consumer Data Sec. Breach Litig.*,
488 F. Supp. 3d 374 (E.D. Va. 2020) ..................................................................... 14

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) .......................................................................................... 2, 4, 16

*Clark v. County of Placer*,
923 F. Supp. 1278 (E.D. Cal. 1996) ........................................................................ 2

*Clark v. Cty. of Tulare*,
755 F. Supp. 2d 1075 (E.D. Cal. 2010) .................................................................... 5

*Crystal Cruises, Inc. v. Moteurs Sourer S.A.*,
2012 U.S. Dist. LEXIS 199370 (C.D. Cal. Feb. 15, 2012) ...................................... 4

*Dauven v. U.S. Bancorp*,
2012 U.S. Dist. LEXIS 159654 (D. Or. Nov. 7, 2012) ............................................ 7

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21693799
233470-10009

ii

BROOKFIELD DEFENDANTS' REPLY ISO
MOTION FOR SUMMARY JUDGMENT

*Doe v. Chao*,
 540 U.S. 6144 ..........................................................................................................10

*Dysthe v. Basic Research LLC*,
 U.S. Dist. LEXIS 137315 (C.D. Cal. June 13, 2011).........................................11

*Emery v. Visa Int'l. Service* Ass'n., 95 Cal. App. 4th 952, 960 (2002) ....................7

*Facebook Privacy Litig. v. Facebook, Inc.*,
 572 F. App'x 494 (9th Cir. 2014) ................................................................11, 12

*In re Facebook, Inc. Internet Tracking Litig.*,
 2020 WL 1807978 (9th Cir. Apr. 9, 2020).......................................................9, 10

*Foman v. Davis*,
 371 U.S. 178 (1962) ...............................................................................................17

*Gasaway v. Northwestern Mint. Life Ins. Co.*,
 26 F.3d 957, 960 (9th Cir. 1994)..................................................................3, 5, 6

*Hall v. Marriott Int'l*,
 2020 U.S. Dist. LEXIS 148467 (S.D. Cal. Aug. 14, 2020)...............................12

*Hallstein v. City of Hermosa Beach*,
 87 F. App'x. 17 (9th Cir. 2003)...................................................................12, 15

*Harris v. Shelland*,
 2017 U.S. Dist. LEXIS 89178 (S.D. Cal. June 9, 2017) .....................................4

*Hernandez v. Spacelabs Med. Inc.*,
 343 F.3d 1107 (9th Cir. 2003).................................................................................8

*Hill v. Nat'l Collegiate Athletic Ass'n*,
 7 Cal. 4th 1 (1994).................................................................................................15

*In re Hulu Privacy Litig.*,
 2013 U.S. Dist. LEXIS 179934 (N.D. Cal. Dec. 20, 2013) ..............................10

*INS v. Cardoza-Fonseca*,
 480 U.S. 421 (1987) .................................................................................................9

*In re iPhone Application Litig.*,
 6 F. Supp. 3d 1004..................................................................................................11

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21693799
233470-10009

iii

BROOKFIELD DEFENDANTS' REPLY ISO
MOTION FOR SUMMARY JUDGMENT

*Lane v. Dep't of Interior*,
    523 F.3d 1128 (9th Cir. 2008) ........................................................................ 8

*Lane v. Department of Interior*,
    523 F3d 1128 (9th Cir. 2008) ........................................................................ 5

*Low v. LinkedIn Corp.*,
    900 F. Supp. 2d 1010 (N.D. Cal. 2012) ...................................................... 15

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ........................................................................................ 3

*Montana Envt'l Info. Ctr v. Stone-Manning*,
    766 F.3d 1184 (9th Cir. 2014) ...................................................................... 13

*Moran v. Selig*,
    447 F.3d 748 (9th Cir. 2006) ................................................................... 4, 11

*People v. Jimenez*,
    9 Cal.5th 53 (2020) .................................................................................. 9, 10

*Perfect 10, Inc. v. Visa Intern. Serv. Ass'n*
    494 F.3d 788 (9th Cir. 2007) .......................................................................... 7

*Prudencio v. Midway Importing, Inc.*,
    831 F. App'x. 808 (9th Cir. 2020) ................................................................. 7

*Rosenbach v. Six Flags Entertainment Corp.*,
    2019 IL 123186 (Ill. Jan. 25, 2019) ............................................................... 9

*S.A. Empresa De Viacao AereaRio Grandense v. Walter Kidde & Co.*,
    690 F.2d 1235 (9th Cir. 1980) ........................................................................ 5

*Schlacter-Jones v. General Tel*,
    936 F.2d 435 (9th Cir. 1991) ........................................................................ 17

*School Dist. No. 1J v. A. CandS, Inc.*,
    5 F.3d 1255 (9th Cir.), *cert. denied*, 512 U.S. 1236 (1993) ........................... 5

*SEC v. McCarthy*,
    322 F.3d 650 (9th Cir. 2003) .......................................................................... 9

*See Schertzer v. Bank of Am.*,
    N.A., 445 F. Supp. 3d 1058, 1096 (S.D. Cal. 2020) ..................................... 14

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21693799
233470-10009

iv

BROOKFIELD DEFENDANTS' REPLY ISO
MOTION FOR SUMMARY JUDGMENT

*Serrano v. Garcia*,
2006 U.S. Dist. LEXIS 106202 (S.D. Cal. Aug. 11, 2006), *aff'd*, 301 F. App'x 712 (9th Cir. 2008) ..................................................................................................... 3

*Smith v. LoanMe, Inc.*,
11 Cal. 5th 183 (2021) .................................................................................... 9, 10

