JACOB M. HARPER (SBN 259463)
    JacobHarper@DWT.com
SPENCER PERSSON (SBN 235054)
    SpencerPersson@DWT.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Facsimile:  (213) 633-6899

Attorneys for Defendant
PARK ASSIST, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO NAVARRO, an individual; ARELIZ NAVARRO, an individual; JINA HOWELL, an individual; SEVINDZH GASANOVA, an individual; CRISTIAN RODRIGUEZ, an individual; LEILANI ROSS, an individual; on behalf of themselves and all others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>SKI DATA, INC. a Delaware Corporation; STEFAN SCHAFNER, an individual; WESTFIELD PROPERTY MANAGEMENT, LLC, a Delaware Limited Liability Company; SENTRY CONTROL SYSTEMS, LLC, a Delaware Limited Liability Company; WESTFIELD, LLC, a Delaware Limited Liability Company; PARK ASSIST, LLC, a Delaware Limited Liability Company; FEDERAL REALTY INVESTMENT TRUST, a California Trust; BROOKFIELD PROPERTIES RETAIL, INC., dba BROOKFIELD PROPERTIES RETAIL GROUP, a Delaware Corporation; BROOKFIELD PROPERTY REIT, INC., a Delaware Corporation; GLENDALE I MALL ASSOCIATES, LP, a Delaware Limited Liability Partnership; GGP-GLENDALE, LLC, a Delaware Limited Liability | Case No. 2:20-cv-07370-SVW-SK<br><br>**DEFENDANT PARK ASSIST, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[*Filed Concurrently With: Reply Separate Statement In Response to Plaintiffs' Response to Statement of Uncontroverted Facts; Objections to Plaintiffs' Additional Statement of Undisputed Facts; Objections to Declaration of Blake Lindemann*]<br><br>Date:        January 24, 2022<br>Time:       1:30 p.m.<br>Dept.:       10A<br><br>Assigned to the Hon. Stephen V. Wilson<br><br>Compl. File:          April 17, 2020<br>Action Removed:  August 14, 2020 |

DEFENDANT PARK ASSIST, LLC'S
REPLY ISO MOTION FOR SUMMARY JUDGMENT

Company; TAUBMAN CENTERS, INC. a Michigan Corporation; TAUBMAN COMPANY, LLC, a Delaware Limited Liability Company; TAUBMAN REALTY GROUP LIMITED PARTNERSHIP, a Delaware Limited Liability Company with California Partners; SIMON PROPERTY GROUP, INC., a Delaware Corporation; SIMON PROPERTY GROUP, L.P., a Delaware Limited Partnership; CARUSO AFFILIATED HOLDINGS, LLC, a California limited liability company; THE AMERICANA AT BRAND, LLC, a California limited liability company; and DOES 1-100,

Defendants.

DEFENDANT PARK ASSIST, LLC'S
REPLY ISO MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ..................................................................................1

II. PARK ASSIST IS ENTITLED TO SUMMARY JUDGMENT ON ALL GROUNDS FOR LACK OF CAUSATION OR HARM. ..............................2

    A.  The Undisputed Evidence Shows No Causation by Park Assist............2

    B.  Undisputed Facts Show Plaintiffs Suffered No Cognizable Harm. .......4

III. IN THE ALTERNATIVE, PARK ASSIST IS ENTITLED SUMMARY JUDGMENT ON EACH OF ITS CLAIMS INDEPENDENTLY. .................5

    1.  Plaintiffs Cannot Recover Under the ALPR Statute....................5

        a.  Plaintiffs Allege Non-Cognizable Harms........................5

        b.  Park Assist Is Not an "ALPR Operator." .........................7

    2.  Plaintiffs' CLRA Claim Fails. .....................................................8

    3.  Plaintiffs' UCL Claim Fails. ........................................................8

    4.  Plaintiffs Negligence Claim Fails. ...............................................8

    5.  Plaintiffs California Constitution Claim Fails. ............................9

        a.  Plaintiffs Have No Privacy Interest at Stake. ...................9

        b.  Plaintiffs' Expectation of Privacy Is Unreasonable..........9

        c.  Plaintiffs Show No Invasion of a Privacy Right. ............10

IV. PLAINTIFFS' CANNOT SIDE-STEP SUMMARY JUDGMENT..............10

    A.  The Motion to Reconsider Subject Matter Jurisdiction Fails..............10

    B.  Additional Discovery Pursuant to Rule 56(d) Is Unwarranted. ...........11

    C.  Plaintiffs' "Additional Facts" Are Meaningless and Irrelevant. ..........12

i

DEFENDANT PARK ASSIST, LLC'S
REPLY ISO MOTION FOR SUMMARY JUDGMENT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Arizona State Bd. For Charter Sch. v. U.S. Dep't of Educ.*,
   464 F.3d 1003 (9th Cir. 2006) ...................................................................5

*Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*,
   289 F.3d 589 (9th Cir. 2002) ...............................................................2, 12

*Cahen v. Toyota Motor Corp.*,
   717 F. Appx. 720 (9th Cir. 2017)..............................................................9

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986)....................................................................................1

*Codding v. Pearson Educ., Inc.*,
   842 F. Appx. 70 (9th Cir. 2021)............................................................4, 5

*Devereaux v. Abbey*,
   263 F.3d 1070 (9th Cir. 2001) ...................................................................1

*Eichenberger v. ESPN, Inc.*,
   876 F.3d 979 (9th Cir. 2017) .....................................................................6

*Espinoza v. Cty. of San Bernardino*,
   2008 WL 11410021 (C.D. Cal. Dec. 19, 2008)......................................12

*Fairbank v. Wunderman Cato Johnson*,
   212 F.3d 528 (9th Cir. 2000) .....................................................................5

*Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*,
   525 F.3d 822 (9th Cir. 2008) ...............................................................2, 11

*Getz v. Boeing Co.*,
   690 F. Supp. 2d 982 (C.D. Cal. 2010) ....................................................11

*Keebler Co. v. Murray Bakery Products*,
   866 F.2d 1386 (Fed. Cir. 1989)................................................................11

*Lee v. Am. Nat'l Ins. Co.*,
   260 F.3d 997 (9th Cir. 2001) .....................................................................6

DEFENDANT PARK ASSIST, LLC'S
REPLY ISO MOTION FOR SUMMARY JUDGMENT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Maljack Prods., Inc. v. GoodTimes Home Video Corp.*,
   81 F.3d 881 (9th Cir. 1996) ................................................................................... 12

*Martinez v. Columbia Sportswear USA Corp.*,
   553 F. Appx. 760 (9th Cir. 2014) .......................................................................... 12

*Nissan Fire & Marine Ins. Co. v. Fritz Cos.*,
   210 F.3d 1099 (9th Cir. 2000) ...................................................................... 4, 5, 8, 9

*Ohno v. Yasumo*,
   723 F.3d 984 (9th Cir. 2013) ................................................................................. 11

*Patel v. Facebook, Inc.*,
   932 F.3d 1264 (9th Cir. 2019) ............................................................................... 10

*People v. Ramirez*,
   79 Cal. App. 4th 408 (2000) .................................................................................... 7

*Raines v. Enrich Fin., Inc.*,
   2021 WL 4894281 (C.D. Cal. Sept. 17, 2021) ...................................................... 11

*Rosenbach v. Six Flags Entertainment Corp.*,
   2019 IL 123186 (Ill. Jan. 25, 2019) ..................................................................... 6, 7

*Stonefire Grill, Inc. v. FGF Brands, Inc.*,
   987 F. Supp. 2d 1023 (C.D. Cal. 2013) .................................................................. 3

*In re Toll Roads Litigation*,
   2017 WL 10399496 (C.D. Cal. Aug. 2, 2017) ....................................................... 10

*TransUnion LLC v. Ramirez*,
   141 S. Ct. 2190 (2021) ...................................................................................... 6, 10

*Twentieth Century Fox Television*, 2016 WL 3092156 at *3 ........................... 11, 12

*U.S. v. Diaz-Castaneda*,
   494 F.3d 1146 (9th Cir. 2007) ............................................................................ 9, 10

*United States v. Collazo*,
   984 F.3d 1308 (9th Cir. 2021) ................................................................................. 5

*United States v. Jones*,
   565 U.S. 400 (2012) .............................................................................................. 10

DEFENDANT PARK ASSIST, LLC'S
REPLY ISO MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Volk v. D.A. Davidson & Co.*,
   816 F.2d 1406 (9th Cir. 1987) ..................................................................... 11

**Statutes**

California Business & Professions Code § 17200, *et seq.* (Unfair
   Competition Law) ........................................................................................ 8

