**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JON P. KARDASSAKIS, SB# 90602
    E-Mail: Jon.Kardassakis@lewisbrisbois.com
ZOURIK ZARIFIAN, SB# 306368
    E-Mail: Zourik.Zarifian@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant,
Caruso Affiliated Holdings, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO NAVARRO, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> SKI DATA, INC., ET AL., <br><br> Defendants. | Case No. 2:20-cv-07370-SVW-SK <br><br> Hon. Stephen V. Wilson <br><br> **REPLY IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** <br><br> [Filed Concurrently with Response to Plaintiff's Separate Statement of Additional Disputed Facts; Response to Plaintiffs' Consolidated Evidentiary Objections and Requests to Strike] <br><br> Date:  Monday, January 24, 2022 <br> Time:  1:30 p.m. <br> Ctrm.:  10A |

4890-4413-5433.6                                                          2:20-cv-07370-SVW-SK

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   PLAINTIFF RODRIGUEZ DOES NOT OFFER ANY EVIDENCE IN OPPOSITION TO CARUSO'S SUMMARY JUDGMENT MOTION. ......................... 2

III.  THE OPPOSITION CONFIRMS THAT RODRIGUEZ'S ALPR CLAIMS FAIL. ................................................................................................................ 2

    A.    The Opposition Does Not Offer Evidence That Caruso Violated Any Part of the ALPR Statute. .............................................. 3

        1.    *Plaintiff offers no evidence that Caruso is an "ALPR Operator."* ........................................................................... 3

        2.    *Plaintiff offers no evidence that Caruso Violated Sections 1798.90.51 or 1798.90.52 of the ALPR Statute.* .......................... 5

    B.    The Opposition Does Not Offer Evidence That Rodriguez Was "Harmed" by Caruso as Required by Cal. Civ. Code § 1798.90.54. ................................................................................ 6

IV.   RODRIGUEZ OFFERS NO EVIDENCE IN SUPPORT OF HIS UCL CLAIM. ......... 8

V.    RODRIGUEZ OFFERS NO EVIDENCE IN SUPPORT OF HIS CLRA CLAIM. .............................................................................................................. 10

VI.   RODRIGUEZ'S NEGLIGENCE CLAIMS MUST BE SUMMARILY DISMISSED. ...................................................................................................... 11

VII.  RODRIGUEZ OFFERS NO PROOF THAT CARUSO "SERIOUSLY INVADED" HIS PRIVACY UNDER THE CALIFORNIA CONSTITUTION. ............ 12

VIII. CONCLUSION ................................................................................................... 12

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Antman v. Uber Techs., Inc.*,
    2015 U.S. Dist. LEXIS 141945 (N.D. Cal. Oct. 19, 2015) .................................. 8

*Babbitt v. Sweet Home Chapter Communities for a Great Oregon*,
    515 U.S. 687 (1995) ......................................................................................... 6

*Bass v. Facebook, Inc.*,
    2019 U.S. Dist. LEXIS 104488 (N.D. Cal. June 21, 2019) ............................... 8

*Castillo v. Seagate Tech., LLC*,
    2016 U.S. Dist. LEXIS 187428 (N.D. Cal. Sep. 14, 2016)............................... 11

*Cefalu v. Holder*,
    2013 U.S. Dist. LEXIS 136917 (N.D. Cal. Sep. 23, 2013)................................ 1

*Codding v. Pearson Educ.*,
    842 Fed. Appx. 70 (9th Cir. 2021) ............................................................... 2, 8

*Davis v. Facebook, Inc. (In re Facebook, Inc. Internet Tracking Litig.)*,
    956 F.3d 589 (9th Cir. 2020) ....................................................................... 7, 9

*Devereaux v. Abbey*,
    263 F.3d 1070 (9th Cir. 2001) ........................................................................ 2

*Eichenberger v. ESPN, Inc.*,
    876 F.3d 979 (9th Cir. 2017) .......................................................................... 7

