Eric J. Bakewell (SBN 241529)
  EBakewell@Willkie.com
Hannah L. McMeans (SBN 323551)
  HMcmeans@willkie.com
Benita S. Yu (SBN 329195)
  BYu@willkie.com
**WILLKIE FARR & GALLAGHER LLP**
2029 Century Park East, Suite 3400
Los Angeles, CA 90067-2905
Telephone:   310 855 3000
Facsimile:   310 855 3099

*Attorneys for* Defendants SKIDATA, INC. and SENTRY CONTROL SYSTEMS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ALVARO NAVARRO, *et al.*, | Case No. 2:20-cv-07370-SVW-SK |
| Plaintiffs, | Hon. Stephen V. Wilson |
| v. | **DEFENDANTS SKIDATA, INC. AND SENTRY CONTROL SYSTEMS, LLC'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** |
| SKIDATA, INC., a Delaware Corporation, *et al.*, | |
| Defendants. | |

Date:      January 24, 2021
Time:      1:30 p.m.
Dept.:     10A

[*Filed concurrently with Evidentiary Objections to Declaration of Blake J. Lindemann; Skidata and Sentry's Reply to Plaintiffs' Response to Skidata and Sentry's Separate Statement of Uncontroverted Facts; and Response to Plaintiffs' Evidentiary Objections*]

Action Filed:    April 17, 2020
Removal Date:  August 17, 2020

49669801

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................1

ARGUMENT ..........................................................................................................2

I.    PLAINTIFFS OFFER NO EVIDENCE TO REFUTE OR DISPUTE THAT SKIDATA IS THE WRONG DEFENDANT ....................................................2

    A.    Plaintiffs Fail To Rebut The Ovando Declaration ..............................2

    B.    Plaintiffs Offer Nothing To Create Any Dispute Of Material Fact .......4

    C.    Plaintiffs Concede That Skidata Is An Improper Defendant And Cannot Be Liable On Plaintiffs' Claims ...........................................5

II.   PLAINTIFFS OFFER NO EVIDENCE TO REFUTE OR DISPUTE THAT THEY HAVE NOT SUFFERED ANY HARM ...........................................6

    A.    Plaintiffs Largely Concede Their Lack Of Harm.................................6

    B.    Plaintiffs Do Not Establish Any Actual Harm.....................................6

III.  PLAINTIFFS OFFER NO EVIDENCE TO SALVAGE ANY OF THEIR CLAIMS .................................................................................................9

    A.    Plaintiffs' ALPR Claim Fails ..............................................................9

    B.    Plaintiffs' CLRA Claim Fails..............................................................10

    C.    Plaintiffs' UCL Claim Fails ...............................................................10

    D.    Plaintiffs' Negligence Claim Fails .....................................................11

    E.    Plaintiffs' Invasion Of Privacy Claim Fails........................................11

    F.    Plaintiffs' Secondary Liability Claims Fail ........................................12

CONCLUSION ......................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986)..................................................................................................4

*Babbitt v. Sweet Home Chapter of Cmtys. for a Great Or.,*
515 U.S. 687 (1995)..................................................................................................7

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986)..................................................................................................3

*Eichenberger v. ESPN, Inc.,*
876 F.3d 979 (9th Cir. 2017)....................................................................................7

*F.T.C. v. Publ'g Clearing House, Inc.,*
104 F.3d 1168 (9th Cir. 1997).............................................................................4, 5

*Gilliam v. Levine,*
– F. Supp. 3d. –, 2021 WL 5441093 (C.D. Cal. Nov. 12, 2021).....................6, 9

*In re Facebook, Inc. Internet Tracking Litig.,*
956 F. 3d 589 (9th Cir. 2020)..................................................................................8

*In re Toll Roads Litig.,*
2017 WL 10399496 (C.D. Cal. Aug. 2, 2017).......................................................10

