UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | | Date | December 7, 2022 |
|---|---|---|---|---|
| Title | *Navarro v. Ski Data et. al.* | | | |

**JS-6**

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**    ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [190] [194] [195] [196] [198] [199]

## I.    Introduction

Before the Court are motions for summary judgment filed by the following defendants in this action:

- Taubman Centers, Inc., Taubman Company, LLC, and Taubman Realty Group Limited Partnership ("Taubman") – ECF No. 190

- Caruso Affiliated Holdings, LLC ("Caruso") – ECF No. 194

- Brookfield Properties Retail, Inc., Brookfield Property Reit, Inc., GGP-Glendale, LLC, Glendale I Mall Associates, LLP ("Brookfield") – ECF No. 195

- Westfield Property Management, LLC ("Westfield") – ECF No. 196

- Park Assist, LLC ("Park Assist") – ECF No. 198

- Sentry Control Systems, LLC and Ski Data, Inc. ("Skidata") – ECF No. 199

(Collectively, "Defendants"). For the forthcoming reasons, the motions are all GRANTED in full.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | Date | December 7, 2022 |
|---|---|---|---|
| Title | *Navarro v. Ski Data et. al.* | | |

**JS-6**

II.    **Factual and Procedural Background**[1]

1.    **Factual Background**

The general factual background of this case is simple.[2] Plaintiffs drove their cars to park at shopping malls at various locations in the Los Angeles area. Plaintiffs discovered that their license plates were being photographed at the time they entered the parking lots. Plaintiffs decided to file suit against both the shopping malls and the manufacturers of the technology used to scan the license plates.

Defendant Skidata, Inc. sells and services parking lot management technology, including automated license plate recognition ("ALPR") systems. Declaration of Marco Ovando, ECF No. 199-2 ("Ovando Decl."), at ¶ 2. Skidata acquired and integrated Sentry in approximately 2019. *Id.* ¶ 3. Likewise, Defendant Park Assist (collectively with Skidata, "System Defendants") manufactures and installs similar systems, which are used at the Glendale Galleria. Declaration of Scott Dubois, at ECF No. 198 ("Dubois Decl."), ¶ 2.

In general, this technology works by installing a light over a parking spot. When the spot is empty, the light is green. When it is occupied, the light turns red. Defendant Park Assist's Motion for Summary Judgment, at ECF No. 198 ("Park Assist MSJ") at 5-6. The technology system then captures the license plate number of the car entering the lot. *Id.* at 6-7. This technology is intended to be used to

---

[1] All facts are undisputed unless otherwise stated and are derived from the parties' briefs and supporting materials. Nothing in this section should be construed as a factual finding; rather, this section is merely background information regarding the instant lawsuit. "To the extent certain facts or contentions are not mentioned in this Order, the Court has not found it necessary to consider them in reaching its decision." *Sarieddine v. Vaptio, Inc.*, 2021 WL 4731341, at *1 (C.D. Cal. June 15, 2021).

The Court further observes that Plaintiffs appear to have attempted to make a cross-motion for summary judgment in their opposition papers. Because, as Defendants point out, this is improper, the Court declines to consider Plaintiffs' so-called cross-motion and addresses only the summary judgment motions made by the Defendants. *See* Response to Plaintiff's Brief in Further Opposition to Defendant Caruso Affiliated Holdings' Motion for Summary Judgment, at ECF No. 246, at 11-12.

[2] For additional factual background, see the Court's prior Order at ECF No. 130.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | Date | December 7, 2022 |
|---|---|---|---|
| Title | *Navarro v. Ski Data et. al.* | | |

**JS-6**

help customers locate available parking spots and their vehicles after shopping. *Id.* Neither of the System Defendants own the data collected by their technological devices. Park Assist MSJ at 7; Skidata MSJ at 16.

The Brookfield defendants own and manage the Glendale Galleria parking lot. Brookfield Defendants' Memorandum in Support of its Motion for Summary Judgment, ECF No. 95 ("Brookfield MSJ"), at 2. The Glendale parking lot contains equipment owned by Park Assist to scan and recognize license plates as they enter the facility. *Id*; *see also* Declaration of Steven Sayers ("Sayers Decl."), at ¶ 2.

The remaining defendants—Taubman, Caruso, and Westfield (collectively, the "Mall Defendants")—operate malls in the Los Angeles, California area, including the Third Street Promenade, the Grove, the Beverly Center, Westfield Century City, the Americana Mall in Glendale, and the Glendale Galleria. *See* Taubman Motion for Summary Judgment, at ECF No. 190 ("Taubman MSJ"); Caruso Motion for Summary Judgment, at ECF No. 194 ("Caruso MSJ"); Westfield Motion for Summary Judgment, at ECF No. 196 ("Westfield MSJ").

## 2. Procedural History

Plaintiffs originally filed the instant lawsuit in the Los Angeles Superior Court on April 17, 2020. Park Assist removed the action to federal court. The Court denied Plaintiffs' motion to remand. After granting motions to dismiss, Plaintiffs amended their complaint.