*Smith v. Mack Trucks, Inc.*,
505 F.2d 1248 (9th Cir. 1974) ............................................................................ 1

*In re Sony Gaming Networks*,
996 F.Supp.2d at 966, 970 ........................................................................... 13, 14

*Svenson v. Google Inc.*,
2015 U.S. Dist. LEXIS 43902 (N.D. Cal. Apr. 1, 2015) .................................... 12

*Thornhill Pub. Co. v. General Tel. & Electronics Corp.*,
594 F.2d 730 (9th Cir. 1979) .............................................................................. 5

*In re Toll Rds. Litig.*,
2019 U.S. Dist. LEXIS 228060 (C.D. Cal. Aug. 26, 2019) ........................ 12, 15

*In re Toll Roads Litigation*,
2017 WL 10399496 (C.D. Cal. Aug. 2, 2017) ................................................... 15

*TransUnion LLC v. Ramirez*,
141 S. Ct. 2190 (2021) ...................................................................................... 10

*U.S. v. Kitsap Physicians Service*,
314 F.3d 995 (9th Cir. 2002) ............................................................................ 11

*United States v. Alexander*,
106 F.3d 874 (9th Cir. 1997) ............................................................................ 16

*United States v. Jones*,
132 S. Ct. 945 (2012) ........................................................................................ 15

*United States v. Knotts*,
460 U.S. 276 (1983) .......................................................................................... 15

*Wesch v. Yodlee Inc.*,
2021 U.S. Dist. LEXIS 74545 (N.D. Cal. Feb. 16, 2021) ................................. 13

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21693799
233470-10009

v

BROOKFIELD DEFENDANTS' REPLY ISO
MOTION FOR SUMMARY JUDGMENT

*Williams v. Facebook, Inc.*,
  384 F. Supp. 3d 1043 (N.D. Cal. 2018)................................................................12

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*
  2017 U.S. Dist. LEXIS 140212 (N.D. Cal. Aug. 30, 2017)...............................12

**Statutes**

5 U.S.C. § 552a(g)(1)(D).......................................................................................10

18 U.S.C. § 2710....................................................................................................10

18 U.S.C. § 2724....................................................................................................10

Cal. Civ. Code § 1798.90.5.......................................................................................6

Cal Civ. Code § 1798.90.51....................................................................................14

**Other Authorities**

Fed. R. Civ. P. 56(c) ................................................................................................3

Fed. R. Civ. P. 56(c)(1)..........................................................................................16

Fed. R. Civ. P. 56(c)(1)(A).......................................................................................3

Fed. R. Civ. P. 56(c)(4).........................................................................................3, 5

Fed. R. Civ. P. 56(e) ................................................................................................5

Fed. R. Civ. P. 56(e)(3)............................................................................................3

Local Rule 7-7 .........................................................................................................3

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21693799
233470-10009

vi

BROOKFIELD DEFENDANTS' REPLY ISO
MOTION FOR SUMMARY JUDGMENT

## I.   **INTRODUCTION**

Plaintiff Alvaro Navarro's ("Plaintiff") Opposition to Motion for Summary Judgment ("Opposition" or "Opp. MSJ") does not raise a triable issue of material fact. Indeed, Plaintiff does not submit any admissible evidence to support his claims—not even a declaration from Plaintiff. Rather, the Opposition relies entirely on the allegations of the unverified Second Amended Complaint ("SAC") – which is not evidence and does not satisfy Plaintiff's burden as the party opposing a motion for summary judgment.[1] To survive summary judgment, Plaintiff must do more than cite his Complaint. Rather, Plaintiff must go beyond the pleadings and set forth specific facts showing that there is a genuine dispute for trial. Plaintiff has not done that here.

There exist myriad reasons why judgment should be entered against Plaintiff. Yet, at the Court's direction, Brookfield Properties Retail Inc., Brookfield Property REIT Inc., Glendale I Mall Associates, LP and GGP-Glendale, LLC's (collectively "Brookfield Defendants") have placed a single issue before this Court—whether Plaintiff suffered any harm. ***This issue can be shown only with evidence uniquely in Plaintiff's possession.*** Yet, the record contains not a single admissible statement from Plaintiff. Instead, the only "evidence" Plaintiff offered in support of the Opposition is the inadmissible, unfounded declaration of his attorney, Blake Lindemann. The self-serving declaration contains **no** factual allegations, and is entirely made up of improper conclusions of law.

And while Plaintiff generally disputes Brookfield Defendants' evidence, he again offers no admissible evidence to dispute the evidence submitted by Brookfield Defendants. Plaintiff instead makes superfluous arguments, responding to

---

[1] "Legal memoranda and oral argument, in the summary-judgment context, are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment. *Smith v. Mack Trucks, Inc.*, 505 F.2d 1248, 1249 (9th Cir. 1974)

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21693799
233470-10009

1

BROOKFIELD DEFENDANTS' REPLY ISO
MOTION FOR SUMMARY JUDGMENT

allegations that have not been made by Brookfield Defendants in the Motion for Summary Judgment, asking the Court to revisit rulings it already made, and generally making arguments that are completely inappropriate[2].

As a result of the foregoing deficiencies, Plaintiff fails to raise a triable issue of material fact. Specifically, Plaintiff cannot prove that he suffered *any* harm, which is fatal to all of his claims. For these reasons and the reasons set forth in Brookfield Defendants' Motion, there are no triable issues of material fact remaining in this action. Summary judgment should be granted as to Plaintiff's entire SAC and this case should be dismissed with prejudice.