California Civil Code
   § 1798.90.51 ................................................................................................. 6
   § 1798.90.51(a) ......................................................................................... 6, 7
   § 1798.90.51(b) ......................................................................................... 6, 7
   § 1798.90.52 ............................................................................................. 6, 7
   § 1798.90.53 ................................................................................................. 6
   § 1798.90.54 ................................................................................................. 6
   § 1798.90.54(a) ......................................................................................... 5, 7

**Rules**

Federal Rule of Civil Procedure 11 .................................................................. 12

Federal Rule of Civil Procedure 56(d) ...................................................... 2, 4, 11

Local Rule 7-19 ................................................................................................ 10

iv

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## I.    INTRODUCTION

Plaintiffs' blunderbuss Opposition fails to produce a single piece of evidence in support of their allegations, much less demonstrate a single material factual dispute to overcome summary judgment.  The most glaring omission, among many others, is that Plaintiffs do not even submit one declaration from a named plaintiff.  In a hundred-page complaint premised on harm from supposed privacy breaches, one would think Plaintiffs could supply named plaintiff statements testifying about some of these accusations.  Yet they did not, because they cannot.

The Opposition, which purports to address all pending Motions for Summary Judgment rather than the issues raised particularly in Park Assist's, is most notable for what it does *not* do:  it does not substantively challenge any of Park Assist's facts, much less raise a triable issue, and it fails to coherently object to any evidence submitted by Park Assist.  While Park Assist was required only to "point out 'that there is an absence of evidence to support the nonmoving party's case'" in order to carry its initial burden of production under *Celotex*, Park Assist more than met this burden by affirmatively showing Plaintiffs' allegations against it are false. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  Plaintiffs are thus "obligated to produce evidence in response." *Id.*  They produced nothing but a self-serving attorney declaration and a smattering of statutory interpretations the Court already rejected.

In short, after 18 months of claims that accuse a smattering of defendants (with Park Assist indiscriminately lumped in) of taking and sharing private personal information, ***the undisputed facts provide no support at all for Plaintiffs'*** claims; rather the facts remain undisputed that ***Park Assist did not and cannot collect or share Plaintiffs' Personal Identifying Information***.  (UFs 1–4).  As such, Park Assist did not cause, and could not have caused, any of the theoretical harm alleged by Plaintiffs.  (Mot. 10:14–14:20; UFs 11–14.)

Unable to rebut these undisputed facts, Plaintiffs make a series of half-

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

hearted arguments seeking a procedural respite from entry of judgment. However: (a) Plaintiffs give the Court no reason to reconsider its ruling that Plaintiffs' claims confer subject matter jurisdiction on the Court; (b) Plaintiffs fail in their request for additional discovery pursuant to Federal Rules of Civil Procedure, Rule 56(d), because they do not clearly state what facts they seeks to discover, why they believe those facts exist, or how those facts are relevant to opposing Park Assist's Motion, *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008); and (c) the "additional" facts are nothing more than statements of counsel and self-serving statutory interpretations that have no bearing on summary judgment, *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("arguments and statements of counsel are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment").[1]

Enough is enough. Park Assist respectfully requests that the Court grant summary judgment in its favor on all of Plaintiffs' claims.

## II. PARK ASSIST IS ENTITLED TO SUMMARY JUDGMENT ON ALL GROUNDS FOR LACK OF CAUSATION OR HARM.

### A. The Undisputed Evidence Shows No Causation by Park Assist.

The undisputed evidence unequivocally shows Park Assist could not have caused, and did not cause, any alleged harm because Park Assist does not engage in the harm-producing conduct alleged here: the alleged collection and sharing of PII. (Mot. 12:11–14.) The sole evidence here is 100% undisputed, as Park Assist

- collects only anonymized In/Plate/Out Information. (UFs 1, 2.)
- does not and cannot associate In/Plate/Out Information with PII. (UFs 3, 4.)

---

[1] The claim that Defendants failed to meet and confer is preposterous, as the defendants (including Park Assist) repeatedly attempted to schedule such a time to confer, yet Plaintiffs' counsel first ignored the multiple requests and then refused to participate.

DEFENDANT PARK ASSIST, LLC'S
REPLY ISO MOTION FOR SUMMARY JUDGMENT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

- has never captured or accessed an individual's PII.  (UF 11.)

- has never shared individual ALPR information or PII with any third parties or third-party servers.  (UFs 12, 13.)