*In re Facebook Privacy Litigation*,
    572 Fed. Appx. 494 (9th Cir. 2014) (Opp. )................................................. 8, 9

*Navarro v. Ski Data*,
    2021 U.S. Dist. LEXIS 186918 (C.D. Cal. Aug. 12, 2021) ....................... 2, 3, 11

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*,
    210 F.3d 1099 (9th Cir. 2000) ........................................................................ 2

*Patel v. Facebook*,
    932 F. 3d 1264 (9th Cir. 2019).........................................................................7

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Riley v. Caliber Home Loans, Inc.*,
    2021 U.S. Dist. LEXIS 137218 (C.D. Cal. July 22, 2021) ....................................9

*In re Sony*,
    903 F. Supp. 2d 942 (S.D. Cal. 2012) ................................................................8

*Svenson v. Google Inc.*,
    2015 WL 1503429 (N.D. Cal. Apr. 1, 2015) (Opp. ) ..........................................9

*In re Toll Rds. Litig.*,
    2017 U.S. Dist. LEXIS 233818 (C.D. Cal. Aug. 2, 2017) ...........................10, 11

*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190 (2021) ......................................................................................6

**State Cases**

*Hill v. Nat'l Collegiate Athletic Ass'n*,
    7 Cal.4th 1 (1994)............................................................................................12

*People v. Jimenez*,
    9 Cal. 5th 53 (2020)............................................................................................7

*Pioneer Elec. USA, Inc. v. Superior Court*,
    40 Cal. 4th 360 (2007)......................................................................................12

*Rosenbach v. Six Flags Entertainment Corp.*,
    129 N.E.3d 1197 (Ill. 2019) (Opp. ) ...................................................................7

*Smith v. Loanme, Inc.*,
    11 Cal. 5th 183 (2021)........................................................................................6

**Statutes**

Cal. Civ. Code § 1798.90.5, et seq. ...........................................................3, 4, 5, 6, 7

Cal. Pen. Code § 530.5 .............................................................................................7

Code § 31490 .........................................................................................................10

Endangered Species Act ............................................................................................6

Privacy Act ...............................................................................................................6

REPLY IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs' Consolidated Opposition to Caruso Affiliated Holdings, LLC's ("Caruso") Motion for Summary Judgment (Dkt. 201) ("Opp.") does not meaningfully address any of the arguments Caruso made in its Motion (Dkt. 194) ("Mot.") relating to Plaintiff Cristian Rodriguez's claims against it.  While Plaintiffs filed a "consolidated" opposition brief, presumably for efficiency, that does not alleviate their burden to show *with evidence* that there remains a genuine dispute of material fact as to key elements for each of their claims against *Caruso*.  *See, e.g.*, *Cefalu v. Holder*, 2013 U.S. Dist. LEXIS 136917, at *17 (N.D. Cal. Sep. 23, 2013) (granting summary judgment regarding claims where "Plaintiff failed to put forth any affirmative evidence relating to it or otherwise address it in his opposition.").

As discussed in Caruso's Motion, only Plaintiff Rodriguez alleges he visited Caruso's property, The Grove (Dkt. 179; Corrected Second Amended Complaint ("CSAC") ¶ 103), and thus all of the claims against Caruso are asserted by Plaintiff Rodriguez only.  No other Plaintiff alleges they visited The Grove or had any other involvement with Caruso.  (*Id.*).[1]  Yet the Opposition does not so much as mention Rodriguez, Caruso, or The Grove—not even *once*.  Nor does it set forth *any* evidence from Rodriguez that would either (1) negate the evidence Caruso set forth in its Motion, or (2) establish a genuine dispute of material fact exists as to key elements for Rodriguez's eight claims against Caruso.  Indeed, ***Rodriguez does not even submit his own declaration to confirm he ever parked at The Grove, paid for parking at The Grove, had his license plate photographed, or was harmed in any way as a result of Caruso's alleged conduct***.  Caruso's Motion must be granted and all of Plaintiffs' claims against Caruso must be summarily dismissed.