*Jenkins v. Cnty. of Riverside,*
398 F.3d 1093 (9th Cir. 2005)..........................................................................5, 6, 9

*K.C. v. Superior Court,*
24 Cal. App. 5th 1001 (2018)...................................................................................7

*Nayab v. Capital One Bank (USA), N.A.,*
942 F.3d 480 (9th Cir. 2019)....................................................................................4

*People v. Ramirez,*
79 Cal. App. 4th 408 (2000).....................................................................................9

*Rehburg v. Bob Hubbard Horse Transp., Inc.,*
2020 WL 6260000 (C.D. Cal. Sept. 16, 2020) ........................................................6

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

SKIDATA & SENTRY'S REPLY ISO MOTION FOR SUMMARY JUDGMENT

49669801

*Smith v. LoanMe, Inc.,*
11 Cal. 5th 183 (2021) ........................................................................................7

*Taylor v. List,*
880 F.2d 1040 (9th Cir. 1989) ...........................................................................5

*TransUnion v. Ramirez,*
141 S. Ct. 2190 (2021) .......................................................................................8

**Statutes**

15 U.S.C. § 1681 .................................................................................................4

Cal. Civ. Code § 1798.90.51 .............................................................................10

Cal. Civ. Code § 1798.90.52 .............................................................................10

Cal. Civ. Code § 1798.90.54 .........................................................................7, 10

**Rules**

C.D. Cal. L.R. 56-3 ..........................................................................................6, 9

Fed. R. Civ. P. 56...........................................................................................*passim*

**Other Authorities**

CACI No. 1820....................................................................................................8

Second Restatement of Torts...............................................................................8

Senate Bill 34, 2015-2016 Reg. Sess. (2014) ....................................................7

Senate Bill 34, 2015-2016 Reg. Sess. (2015) ....................................................7

WILLKIE **FARR** & **GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

SKIDATA & SENTRY'S REPLY ISO MOTION FOR SUMMARY JUDGMENT

49669801

**PRELIMINARY STATEMENT**

Plaintiffs' lawsuit against Skidata[1] is at a dead end.  Plaintiffs' Opposition to Skidata's Motion for Summary Judgment (Dkt. 199, the "Motion") cannot salvage Plaintiffs' meritless claims – it provides no meaningful response to Skidata's Motion and offers no admissible evidence (not even declarations from Plaintiffs) to refute or dispute any of Skidata's facts or arguments.  Accordingly, Skidata's Motion should be granted as to all claims asserted against it in Plaintiffs' Corrected Second Amended Complaint (Dkt. 189, "Corrected SAC").

It is undisputable that Skidata is not a proper defendant, that Plaintiffs cannot show any harm, and that Plaintiffs' claims fail as a matter of law.  To wit:

- Plaintiffs submitted no declaration from themselves to establish any element of any claim (or that they even used an automatic license plate recognition ("ALPR") system sold or installed by Skidata).

- Plaintiffs' counsel (Blake Lindemann) cannot create material disputes of fact with his declaration containing vague and conclusory statements about matters well beyond his personal knowledge.

- Skidata sells and installs ALPR systems for customers like shopping center operators and does not operate the ALPR systems.

- Skidata does not engage in any of the activities alleged by Plaintiffs relating to tracking individuals or selling location-based information.

- Plaintiffs have no evidence of any harm that they purportedly suffered as a result of Skidata's conduct or of any relationship with Skidata.

There simply is no basis for liability against Skidata, and Plaintiffs appear to have recognized this inescapable truth themselves.  Plaintiffs' Opposition does not even mention Skidata and is instead filled with irrelevant arguments and citations to authority about standing and pleading standards.  Most strikingly, the Opposition

---

[1] Skidata, Inc. and Sentry Control Systems, LLC are referred to collectively as "Skidata" because the arguments in this Reply are identical for both entities.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

SKIDATA & SENTRY'S REPLY ISO MOTION FOR SUMMARY JUDGMENT

49669801

responds exclusively to arguments relevant to the Defendants that operate and/or own shopping centers (not Skidata) without recognizing Skidata's unique role as a seller and installer of ALPR systems.  Plaintiffs also make no effort to meet their burden of setting forth specific facts showing there is a genuine issue for trial against Skidata.  They rely solely on *allegations*.  But, *allegations* are not *evidence* and do not defeat a summary judgment motion.