Plaintiffs bring eight causes of action against the defendants: (1) violation of California Civil Code section 1798.90.54, unauthorized access of ALPR information; (2) violation of California Civil Code section 1798.90.54, unauthorized use of ALPR information; (3); violation of California Civil Code section 1798.90.51(a), failure to maintain reasonable practices to protect unauthorized access and use; (4) violation of California Civil Code section 1798.90.51(b), failure to implement code compliant privacy policies and to maintain a record; (5) violation of the California Consumer Legal Remedies Act; (6) violation of the California Unfair Competition Law; (7) negligence and negligence per se; and (8) violation of the California Constitution's right to privacy. *See generally* Corrected Second Amended Complaint ("SAC" or "Compl."), ECF No. 198.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | Date | December 7, 2022 |
|----------|----------------------|------|------------------|
| Title | *Navarro v. Ski Data et. al.* | | |

**JS-6**

Plaintiffs make the following allegations about how they were harmed by Defendants' actions: they "paid money for credit monitoring, some of them sustained breaches to their accounts and credit cards as a result of Defendants conduct as specifically alleged, the value of their PII was diminished, informational value of damages, the use of PII in the case of Mr. Navarro to track is whereabouts [*sic*][.]" (*Id.* ¶ 244 (enumerating alleged harm in context of Claim One); *see id.* ¶ 282 (incorporating harms alleged previously into Claim Two), ¶ 318 (same regarding Claim Three), ¶ 347 (Claim Four).).)"

Initially, the defendants moved to dismiss the complaint. After granting the initial motions and allowing Plaintiffs to amend their complaint, Defendants again moved to dismiss. The Court converted the motions to allow the parties to conduct further discovery, with the motions due in December 2021. The parties accordingly conducted discovery in this case to ascertain whether Plaintiffs' personally identifying information had been improperly used or stored by the Defendants.

In the December 2021, Defendants moved for summary judgment. ECF Nos. 190, 194, 195, 196, 198, 199. Plaintiff opposed. The Court heard oral argument on the motions and took the motions under submission. Subsequently, the Court permitted Plaintiffs to conduct further discovery by deposing various representatives from the Defendants' companies. The Plaintiffs thereafter filed a supplemental opposition. The Defendants filed responses.

For the forthcoming reasons, summary judgment is granted as to all Defendants' motions before the Court.

**III.    Legal Standard**

**A.  Summary Judgment**

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the factual record that] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party satisfies its initial burden, the non-moving party must demonstrate with admissible evidence that

|                          |   | : |        |
|--------------------------|---|---|--------|
| Initials of Preparer     |   |   | PMC    |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | Date | December 7, 2022 |
|---|---|---|---|
| Title | *Navarro v. Ski Data et. al.* | | |

**JS-6**

genuine issues of material fact exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56 . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.").

A material fact for purposes of summary judgment is one that "might affect the outcome of the suit" under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## IV.     Evidentiary Objections

At the summary judgment stage, a district court should "focus on the admissibility of the [evidence's] contents" and not the form in which the evidence is presented—it is sufficient that a party will be able to produce evidence in its admissible form at trial. *Sarieddine*, 2021 WL 4731341, at *1. "Objections to evidence on the ground that it is irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself" and thus need not be considered on a motion for summary judgment. *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1120 (E.D. Cal. 2006).

First, various Defendants object to the Declaration of Blake Lindemann, counsel for Plaintiffs, which was the only evidence attached to Plaintiffs' original opposition motion, at ECF No. 201-1; *see* ECF No. 222, Defendant Park Assist's Objection to Lindemann Declaration. The Court need not address these objections individually, as the objections—for example, for improper legal conclusions—are duplicative of the summary judgment standard itself.

Defendants also state that the declaration presents issues with the rule against hearsay. Again, the Court need not address the hearsay objections at the present time because the declaration is, as discussed further below, insufficient to raise a genuine issue of fact.

Various Defendants also move to strike and raise evidentiary objections to the Declaration of Areliz Navarro, ECF No. 239-3; the Declaration of Jina Howell, ECF No. 239-4; the Declaration of Rada Gasanova Hayes, ECF No. 239-5; the Declaration of Leilani Ross, ECF No. 239-6; and the

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | Date | December 7, 2022 |
|----------|----------------------|------|------------------|
| Title | *Navarro v. Ski Data et. al.* | | |

**JS-6**

Declaration of Cristian Rodriguez, ECF No. 239-2. These declarations were submitted by Plaintiffs after the Court permitted them to take further depositions. ECF No. 231.

The Court agrees that these declarations were untimely because they were not included in Plaintiffs' original opposition. Additionally, the Court finds it strange that some declarations are not made by Plaintiffs whose names appear on the caption of the operative complaint. The declarations are also outside the scope of the Court's order at ECF No. 231 for two reasons: first, because the Court allowed Plaintiffs to conduct more depositions, and the declarations do not reflect information gleaned from those depositions; and second, because the declarations contain only information available to Plaintiffs before they were permitted to conduct further discovery. *See* C.D. Cal. Local Rules 7-9, 7-12, and 56-3 (requiring that all evidence in opposition to a summary judgment motion must be filed with the opposition, unless leave is granted pursuant to Federal Rule of Civil Procedure 56(d)).

The Court nevertheless declines to strike the declarations for the purposes of resolving the instant motions for summary judgment because, as discussed further below, the declarations are insufficient to aid Plaintiffs in meeting their burden to overcome Defendants' motions for summary judgment.