## II.   PLAINTIFF'S FAILURE TO PROVIDE ANY COMPETENT EVIDENCE IN OPPOSITION IS FATAL

The party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). That burden may be met by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325. Once the moving party meets its burden of establishing the absence of a genuine issue of material fact, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"In attempting to establish the existence of this factual dispute, the opposing party...is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists." *Clark v. County of Placer*, 923 F. Supp. 1278, 1282 (E.D. Cal. 1996). "Mere

---

[2] For example, Plaintiff argues that Brookfield Defendants failed to meet and confer. This argument is especially ironic as Plaintiff routinely files papers without attempting to meet and confer. However, in this case, the meet and confer obligation was met when the Court, *sua sponte*, stated that the arguments raised in the motions to dismiss should be raised in a summary judgment motion, and all the parties mutually agreed upon a briefing schedule.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21693799
233470-10009

2

BROOKFIELD DEFENDANTS' REPLY ISO
MOTION FOR SUMMARY JUDGMENT

allegations or denials" do not meet the opposing party's burden. *Gasaway v. Northwestern Mint. Life Ins. Co.*, 26 F.3d 957, 960 (9th Cir. 1994); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 596-587 (1986) ("opponent must do more than simply show that there is some metaphysical doubt as to the material facts"). The non-moving party must direct the court's attention to specific, triable facts by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A) (emphasis added); *see Serrano v. Garcia*, No. 03CV1569-LAB(CAB), 2006 U.S. Dist. LEXIS 106202, at *5 (S.D. Cal. Aug. 11, 2006), *aff'd*, 301 F. App'x 712 (9th Cir. 2008) (In reviewing the evidence, the court does "not give credence to empty rhetoric ... but credit[s] only those assertions that are supported by materials of evidentiary quality."). Statements made in a declaration must be known to the declarant personally, as distinguished from matters of opinion. *See Arpin v. Santa Clara Valley Transportation Agency,* 261 F.3d 912, 922 (9th Cir. 2001) (plaintiff did not provide any medical records supporting evidence of any injury and thus failed to meet burden of prove by showing that she was harmed); *see also* Local Rule 7-7 (a "declaration shall contain **only** factual, evidentiary matter and shall conform as far as possible to the requirements of F.R.Civ.P. 56(c)(4)") (emphasis added). If a party fails to properly support an assertion of fact or fails to properly address the other party's assertion of fact as required by Federal Rule of Civil Procedure 56(c), the court may grant summary judgment if the motion and supporting materials show that the movant is entitled to it. *See* Fed. R. Civ. P. 56(e)(3).

Here, Brookfield Defendants met their burden as the movants because they demonstrated, through a detailed declaration from a knowledgeable corporate representative, Steven Sayers, that there is no dispute about the key material issue in this case—whether Plaintiff could demonstrate harm. Mr. Sayers (the Senior General Manager in charge of Glendale Parking Facility) has personal knowledge "of the ALPR System, what information is collected by the ALPR system, and with

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21693799
233470-10009

3

BROOKFIELD DEFENDANTS' REPLY ISO
MOTION FOR SUMMARY JUDGMENT

whom that information is shared." Decl. of Steven Sayers ("Sayers Decl.), ¶ 2. He is fully qualified to state that the ALPR system only collects images of vehicles parked at the Glendale Parking Facility along with the location, date and time that the images are captured. Sayers Decl. ¶¶ 3, 5; *see also* Brookfield Defendants' SUF ¶ 3, 4. The ALPR System thus does not collect personal information (e.g. name, address, DMV record, email address, or phone number). *Id.* Furthermore, Brookfield Defendants do not provide **any** ALPR data to third parties. Sayers Decl. ¶ 12; *see also* Brookfield Defendants' SUF ¶ 8. This evidence directly refutes Plaintiff's allegations that any personal information was captured about him or transferred to a third party.

The burden then shifts to Plaintiff to go beyond the pleadings and identify facts showing a genuine issue for trial—specifically evidence that his personal information *was* collected; information *was* shared about him, and that he *was* harmed. *Celotex,* 477 U.S. at 323–24.  This last piece of evidence—to the extent it even exists—would be uniquely in his possession. *See Crystal Cruises, Inc. v. Moteurs Sourer S.A.,* No. CV 10-8736 PSG (JCx), 2012 U.S. Dist. LEXIS 199370, at *14 n.2 (C.D. Cal. Feb. 15, 2012) (granting motion for summary judgment when plaintiffs failed to present evidence that would support their claims, and specifically "not[ing] that evidence supporting Plaintiffs' [claims] would be uniquely in the possession of Plaintiffs"). In response, there are no facts from Plaintiff in the "Statement of Facts" and Plaintiff fails entirely to address the information submitted by Brookfield Defendants.  Rather, he relies solely on allegations and arguments set forth in his complaint.  However, "neither an unverified complaint nor unsworn statements made in the parties' briefs can be considered as evidence at [the summary judgment] stage." *Harris v. Shelland*, No. 15cv2442-MMA-JLB, 2017 U.S. Dist. LEXIS 89178, at *8 (S.D. Cal. June 9, 2017); *see also Moran v. Selig*, 447 F.3d 748, 759 n.16 (9th Cir. 2006) (noting that unverified complaint cannot be considered as evidence on motion for summary judgment); British Airways Bd. v.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21693799
233470-10009

4

BROOKFIELD DEFENDANTS' REPLY ISO MOTION FOR SUMMARY JUDGMENT

Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978) ("[L]egal memoranda . . . are not evidence[.]").