- has no PII relating to Alvaro Navarro, Christian Rodriguez, or any other Plaintiff.  (UF 14.)

- through the "Find My Car" application, does not share PII because it obtains only In/Plate/Out Information generated by Park Assist systems.  (UF 10.)

***Plaintiffs do not address or dispute any of these facts***.  Instead, Plaintiffs make three weak general arguments, none of which saves their case:

***First***, Plaintiffs claim several undisputed facts are "vague." (Pls' Resp. to UFs 1, 3–9.)  "Vagueness" is an improper ground for objection to a statement of undisputed fact.  *Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1034 (C.D. Cal. 2013) (citing "vague[ness]" as improper objection to characterization of evidence rather than evidence itself) (citation omitted). Furthermore, Plaintiffs do not explain how these facts are vague, and in any case, the facts are self-evidently clear and cite with specificity to the supporting evidence. *See* UF 1, citing DuBois Decl. ¶ 4(b) (explaining Park Assist ALPR systems collect only In/Plate/Out Information); UFs 2–4, citing DuBois Decl. ¶¶ 4(c) (explaining Park Assist systems do not capture, record, or store any PII, associate ALPR information with PII, associate license plate images with PII).

***Second***, Plaintiffs assert Park Assist's not sharing personal identifying information is a "legal conclusion."  (Plts' Resp. to UFs 2, 4, 10–14.)  This is not a proper ground for objection.  *Stonefire Grill*, 987 F. Supp. 2d at 1033 ("Objections to evidence on the ground . . . that it constitutes an improper legal conclusion [is] duplicative of the summary judgment standard itself[.]") (quotation omitted). Furthermore, as detailed in Park Assist's Motion, the only information captured by Park Assist—in time, plate number, and out time—is by nature anonymized and is not "personally identifiable."  (Dubois Decl. ¶ 4(c) (explaining that In/Plate/Out

DEFENDANT PARK ASSIST, LLC'S
REPLY ISO MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Information is by nature anonymous).)  The Court explained as much, noting that "the data only provides an alphanumeric series and does not directly indicate the issuing state." (ECF No. 73 at 4.)

*Third*, for all UFs, Plaintiffs tepidly remark with no explanation that they "have been deprived of discovery." (UFs 1–16.)  Again, not so.  Plaintiffs (a) do not explain, anywhere, what additional evidence they would need to dispute these facts, as explicitly required by Federal Rule of Civil Procedure 56(d); (b) do not explain how the evidence produced by Park Assist in support of its motion and over the past 18 months is inadequate for answering the questions raised in the operative pleading; and, (c) do not even attempt to produce a single declaration from a witness or one of their own plaintiffs (aside from a self-serving counsel declaration) to demonstrate any kind of harm or causation allegedly suffered.

In sum, Park Assist submitted evidence that it does not and cannot collect or share PII, and therefore did not cause Plaintiffs' alleged harms.  Yet Plaintiffs have responded with no evidence raising a triable issue regarding causation, a necessary element of their claims.  Summary judgment in favor of Park Assist is therefore warranted on each claim.  *See Codding v. Pearson Educ., Inc.*, 842 F. Appx. 70, 72 (9th Cir. 2021) (holding nonmoving party-plaintiff "cannot withstand [defendant's] motion for summary judgment because she presented no competent evidence to prove causation and damages"); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1107 (9th Cir. 2000).

### B.    Undisputed Facts Show Plaintiffs Suffered No Cognizable Harm.

Even if the Court overlooked Plaintiffs' absence of disputed facts regarding causation, they do not establish requisite harm.  As the Court has already held, individual harm to each Plaintiff is an essential element of Plaintiffs' claims. (Order Granting MTD FAC [ECF No. 130] at 3–4; *see* MTD SAC 7:25–11:20.) Park Assist carried its initial burden of production by introducing evidence that Plaintiffs have not been harmed because Park Assist did not and cannot obtain or

4

share PII.  (Mot. 12:11–13:19, 16:7–10.)  Park Assist also "point[ed] out through argument[] the absence of evidence to support plaintiff[s'] claim[s]." *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000).  If any such evidence exists, it would be in Plaintiffs' possession.  Yet, although they vaguely claim to have evidence of harm, (*see* Opp'n 10:7–8, 12:5–6, 13:21–22), ***Plaintiffs fail to provide even a scintilla of it to support their claims***.  Where is the evidence, for example, that Mr. Navarro "experienced actual identity theft and fraud"?  (*See* SAC ¶ 34.)  Or that Mr. Rodriquez's PII "was found on the dark web"?  (*See id.* ¶ 34.)  Plaintiffs have thus failed to carry their burden "to produce evidence in response" to Park Assist's Motion, *Nissan Fire*, 210 F.3d at 1107, and summary judgment in favor of Park Assist is warranted.  *See Codding*, 842 F. Appx. at 72.