---

[1] Any argument that the other Plaintiffs are part of the "class" and thus have claims against Caruso is nonsensical because no class has been certified in this case.

REPLY IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## II. PLAINTIFF RODRIGUEZ DOES NOT OFFER ANY EVIDENCE IN OPPOSITION TO CARUSO'S SUMMARY JUDGMENT MOTION.

As the person bringing suit against Caruso, Rodriguez has the burden to establish the elements of his claims are met at trial. As the Defendant, Caruso "'need only point out that there is an absence of evidence to support [Rodriguez's] case.'" *Codding v. Pearson Educ.*, 842 Fed. Appx. 70, 72 (9th Cir. 2021) (citing *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)). Caruso has done this by submitting a Declaration with its Motion that negates the key allegations Rodriguez makes against Caruso in the CSAC which can establish liability. (Dkt. 194-3, Declaration of Jackie Levy). Thus, the burden has shifted to Rodriguez "to produce evidence supporting [his] claims." *Id.* (citing *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000)).

Here, Rodriguez fails to submit *any* evidence in support of his claims. He does not even submit a declaration to confirm (1) he in fact parked at Caruso's property, The Grove, (2) that he paid for parking at The Grove, (3) that Caruso captured his license plate image, (4) that Caruso then used his license plate image and the information contained therein to determine Rodriguez's personally identifiable information, (5) that Caruso then sold, shared with unauthorized third parties, or used that personally identifiable information for marketing and other purposes as pled in the CSAC, or (6) that Rodriguez was harmed or lost money or property as a result of Caruso's alleged conduct. Without submitting any evidence whatsoever, Rodriguez has no support for his claims against Caruso. He does not even mention Caruso or The Grove in his Opposition or his supporting papers. Caruso is entitled to summary judgment as to all claims for this reason alone.

## III. THE OPPOSITION CONFIRMS THAT RODRIGUEZ'S ALPR CLAIMS FAIL.

Notwithstanding this Court's clear holding in its Motion to Dismiss Order as to the First Amended Complaint relating to the ALPR claims (*Navarro v. Ski Data*, No. 2:20-cv-07370-SVW-SK, 2021 U.S. Dist. LEXIS 186918 (C.D. Cal. Aug. 12,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

2021)), Plaintiff continues to argue his claims based on Caruso's alleged access and use of his publicly displayed license plate image for entry and exit from The Grove, in and of itself, constitutes "harm" under the ALPR Statute. (Opp., Sec. IV.A.). But this Court already held this is not the case and Plaintiff needs to show *actual harm* by a violation of the ALPR Statute under § 1798.54(a). *Navarro*, 2021 U.S. Dist. LEXIS 186918, at *6-7. Not only does the Opposition fail to acknowledge this Court's prior holding, but it also fails to argue, with supporting evidence, that Caruso violated the ALPR Statute in the first instance or that Rodriguez suffered harm resulting from any alleged violation. Importantly, no amount of discovery from Caruso will help Rodriguez offer evidence that he was harmed by Caruso's conduct—such evidence, if any exists at all, would be in *Rodriguez's* possession, custody, and control. The Opposition does not even offer a simple declaration from Rodriguez to support his four ALPR claims.

**A.      The Opposition Does Not Offer Evidence That Caruso Violated Any Part of the ALPR Statute.**

The Opposition does not offer any evidence to show Caruso violated any of the three sections of the ALPR Statute governing the conduct of ALPR Operators and ALPR End-Users. Cal. Civ. Code § 1798.90.5, *et seq.* (containing three sections that regulate the duties of (1) an ALPR operator (§ 1798.90.51), (2) an ALPR operator when accessing or providing access to ALPR information (§ 1798.90.52), and (3) an ALPR end-user (§ 1798.90.53)). Instead, Plaintiff embarks on a bizarre journey of statutory interpretation that has no basis in common sense or law.