## ARGUMENT

Summary judgment should be granted.  Skidata is not a proper defendant. Plaintiffs cannot establish any harm.  And, Plaintiffs' claims against Skidata all fail.

### I. PLAINTIFFS OFFER NO EVIDENCE TO REFUTE OR DISPUTE THAT SKIDATA IS THE WRONG DEFENDANT

The Motion should be granted because Skidata has offered undisputed material facts showing that it is the incorrect defendant and is not liable for any alleged wrongdoings – facts that Plaintiffs do not even try to dispute or rebut.  *See* UMFs 5, 10-11, 15, 17, 22-25.  Plaintiffs also fail to bring forth any evidence of their own to show that a genuine dispute as to a material fact exists.  Plaintiffs, therefore, concede that Skidata is not the right defendant and cannot be held liable.

### A. Plaintiffs Fail To Rebut The Ovando Declaration

Plaintiffs do not identify a single material fact that raises doubts or rebuts Skidata's evidence (Declaration of Marco Ovando) that it is an improper defendant. *See* Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion" by either "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute."); *see generally* Opp'n; Dkt. 199-2 ("Ovando Declaration").[2]

---

[2] Plaintiffs' evidentiary objections to the Ovando Declaration – which should be overruled for reasons stated in the concurrently filed Response to Plaintiffs' Evidentiary Objections – do not create a genuine dispute of material fact because the evidentiary objections are meritless and unsupported by any evidence.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

SKIDATA & SENTRY'S REPLY ISO MOTION FOR SUMMARY JUDGMENT

49669801

Skidata established that it is not a proper defendant given its business as a seller and installer (and not an owner or operator) of ALPR systems. *See* Dkt. 199 at 3:3-5:22; 9:1-10:18. Plaintiffs do not contest with admissible evidence the statements in the Ovando Declaration that Skidata: (1) sells and installs ALPR systems and does not own, operate, monitor, or use the ALPR systems installed at the Malls in this case (*see, e.g.*, Dkt. 199-2, ¶¶ 2, 8, 11, 18-21); (2) does not access ALPR data unless a Mall requests servicing or maintenance of its ALPR system (*see id.*, ¶¶ 21, 23); (3) does not obtain or collect personal information of the Malls' visitors and never associates a Mall's ALPR data with a Mall visitor's personal information (*see id.*, ¶¶ 25, 26); and (4) has no business relationship with the Malls other than providing Skidata's parking management solution (*see id.*, ¶ 31).

Skidata also showed there is no link between Skidata and Plaintiffs' purported harm – with facts that are not disputed by Plaintiffs with any admissible evidence. *See* Dkt. 199 at 3:3-5:22; 9:1-10:18. For example: Skidata: (1) does not provide parking services and has no relationship with the Malls' visitors (*see* Dkt. 199-2, ¶¶ 9, 25, 26); (2) never shares, transmits, sells, or otherwise uses any Mall's ALPR data for marketing or demographic purposes (*see id.*, ¶¶ 10, 24); and (3) never sold ALPR systems to or installed systems for any of the retailers and data aggregators named in the operative complaint and has no relationship relating to ALPR data with these retailers and data aggregators (*see id.*, ¶¶ 9, 32-38).