Last, Defendants also object to the second Declaration of Blake Lindemann, largely on the basis that it is irrelevant, confusing, misleading, and wastes time. *See, e.g.*, Defendant Skidata's Evidentiary Objections to Declaration of Blake Lindemann, at ECF No. 251-2. These objections are also duplicative of the summary judgment standard. Defendants also make hearsay objections, largely to the attachments to the declaration consisting of Lindemann's own deposition summaries. The Court agrees that the deposition transcripts may be hearsay and may also mischaracterize deposition testimony, but the Court declines to rule on this objection because the Court's holding does not rely on Plaintiffs' attached summaries.

Plaintiffs also make evidentiary objections to Defendants' summary judgment evidence. Plaintiffs more specifically object to the declarations of William Knarre, ECF No. 190-1, Jackie Levy, ECF No. 194-2, Steven Sayers, ECF No. 195, Louis Schillace, ECF No. 196-2, Ryan Perry, ECF No. 196-3, Scott Dubois, ECF No. 198-2, and Marco Ovando, ECF No. 199-2. ECF No. 201-6, Plaintiffs' Consolidated Evidentiary Objections and Requests to Strike, *passim*. As with many of Defendant's objection, the Court need not address most of Plaintiffs' objections are duplicative of the summary

|  | : |
|--|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | Date | December 7, 2022 |
|---|---|---|---|
| Title | *Navarro v. Ski Data et. al.* | | |

**JS-6**

judgment standard itself. To the extent that the Court relies on any of the statements that allegedly violate the rule against hearsay, Plaintiffs' objections are overruled.

## V.    Application

### A.  Summary Judgment is Warranted as to Plaintiffs' Alter Ego and Secondary Liability Theories Because Plaintiffs Have Not Met Their Burden in Establishing Such Liability

As a threshold matter, in the operative complaint, Plaintiffs alleged that some individual Defendants were liable under an alter ego theory, or that Defendants were secondarily liable for somehow acting in concert with one another. *See* Compl. at ¶¶ 15, 17, 106. "California law provides that the party seeking to have the corporate entity disregarded has the burden of proving that the alter ego theory should be applied." *Matter of Christian & Porter Aluminum Co.,* 584 F.2d 326, 338 (9th Cir.1978). Likewise, Plaintiffs bear the burden of showing that Defendants acted in concert or are otherwise liable for the acts of the other Defendants.

As some Defendants point out, *see, e.g.*, Skidata MSJ at 23-25, Plaintiffs seem to have abandoned their alter ego and secondary liability theories because Plaintiffs do not mention these theories in their opposition papers. The Court agrees that these arguments are likely waived. Alternatively, due to this lack of evidence attached to Plaintiffs' opposition papers, the record before the Court does not support these theories of liability.

The Court therefore grants summary judgment in full to any remaining individually named defendants in this action and as to all Defendants regarding Plaintiffs' secondary liability theory.

### B.  Summary Judgment is Warranted on Plaintiff's First Through Fourth Causes of Action, Violations of the California ALPR Statute

#### 1. Statutory Interpretation – General Principles

"In interpreting the language of a statute, our task is to construe [the Legislature's] intent, and doing so requires us to 'begin, as always, with the language of the statute.'" *Chubb Custom Ins. Co. v.*

|  |  | : |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-07370-SVW-SK | Date | December 7, 2022 |
| Title | *Navarro v. Ski Data et. al.* | | |

**JS-6**

*Space Sys./Loral, Inc.*, 710 F.3d 946, 958 (9th Cir. 2013). "Statutory language typically is the best and most reliable indicator of the Legislature's intended purpose." *Judd v. Weinstein*, 967 F.3d 952, 956 (9th Cir. 2020). When looking at statutory language, "unless otherwise defined, 'words will be interpreted as taking their ordinary, contemporary, common meaning.'" *Chubb Custom Ins. Co.*, 710 F.3d at 958 (citation omitted). The Court "may consult dictionary definitions in an attempt to capture the common contemporary understandings of a word." *Pac. Coast Fed. Of Fishermen's Ass'n v. Glaser*, 945 F.3d 1076, 1084 (9th Cir. 2019). Courts may "examine the legislative history . . . and other traditional aids of statutory interpretation in order to ascertain [legislative] intent." *Heavenly Hana L.L.C. v. Hotel Union & Hotel Indus. of Haw. Pension Plan*, 891 F.3d 839, 844 (9th Cir. 2018).

### 2. Actual Harm is Required to Prevail Under the California ALPR Statute

The California ALPR statute applies to "ALPR operators" and "APLR end-users." Cal. Civ. Code §§ 1798.90.51, 1798.90.53. Operators are those who "operate[] an APLR system," while end users "access[] or use an ALPR system." *Id.* §§ 1798.90.5(a), (c). Though California courts have not yet specifically elucidated the meaning of "operator" under the ALPR statute, typically, "operate" means to "control," "manage," or "have active involvement" in running the activities in question. *See Long Beach Unified Sch. Dist. v. Dorothy B. Goodwin California Living Tr.*, 32 F.3d 1364, 1367 (9th Cir. 1994) (in the context of CERCLA, the federal Superfund statute, an "operator" must "play an active role in running the facility, typically involving hands-on, day-to-day participation in the facility's management."). Plaintiffs assert that the Defendants are operators but have not alleged in the operative complaint that any defendant is an end-user.