The only piece of purported evidence that Plaintiff submitted in support of his Opposition is a declaration from his attorney—Blake Lindemann. "Declarations by attorneys are sufficient only if the facts stated are matters of which the attorney has knowledge, such as matters occurring during the course of the lawsuit, such as authenticity of a deposition transcript." *Clark v. Cty. of Tulare*, 755 F. Supp. 2d 1075, 1084 (E.D. Cal. 2010); *see also. School Dist. No. 1J v. A. CandS, Inc.*, 5 F.3d 1255, 1261 (9th Cir.) (affirming summary judgment because attorney affidavit did not provide facts or authenticated documents to support allegations), *cert. denied*, 512 U.S. 1236 (1993). The Lindemann Declaration should not be considered because it fails to meet the requirements of Federal Rule of Civil Procedure 56(c)(4), 56(e) and the Federal Rules of Evidence, as the Lindemann Declaration is filled with legal conclusions, speculation, and argument, rather than any facts based on personal knowledge. *Burch v. Regents of the Univ. of Cal.,* 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006) (Disregarding "statements in declarations based on speculation or improper legal conclusions, or argumentative statements [as they] are not facts and likewise will not be considered on a motion for summary judgment.") Further, a party cannot create an issue of material fact through "attorney argument" asserted in legal memoranda. *S.A. Empresa De Viacao AereaRio Grandense v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1980). Where a non-moving party offers no witnesses, depositions, or affidavits to contradict the moving party's position and merely argues that the moving party's evidence is self-serving speculation, that is insufficient to defeat summary judgment. *See Gasaway*,, 26 F.3d at 960*; Lane v. Department of Interior*, 523 F3d 1128, 1140 (9th Cir. 2008) (allegations in plaintiff's complaint and her attorney's statements at oral argument insufficient to defeat summary judgment motion); *Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (conclusory and

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21693799
233470-10009

5

BROOKFIELD DEFENDANTS' REPLY ISO
MOTION FOR SUMMARY JUDGMENT

speculative affidavits that fail to set forth specific facts are insufficient evidence to defeat summary judgment).  Thus, Plaintiff failed to meet his burden to submit any evidence supporting  his claims. *Gasaway*, 26 F3d at 960.

## III. THERE ARE NO TRIABLE ISSUES OF MATERIAL FACT WITH RESPECT TO PLAINTIFF'S REMAINING CLAIMS

### A. Plaintiff Did Not Establish That He Did Not Authorize Access

As a preliminary matter, Plaintiff fails to even identify a violation of the ALPR statute. The ALPR statute does **not** assign liability to "[a]ny 'person' who 'accesses or uses' an individual's ALPR information without 'authorization." Opp. MSJ 6:12-13. In fact, that quote is not in the statute. Rather, the term "authorized" refers to disclosure of information to parties outside of those referenced in the ALPR User's policy.  For this reason alone, Plaintiff's motion should be denied as it does not identify any such "unauthorized" access.[3]

Plaintiff instead repeatedly argues that Brookfield Defendants are required to obtain *his* authority. This is clearly not statutorily accurate[4] but even if it were, Plaintiff sets forth no evidence that he did not authorize access. *Barragan v. Flynn*, No. 3:16-cv-1391-MMA-JMA, 2017 U.S. Dist. LEXIS 182850, at *4 (S.D. Cal. Nov. 3, 2017) ("[N]either an unverified complaint nor unsworn statements made in the parties' briefs can be considered as evidence at [the summary judgment stage").

---

[3] Plaintiff also alleged that "Brookfield Defendants argue that 'consent; precludes liability under §1798." Opp. MSJ 22:17-26. This, along with most of Plaintiff's opposition, seems to be a relic from Plaintiff's opposition to Brookfield Defendants' Motion to Dismiss. In an effort to streamline their motion for summary judgment, Brookfield Defendants did not make any arguments in their motion regarding consent, authorization, or Brookfield Defendants' privacy policy and how the existence of the policy moots all of Plaintiff's claims.

[4] Liability **only** attaches to an ALPR operator or end-user who fails to "maintain reasonable security procedures and practices," or "implement a usage and privacy policy" for the ALPR information that is conspicuously posted. Cal. Civ. Code § 1798.90.5 *et seq.*

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21693799
233470-10009

6

BROOKFIELD DEFENDANTS' REPLY ISO
MOTION FOR SUMMARY JUDGMENT

Thus, even if the standard was what Plaintiff alleges, the failure to proffer any of his own evidence that he failed to provide authorization dooms his claims. [5]

### B.    Plaintiff Has Not Identified Any Violation of the ALPR Statute

Plaintiff has repeatedly tried to rewrite the ALPR statute claiming that any "person" could violate ALPR, when the statute clearly only applies to either an "operator" or an "end user." Opp. MSJ 6:16. Plaintiff then tries to fabricate a definition for "operator" without clarifying how each defendant—let alone Brookfield Defendants—meets that definition (which Plaintiff attempts to correlate to a criminal statute for operating a chop shop).