## III. IN THE ALTERNATIVE, PARK ASSIST IS ENTITLED SUMMARY JUDGMENT ON EACH OF ITS CLAIMS INDEPENDENTLY.

### 1. Plaintiffs Cannot Recover Under the ALPR Statute.

#### a. Plaintiffs Allege Non-Cognizable Harms.

In response to Park Assist's Motion, (Mot. 15:22–16:25), Plaintiffs insist that the ALPR statute does not require a showing of harm.  (Opp'n 6:12–13; *see id.* at 8:6–9:23.)  This argument fails for various reasons.  First, the Court already rejected this argument when it held that Plaintiffs must show they "were 'harmed by a violation' of the ALPR Statute under § 1798.90.54(a)."  (Order Granting MTD FAC at 3 (quoting Cal. Civ. Code § 1798.90.54(a)).)  This holding comports with the plain meaning of Section 1798.90.54(a), namely that "an individual *who has been harmed* by a violation of this title . . . may bring a civil action[.]" Cal. Civ. Code § 1798.90.54(a) (emphasis added); *see United States v. Collazo*, 984 F.3d 1308, 1322 (9th Cir. 2021) (when interpreting a statute, courts start by "consider[ing] the natural reading of the language" of the statute); *Arizona State Bd. For Charter Sch. v. U.S. Dep't of Educ.*, 464 F.3d 1003, 1008 (9th Cir. 2006) ("When a natural reading of the statutes leads to a rational, common-sense result, an alteration of

5

DEFENDANT PARK ASSIST, LLC'S
REPLY ISO MOTION FOR SUMMARY JUDGMENT

meaning is not only unnecessary, but also extrajudicial.").

Second, Plaintiffs' suggestion that "unauthorized access or use" alone constitutes a violation of the ALPR statute is wrong because the ALPR statute contains no requirement that an ALPR operator obtain a consumer's authorization before it captures or accesses a consumer's ALPR information. *See* Cal. Civ. Code §§ 1798.90.51, 1798.90.53. Rather, the statute enumerates only certain requirements with which ALPR operators must comply in collecting ALPR information. *Id.* "Authorized" and "unauthorized," as those terms are used throughout the statute, refer to certain security procedures and practices, and not to consent from consumers. *Id.*; (*see* MTD SAC 17).

Third, the structure of the ALPR statute makes clear that Section 1798.90.54 simply provides a private cause of action for violations of other provisions in the statute—it does not create any substantive rights. Other sections in the ALPR statute, such as Sections 1798.90.51(a) and (b), and 1798.90.52, create substantive rights by imposing new requirements on, for instance, ALPR operators.

The bulk of Plaintiffs' cases address Article III injury-in-fact, not actual injury necessary to state certain statutory claims. Principal among these is *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), which Plaintiffs cite for the proposition that legislatures can "elevate 'de facto injuries'" under privacy statutes. (Opp'n 9:6–9.) But that sheds no light on whether damage is an element of the ALPR statute—or any other statute. *See TransUnion*, 141 S. Ct. at 2204 ("[T]his case focuses on the Article III requirement that the plaintiff's injury in fact be 'concrete[.]'"); *see also Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 979 (9th Cir. 2017) (addressing Article III standing); *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1001–02 (9th Cir. 2001) (same). And the court in *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186 (Ill. Jan. 25, 2019), concluded simply that a private plaintiff may bring a suit under Illinois' Biometric Information Privacy Act ("BIPA") even in the absence of actual harm because BIPA provided a cause of

6

DEFENDANT PARK ASSIST, LLC'S
REPLY ISO MOTION FOR SUMMARY JUDGMENT

action to any person "aggrieved" by a violation of the statute. *Id.* at 1204. *Rosenbach* specifically contrasted BIPA's "aggrieved" language with other statutes that—like the ALPR statute—require a plaintiff to allege "actual damage." *Id.*[2]

### b.   Park Assist Is Not an "ALPR Operator."

Park Assist further argued that Plaintiffs' claims under the ALPR statute require Plaintiffs to show that Park Assist is an "ALPR operator." (Mot. 16:27–17:7.) Plaintiffs disagree; they point out that Section 1798.90.54(a) permits suit against any "person" who has violated the ALPR statute. (Opp'n 6:12–17.)