1.      *Plaintiff offers no evidence that Caruso is an "ALPR Operator."*

While the CSAC alleges that *other* Defendants are "ALPR Operators" (CSAC ¶¶ 295-300, 332-337), Plaintiff does not allege *Caruso* is an ALPR Operator. (*Id.*).[2]

---

[2] The CSAC contains no allegations about Caruso or any other Defendant being an ALPR "end-user" under Section 1798.90.53. (CSAC ¶¶ 210-351).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Nor does Plaintiff offer any *evidence* to show Caruso is an ALPR Operator for purposes of his claims. Thus, Plaintiff has not established the most basic requirement for his ALPR claims against Caruso.

Equally unavailing is Plaintiff's argument that Caruso as a "person" violated the ALPR Statute. Plaintiff argues that "[m]any of the Defendants misstate the category of persons who can be liable under § 1798, seeking to limit responsibility to only 'ALPR Operators.'" (Opp. at 6:13-15). According to Plaintiff, any "person" who accesses or uses an individual's ALPR information without "authorization" is liable. (Opp. at 6:12-13). And he argues that because "each of the Defendants are 'persons' who 'accessed or used' ALPR information without authorization, they cannot contend that Plaintiffs did not adequately plead a claim under §1798.90.54(a)." (Opp. at 6:18-20). But Plaintiffs' reading of the ALPR Statute is fundamentally flawed. Indeed, the reference to "person" in § 1798.90.54(a) must be read in context of the *entire* paragraph. This is what § 1798.90.54(a) actually states:

> **(a)** In addition to any other sanctions, penalties, or remedies provided by law, ***an individual who has been harmed by a violation of this title***, including, but not limited to, unauthorized access or use of ALPR information or a breach of security of an ALPR system, may bring a civil action in any court of competent jurisdiction against a ***person*** who knowingly caused the harm.

Cal. Civ. Code § 1798.90.54(a) (emphasis added).

As Plaintiff would have it, under Section 1798.90.54(a), any individual can sue any person for accessing or using their ALPR data, period. (Opp. at 6:12-21). But the Statute is clear that "an individual who has been harmed ***by a violation of this title*** … may bring a [claim] against a person who knowingly caused the harm." Cal. Civ. Code § 1798.90.54(a) (emphasis added). And the only "persons" who can violate the ALPR Statute are "ALPR Operators" and "ALPR End-Users" since that is the only category of "persons" the Statute is designed to regulate. Someone who

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

is not an ALPR Operator or ALPR End User cannot, by definition, violate the ALPR Statute. Thus, Plaintiff's claims are limited to ALPR Operators and he needs to show that (1) Caruso is an ALPR Operator, and (2) that as an ALPR Operator, Caruso violated either Section 1798.90.51 or 1798.90.52.  He has not done this.

> 2. *Plaintiff offers no evidence that Caruso Violated Sections 1798.90.51 or 1798.90.52 of the ALPR Statute.*

Even *assuming* Rodriguez established Caruso is an ALPR Operator (he has not), he offers no evidence to show Caruso violated the ALPR Statute.  As discussed in Caruso's Motion, nothing in the ALPR Statute provides that an ALPR Operator needs to obtain authorization from a consumer to access or use ALPR Data from his or her car.  Cal. Civ. Code §§ 1798.90.5.  The only language about unauthorized access or use relates to an ALPR Operator's duties to protect ALPR data from unauthorized access or use by *others*—not by the ALPR Operator itself.  Cal. Civ. Code § 1798.90.51(a) ("An ALPR operator shall … [m]aintain reasonable security procedures and practices … to protect ALPR information from unauthorized access, destruction, use, modification, or disclosure.").  Plaintiff has not produced any evidence that Caruso, even as an ALPR Operator, breached its duties.