Plaintiffs' Opposition does not mention the Ovando Declaration or Skidata's evidence. Plaintiffs have done nothing to satisfy their burden of showing a dispute of any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding no genuine issue of fact exists where a party opposing summary judgment "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").[3]

---

[3] Plaintiffs' broad assertion that "Defendants bear the burden of establishing the defense to a privacy statute" is unsupported. Opp'n at 5:12-25. Plaintiffs' cited

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

SKIDATA & SENTRY'S REPLY ISO MOTION FOR SUMMARY JUDGMENT

49669801

## B.     <u>Plaintiffs Offer Nothing To Create Any Dispute Of Material Fact</u>

Plaintiffs fail to present any evidence to create any dispute – let alone a genuine one – of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 459 (1986) (holding there are "genuine factual issues" only if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party").

The Declaration of Blake J. Lindemann – Plaintiffs' sole evidence in support of their Opposition – is devoid of any showing of a genuine dispute of material fact relating to the Motion. *See* Dkt. 201-1 (the "Lindemann Declaration").[4]  The Lindemann Declaration includes nothing from Plaintiffs (not even attaching their statements describing their alleged visits to the Malls or their alleged harm or whether they ever even used an ALPR system installed by Skidata), nothing from members of the purported class, nothing from any investigation by Plaintiffs,[5] and nothing from experts or consultants.  The publicly available information referred or attached to the Lindemann Declaration does not create a genuine dispute of material fact as: (1) nearly all of this information is unrelated to facts in this case (*see* Dkt. 201-1, ¶¶ 11-14); and (2) the Parking-Net.com article cited – besides presenting evidentiary problems – no longer exists (*see id.*, ¶ 10 at 4:15-19).  The Lindemann Declaration has nothing.  *See F.T.C. v. Publ'g Clearing House, Inc.*,

case (*Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 494-95 (9th Cir. 2019)) held that a defendant bears the burden of pleading an exception enumerated in the Fair Credit Reporting Act while also noting that "the ordinary default rule" is "that plaintiffs bear the risk of failing to prove their claims."

[4] The concurrently filed Evidentiary Objections to Declaration of Blake J. Lindemann explain in detail the evidentiary problems with the declaration.

[5] Plaintiffs' counsel declared in opposition to Skidata's Rule 11 motion (*see* Dkt. 169) that: "We factually investigated the claims and factual underpinning of the claims and parties . . . . [, and] [w]e performed the investigation of the various sites in person, through the use of consultants, and through publicly available sources." Dkt. 173-1, ¶ 15.  The absurdity of that statement is discussed at length in Skidata's reply supporting its Rule 11 motion.  *See* Dkt. 184, at 6-7.  But, suffice it to say, Plaintiffs should have disclosed the results of the purported investigations in response to Defendants' motions for summary judgment if they actually happened.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

SKIDATA & SENTRY'S REPLY ISO MOTION FOR SUMMARY JUDGMENT

49669801

104 F.3d 1168, 1171 (9th Cir. 1997) (as amended) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data.").

Additionally, the Lindemann Declaration contains nothing that questions, undermines, or contradicts Skidata's evidence.  The Lindemann Declaration does not once mention or cite the Ovando Declaration or provide any admissible evidence refuting anything in the Ovando Declaration.  *See generally* Dkt. 201-1.  Further, the word "Skidata" only appears in the Lindemann Declaration as part of the web address of the Parking-Net.com article which (on top of no longer existing and presenting evidentiary problems) is cited in the Lindemann Declaration for a point that has no apparent relation to Skidata.  *See* Dkt. 201-1 at 4:13-19.  The Lindemann Declaration reinforces that Skidata is the wrong defendant and cannot be liable for the purported violations.

The glaring nonexistence of Plaintiffs' declarations highlights the complete lack of admissible evidence to back Plaintiffs' claims.  Plaintiffs presumably know, for example, about their own visits to a Mall, whether they used an ALPR system installed by Skidata, how they were harmed, and whether they have a relationship with Skidata (and, if so, the nature of this relationship).  But, they offer nothing on any of these basic facts and, therefore, cannot defeat summary judgment.