The statute authorizes recovery for "an individual who has been harmed by a violation of this title, including, but not limited to, unauthorized access or use of ALPR information or a breach of security of an ALPR system." *Id.* § 1798.90.54. Such individuals may "bring a civil action . . . against a person who knowingly caused the harm." *Id.* The statute authorizes the award of actual damages, or, at minimum, liquidated damages in the amount of two thousand five hundred dollars. *Id.*

The parties dispute whether actual harm is required to establish a violation of the California ALPR statute. The Court holds that it is.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | Date | December 7, 2022 |
|---|---|---|---|
| Title | *Navarro v. Ski Data et. al.* | | |

**JS-6**

First, the plain language of the statute shows that actual harm is necessary to establish a violation of the statute. The statute explicitly authorizes recovery for those who "[have] been harmed." The ordinary meaning of harm, according to the Merriam-Webster Dictionary, is "physical or mental damage; injury." Black's Law Dictionary is in accord, defining harm as "injury, loss, damage; material or tangible detriment." 10th ed. 2014.[3]

This definition of "harm" contrasts with the plain meaning of "violation," which Black's Law Dictionary defines as "[a]n infraction or breach of the law; the act of breaking or dishonoring the law; a contravention of right or duty." The former definition accordingly describes what must necessarily occur to the plaintiff in order to establish a statutory violation. The latter describes only a defendant's conduct.

Second, though the statute's plain language is clear, the legislative history of the statute shows that the California Legislature intended to require that a plaintiff be actually harmed to establish liability against a defendant.[4] In the Senate Bill 34, the bill that became the ALPR statute, the Senate originally established a cause of action against someone who caused "that violation" of the statute.[5] But when the bill was amended, the legislature chose to omit the words "that violation." Instead, it drafted the bill as providing a cause of action not based on "the violation," but instead on "the harm."[6]

---

[3] Taubman asks the Court to take judicial notice of several dictionary definitions of the word "harm." ECF No. 191. Dictionary definitions are properly the subject of judicial notice. The Court therefore takes judicial notice of these definitions. *Threshold Enters v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020).

[4] Taubman and Westfield ask the Court to take judicial notice of the ALPR statute's legislative history. ECF Nos. 191, 197 The request for judicial notice is granted because "[l]egislative history is properly a subject of judicial notice." *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012).

[5] Senate Bill 34, 2015–2016 Reg. Sess. (2014) (introduced), https://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=201520160SB34.

[6] Senate Bill 34, 2015–2016 Reg. Sess. (2015) (as amended by the Comm. on Privacy & Consumer Prot.) https://leginfo.legislature.ca.gov/ faces/billNavClient.xhtml?bill_id=201520160SB34.

| | | : | |
|---|---|---|---|
| | Initials of Preparer | PMC | |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-07370-SVW-SK | Date | December 7, 2022 |
|---|---|---|---|
| Title | *Navarro v. Ski Data et. al.* | | |

#### JS-6

"Few principles of statutory construction are more compelling than the proposition that Congress does not intend sub silentio to enact statutory language that it has earlier discarded in favor of other language." *INS v. Cardoza-Fonesca*, 48 U.S. 421, 443 (1987). This drafting choice by the California legislature shows that it intended harm to be distinct from a technical violation of the statute that is not accompanied by actual harm. The canon of surplusage dictates that every word in a statute should be given effect. The California Legislature could have omitted the word harm, but its decision to include it dictates that the Court afford the word "harm" its full meaning.

Third, this construction of the ALPR statute is reasonable. License plates are publicly visible on cars, making it likely that they are captured numerous times per day by stoplights, camera-wielding pedestrians, and security cameras. Relatedly—and, perhaps, regrettably—life in the twenty-first century is defined by an ever-increasing amount of digital surveillance. Requiring plaintiffs to show actual harm and a knowing violation therefore balances judicial efficiency against protecting litigants from misuse of ALPR and personally identifying information.

### 3. The ALPR Statute Does Not Require that Operators and End Users Obtain Authorization from Vehicle Owners Before Capturing ALPR Information

Plaintiff's arguments that the ALPR statute requires authorization by license plate holders, and that the statute bars operators and end-users from granting any third parties access to ALPR data, both lack merit.

As several defendants point out, the statute's reference to authorization comes not in the definitional section, but instead in the section requiring that ALPR operators and end-users enact policies that establish authorized uses of the data and to ward off unauthorized uses. *See* Cal. Civ. Code section 1798.90.51. The plain language of this section shows that references to "authorization" refer to what operators and end-users do with the ALPR data after it is collected, not to permission by license plate owners.

Similarly, the statute does not explicitly bar operators or end users from sharing the data with any third parties. The statute merely requires them to enact policies that protect data against "unauthorized" uses, such as a data breach. The statute therefore apparently does not prevent operators

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | Date | December 7, 2022 |
|---|---|---|---|
| Title | *Navarro v. Ski Data et. al.* | | |

**JS-6**

or end-users from intentionally sharing the data with third parties who the operators or end-users—not the license plate owners—authorize to receive the data. The Court declines to insert Plaintiffs' desired language into the statute. *See Adoption of Kelsey S.*, 1 Cal. 4th 816, 827 (1992) ("[C]ourts may not add provisions to a statute.").

Alternatively, even if the statute does require authorization by ALPR owners, Plaintiffs have not raised a triable issue of fact as to any violation because, as discussed further below, they have not established actual harm.