Plaintiff also failed to establish that Brookfield Defendants can be liable on secondary basis.[6] A "plaintiff must affirmatively establish the vicarious liability of defendants…;[even when] defendants were the moving parties on summary judgment, the burden to establish vicarious liability remained with plaintiff." *Dauven v. U.S. Bancorp*, No. 03:09-cv-01471-PK, 2012 U.S. Dist. LEXIS 159654, at *9 (D. Or. Nov. 7, 2012); *Anderson*. 477 U.S. at 256 (1986) ("The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict."). In the end, Plaintiff failed to set forth any facts to support the

---

[5] Plaintiff has also failed to offer any evidence that Brookfield Defendants "accessed or used" ALPR information. MSJ SAC 6:19. The **only** evidence before the Court regarding the Glendale Parking Facility is the Declaration of Steven Sayers. This declaration states that Brookfield Defendants collect images of vehicles parked at the Glendale Parking Facility along with the location, date and time that the images are captured. Sayers Decl. ¶¶ 3, 5; *see also* Brookfield Defendants' SUF ¶ 3, 4. The Declaration specifically says that this ALPR Information is not used or sold to target individuals. Sayers Decl. ¶¶ 10, 11; *see also*  Brookfield Defendants' SUF ¶¶ 13, 14.

[6] Secondary liability is also not applicable to many of Plaintiff's causes of action. *See Perfect 10, Inc. v. Visa Intern. Serv. Ass'n* 494 F.3d 788, 808 (9th Cir. 2007) ("unfair practices claim under section 17200 cannot be predicated on vicarious liability."); *Prudencio v. Midway Importing, Inc.*, 831 F. App'x. 808, 811 (9th Cir. 2020) ("We…reject [the] argument that a relaxed standard for vicarious liability permits their CLRA claim to proceed in the absence of allegations of 'personal participation…and unbridled control.'"); *Emery v. Visa Int'l. Service Ass'n.*, 95 Cal. App. 4th 952, 960 (2002) ("The concept of vicarious liability has no application to actions brought under the unfair business practices act.").

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21693799
233470-10009

7

BROOKFIELD DEFENDANTS' REPLY ISO
MOTION FOR SUMMARY JUDGMENT

actual statutory requirements of the ALPR, and for these reasons, the Court should dismiss the claims with prejudice.

### C.   Plaintiff Has Not Shown That He Was Harmed

While Plaintiff's counsel regurgitates most of the same *possible* harms that could give rise to a cause of action, none of these *actually* exist in this case. Moreover, even if they somehow did (which they don't), Plaintiff provides ***no evidence*** that any of it actually happened to him. There is no declaration from the Plaintiff alleging that he ***was*** harmed: there is no evidence that Plaintiff's name, address, DMV record, email address, or phone number was improperly accessed and/or obtained by any parties; that he paid any out of pocket expenses (including credit monitoring or identity theft protection services); that he spent any time addressing a threat of identity theft; that he suffered any emotional distress; that he received any suspicious telephone calls, text messages or emails; or that he did not receive the benefit of the bargain when he paid for parking.[7]

A party opposing a motion for summary judgment "cannot defeat summary judgment with allegations in the complaint." *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003); *see also Lane v. Dep't of Interior*, 523 F.3d 1128, 1140 (9th Cir. 2008) (holding that a complaint's allegations alone "are insufficient to defeat a summary judgment motion"). Plaintiff's failure to establish that he was harmed is a bar to recovery on each claim and the action should be dismissed with prejudice.

---

[7] In fact, Plaintiff's allegation in his complaint that he paid for parking services at all (SAC ¶ 38) is flatly at odds with his acknowledgment that he did not have to pay for parking. Brookfield Defendants' SUF ¶ 2 ("There is no cost to park at the Glendale Parking Facility."; Plaintiff's Response ¶ 2 (Undisputed). Moreover, Plaintiff submitted no evidence that he ever parked at the Glendale Parking Facility. Brookfield Defendants have no record of Navarro ever entering the facility. Brookfield Defendants' SUF ¶ 15. This is enough to doom Plaintiff's Complaint.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21693799
233470-10009

8

BROOKFIELD DEFENDANTS' REPLY ISO
MOTION FOR SUMMARY JUDGMENT

## 1.  Plaintiff Must Show That He Was Harmed To Assert a Claim Under the ALPR Statute

The ALPR statute requires that Plaintiff show that he suffered actual harm. Brookfield Defendants agree with Plaintiff—the legislative history of a statute is important to determine its meaning. Here, the legislature amended the ALPR statute specifically to require an allegation of actual ***harm***.

While Plaintiff belittles the significance of that change, the Supreme Court has not hesitated to rely on such amendments when construing statutes. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 442-443 (1987) ("Few principles of statutory construction are more compelling than the proposition that Congress does not intend *sub silentio* to enact statutory language that it has earlier discarded in favor of other language."). Courts have repeatedly held that the legislature's "explicit decision to use one word over another in drafting a statute is material." *SEC v. McCarthy*, 322 F.3d 650, 656 (9th Cir. 2003). Here, the Legislature replaced the word "violation" with the word "harm" for *only one part of the statute*. When a legislating body deliberately uses two different words, they "intended to convey a different meaning for those words." Plaintiff's citation to *Babbitt v. Sweet Home Chapter Communities for a Great Oregon*, 515 U.S. 687 (1995) further bolsters this point. In *Babbitt*, the Court held that adding language, especially language regarding harm, "deserves a respectful meaning." *Id.* at 705.