But Plaintiffs are confused. *Plaintiffs'* claims—not necessarily *all* claims—under the ALPR statute lie only against an ALPR operator. (Mot. 16:26–17:4.) This is so because Section 1798.90.54(a) provides a cause of action only for harms caused "by a violation of [that] title." (Mot. 16:27–17:2); *see* Cal. Civ. Code § 1798.90.54(a). In this case, the only ALPR statute violations alleged are violations of Sections 1798.90.51(a) and (b), and 1798.90.52. (Mot. 17:2–3.) Those sections impose obligations only on ALPR operators. (Mot. 17:3–7.)

Although no cases appear to have addressed the meaning of "ALPR operator," courts have consistently found that an "operator" must have some level of "control," "management," or "active involvement." (Mot. 17:8–24.) Plaintiffs argue an operator is anyone with "some form of involvement participation in the process." (Opp'n 7:8–9.) But *People v. Ramirez*, 79 Cal. App. 4th 408 (2000), upon which Plaintiffs rely for their sweeping definition, defines "operate" as "active involvement," just as Park Assist argued in its Motion. *Id.* at 415.

The undisputed facts establish that once Park Assist installs an ALPR system,

---

[2] Plaintiffs' argue that the first sentence of Section 1798.90.54(a) permits certain *remedies* for harmless violations. (*See* Opp'n 12:9–13.) But that sentence simply establishes the private cause of action does not supplant other claims arising from the same conduct. *See* Cal. Civ. Code § 1798.90.54(a) (preserving "any other sanctions, penalties, or remedies provided by law").

DEFENDANT PARK ASSIST, LLC'S
REPLY ISO MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

it is no longer actively involved. (Mot. 17:25–18:8 (citing Dubois Decl. ¶¶ 2, 4(d)).) Plaintiffs' fail to dispute these facts.[3] *See Nissan Fire*, 210 F.3d at 1107.

### 2. Plaintiffs' CLRA Claim Fails.

Park Assist sets forth undisputed facts that it does not sell or lease goods or services to individual parkers or members of the public, including Plaintiffs. (UF 16.) Because Plaintiffs never engaged in any "transaction" for the sale or purchase of any "goods or services" with Park Assist, they cannot bring a CLRA claim against Park Assist. (Mot. 18:25–19:5.) Plaintiffs' Opposition has nothing to say on the matter, and concedes the point. *See Nissan Fire*, 210 F.3d at 1107.

### 3. Plaintiffs' UCL Claim Fails.

The undisputed facts further precluded Plaintiffs' UCL claim because Park Assist did not engage in any unlawful, unfair, or fraudulent misconduct. (Mot. 19:6–20:17.) Plaintiffs' Opposition neglects to address these arguments, and therefore concedes the point. *See Nissan Fire*, 210 F.3d at 1107.

### 4. Plaintiffs Negligence Claim Fails.

The undisputed facts establish Park Assist owed no duty to Plaintiffs, and thus that Plaintiffs could not bring a negligence claim against Park Assist. (Mot. 20:18–21:9.) Plaintiffs respond simply that "a duty may arise through statute, contract, the general character of the activity, or the relationship between the parties," (Opp'n 17:8–9), and cite the same cases upon which they relied in their Opposition to the MTD SAC while invoking the standards for a motion to dismiss. Park Assist already distinguished these cases in previous briefing, and in the interest of brevity, respectfully directs the Court to that briefing. (*See* Reply in support of the MTD SAC 15:7–16:16.) And, once again, Plaintiffs "were obligated to produce

---

[3] Plaintiffs' throw-away invocation of "legislative history" to argue that anyone who "own[s]" an ALPR system is an ALPR operator fails not only because they cite to committee analysis of a law that predates the ALPR statute, (*see* Plt. Ex. 1 at 61), but also because Park Assist does not "own" the systems once installed.

DEFENDANT PARK ASSIST, LLC'S
REPLY ISO MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

evidence" in order to withstand summary judgment. *Nissan Fire*, 210 F.3d at 1107.