Rodriguez also has not asserted any allegations or offered any evidence relating to Caruso or its practices in implementing a usage and privacy policy or maintaining reasonable security procedures and practices to protect against unauthorized access and/or use of ALPR data.  This is surprising because, even without having taken any depositions or engaging in other discovery, Plaintiff must have had some reasonable basis under Rule 11 to assert these claims in the first instance.  Yet Plaintiff has only recited the language of Sections 1798.90.51 and 1798.90.52, divorced of any facts about Caruso or its practices.  There is no evidence that Caruso has not (1) "[m]aintain[ed] reasonable security procedures and practices … to protect ALPR information from unauthorized access, destruction, use, modification, or disclosure," (2) "[i]mplent[ed] a usage and privacy policy in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

order to ensure that the collection, use, maintenance, sharing, and dissemination of ALPR information is consistent with respect for individuals' privacy and civil liberties," or (3) "[m]aintain[ed] a record of … access [to ALPR information]."  Cal. Civ. Code § 1798.90.51, 1798.90.52.  Thus, Plaintiff has not established a violation of §1798.90.51 or 1798.90.52.

**B.    The Opposition Does Not Offer Evidence That Rodriguez Was "Harmed" by Caruso as Required by Cal. Civ. Code § 1798.90.54.**

The Opposition also does not credibly refute the fact that the ALPR Statute does not treat a mere technical violation of any of its Sections as an injury sufficient to support a civil claim.  Rodriguez must still prove *actual harm*.  Rodriguez's attempt at statutory construction goes beyond what any court in this District has done when faced with interpreting similar novel Statutes. And several of the cases upon which Rodriguez relies are simply inapplicable here.  For example, *Babbitt v. Sweet Home Chapter Communities for a Great Oregon*, 515 U.S. 687 (1995) considered whether the Secretary of the Interior's regulatory definition of "harm" for purposes of the Endangered Species Act was reasonable and entitled to deference in the face of a challenge to the regulation.  (Opp. at 8:7-12).  And *Smith v. Loanme, Inc.*, 11 Cal. 5th 183 (2021) considered the applicability of California's Invasion of Privacy Act relating to the recording of telephone calls with respect to non-parties during a recorded phone conversion, without even mentioning the word "harm."  (Opp. at 8:12-16).  These cases are simply not relevant to the harm necessary to prove a violation of California's ALPR Statute.  *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) also does not help Rodriguez because even though a legislature *can* "elevate 'de facto injuries' to a redressable privacy class action" (Opp. at 9:6-8), the California Legislature did *not* do so with the ALPR Statute and chose not to equate harm with a mere technical violation of the ALPR Statute.

Rodriguez's argument that § 1798.90.54 of the ALPR Statute "defines 'harm' as *including* unauthorized access or use of ALPR data" (Opp. at 9:8-12) such that a

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4890-4413-5433.6                                6                          2:20-cv-07370-SVW-SK
REPLY IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S MOTION FOR SUMMARY JUDGMENT

mere violation of the Statute is enough, cannot withstand any serious scrutiny. Indeed, § 1798.90.54 provides that "an individual *who has been harmed* by a violation of this title, including, but not limited to, unauthorized access or use of ALPR information or a breach of security of an ALPR system, may bring a civil action." Cal. Civ. Code § 1798.90.54(a) (emphasis added).  This provision does not "define" harm—it simply provides an example of the types of violations for which a private right of action could exist *assuming* Plaintiff has actually been harmed.  The mere fact that the Statute also provides that "[i]n addition to any other sanctions, penalties, or remedies provided by law…" (Cal. Civ. Code § 1798.90.54) also does not mean Rodriguez is excused from proving actual harm. (Opp. at 12:8-13).  The actual harm requirement in § 1798.90.54(a) applies to any individual who "bring[s] a civil action" regardless of the remedy sought. Rodriguez has brought a civil action against Caruso and must therefore prove he suffered actual harm or injury.[3]

Rodriguez's reliance on the Restatement (Second) of Torts is equally misplaced. (Opp. at 10:19-11:4). This is *not* a common law case. And *People v. Jimenez*, 9 Cal. 5th 53 (2020), which Rodriguez also relies on (Opp. at 11:19-22), is irrelevant. In that case, the defendant was convicted of misusing personally identifiable information under Cal. Pen. Code § 530.5. The harm to the defendant's victims was clear, as the defendant was charged with taking someone else's banking information and committing check fraud. *Jimenez*, 9 Cal. 5th at 59.  That is not the case here.