## C.    Plaintiffs Concede That Skidata Is An Improper Defendant And Cannot Be Liable On Plaintiffs' Claims

Plaintiffs' Opposition concedes all of Skidata's arguments as Plaintiffs' failed to address Skidata's statements of facts and legal contentions or provide any evidence refuting Skidata's arguments.  The word "Skidata" is not even in the Opposition.  *See Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (noting plaintiff "abandoned" two of her claims "by not raising them" in

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

5

49669801

opposition to summary judgment); *Gilliam v. Levine*, – F. Supp. 3d. –, 2021 WL 5441093, at *8 (C.D. Cal. Nov. 12, 2021) (granting summary judgment on a claim because plaintiff's "opposition entirely fails to brief" the claim and "conceded" defendant's argument); *Rehburg v. Bob Hubbard Horse Transp., Inc.*, 2020 WL 6260000, at *4 n.2 (C.D. Cal. Sept. 16, 2020) (construing plaintiff's "failure to address specific issues raised" in defendant's summary judgment motion "as her conceding those points"). The facts offered by Skidata – given Plaintiffs' concession – should be deemed undisputed and summary judgment entered given Plaintiffs' concession. *See* Fed. R. Civ. P. 56(e)(2)-(3); C.D. Cal. L.R. 56-3.

## II. <u>PLAINTIFFS OFFER NO EVIDENCE TO REFUTE OR DISPUTE THAT THEY HAVE NOT SUFFERED ANY HARM</u>

Plaintiffs cannot establish a genuine dispute of material fact regarding harm. They concede with respect to most of Skidata's arguments regarding harm (which is fatal to their claims). They also offer no evidence showing harm or establishing any genuine dispute of material fact regarding harm.

### A. <u>Plaintiffs Largely Concede Their Lack Of Harm</u>

Plaintiffs do not address most of the harm arguments in Skidata's Motion. *See generally* Opp'n; *see* Mot. at 10:19-17:11. Instead, Plaintiffs regurgitate the harm section of their opposition to Skidata's motion to dismiss the SAC almost word-for-word. *Compare* Opp'n at 8:4-12:13 *with* Dkt. 146 at 9:19-14:3. Therefore, the Opposition neither accounts for Skidata's summary judgment-specific arguments (namely, that Plaintiffs' allegations and non-existent evidence are insufficient to establish harm) nor offers facts or evidence to establish any genuine disputes of material fact. *See Jenkins*, 398 F.3d at 1095 n.4; *Gilliam*, 2021 WL 5441093, at *8; Fed. R. Civ. P. 56(e)(2)-(3); C.D. Cal. L.R. 56-3; *supra* § 1.C.

### B. <u>Plaintiffs Do Not Establish Any Actual Harm</u>

Plaintiffs still attempt to argue (incorrectly) that the mere allegation that Defendants violated the ALPR statute is enough to establish harm under the statute.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

SKIDATA & SENTRY'S REPLY ISO MOTION FOR SUMMARY JUDGMENT

49669801

*See* Opp'n at 9:6-23.  But, Defendants' claims all require actual harm.  *See* Cal. Civ. Code § 1798.90.54 (providing a private right of action under the ALPR statute for "an individual who has been harmed by a violation of this title"); *see also* Mot. at 10:24-12:12.  The ALPR statute's language also requires harm beyond a technical "violation of this title."  *See* Cal. Civ. Code § 1798.90.54; *see also* Mot. at 11:1-15; *K.C. v. Superior Court*, 24 Cal. App. 5th 1001, 1012 n.4 (2018) ("[W]here the Legislature uses two different words in the same sentence, we assume it intended the words to have different meanings.").