### 4. The ALPR Statute Does Not Apply to the System Defendants, Warranting Summary Judgment in Their Favor

The System Defendants are not operators under the ALPR statute. Once they sell the equipment and technology to entities such as Brookfield and the Mall Defendants, they have no more control over the system. Plaintiffs do not contend that the System Defendants are ALPR end-users.

Because the System Defendants neither operate, access, nor use ALPR systems, but merely sell and install them, the plain language of the statute shows that the ALPR statute does not apply to them. Skidata MSJ at 17; *see also* Park Assist MSJ at 12-13. Accordingly, summary judgment is warranted in their favor on Plaintiffs' first through fourth claims.

### 5. Plaintiffs Have Not Raised a Triable Issue of Fact Showing that any Defendants Violated the ALPR Statute by Unlawfully Using or Accessing ALPR Data or that Defendants Caused the Plaintiffs Actual Harm

Plaintiffs have failed to adduce a genuine issue of fact showing that any defendant—assuming *arguendo* that the statute even applies to the System Defendants—violated the ALPR statute or caused Plaintiffs actual harm. Again, Plaintiffs allege that the Defendants' actions harmed them by compelling them to pay for credit monitoring, experienced identity theft and diminution of value of their personally identifying information, and caused entities to track their whereabouts. Compl. ¶¶ 244, 282, 318, 347.

Plaintiffs cannot adduce evidence to establish harm traceable to the System Defendants. As to

_____ : _____
Initials of Preparer        PMC
_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | Date | December 7, 2022 |
|---|---|---|---|
| Title | *Navarro v. Ski Data et. al.* | | |

**JS-6**

Park Assist, Plaintiffs allege that it shared private information with various retailers; shared personally identifying information with the general public; and published personally identifying information and made it available to subscribers of an app. Compl. ¶¶ 25-26, 37, 78-80.

But as the undisputed facts show, Park Assist only collects time and date stamp information when a car enters the parking lot, an anonymous alphanumeric license plate code which approximates the license plate number, and a time/date stamp when the car exits the lot. Park Assist UF 1. The system does not store personally identifying information or images with any of this data. *See* Park Assist UFs 2-4, 10-14. Because no personally identifying information is stored by Park Assist, it could not have transmitted any data to a third party. Park Assist therefore establishes that there is no genuine issue of fact as to whether Park Assist violated the statute or could have caused the alleged harms.

As to Skidata, Plaintiffs allege similarly. Skidata likewise shows that there is no genuine issue as to causation because it does not provide parking services; does not sell, transmit, or use data potentially collected by the other defendants; and never even sold or installed systems to any of the named Mall Defendants. Skidata's Reply in Support of its Motion for Summary Judgment, ECF No. 226, at 3; *see* Ovando Decl. ¶ 10; Dubois Decl., ¶ 6-8. Plaintiff provides no evidence showing otherwise; the Lindemann Declaration, at ECF No. 201-1, fails to create a triable issue as to the System Defendants' purported statutory violations.[7]

Plaintiffs' ALPR statute claims against Brookfield and the Mall Defendants fare no better. First, Plaintiffs essentially assert that these defendants improperly used ALPR data to obtain personally identifying information about Plaintiffs, then improperly shared that information with third parties. Plaintiffs do not meet their burden in overcoming Defendants' assertions that they never improperly stored, used, sold, or leaked ALPR data or other personally identifying information. *See, e.g.*, Levy Decl. ¶ 9-10 ("No ALPR information is stored in the system beyond 30 days . . . Caruso have never sold any ALPR data"); Sayers Decl. ¶ 5 ("At no point does the ALPR System [at the Glendale Galleria] collect any individual's name, address, DMV record, email address or phone number"); Knarr Decl. ¶ 4, 8, 12-13, 18-28 ("Only the license plate characters that were captured and the time of entry are printed

---

[7] In the alternative, Plaintiffs failed to raise a triable issue because they do not substantively discuss Defendant Skidata's factual and legal contentions in its Opposition.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | Date | December 7, 2022 |
|---|---|---|---|
| Title | *Navarro v. Ski Data et. al.* | | |

**JS-6**

on [parking slips]" and asserting that Taubman only keeps license plate character data for 7 days, and only provides it to law enforcement agencies when requested); Schillace Decl. ¶ 8-10, 15 (asserting that license plate information is not connected to individuals and has never been sold to anyone).

The only evidence Plaintiffs offer to rebut Brookfield and the Mall Defendants' contentions that no such use or data breach occurred is the Lindemann Declaration, which is devoid of evidence showing harms suffered by Plaintiffs. *Burch v. Regents of the Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006) (disregarding "statements in declarations based on speculation or improper legal conclusions, or argumentative statements [as they] are not facts and likewise will not be considered on a motion for summary judgment."). The declarations from Plaintiffs are likewise complete with conclusions that their data was somehow breached. These conclusions are unsupported by the actual evidence in the record. Plaintiffs therefore fail to meet their burden in overcoming summary judgment in Defendants' favor.

Though it is true that the Caruso defendants, for instance, did share ALPR data with third parties, this fact alone does not create a triable issue because Caruso "has allowed access to ALPR data only to those who service the closed ALPR system on an as-needed basis." Caruso MSJ at 3. This use is entirely consistent with the ALPR statute's plain language: presumably, Caruso is permitted to share such data under its policy, meaning that it did not knowingly allow unauthorized access of the data it shared. Plaintiffs have not provided any evidence rebutting Caruso's evidence that it "maintain[ed] reasonable security procedures and practices" as required by the statute. Nor has Plaintiff provided evidence creating a genuine issue of fact that any other Defendant failed to safeguard data or improperly shared it with third parties.