The California Legislature deliberately differentiated between a mere violation and an action that causes harm. Only the latter is actionable, and Plaintiff failed to set forth any facts to support any actual harm.[8]

---

[8] Plaintiff alleges that the ALPR statute and its definition of harm should be broadly interpreted to prohibit the effects of Brookfield Defendants' practices, citing *Smith v. LoanMe, Inc.*, 11 Cal. 5th 183 (2021), *In re Facebook, Inc. Internet Tracking Litig.*,  2020 WL 1807978 (9th Cir. Apr. 9, 2020), *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186, **9-10 (Ill. Jan. 25, 2019), and *People v. Jimenez*, 9 Cal.5th 53 (2020). However, these cases are inapposite. Each of these cases interprets a completely different statute, all of which were enacted to prohibit sharing certain ***private*** information—biometric information (*Rosenbach)*, bank

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21693799
233470-10009

9

BROOKFIELD DEFENDANTS' REPLY ISO
MOTION FOR SUMMARY JUDGMENT

## 2.     The VPPA and DPPA are inapplicable.

In conflating harm and damages, Plaintiff argues that a mere statutory violation entitles a defendant to liquidated damages, without proving actual damages, referencing the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA") and Driver's Privacy Protection Act, 18 U.S.C. § 2724 ("DPPA").  While this may be true under certain statutes like the VPPA and DPPA, those statutes are incongruous, as they specifically include the harm within the body of the statute—disclosure.  In these circumstances, courts have found that there is no need to show actual damages because the statute is broadly drafted to include the identified harm. *In re Hulu Privacy Litig.*, 2013 U.S. Dist. LEXIS 179934, at *4 (N.D. Cal. Dec. 20, 2013).

In contrast, the ALPR statute is narrowly drafted to only allow damages against someone who caused harm. This makes clear that damages may only be recovered by those who have sustained an actual injury as a result of a wrongful use or access. This aligns the ALPR statute with the Privacy Act of 1974 as discussed in *Chao*. Under the Privacy Act, an individual can only sue if the act had resulted in an "adverse effect on an individual." *See* 5 U.S.C. § 552a(g)(1)(D) (providing a cause of action where the government "fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual"). Thus, like here, a plaintiff must show some form of actual harm even before the statutory damages provision comes into play. *Doe v. Chao*,

---

account numbers (*Jimenez),* and private conversations (*Facebook* and *Smith*). In contrast, here, the ALPR statute was not enacted to prohibit sharing information, but rather was enacted to **allow** the sharing of information in a more transparent manner. Legis. Bill Hist. CA S.B. 34 (Statute was enacted to avoid a situation where a "civilian[] [was] not [] aware when [her] ALPR data is being collected." Plaintiff's repeated citation to *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) also does not address the issue of whether actual harm must by plead in order to state a claim for a violation of the ALPR statute. *Transunion* discusses whether a plaintiff has standing under Article III if there is no concrete and particularized injury. It does not address the issue of whether the statute requires a showing of actual harm (as this one does). *See id* ("[A]n injury in law is not an injury in fact.")

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21693799
233470-10009

10

BROOKFIELD DEFENDANTS' REPLY ISO
MOTION FOR SUMMARY JUDGMENT

540 U.S. 6144, 620. As such, a plaintiff must show actual damages[9], because otherwise there is no harm.

Here, as noted above, Plaintiff has not submitted any admissible evidence that he even parked at the Glendale Galleria, let alone that parking there actually caused any harm.

### D. Plaintiff Failed to Prove Any Injury as Required by UCL And CLRA

First, as repeatedly discussed in this reply, Plaintiff failed to provide ***any*** evidence of damage from the collection or alleged sharing of ALPR data. A party's failure to present evidence to a district court on summary judgment waives argument relating to that evidence. *See U.S. v. Kitsap Physicians Service*, 314 F.3d 995, 999 (9th Cir. 2002).There has been no evidence proffered that Plaintiff suffered a physical injury, monetary injury, reputational harm, disclosure of information, or intrusion upon seclusion. As such, Plaintiff failed to assert standing to bring a case under the CLRA and UCL Statute. *In re iPhone Application Litig.*, 6 F. Supp. 3d 1004, 1027;  *Dysthe v. Basic Research LLC*, No. CV 09-8013 AG (SSx), U.S. Dist. LEXIS 137315, at *10 (C.D. Cal. June 13, 2011).

Second, even if Plaintiff had provided a declaration attesting the injuries alleged in the SAC, it would still be insufficient to state a case under the UCL or CLRA, as Plaintiff has no property interest in his personally identifiable information.[10] The Ninth Circuit has not supported this reading of the UCL, and the cases cited by Plaintiff say the same. In *Facebook Privacy Litig. v. Facebook, Inc.*, 572 F. App'x 494 (9th Cir. 2014), the plaintiffs claimed they were "harmed both by

---

[9] Plaintiff also alleges that he has pled actual damages so there is specific harm, as required by the ALPR statute. Opp. MSJ, 29:7-11. As repeatedly pointed out in this reply, Plaintiff cannot rely on his unverified complaint to prove anything. *Moran*, 447 F.3d at 759 n.16. Plaintiff has provided no evidence **whatsoever** of any actual damages.

[10] License plate numbers are not personally identifiable information, but even if they were, there is no property interest in PII.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21693799
233470-10009

11

BROOKFIELD DEFENDANTS' REPLY ISO
MOTION FOR SUMMARY JUDGMENT

the dissemination of their personal information and by losing the sales value of that information." *Id.* at 496. The Ninth Circuit ***dismissed*** the plaintiff's UCL claim because plaintiffs failed to allege that they "lost money or property as a result of the unfair competition." *Id.; see also Svenson v. Google Inc.,* 2015 U.S. Dist. LEXIS 43902, at \*29 (N.D. Cal. Apr. 1, 2015) (The plaintiff never made a claim that there was an economic injury under UCL for loss of value of PII; rather there was an economic injury because plaintiff paid for a service she did not receive); *Williams v. Facebook, Inc*., 384 F. Supp. 3d 1043, 1058 (N.D. Cal. 2018) (dismissing unopposed UCL and CLRA claim); *In re Yahoo! Inc. Customer Data Sec. Breach Litig*. 2017 U.S. Dist. LEXIS 140212, at \*94 (N.D. Cal. Aug. 30, 2017) (Plaintiff did not allege there was a loss of value of her PII as a basis for economic injury).