### 5. Plaintiffs California Constitution Claim Fails.

#### a. Plaintiffs Have No Privacy Interest at Stake.

As a matter of law, the In/Plate/Out Information collected by Park Assist is insufficiently sensitive to give rise to a constitutional privacy claim. (UFs 1, 2; Mot. 22:4–21.) Plaintiffs have no privacy interest in this information because the "collection" or "storage" of "aggregate[d]" or "non-identifiable" information does not amount to a privacy violation in the context of vehicle computer systems. (Mot. 24:9–16 (quoting *Cahen v. Toyota Motor Corp.*, 717 F. Appx. 720, 724 (9th Cir. 2017)).) Plaintiffs only retort is to maintain that they have "a legally protected privacy interest in their location data, location history, and travel patterns," but the evidence is undisputed that Park Assist never obtained this type of information. (Opp'n 20:14–15; UFs 2, 3, 11, 12, 14.)

#### b. Plaintiffs' Expectation of Privacy Is Unreasonable.

California law recognizes no reasonable expectation of privacy in publicly displayed information, such as anonymized ALPR information in the form of In/Plate/Out Information. (Mot. 22:26–23:12.) Plaintiffs respond that they nevertheless did not expect that "Defendants would collect or disseminate their travel pattern data[.]" (Opp'n 21:11–13.) Again, Plaintiffs provide no facts establishing that Park Assist collected or disseminated "travel pattern data."

Moreover, Plaintiffs fail to distinguish *U.S. v. Diaz-Castaneda*, 494 F.3d 1146 (9th Cir. 2007), which forecloses Plaintiffs' expectation of privacy argument. The Ninth Circuit there reached the broad holding that "people do not have a subjective expectation of privacy in their license plates[.]" *Id.* at 1151. Plaintiffs' attempt to distinguish *Diaz-Castaneda* because "that case involved a license plate check by an officer at a traffic stop" (Opp'n 21:1–3) necessarily fails because it does not disturb the central holding relating to whether people have a subjective expectation of privacy in "license plates [that] are located on a vehicle's exterior, in

DEFENDANT PARK ASSIST, LLC'S
REPLY ISO MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

plain view of all passerby, and are specifically intended to convey information about a vehicle."  494 F.3d at 1151.

### c. Plaintiffs Show No Invasion of a Privacy Right.

Last, even if Park Assist had shared anonymized In/Plate/Out Information, that would not be sufficiently serious to state a claim under the California Constitution.  (Mot. 23:13–24:8.)  Plaintiffs' only response is to ignore the summary judgment standard while insisting that the Court must "[t]ak[e] Plaintiffs' factual allegations as true and draw[] all inferences in their favor."  (Opp'n 21:21–23.)  Invoking the pleading standard does nothing to refute the facts presented by Park Assist or distinguish Park Assist's cases.  (Mot. 23:13–24:2.)  And Plaintiffs' cases are readily distinguishable.  *See United States v. Jones*, 565 U.S. 400 (2012) (police surreptitiously and without warrant monitored vehicle with GPS tracking device for 28 days); *In re Toll Roads Litigation*, 2017 WL 10399496, *7 (C.D. Cal. Aug. 2, 2017) (not addressing third element of constitutional privacy claim.).

## IV.  PLAINTIFFS' CANNOT SIDE-STEP SUMMARY JUDGMENT.

### A.  The Motion to Reconsider Subject Matter Jurisdiction Fails.

For the sixth time, Plaintiffs request that the Court remand this case for lack of subject matter jurisdiction.  (Opp'n 30:8–12.)  Their Motion to Determine Subject Matter Jurisdiction ("Mot. for Reconsideration") [ECF No. 145], remains pending before the Court.  But the Court has already determined that "the allegations of the complaint are sufficient to confer Article III standing at this stage."  (Order Denying Motion to Remand [Dkt. 73] at 1 n.1.)  As Park Assist has argued, Plaintiffs' attempt to avoid an adverse ruling on the merits is untimely and improper, and it fails to satisfy Local Rule 7-19.  (Opp'n to Plaintiffs' Mot. for Reconsideration [ECF No. 153] at 2:15–5:27.)  Furthermore, *TransUnion* did not overturn or abrogate *Patel v. Facebook, Inc.*, 932 F.3d 1264 (9th Cir. 2019), upon which the Court based its prior ruling.  The fact remains that while Plaintiffs have alleged injury-in-fact sufficient to satisfy Article III standing, they have not

DEFENDANT PARK ASSIST, LLC'S
REPLY ISO MOTION FOR SUMMARY JUDGMENT

established harms cognizable under their statutory and common law causes of action.  (Opp'n to Mot. for Reconsideration 6:1–7:26.)