---

[3] Plaintiff's reliance on several cases to argue mere technical violations equate to harm in other scenarios—*Davis v. Facebook, Inc. (In re Facebook, Inc. Internet Tracking Litig.)*, 956 F.3d 589 (9th Cir. 2020), *Patel v. Facebook*, 932 F. 3d 1264 (9th Cir. 2019), *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 979 (9th Cir. 2017), and *Rosenbach v. Six Flags Entertainment Corp.*, 129 N.E.3d 1197 (Ill. 2019) (Opp. at 9:1-5, 10:7-18)—is misplaced because these cases are all based on Statutes that have no harm requirement and where a mere technical violation is enough.  The ALPR Statute, in contrast, has a harm requirement.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4890-4413-5433.6                                    7                    2:20-cv-07370-SVW-SK
REPLY IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S MOTION FOR SUMMARY JUDGMENT

Ultimately, whether Rodriguez's interpretation of the ALPR Statute is correct or not is irrelevant because ***Rodriguez has offered no evidence whatsoever to support his ALPR claims***. Indeed, Rodriguez does not offer any evidence to show he ever visited The Grove or that Caruso accessed or used his license plate number, period. Nor does he offer evidence to show harm. Caruso, which does not have the burden of proof, moved for summary judgment on the grounds that there is no evidence to support Rodriguez's claims, and specifically stated that it does not know Rodriguez's license plate number or any other personally identifiable information about Rodriguez or his vehicle. (Mot. at 6:9-11). Rodriguez was required, in opposing Caruso's Motion, "to produce evidence supporting [his] claims." *Codding*, 842 Fed. Appx. at 72. He has not done this. Therefore, Caruso is entitled to summary judgment as to Rodriguez's first four claims under the ALPR Statute.

## IV.   RODRIGUEZ OFFERS NO EVIDENCE IN SUPPORT OF HIS UCL CLAIM.

The Opposition does not offer any credible arguments in support of the UCL claim either. Rodriguez doubles down by arguing that he has shown injury where there is "(1) risk of future identity theft, (2) loss of value of PII, (3) that PII has already been misused, (4) that [he] has paid out of pocket mitigation expenses, or (5) that [he] lost the benefit of the bargain." (Opp. at 13:11-14). But he completely ignores the case law cited by Caruso which establishes that these types of injuries are not actionable under the UCL. (Mot. at 16-17) (citing *Bass v. Facebook, Inc.*, 2019 U.S. Dist. LEXIS 104488, at *14-15 (N.D. Cal. June 21, 2019); *Antman v. Uber Techs., Inc.*, 2015 U.S. Dist. LEXIS 141945, at *32 (N.D. Cal. Oct. 19, 2015); *SuperValu II*, 925 F.3d 955, 964 (8th Cir. 2019); *In re Sony*, 903 F. Supp. 2d 942, 966 (S.D. Cal. 2012)).

Plaintiff's reliance on *In re Facebook Privacy Litigation*, 572 Fed. Appx. 494, 494 (9th Cir. 2014) (Opp. at 12:23-13:9) is misplaced. There, the Court held that the loss of the sales value of disclosed personal information sufficiently conferred

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

standing *for breach of contract and fraud claims*. *Id.* Similarly, *Svenson v. Google Inc.*, No. 13-cv-04080-BLF, 2015 WL 1503429, at \*5 (N.D. Cal. Apr. 1, 2015) (Opp. at 12:27-13:4) also addressed a claim for *breach of contract*. Rodriguez's claims, however, are not based on breach of contract or common law fraud. Additionally, in *In re Facebook*, the Ninth Circuit "affirm[ed] the district court's dismissal of plaintiffs' UCL claim because plaintiffs failed to allege that they 'lost money or property as a result of the unfair competition.'" *In re Facebook Privacy Litigation*, 572 Fed. Appx. 494 at 496. Rodriguez also has never alleged lost money or property, as this Court recognized in its Motion to Dismiss Order. *Navarro*, 2021 U.S. Dist. LEXIS 186918, at \*6-7.