Plaintiffs' litany of references to decisions based on different privacy laws cannot alter the text of the ALPR statute.  *See* Opp'n at 8:6-9:5.  For example, Plaintiffs argue that the word "harm" in "the privacy context" (which they argue includes the ALPR statute) is to be interpreted broadly.  *See id.* at 8:6-7.  However, the cases Plaintiffs cite in support all relate to different privacy issues having nothing to do with the ALPR statute.  *See Babbitt v. Sweet Home Chapter of Cmtys. for a Great Or.*, 515 U.S. 687, 705 (1995) (interpreting provision of the Endangered Species Act); *Smith v. LoanMe, Inc.*, 11 Cal. 5th 183 (2021) (interpreting provision of California Invasion of Privacy Act imposing liability for recording telephonic communications without proper consent); *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 984 (9th Cir. 2017) (analyzing whether violation of the Video Privacy Protection Act constituted a "concrete injury" for purposes of Article III standing).

The ALPR statute's legislative history also shows that actual harm is needed to establish a claim.  *See* Mot. at 11:1-15.  Plaintiffs' cited cases confirm that statutes should be interpreted "in pursuance of the legislative purpose."  *See Smith*, 11 Cal. 5th at 190.  Yet, Plaintiffs ignore the legislative history for the ALPR Statute which makes clear that a "harm" beyond a technical "violation" is required. *Compare* Senate Bill 34, 2015-2016 Reg. Sess. (2014) (introduced) *with* Senate Bill 34, 2015-2016 Reg. Sess. (2015) (as amended by the Comm. on Privacy & Consumer Prot.) (showing that later version of bill which became law replaced the

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

7

49669801

words "that violation" with "the harm").[6]  The change from "violation" to "harm" demonstrates the Legislature's intent to require actual harm for a civil claim.

*TransUnion v. Ramirez* also fails to help Plaintiffs in circumventing the actual harm requirement.  Plaintiffs use *TransUnion* to argue that statutory violations constitute "de facto" harm.  *See* Opp'n at 9:6-23 (citing *TransUnion*, 141 S. Ct. 2190, 2203 (2021)).  But, Plaintiffs confuse the question analyzed in *TransUnion* (whether plaintiffs established the injury-in-fact necessary for Article III standing) with the relevant question here (whether plaintiffs established the actual harm required by the ALPR statute).  *TransUnion* does not speak to the latter (relevant) question.  Plaintiffs cannot establish actual harm.

Plaintiffs' desperate attempt to circumvent the ALPR statute's actual harm requirement through references to CACI No. 1820, the Second Restatement of Torts, and *In re Facebook* likewise cannot rewrite the ALPR statute in their favor.  *See* Opp'n at 9:24-11:4.  These sources deal with disparate statutes and dissimilar situations.  *See* CACI No. 1820 (does not address the ALPR statute and does not account for Plaintiffs' failures to allege or establish damages including emotional distress damages); Second Restatement of Torts (substantially similar critique); *In re Facebook, Inc. Internet Tracking Litig.*, 956 F. 3d 589 (9th Cir. 2020) (does not address the ALPR statute, analyzes the separate question of Article III standing, and relies on facts indicating defendant's conduct would harm plaintiffs' ability to control their personal information).

The Opposition mostly ignores Skidata's argument that Plaintiffs cannot establish harm for their CLRA, UCL, negligence, and privacy claims.  *See* Mot. at 11:16-17:11.  But, Plaintiffs do argue (incorrectly) that they established the requisite harm for their UCL claim since they established their ALPR claim.  *See* Opp'n at 13:7-9.  This is untrue as Plaintiffs did not establish their ALPR claim.

---

[6] *See* https://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id= 201520160SB34.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

49669801

Moreover, the rest of Plaintiffs' argument regarding "injury" under the UCL makes no sense.  Plaintiffs assert they "established facts to establish injury," but the following paragraphs do not discuss facts.  *See id.* at 12:22.  Instead, Plaintiffs engage in an out-of-place discussion of pleading standards and standing issues.  *See id.* at 12:22-13:28.  Plaintiffs conclude that they "established that they were customers of parking services, which constitutes an injury to property pursuant to § 17200" and that they were required to "pay for parking."  *See id.* at 14:1-6.  How this translates to an injury recognized under the UCL (much less one caused by a seller and installer of ALPR systems such as Skidata) remains a mystery.