Not only do Plaintiffs fail to raise a triable issue of fact regarding Defendants' alleged violation of the ALPR statute, but on the record before the Court, they also fail to demonstrate actual harm that was caused by any particular defendant. Nothing in the record, for instance, shows that any Defendant's improper handling of data led to its misuse that could in turn justifiably spark Plaintiffs' allegations of "identity theft," apparent discovery of data on the "dark web," acquisition of credit monitoring services, emotional distress, or diminution in value of personally identifying information. Plaintiffs therefore do not satisfy the statue's requisite showing of actual harm caused by a knowing violation.

***

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | Date | December 7, 2022 |
|---|---|---|---|
| Title | *Navarro v. Ski Data et. al.* | | |

**JS-6**

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court "is not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001). For these and the foregoing reasons, summary judgment is accordingly warranted as to all defendants on claims one through four of the operative complaint.

  C. **Summary Judgment is Warranted on Plaintiff's Fifth and Sixth Causes of Action Under the CLRA and UCL Because Plaintiff has not Raised a Triable Issue as to Actual Harm, which is Required by Both Statutes**

        1. **Plaintiffs Cannot Establish a Viable CLRA Claim Because Software Products are not Goods or Services and Plaintiffs Have Not Shown a Causal Connection Between Any Defendant and Their Alleged Harms**

The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). "Goods" are defined as "tangible chattels bought or leased for use primarily for personal, family, or household purposes". Cal. Civ. Code § 1761(a) (emphasis added). "Services" are defined as "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." Cal. Civ. Code § 1761(b).

The CLRA "does not create an automatic award of statutory damages upon proof of an unlawful act. Relief under the CLRA is specifically limited to those who suffer damage, making causation a necessary element of proof." *Wilens v. TD Waterhouse Grp., Inc.*, 120 Cal. App. 4th 746, 754 (2003). Plaintiffs must prove (a) "a tangible increased cost or burden" to them, and (b) that violation of the CLRA "caused the harm." *See In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 965 (S.D. Cal. 2012) (internal citations omitted); Cal. Civ. Code § 1780(a) (CLRA

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | | Date | December 7, 2022 |
|---|---|---|---|---|
| Title | *Navarro v. Ski Data et. al.* | | | |

JS-6

provides a cause of action to a "consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770…").

Plaintiffs' CLRA claims fail as to the System Defendants because software products are not goods or services—even assuming Plaintiffs had contracted with the System Defendants, which they did not. *In re Sony*, 903 F. Supp. 2d at 972 ("California law is clear that software is not a tangible good or service for the purposes of the CLRA").

The Court need not address the question of whether paying to park is a good or service under the meaning of the CLRA. As the Caruso defendants point out, Plaintiffs' claims do not arise from the transaction where they paid for parking and received a spot in return. Their claims rather arise from being photographed inside the lot, not out of some defect with the parking spot itself. *See* Caruso MSJ at 18.

And even if software, personally identifying information, or parking spots were considered a good or service under the CLRA, this claim additionally fails because, as discussed above, Plaintiffs have not established causation by Defendants as to their purported harms. *Davis v. Chase Bank USA, NA*, 650 F. Supp. 2d 1073, 1087 (C.D. Cal. 2009) ("[C]ausation is a necessary element of proof for relief" under the CLRA).

Last, the uncontroverted facts show that CLRA notice, as required by the statute, see Cal. Civ. Code section 1782(a), was untimely as to at least some or all Defendants. Westfield MSJ at 16. This untimeliness alone is a basis for summary judgment in these Defendants' favor. *Laster v. T-Mobile USA, Inc.*, 407 F.Supp. 2d 1181, 1196 (S.D. Cal. 2005), *aff'd*, 252 F. App'x 777 (9th Cir. 2007).

**2. Plaintiffs Cannot Establish a Viable UCL Claim Because they have not Shown a Predicate Legal Violation, Causation, or Monetary Harm**

The UCL prohibits "unfair competition," which is broadly defined to include "three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). A violation may be

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | Date | December 7, 2022 |
|---|---|---|---|
| Title | *Navarro v. Ski Data et. al.* | | |

**JS-6**

established where a defendant's act or practice violates any of the three prongs. *See Lozano v. AT & T Wireless Servs.*, Inc., 504 F.3d 718, 731 (9th Cir.2007).

As with their CLRA claim, Plaintiffs must also demonstrate actual harm to survive summary judgment on their UCL claim. Cal. Bus. & Prof. Code § 17204 (UCL gives standing to an individual who has "suffered injury in fact and has lost money or property as a result of the unfair competition"). Plaintiff seems to premise their UCL claim on the "unlawful" prong of the UCL, which requires a legal violation, as well as on the "unfair" prong. *See Martinez v. Wells Fargo Home Mortgage Inc.*, 598 F.3d 549, 558 (9th Cir. 2010).