As to the other alleged injuries, while Brookfield Defendants do not dispute that out-of-pocket expenses and losing the benefit of the bargain *could* constitute harm under certain circumstances, Plaintiff failed to offer any proof that **he** suffered either of these potential harms. He has offered no proof that he incurred *any* out-of-pocket expenses, let alone that these expenses are necessary. *See Hallstein v. City of Hermosa Beach*, 87 F. App'x. 17, 19 (9th Cir. 2003). And Plaintiff could not have lost the benefit of any bargain as parking at the Glendale Parking Facility is free.[11]

---

[11] In his Opposition, Plaintiff also argues that he purchased a good or service from Brookfield Defendants, by using a parking space. This is flatly incorrect. Furthermore, even if Plaintiff did purchase a parking space from Brookfield Defendants (which he agreed that he did not), it would still be insufficient to bring a claim under the CLRA, as "privileges with respect to transportation… and the like" "are deliberately excluded… from the statutory definition of services that had appeared in the National Consumer Act, on which the CLRA was modeled." *Hall v. Marriott Int'l*, 2020 U.S. Dist. LEXIS 148467, at \*36 (S.D. Cal. Aug. 14, 2020) (plaintiff cannot state a claim under the CLRA as hotel accommodations are not a good or service). Plaintiff's allegation that the "CLRA has been applied broadly as a 'good or service' to transportation, hotels, restaurants, education, entertainment, recreation, and hospital services" is patently untrue even using his own cases. None of those cases address the issue of hotel accommodations. Opp. MSJ, 15:7-9. Similarly, Plaintiff's argument that transmitting an ALPR image by a transportation agency is a service under the CLRA is not supported by *In re Toll Rds. Litig*., No. SACV 16-00262 AG (JCGx), 2019 U.S. Dist. LEXIS 228060 as the Court never mentions the CLRA, let alone discusses what is a good or service under the statute.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21693799
233470-10009

12

BROOKFIELD DEFENDANTS' REPLY ISO
MOTION FOR SUMMARY JUDGMENT

Brookfield Defendants' SUF ¶ 2 ("There is no cost to park at the Glendale Parking Facility."); Plaintiff's Response ¶ 2 (Undisputed); *see also Wesch v. Yodlee Inc.*, No. 20-cv-05991-SK, 2021 U.S. Dist. LEXIS 74545, at *17 (N.D. Cal. Feb. 16, 2021) (Plaintiffs have not paid Yodlee any money and have not alleged that they paid PayPal any money for use of its service; Plaintiffs have not alleged how they lost money or property in this manner.").

Finally, Plaintiff alleges that he is entitled to injunctive relief and restitution "for any amounts paid for parking." Opp. MSJ 16:4. Plaintiff is not entitled to injunctive relief—Brookfield Defendants do not provide or transmit information collected through the ALPR System to third parties (Opp. MSJ 16:15-16; Brookfield Defendants SUF ¶ 8), so there is no threat of future injury. *Montana Envt'l Info. Ctr v. Stone-Manning*, 766 F.3d 1184, 1189 (9th Cir. 2014) (noting that there must be a "substantial risk" that the alleged harm will occur to demonstrate constitutional standing for injunctive relief).

Nor is the Plaintiff entitled to restitution for a free product for which Brookfield Defendants derived no financial benefit. *In re Sony Gaming Networks*, 996 F.Supp.2d at 966, 970 (dismissing plaintiffs' UCL claim where they failed to establish entitlement to restitution because they "received the PSN services free of cost" and "Sony did not benefit financially from the Data Breach, nor did Sony receive monies paid by Plaintiffs for Third Party Services").

### E.    Plaintiff Failed to Prove Negligence

Plaintiff argues that a cause for negligence exists when a defendant breached a legal duty, bringing the claim outside the economic loss rule. *See* Opp. MSJ 18:15-18. In support, Plaintiff alleges that the Brookfield Defendants had an "affirmative statutory duty under [sic] as a person not to provide ALPR data to others without authorization." *Id.* at 18:22-23 Plaintiff also alleges that he had a special relationship

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21693799
233470-10009

13

BROOKFIELD DEFENDANTS' REPLY ISO MOTION FOR SUMMARY JUDGMENT

with the Brookfield Defendants as he was a driver in their facility. *Id.* at 19:8-9. Neither of these allegations save Plaintiff's negligence claim.

As to the former, Plaintiff has failed to prove that Brookfield Defendants violated any statutory duty. As previously discussed, there is **no requirement** that an operator get affirmative authorization from a party to collect or disclose ALPR data. *See* Cal Civ Code § 1798.90.51. Furthermore, Plaintiff has offered no evidence that he did not authorize Brookfield Defendants to collect his ALPR data.

As to the latter, as the case cited by Plaintiff makes clear, the burden is on Plaintiff to prove that a special relationship applies between Brookfield Defendants and Plaintiff. *See In re Capital One Consumer Data Sec. Breach Litig.,* 488 F. Supp. 3d 374, 394 (E.D. Va. 2020) (plaintiff plead specific facts in a six-factor test showing that the bank had a special relationship with its customer to keep credit card information safe). Here, Plaintiff failed to offer any evidence other than a conclusory allegation[12] that there is a special relationship between drivers and the operators of parking garages. See *Schertzer v. Bank of Am.*, N.A., 445 F. Supp. 3d 1058, 1096 (S.D. Cal. 2020) (plaintiffs did not "allege[] enough facts for the court to adequately [assess] the plausibility of the claim under the special relationship exception").