### B.    Additional Discovery Pursuant to Rule 56(d) Is Unwarranted.

Additional discovery is entirely unwarranted.  (*See* Opp'n 2:6–10.)  Rule 56(d) permits additional discovery only where a party opposing a motion for summary judgment meets its burden to show "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008); *see Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1416 (9th Cir. 1987).

Here, Plaintiffs have set forth neither the specific facts they seek, nor how those facts could possibly undermine Park Assist's evidence to create a triable issue. *See Raines v. Enrich Fin., Inc.*, 2021 WL 4894281, at *3 (C.D. Cal. Sept. 17, 2021).  Mr. Lindemann principally describes his desired discovery as follows:

> [L]ogs, queries, and reports [that] go to whom ALPR data was provided to, what was received back, contracts and communications concerning the same, SOP's, procedures, and other documents specifically related to the elements of a § 1798 claim.

(Declaration of Blake Lindemann ("Lindemann Decl.") [ECF No. 201-1]  ¶¶ 6, 9.)

Mr. Lindemann's description is nothing more than a "vague assertion[] that discovery will produce needed, but unspecified, facts," which is "not enough." *Ohno v. Yasumo*, 723 F.3d 984, 1013 n.29 (9th Cir. 2013); *see Keebler Co. v. Murray Bakery Products*, 866 F.2d 1386, 1389 (Fed. Cir. 1989).  Courts routinely deny requests like Mr. Lindemann's. *See, e.g.*, *Twentieth Century Fox Television*, 2016 WL 3092156 at *3; *Getz v. Boeing Co.*, 690 F. Supp. 2d 982, 1000 (C.D. Cal. 2010).  Moreover, Mr. Lindemann does not explain, for instance, why he believes documents exist "showing access and transmission/sharing of ALPR data," (Lindemann Decl. ¶¶ 6, 9), even though Park Assist has submitted undisputed evidence that it does not share parkers' ALPR information or PII.  (UFs 1–4, 8–14.)

11

DEFENDANT PARK ASSIST, LLC'S
REPLY ISO MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiffs cannot avoid summary judgment through a "hunch" that certain evidence may exist where Park Assist's evidence shows that it does not. *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 888 (9th Cir. 1996) (holding district court "properly refused to allow [nonmovant] discovery to search for evidence it thought 'may exist'"). There is simply no justification for Mr. Lindemann's proposed fishing expedition. *See Martinez v. Columbia Sportswear USA Corp.*, 553 F. Appx. 760, 762 (9th Cir. 2014) (additional discovery "may have amounted to a fishing expedition" where "defendants had presented competent evidence" establishing they were not liable under plaintiff's claims); *Twentieth Century Fox Television*, 2016 WL 3092156 at *3. This is especially so where Plaintiffs produced no evidence whatsoever supporting their allegations despite the case supposedly being supported by a pre-filing investigation. Indeed, while Plaintiffs' Opposition fails to raise a triable issue or show that additional discovery is needed, it does show that Park Assist's Rule 11 motion should be granted.

### C. Plaintiffs' "Additional Facts" Are Meaningless and Irrelevant.

Last, Plaintiffs attempt to manufacture issues with a series of "additional facts" tacked to the end of their responsive separate statement, which primarily comprise legal conclusions citing Plaintiffs' counsel himself, apparently as both the sole witness in this matter and an objective legal authority. (AUFs P1–P47.) This effort fails because (1) legal arguments are not undisputed facts, *see Espinoza v. Cty. of San Bernardino*, 2008 WL 11410021, at *2 n.4 (C.D. Cal. Dec. 19, 2008); and, (2) "the arguments and statements of counsel are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment." *Barcamerica Int'l USA Tr.*, 289 F.3d at 593 n.4.

DATED: January 12, 2022

DAVIS WRIGHT TREMAINE LLP
By:/s/ Jacob M. Harper
　　　Jacob M. Harper
Attorneys for Defendant
PARK ASSIST, LLC

12

DEFENDANT PARK ASSIST, LLC'S
REPLY ISO MOTION FOR SUMMARY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899