More importantly for purposes of a Motion for Summary Judgment, like the ALPR Claims, Plaintiff Rodriguez offers *no evidence* to show lost money or property resulting from Caruso's conduct for purposes of the UCL. *See, e.g.*, *Riley v. Caliber Home Loans, Inc.*, 2021 U.S. Dist. LEXIS 137218, at \*14 (C.D. Cal. July 22, 2021) (granting defendant's MSJ as to the UCL claim and holding that "[t]o have standing to pursue a UCL claim, a plaintiff mu[st] allege she has suffered injury in fact and has lost money or property as a result of the unfair competition" and where plaintiffs do not "submit any evidence that they have in fact lost money or property" then the UCL claim must be dismissed). As previously discussed in the context of his ALPR claims, Rodriguez does not even submit a declaration in support of his Opposition to show that he parked at The Grove or paid to park at The Grove. For these reasons, any claim that Rodriguez "lost the benefit of the bargain" (Opp. at 13:21-22) falls flat because he submits no evidence to show he paid to park at The Grove in the first instance. And even if he had submitted such evidence, Rodriguez does not explain how he lost the benefit of the bargain by paying for parking—there is no claim Rodriguez did not get the parking he paid for.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Any risk of future harm is also completely contradicted by the evidence Caruso submitted in support of its Motion through the Declaration of Jackie Levy, which provides that "Caruso has never (1) sold ALPR Data to anyone (SUF No. 22), (2) shared ALPR Data with unauthorized third parties (SUF No. 23), or (3) sent ALPR Data to law enforcement agencies. (SUF No. 29) [,] has not shared ALPR Data with retailers, data modelers, or any other companies who traffic ALPR Data. (SUF Nos. 24-28) [and] has not used Plaintiff Rodriguez's or any other individual's ALPR Data for marketing, tracking, or modeling purposes. (SUF Nos. 25-27)" (Mot. at 5:16-22).  The Opposition offers no counter evidence, leaving no genuine dispute as to these material facts.  The UCL claim must be summarily dismissed.

**V.   RODRIGUEZ OFFERS NO EVIDENCE IN SUPPORT OF HIS CLRA CLAIM.**

The Opposition also entirely misses the mark as to Rodriguez's CLRA claim. *First*, Plaintiff fails to address that he has not produced any evidence to demonstrate lost money or property as a result of Caruso for purposes of this claim, and thus waives that argument entirely. *Second*, Rodriguez still has not shown what "service" he received for purposes of this claim. There is no authority, to Caruso's knowledge, and certainly none cited in the Opposition, that provides the capturing of license plate images to allow consumers to exit malls is a "service" for purposes of the CLRA. Nor does Rodriguez offer any evidence that he paid Caruso money for receiving this so-called service.  Plaintiff's claim that "[a]nother Court has denied a motion to dismiss suggesting that transmitting an ALPR image by a transportation agency under S&H Code § 31490 was not a 'service'" (Opp. at 15:9-12) is simply false. The case Plaintiff cites, *In re Toll Rds. Litig.*, 2017 U.S. Dist. LEXIS 233818 (C.D. Cal. Aug. 2, 2017)—which counsel for Plaintiffs was also counsel of record in and which was decided in the motion to dismiss context—did not involve ALPR claims like here. Moreover, the defendants in that case provided *other* services to plaintiffs relating to their claims (*e.g.*, "determining the amount of the penalties

REPLY IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

assessed, collected, and charged against Plaintiffs") and not just the use of toll roads, so the court was faced with far different facts than what Plaintiff alleges here. *Id.* at *12-13. Plaintiff still has not identified a "service" for purposes of the CLRA claim.