### III. <u>PLAINTIFFS OFFER NO EVIDENCE TO SALVAGE ANY OF THEIR CLAIMS</u>

None of Plaintiffs' claims survive Skidata's Motion.  Plaintiffs generally accepted Skidata's legal arguments across-the-board and conceded that there is no genuine dispute of material fact because they ignored Skidata's arguments and evidence.  *See Jenkins*, 398 F.3d at 1095 n.4; *Gilliam*, 2021 WL 5441093, at \*8; Fed. R. Civ. P. 56(e)(2)-(3); C.D. Cal. L.R. 56-3; *supra* § 1.C.  Whatever token opposition Plaintiffs offered for particular claims does not save the claims.

#### A. <u>Plaintiffs' ALPR Claim Fails</u>

Plaintiffs' Opposition wrongly asserts that "Defendants do not address the statutory definition of 'ALPR Operator' in their Motions."  Opp'n at 6:23-24.  But, Skidata's Motion addressed the definition and explained why a seller and installer of ALPR systems is not an "operator."  Dkt. 199 at 17:17-28.  The Opposition completely ignores Skidata's argument and instead proposes that the Court apply the interpretation of the term "operator" in *People v. Ramirez*.  *See* 79 Cal. App. 4th 408, 415 (2000); Opp'n at 7:3-15.  But, *Ramirez* (a criminal case dealing with whether a defendant operated a "chop shop" and various Penal and Vehicle Code statutes) held that "[t]he definitions of . . . operator [for purposes of the 'chop shop' statute] clearly envision someone who exercises some form of control over *or*

9

SKIDATA & SENTRY'S REPLY ISO MOTION FOR SUMMARY JUDGMENT

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

*active involvement*" in a process. *Id.* It concluded that defendant was an "operator" for purposes of the "chop shop" statute because it "had more than a 'mere participation' in the operation." *Id.*

Skidata only sells and installs ALPR systems and is not involved in the operation of ALPR systems. As a result, Skidata is not an "operator" under any plausible definition of the term including the definition Plaintiffs borrowed from a criminal case involving a "chop shop" statute.

Tellingly, not even Plaintiffs themselves seem to believe in their expansive interpretation of the term "operator." Plaintiffs also argue that the ALPR statute is universally applicable to any "person" regardless of whether a person "operates" an ALPR system. Opp'n at 6:12-21. But, such a reading of the ALPR statute makes no sense. Liability under §1798.90.54(a) requires "a violation of this title," and the titles sets forth obligations specifically for "ALPR operator[s]", not for any "person." *See* Cal. Civ. Code §§ 1798.90.51-52.

### B.    **Plaintiffs' CLRA Claim Fails**

Plaintiffs' arguments concerning their CLRA claim miss the point. Plaintiffs admit that they are "consumers" and that they received parking "services for personal consumption" without specifying who provided those services.[7] Opp'n at 15:13-17. But, Skidata does not provide any services to consumers much less parking services. Dkt. 199 at 18:18-27. The CLRA does not apply without such a service, and summary judgment is warranted with respect to Plaintiffs' claim.

### C.    **Plaintiffs' UCL Claim Fails**

Plaintiffs further concede that they cannot establish a claim against Skidata under the "unfair" and "fraudulent" prongs of the UCL. Plaintiffs concede that they

---

[7] Plaintiffs cite *In re Toll Roads Litigation*, 2017 WL 10399496, *3 (C.D. Cal. Aug. 2, 2017), for the proposition that "transmitting an ALPR image" is a service. Dkt. 201 at 15. That is incorrect as the decision concerns the pleading standard (and accepted the plaintiffs' allegations as true) and does not relate to (or mention) ALPR technology or parking services.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

SKIDATA & SENTRY'S REPLY ISO MOTION FOR SUMMARY JUDGMENT

49669801

need to establish a violation of the ALPR statute or the CLRA in order to establish a claim under the UCL's unlawful prong. Opp'n at 13:7-9. They failed to do so.