As discussed above, the record before the Court fails to show that Defendants violated the ALPR statute or CLRA, so neither cannot serve as a predicate legal violation to satisfy the UCL's "unlawful" prong. Even if Plaintiffs established a predicate violation, Plaintiffs have not shown that they have been harmed by any specific defendant. Though Plaintiffs assert in a conclusory fashion that they are, among other things, emotionally distressed, at risk for identity theft and devaluation of their personally identifying information, these alleged harms are not cognizable harms under the UCL absent a showing of monetary loss, which the record before the Court does not show. *Ha v. Bank of Am., N.A.*, No. 5:14-CV-00120-PSG, 2014 WL 6904567, at *3 (N.D. Cal. Dec. 8, 2014) ("[S]evere emotional distress, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression" not an injury under the UCL).

And as discussed above, even if the Court agrees that purchasing a credit-monitoring program and experienced impacts to their credit scores due to identity theft are actionable harms, Plaintiffs have not established causation by Defendants, warranting summary judgment in Defendants' favor as to both the "unlawful" and "unfair" prong claims. *Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 849 (2008) (causation is a necessary element of proof under the UCL); *Foyer v. Wells Fargo Bank, N.A.*, No. 320CV00591GPCAHG, 2020 WL 3893031 (S.D. Cal. July 10, 2020) (holding that "damaged credit amounts to 'property' within the meaning of the UCL for standing purposes" but that the plaintiffs failed to show that this damaged credit was attributable to defendants). Plaintiffs also fail to show how they were denied the benefit of any bargain, as the parties do not dispute that Plaintiffs paid for parking and received the ability to park in return.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | Date | December 7, 2022 |
|---|---|---|---|
| Title | *Navarro v. Ski Data et. al.* | | |

**JS-6**

**\*\*\***

Plaintiffs have not shown that they transacted a good or service under CLRA or shown a predicate legal violation under the "unlawful" or "unfair" prong of the UCL. Nor have they provided evidence that they have suffered actual harm at the hands of the Defendants as required by both statutes. Summary judgment is thus warranted on Plaintiffs' seventh and eighth claims because they lack standing as to these claims.

**D. Summary Judgment is Warranted on Plaintiff's Seventh Cause of Action, for Negligence, Because Plaintiff has not Raised a Triable Issue as to Duty or Actual Harm**

Plaintiffs also contend that the Defendants negligently handled Plaintiffs' ALPR data and therefore bring traditional negligence and negligence per se claims. Any cause of action for negligence requires a showing of duty, breach of duty, causation—both actual and proximate—and damages. Relatedly, negligence per se requires a showing that a defendant violated a statute, ordinance, or regulation, plus a showing of causation and damages. *Safari Club Int'l v. Rudolph*, 862 F.3d 1113, 1126 (9th Cir. 2017).

**1. Plaintiffs Cannot Establish that any Defendant Violated the Statute, Precluding Recovery on Their Negligence Per Se Claims**

For the same reasons as stated in the above sections, Plaintiffs have failed to show that any defendant violated the ALPR or any other statute. *See discussion supra* Part IV(A)-(B). Their negligence per se claim therefore fails as a matter of law.

**2. Plaintiffs Cannot Establish all Four Elements of a Successful Negligence Claim**

Plaintiffs have failed to show that the ALPR systems defendants, Skidata and Park Assist owed Plaintiffs a duty because the undisputed facts show that these defendants do not operate or use the systems; rather, they only sell and install them. Skidata MSJ at 17. As Skidata and Park Assist point out, Plaintiffs fail to point to any case law suggesting that such actions mean that installation creates a duty of care. *Id.* at 20-21. As to these defendants, Plaintiffs also failed to show a breach of duty or harm

| | : |
|---|---|
| Initials of Preparer | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | Date | December 7, 2022 |
|---|---|---|---|
| Title | *Navarro v. Ski Data et. al.* | | |

**JS-6**

because Skidata and Park Assist do not "collect, maintain, store, or disseminate ALPR information." ECF No. 189 ¶ 391; Skidata MSJ at 21.

As frequently reiterated above, Plaintiff's negligence claims are further doomed because the undisputed facts in the record do not show that any specific Defendants caused Plaintiffs the alleged harm. Their two declarations devoid of facts are insufficient in allowing Plaintiffs to meet their burden and defeat Defendants' summary judgment motions. Indeed, even were these harms established by evidence in the record, these damages may not even be recoverable in tort at all. *See San Francisco Unified Sch. Dist. V. W.R. Grace & Co.*, 37 Cal. App. 4th 1318, 1327 (1995) (holding that recovery in tort is barred as to "purely economic losses that may be recovered in a contract action.").

\*\*\*

For the same reasons as stated several times above, Plaintiff has failed to adduce any evidence that creates a genuine issue of material fact in this case as to duty, causation, or damages. As a result, summary judgment is warranted on Plaintiffs' negligence and negligence per se claims.

### E. Summary Judgment is Warranted on Plaintiff's Eighth Cause of Action for Violations of the Right to Privacy Under the California Constitution

To assert a viable cause of action for a violation of the right to privacy protected by the California Constitution, Plaintiffs "must establish each of the following: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 39-40 (1994). "Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right. Thus, the extent and gravity of the invasion is an indispensable consideration in assessing an alleged invasion of privacy." *Id.* at 37. This requirement constitutes a "high bar." *Belluomini v. Citigroup, Inc.*, No. CV 13–01743 CRB, 2013 WL 3855589, at \*6 (N.D. Cal. July 24, 2013).