To the contrary, the only relationship between the Plaintiff and Brookfield Defendants is the "everyday consumer interaction" of an individual entering and leaving a parking garage. *See In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 969 (S.D. Cal. 2014)( plaintiffs "failed to adequately allege why the economic loss doctrine does not apply, in particular [whether the applicable] factors weigh in favor of finding a 'special relationship'"). As such, the economic loss doctrine applies, and Plaintiff's negligence claim is barred.

---

[12] Plaintiff has also made a conclusory allegation that Brookfield Defendants proximately caused Plaintiff harm. Plaintiff has provided no evidence of this.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21693799
233470-10009

14

BROOKFIELD DEFENDANTS' REPLY ISO
MOTION FOR SUMMARY JUDGMENT

### F.      Plaintiff Has Failed to Prove a Privacy Allegation

Plaintiff ignores that a violation of privacy under California law is reserved for very serious offenses. Even some of the most serious offenses—i.e. "disclosure of personal information, including social security numbers, do[] not constitute an 'egregious breach of the social norms' to establish an invasion of privacy claim." *Low v. LinkedIn Corp*., 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012) (collecting cases). Plaintiff failed to identify a single case where disclosure of publicly available information (such as license plates) constitutes an invasion of privacy, and binding precedent holds exactly the opposite. *Hallstein*, 87 F. App'x. at 19 (9th Cir. 2003) (finding no "reasonable expectation of privacy in information voluntarily exposed to other people, such as [a] license plate"); *United States v. Knotts,* 460 U.S. 276, 282 (1983) (no privacy protections for surveilling a person in a public place)

The two cases cited by Plaintiff, *United States v. Jones*, 132 S. Ct. 945, 955 (2012) and *In re Toll Roads Litigation*, No. 8:16-00262, 2017 WL 10399496, *7 (C.D. Cal. Aug. 2, 2017), are inapposite. The former concerns what is a reasonable expectation of privacy for the purpose of a criminal search and seizure, and nevertheless noted that monitoring movements on a public street is acceptable. *Jones*, 132 S. Ct. at 955 (Alito, J., *concurring*). *In re Toll Roads Litigation* involved disclosure of personally identifiable information (including an individual's precise location), as they drove around the state of California. *In re Toll Rds.* Litig., 2019 U.S. Dist. LEXIS 228060, at *8-9 (C.D. Cal. Aug. 26, 2019).

Even if these cases were on point, Plaintiff has not provided any evidence that he was continuously monitored for long-term periods, or even that his information was ***ever*** collected. Without this evidence, Plaintiff has failed to plead a constitutional privacy violation. *Hill v. Nat'l Collegiate Athletic Ass'n,* 7 Cal. 4th 1, 26 (1994) ("If the undisputed material facts show no reasonable expectation of privacy . . . the question of invasion may be adjudicated as a matter of law.") (citations omitted); *Burgess v. Portfolio Recovery Assocs*., LLC, No. CV 16-1463

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21693799
233470-10009

15

BROOKFIELD DEFENDANTS' REPLY ISO
MOTION FOR SUMMARY JUDGMENT

DSF (FFMx), 2017 U.S. Dist. LEXIS 43536, at *16 (C.D. Cal. Mar. 23, 2017) (granting motion for summary when plaintiff failed to offer any evidence of "highly offensive conduct").

## IV. PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED

In another obvious attempt to avoid addressing the merits of the case, Plaintiff filed a cross-motion for summary judgment based on subject matter jurisdiction. This is plainly improper and should be denied. First, the burden is on Plaintiff, as the moving party, to show "that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S at 325. A party "asserting that a fact cannot be or is genuinely disputed must support the assertion by (a) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (b) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." F.R.C.P 56(c)(1). Plaintiff has done none of this. Furthermore, and most importantly, Plaintiff has already made this argument in his opposition to Defendants' motions to dismiss, and the Court has already ruled that it has jurisdiction. Plaintiff cannot constantly re-argue this point, as it is the law of the case. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

## V. CONCLUSION

For the foregoing reasons, Brookfield Defendants' Motion should be granted in its entirety and this action should be dismissed with prejudice. The Court should not grant Plaintiff's request to amend the Complaint—"the strong policy toward permitting the amendment of pleadings … must be tempered with considerations of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21693799
233470-10009

16

BROOKFIELD DEFENDANTS' REPLY ISO
MOTION FOR SUMMARY JUDGMENT

opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Schlacter-Jones v. General Tel*, 936 F.2d 435, 443 (9th Cir. 1991). Here, the Court has given Plaintiff numerous opportunities to prove that he was harmed—both in allowing Plaintiff to amend his complaint twice and deferring any dispositive ruling until the motion for summary judgment. Plaintiff has failed to provide any evidence of harm or to amend his complaint to address the same. Plaintiff should not be given leave to amend again.

Dated:  January 12, 2022

LOEB & LOEB LLP
JASON P. STIEHL
DANIELA M. SPENCER


By: */s/ Daniela M. Spencer*
　　Daniela M. Spencer
　　Attorneys for BROOKFIELD
　　PROPERTIES RETAIL INC.,
　　BROOKFIELD PROPERTY REIT INC.,
　　GLENDALE I MALL ASSOCIATES,
　　LP, AND GGP-GLENDALE, LLC

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21693799
233470-10009

17

BROOKFIELD DEFENDANTS' REPLY ISO MOTION FOR SUMMARY JUDGMENT