## VI. RODRIGUEZ'S NEGLIGENCE CLAIMS MUST BE SUMMARILY DISMISSED.

This Court previously held that "Plaintiffs failed to adequately allege any injury that could give rise to a cause of action for negligence or negligence per se." *Navarro*, 2021 U.S. Dist. LEXIS 186918, at *7. Now it is clear why: Plaintiff has no evidence of being injured as a result of Caruso. Rather than offer evidence of injury for purposes of his negligence claims, Rodriguez repeats the *same* arguments he made in the motion to dismiss context and argues that whether Caruso caused him harm "is generally for the trier of fact, and not a matter to be decided on a motion to dismiss." (Opp. at 17:21-22). But Plaintiff forgets that this is no longer a motion to dismiss—it is a summary judgment motion. If he has proof that Caruso caused him injury by allegedly breaching a duty, now is the time to offer that evidence. He fails to do so.

Plaintiff's reference to the *In re Toll Rds. Litig.* case, again, is misplaced. (Opp. at 17:10-16). The defendants in that case argued plaintiffs' negligence claim should be dismissed because a "public entity is not liable for an injury." *In re Toll Rds. Litig.*, 2017 U.S. Dist. LEXIS 233818, at *23. The court rejected this argument and held the negligence claim could be asserted against a public entity, especially where defendants "owed a duty to plaintiffs under contracts and under various sections of the California Vehicle Code." *Id.* at *24. No such allegations of duty and breach exist here and thus, this Action is distinguishable from that case.

In short, without offering proof of duty, breach, and injury attributable to Caruso's conduct, Plaintiff's negligence claims fail and must be summarily dismissed. *See Castillo v. Seagate Tech., LLC*, 2016 U.S. Dist. LEXIS 187428, at *15-16 (N.D. Cal. Sep. 14, 2016).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## VII. RODRIGUEZ OFFERS NO PROOF THAT CARUSO "SERIOUSLY INVADED" HIS PRIVACY UNDER THE CALIFORNIA CONSTITUTION.

The Opposition does not credibly explain how Rodriguez has established the elements for his constitutional privacy claim. As Plaintiff correctly recognizes, he must demonstrate "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) conduct by the defendant that amounts to a serious invasion of the protected privacy interest." (Opp. at 20:9-13) (citing *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal.4th 1, 35-37 (1994)). Yet Plaintiff offers no evidence to establish any of these elements.

As previously discussed, Plaintiff has not offered so much as a Declaration that establishes he ever parked at Caruso's property or had his license plate image photographed. If Plaintiff in fact parked at The Grove, surely he would have evidence of this in his possession, custody, and control. At most, Plaintiff has alleged that when he visited The Grove, "a license plate image was taken of Mr. Rodriguez's vehicle." (CSAC ¶ 103). That is it. But the right to privacy under the California Constitution "protects an individual's *reasonable* expectation of privacy against a *serious* invasion." *Pioneer Elec. USA, Inc. v. Superior Court*, 40 Cal. 4th 360, 371 (2007). An "unsubstantial impact on privacy interests" is insufficient to show a constitutional violation. *Hill*, 7 Cal. 4th at 40 (1994). Rodriguez fails to assert, let alone prove with evidence, a "serious invasion" of privacy. He has not shown the mere capturing of his license plate image has harmed him in any way.

## VIII. CONCLUSION

In light of the foregoing reasons, Caruso's Motion should be granted.

DATED: January 12, 2022                    LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  ___/s/ Zourik Zarifian___
Zourik Zarifian
Attorneys for Defendant,
Caruso Affiliated Holdings, LLC

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4890-4413-5433.6                    12                    2:20-cv-07370-SVW-SK

REPLY IN SUPPORT OF DEFENDANT CARUSO AFFILIATED HOLDINGS, LLC'S MOTION FOR SUMMARY JUDGMENT