Moreover, the Opposition entirely ignores Skidata's argument that it only sells and installs ALPR systems and that its business conduct cannot plausibly affect Plaintiffs. Dkt. 199 at 19:19-20:14; Opp'n at 15:19-17:6. Evidently, the Opposition responds not to Skidata's motion for summary judgment, but to a motion to dismiss previously submitted by one of the mall defendants (which explains why Plaintiffs argue that they have "standing" to seek "restitution for any amounts paid for parking"). Opp'n at 16:1-14.

### D. Plaintiffs' Negligence Claim Fails

Plaintiffs concede that Skidata did not owe Plaintiffs a duty of care. *Id.* at 17:7-19:19. The Opposition does not even bother addressing Skidata's argument that there is no evidence or legal theory that suggests Skidata (an entity that sells and installs ALPR systems at Malls) owes Plaintiffs (alleged visitors of the Malls) a duty of care. Dkt. 199 at 20:24-21:5. Instead, Plaintiffs seem to believe they can establish a negligence claim with general (and incorrect) statements such as "negligence applies in ALPR technology used by California transportation agencies" and "Defendants also ignore the trend to allow a negligence claim in a privacy case" (as opposed to evidence). Opp'n at 17:7-19. They cannot.[8]

### E. Plaintiffs' Invasion Of Privacy Claim Fails

Plaintiffs concede that their privacy claim fails as a matter of law. The arguments in the Opposition are again copied from Plaintiffs' earlier opposition to

---

[8] Plaintiffs also concede that the economic loss rule bars their negligence claim. They ignore that argument (and most of Skidata's arguments) and instead copy from their earlier opposition to Skidata's motion to dismiss. *Compare* Opp'n at 17:27-19:19 *with* Dkt. 146 at 19:15-21:6. And, they fail to establish a "legal duty" owed by Skidata or a "special relationship" between Skidata and Plaintiffs that would allow Plaintiffs to meet an exception to the economic loss rule. *See* Mot. at 20:15-22:12.

49669801

Skidata's motion to dismiss. *Compare* Opp'n at 19:20-21:27 *with* Dkt. 146 at 21:7-23:13. The Opposition ignores Skidata's summary judgment arguments including the clear authority stating there is no reasonable expectation of privacy in license plate information and the many cases in which courts permitted the disclosure of comparatively more "private" information. Dkt. 199 at 22:13-23:21.

### F.    Plaintiffs' Secondary Liability Claims Fail

Plaintiffs appear to have abandoned their claims based on secondary liability theories. Dkt. 189, ¶¶ 15, 17, 106. They concede that they cannot establish a secondary liability claim by not addressing any of Skidata's summary judgment arguments. Dkt. 199 at 23:27-27:7. Plaintiffs' single reference to secondary liability is found in a footnote which contains a general and conclusory statement. Opp'n at 7, n.3. That is not nearly enough to establish a claim based on a secondary liability theory. Accordingly, Skidata is entitled to summary judgment with respect to Plaintiffs' secondary liability claims.

### CONCLUSION

For the foregoing reasons, Skidata and Sentry respectfully request that the Court: (1) grant summary judgment on all of Plaintiffs' claims; or, in the alternative; (2) grant partial summary judgment on those claims as to which the undisputed material facts preclude recovery by Plaintiffs.

Dated: January 12, 2022        WILLKIE FARR & GALLAGHER LLP

By:  /s/ Eric J. Bakewell
     Eric J. Bakewell
     Hannah L. McMeans
     Benita S. Yu

     Attorneys for Defendants
     SKIDATA, INC. and SENTRY
     CONTROL SYSTEMS, LLC

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.855.3000

12

49669801