To the extent that Plaintiffs argue that they have a legally protected privacy interest in their license plates, this argument has been soundly rejected: an individual has no privacy interest in publicly-

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | Date | December 7, 2022 |
|---|---|---|---|
| Title | *Navarro v. Ski Data et. al.* | | |

**JS-6**

displayed information such as a license plate. *City of Los Altos v. Barnes*, 3 Cal. App. 4th 1193, 1202 (1992) (finding that there was no protected privacy interest when defendants videotaped vehicles in plain sight because "anyone could have witnessed these same activities. They were not conducted in secret or in any way shielded from public view.").

Simply collecting the license plate information is also not a serious invasion of privacy. "The plaintiff in an invasion of privacy action must have conducted himself or herself in a manner consistent with an actual expectation of privacy, i.e., he or she must not have manifested by his or her conduct a voluntary consent to the invasive actions of defendant." The plaintiff in an invasion of privacy action must have conducted himself or herself in a manner consistent with an actual expectation of privacy, i.e., he or she must not have manifested by his or her conduct a voluntary consent to the invasive actions of defendant. *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1036-38 (N.D. Cal. 2014) (citing *Hill,* 7 Cal.4th at 26). Some defendants do not even have a record of the relevant plaintiffs in their APLR system. *See, e.g.,* Taubman MSJ at 25. But assuming Plaintiffs did enter the lot, they manifested their consent to having their publicly-visible license plates photographed because the parking lots are open to the public.

Nor does sharing some ALPR information with third parties constitute a serious invasion of privacy. Even after conducting discovery, Plaintiffs have failed to show that Brookfield, Taubman, and Westfield made data available to any third parties either intentionally or unintentionally. *See* Brookfield's Statement of Undisputed Facts, ¶¶ 8-14; Taubman MSJ at 25; Westfield's Further Reply at 2-3. Though it is true some defendants make ALPR data—namely, license plate numbers—available to third parties, this conduct does not rise to the level of a "serious" invasion. As the uncontroverted facts show that these defendants, such as Caruso, only share the data for limited purposes and in accordance with their ALPR policies.

The record before the Court therefore does not show a serious invasion of privacy as required to bring a cause of action under the California Constitution. But even if Plaintiffs were to provide evidence showing that personally identifying information had been somehow improperly accessed or leaked, the Court questions whether such a data breach would rise to the level of a "serious" invasion of privacy. "Even disclosure of very personal information has not been deemed an 'egregious breach of social norms' sufficient to establish a constitutional right to privacy." *In re Yahoo Mail Litig.*, 7 F. Supp. 3d at 1036-38 (the interception, scanning, and storage of emails was not a serious invasion of privacy under

|  |  | : |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | Date | December 7, 2022 |
|---|---|---|---|
| Title | *Navarro v. Ski Data et. al.* | | |

**JS-6**

the California Constitution); *Gonzales v. Uber Tech., Inc.*, 305 F. Supp. 3d 1078, 1092–93 (N.D. Cal. 2018) (disclosure of home addresses and geolocation data not a serious invasion of privacy); *Ruiz v. Gap, Inc.*, 540 F. Supp. 2d. 1121, 1127–28 (N.D. Cal. 2008), *aff'd*, 380 F. App'x 689 (9th Cir. 2010) (theft of retail store's laptop social security numbers was not a serious invasion of privacy); *In re iPhone Application Litig.,* 844 F.Supp.2d 1040, 1063 (N.D. Cal. 2012) ("Even assuming this information was transmitted without Plaintiffs' knowledge and consent, a fact disputed by Defendants, such disclosure [of information including device identifier number, personal data, and geolocation information] does not constitute an egregious breach of social norms").

These releases of personally identifying information, such as social security numbers, are far more sensitive than license plate numbers or parking-related data. Yet even these releases were insufficient to establish a violation of the California Constitution.

Accordingly, summary judgment is warranted as to Plaintiff's eighth cause of action for violations of the California Constitutional right to privacy.

**VI.     Plaintiff's Requests for Further Discovery are Denied**

Plaintiffs frequently echo in their papers that they have been denied adequate discovery in this action. Plaintiffs thus request additional discovery. But Plaintiffs have had ample opportunities to conduct discovery and depose relevant witnesses, as the record and the Court's prior orders show. As one defendant aptly put it: "Plaintiffs have failed to meet their burden under Rule 56(d) to justify more delay. Plaintiffs' counsel's declaration does not set forth the specific facts Plaintiffs hope to elicit, that those facts exist, or explain how those facts would be essential to opposing summary judgment." Westfield Reply at 11; *see also Twentieth Century Fox Television v. Empire Distribution Inc.*, 2016 WL 3092156, at *3 (C.D. Cal. Mar. 28, 2016 (finding a declaration of counsel insufficient to merit more discovery where the declaration amounted to a "laundry list of additional discovery did not identify with specificity the facts he hoped to obtain" and "counsel appeared to be engaged in a fishing expedition in the hopes of obtaining evidence to support his theories").

The Court agrees. The request for further discovery is DENIED.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07370-SVW-SK | Date | December 7, 2022 |
|---|---|---|---|
| Title | *Navarro v. Ski Data et. al.* | | |

**JS-6**

**VII.    Conclusion**

The Court agrees with Plaintiffs that parking in Los Angeles can be emotionally distressing. But largely due to the marked paucity of evidence in this case, for the foregoing reasons, Plaintiffs have not met their burden in defeating Defendants' motions for summary judgment. The Court accordingly GRANTS all the defendants' motions for summary judgment in full.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | PMC |